Mark C. Rose, #13855
**McKay, Burton & Thurman, P.C.**
Parkview Plaza I
2180 South 1300 East, Suite 400
Salt Lake City, Utah 84106
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: mrose@mbt-law.com
*Trustee of the Chapter 7 Bankruptcy*
*Estate of Ammon Edward Bundy*

---

### THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>AMMON EDWARD BUNDY,<br><br>      Debtor. | Bankruptcy Case 24-23530<br>(Chapter 7)<br><br>Judge William T. Thurman |

### OBJECTION TO EXEMPTIONS

Pursuant to 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 4003(b), and the Local Rules of Practice, Mark C. Rose ("Trustee"), as trustee of the Chapter 7 bankruptcy estate of Debtor Ammon Edward Bundy ("Debtor"), hereby objects to Debtor's claimed exemptions in various properties.

As set forth in greater detail below, Debtor is not entitled to the exemptions he has claimed under 11 U.S.C. § 522. In the alternative, to the extent Section 522 does apply, Debtor's claimed exemptions should be limited to scope and amount.

## STATEMENT OF FACTS

1.      From March 17, 2015 to November 11, 2023, Debtor lived in Emmett, Idaho. ECF No. 5, pg. 3.

2.      From November 12, 2023 to the present, Debtor has resided in New Harmony, Utah. *Id*.; ECF No. 1.

3.      On June 17, 2024 (the "Petition Date"), Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the bankruptcy code.  ECF No. 1.

4.      On the Petition Date, Debtor filed his bankruptcy schedules A/B and C.  ECF No. 5.

5.      On September 4, 2024, Debtor filed amended bankruptcy schedules A/B (the "Amended Schedule A/B") and C (the "Amended Schedule C"). ECF No. 19

6.      On the Amended Schedule A/B, Debtor claimed an interest in, among other property, the following property:

          a.      Real property located at 4615 Harvest Lane, Emmett, Idaho 83617
          b.      Tools
          c.      Safe
          d.      Cash
          e.      2019 Ford Expedition
          f.      2020 Ford F250
          g.      Personal computer
          h.      Guns
          i.      Appliances, furniture
          j.      Clothing

Collectively, the "Property". ECF No. 19.

7.      On the Amended Schedule C, Debtor claimed 100% of the fair market value of the Property, up to any applicable statutory limit, as exempt under 1 U.S.C. § 522[1].  ECF No. 19.

8.      On the Petition Date, Debtor had only resided in Utah for 218 days immediately preceding the Petition Date.

9.      730 days prior to the Petition Date is June 18, 2022.

10.     On June 18, 2022, and for at least the 180 days prior to June 18, 2022, Debtor resided in Emmett, Idaho.

## **ARGUMENT**

Debtor is not entitled to claim the Property as exempt under 11 U.S.C § 522 because Debtor is only entitled to claim exemptions that are allowed under Idaho law.

11 U.S.C. § 522(b) "allows a debtor to exempt property from [his or her] bankruptcy estate." *In re Abel*, 622 B.R. 312, 316 (Bankr. D. Utah 2020).  "Under [Section] 522(b)(2), a debtor can claim the federal exemptions listed in [Section] 522(d) or, if a state has chosen to opt out of the federal exemptions and require the use of its own exemptions, a debtor must claim the exemptions of the applicable state." *Id*.  "However, if a debtor has been domiciled in more than one state within 730 days prior to the bankruptcy filing, then [Section] 522(b)(3)(A), known as the 'Domiciliary Provision,' provides that the debtor's domicile for exemption purposes is 'the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period.'" *Id*.

In this case, Debtor was domiciled in more than one state (namely, Idaho and Utah) during the 730 days prior to the commencement of this case.  As a result, Section 522(b)(3)(A)

---

[1] Trustee presumes this is a typo and that Debtor meant to claim the Property as exempt under 11 U.S.C. § 522.

requires that the Court look to the 180 days immediately preceding June 18, 2022 (730 days prior to the commencement of this case) to determine where Debtor was domiciled.  According to Debtor's bankruptcy paperwork, he was domiciled in Idaho during the 180 days immediately preceding June 18, 2022.  Thus, Debtor is only entitled to claim exemptions that are allowed under Idaho law.

Idaho has opted out of the federal exemptions contained in 11 U.S.C. § 522(d).  *See* Idaho Code § 11-609 (stating: "In any federal bankruptcy proceeding, an individual debtor may exempt from property of the estate only such property as is specified under the laws of this state."); *In re Wallwork*, 616 B.R. 395, 401 (Bankr. D. Idaho 2020).  Thus, Debtor cannot claim exemptions under 11 U.S.C. § 522(d) and is only entitled to exemptions allowed under Idaho law.

In the alternative, to the extent Idaho's exemption laws in a bankruptcy case are subject to a residency requirement, the Court should still sustain Trustee's objection and limit the nature and scope of exemptions Debtor has claimed.

If Idaho limits all of its exemptions to residents and Debtor is not able to claim any exemptions under Idaho law, then Debtor is rendered "'ineligible for any exemption,' and the [Section] 522 Safety Net would apply." *In re Abel*, 622 B.R. at 318.  In interpreting the Section 522 Safety Net (to the extent it applies), this Court should follow the analysis set forth in *In re Able* and limit any exemptions claimed under Section 522(d) to "whatever conditions, qualifications, or restrictions [the applicable state law] imposes on a claim of exemption." *Id*. (internal citations omitted).  Meaning, only exemptions found under Idaho law and Section 522(d) should be allowed and then those exemptions should be limited to the amounts provided under Idaho law.

**CONCLUSION**

**WHEREFORE**, based on the foregoing, Trustee objects to Debtor's claimed exemptions

in the Property and requests that the Court deny the same.

DATED this 13th day of September, 2024.

　　　　　　　　　　　　　/s/ Mark C. Rose
　　　　　　　　　　　　　Mark C. Rose
　　　　　　　　　　　　　*Trustee of the Chapter 7 Bankruptcy*
　　　　　　　　　　　　　*Estate of Ammon Edward Bundy*

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on September 13, 2024, I electronically filed the foregoing **OBJECTION TO EXEMPTIONS** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

Robert A. Faucher, rfaucher@hollandhart.com
Benjamin David Passey, bdpassey@hollandhart.com
Darren G. Reid, dgreid@hollandhart.com
Mark C. Rose, trustee@mbt-law.com
Erik F. Stidham, efstidham@hollandhart.com
Engels Tejeda, ejtejeda@hollandhart.com
United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
**All other parties entitled to CM-ECF notice in this matter**

**CERTIFICATE OF SERVICE – MAIL, OTHER**

I hereby certify that on September 13, 2024 I caused to be served a true and correct copy of the foregoing **OBJECTION TO EXEMPTIONS** to be served as follows:

*Mail Service - By regular first-class United States mail, postage fully pre-paid, addressed to:*

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84721

　　　　　　　　　　　　　/s/ Karin Powell