Erik F. Stidham (Idaho Bar No. 5483)
 (Admitted *Pro Hac Vice*)
Robert A. Faucher (Idaho Bar No. 4745)
 (Admitted *Pro Hac Vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH**

| In Re: | Case No. 24-23530-WTT |
|---|---|
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | |

**ST. LUKE'S CREDITORS' OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS**

Pursuant to Bankruptcy Rule 4003(b), St. Luke's Health System, Ltd., St. Luke's

Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman,

NP (the "St. Luke's Creditors"), by and through their attorneys, Holland & Hart LLP, object to Debtor's Claims of Exemption as follows.

## RELEVANT FACTS

1. On August 29, 2023, the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada (the "Idaho Court") entered a judgment in excess of $50 million ("St. Luke's Judgment") in favor of the St. Luke's Creditors and against Debtor Ammon Edward Bundy (the "Debtor"). A copy of the judgment is attached as **Ex. 1**.

2. St. Luke's Judgment was the culmination of a 15-month lawsuit addressing Debtor's defamatory remarks about the St. Luke's Creditors, including his malicious and unfounded allegations that they made an infant sick and infected the infant with a disease as part of a child trafficking scheme. *See id*.

3. Prior to moving to Utah in or about November 2023, the Debtor resided at 4615 Harvest Lane, Emmett, Idaho 83617 (the "Harvest Lane House"). Hoping to shield the Harvest Lane House from his creditors, the Debtor and his wife, Lisa Bundy, had conveyed the Harvest Lane House by warranty deed to White Barn Enterprises, LLC ("White Barn") on or about December 5, 2022.[1] That conveyance was for a small fraction of the fair market value of the house and thus subject to a fraudulent conveyance action. In December 2023, White Barn conveyed the Harvest Lane House to one of the St. Luke's Creditors to settle the fraudulent conveyance claim.[2]

4. On July 17, 2024 (the "Petition Date"), the Debtor initiated the above-captioned case by filing *pro se* a petition for relief under Chapter 7 of the Bankruptcy Code. *See* Dkt. 1.

---

[1] A true and complete copy of the corresponding recorded deed is attached hereto as **Ex. 2**.

[2] A true and complete copy of the corresponding recorded deed is attached hereto as **Ex. 3.**

2

5. On that same day, the Debtor filed a Statement of Financial Affairs ("SOFA"), declaring that from March 17, 2015 through November 7, 2023, he lived at the Harvest Lane House. *See* Debtor's Statement of Financial Affairs ("SOFA"), Part 1 Q. 2, Dkt. 5 at 3.

6. On September 3, 2024, the Debtor filed his amended Schedule C, purporting to claim an exemption on two residences, both of which appear to be the Harvest Lane House.[3] *See* Dkt. 19 at pgs. 11-12

7. The Debtor also claims 10 other categories of property as exempt, including two sets of nonitemized "tools" valued at $25,000 each; a safe; $4,000 in cash; a $25,000 Ford expedition; a $45,000 Ford F250; a personal computer; nonitemized "guns" worth approximately $3,000.00; nonitemized "appliances [and] furniture" worth $15,000; and clothing. *See id.*

## ARGUMENT

### I. THE DEBTOR IS NOT ENTITLED TO ANY OF THE EXEMPTIONS AS CLAIMED.

8. The Debtor's claimed exemptions fail for at least three alternative reasons.

9. First, the Debtor is not entitled to any federal exemptions under 11 U.S.C. § 522 as he claims in his Schedule C. Under § 522(b)(2), a debtor may exempt certain property from the bankruptcy estate "unless the State law that is applicable to the debtor under [subsection 522(b)(3)(A)] specifically does not so authorize." *Id.* at §522(b)(2). Here, depending on when he actually moved to Utah, either Idaho law or Utah law applies. *See id.* at § 522(b)(3)(A). But both Idaho and Utah have opted out of the federal exemptions. *See* Utah Code Ann. § 78B-5-513

---

[3] *Cf.* Schedule C, Dkt. 19 at pg. 11 (claiming as exempt a "Resident" [sic] valued at $1,150,000.00); *id.* at pg. 12 (apparently claiming as exempt a second "Residence" valued at $1,400,000.00). The declarations appear to be duplicates referencing the same property, i.e., the Harvest Lane House, because both reference Line 1.1. of Schedule A, which identifies the Harvest Lane House by address. *See id.*

3

(2024) ("An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in Subsection (d) of Section 522 of the Bankruptcy Reform Act (Public Law 95-598), unless the individual is a nonresident of this state and has been for the 180 days immediately preceding filing for bankruptcy");[4] *see also*, Idaho Code § 11-609 ("In any federal bankruptcy proceeding, an individual debtor may exempt from property of the estate only such property as is specified under the laws of this state").[5] Thus, the Debtor's reliance on federal exemptions dooms his claims of exemption regardless of whether his exemptions were to be determined under Idaho or Utah law. Accordingly, all of Debtor's claimed exemptions must be disallowed.

10.  Second, the Debtor is not entitled to a homestead exemption on the Harvest Lane House because he neither owned, nor resided in, that house as of the Petition Date. *See* 11 U.S.C. § 522(d)(1) (exempting "the <u>debtor's aggregate interest</u>" in real property up to a certain amount) (emphasis added);[6] *see also*, Idaho Code §11-602(1)-(2) (providing that exemptions may only be claimed by a "resident," meaning only "an <u>individual</u> who intends to maintain his home in" the State of Idaho) (emphasis added); *see also*, Idaho Code 11-601(1) (an "individual" means "a natural person and not an artificial person such as a corporation, partnership, or other entity created by law"). Here, the Debtor did not have any interest in the Harvest Lane House because

---

[4] *See also, In re Villescas*, 632 B.R. 223, 232 (Bankr. D. Utah 2021) ("Utah has chosen to opt out of the federal exemptions, precluding the Debtors from claiming exemptions under § 522(d) and requiring them to claim exemptions under applicable Utah law").

[5] *See also, In re Zent*, 646 B.R. 910, 913 (Bankr. Idaho 2022) ("Because Idaho has opted-out of the federal exemptions, Idaho's exemption laws are applicable in Debtor's case").

[6] To the extent the Utah exemptions apply, then the Harvest Lane House does not qualify for a homestead exemption because, among other things, he did not own it as of the Petition Date and it is not located in the State of Utah. *See* Utah Code Ann. § 78B-5-503(2)(a) ("An individual is entitled to a homestead exemption consisting of property <u>in this state</u> . . .").

as of the Petition Date, one of the St. Luke's Creditors owned it. *See* Ex. 3. And even before the St. Luke's Creditors acquired the Harvest Lane House, the Debtor could not claim a homestead exemption on that property because as early as 2022, the Debtor and his wife had transferred its title to White Barn Enterprises, LLC – "an artificial person" whose property is not entitled to an exemption under Idaho law.[7] *See* Ex. 2. Moreover, the Debtor has not resided at the Harvest Lane House since at least November 2023, as he admits in his SOFA. *See* Dkt. 5 at 3. In short, the Debtor's homestead exemption fails because he cannot claim a homestead exemption in a property he does not own in a state in which he does not live. The claimed homestead exemption must be denied.

11. Third, the balance of the exemptions the Debtor claims suffer from multiple deficiencies. For example, the Debtor claims an exemption in a "safe" that he does not identify in his schedule of assets. The Debtor also asserts an exemption in two motor vehicles, whereas all possibly applicable laws only allow debtors to exempt the value of a single vehicle up to a certain amount.[8] And the Debtor claims an exemption in "guns" worth several thousand dollars despite having publicly admitted that he was unable to legally purchase any firearms.[9] The St. Luke's Creditors object to any exemptions claimed on property that the Debtor acquired illegally.

---

[7] *See* Idaho Code §11-601(1).

[8] *See e.g.*, 11 U.S.C. § 522(d)(2) (exempting up to $4,450 of the debtor's interest in "one motor vehicle") (emphasis added); Idaho Code § 11-605(3) (allowing "an exemption of one (1) motor vehicle to the extent of value not exceeding" $10,000) (emphasis added); Utah Code Ann. §78B-5-506(3)(b) ("An individual is entitled to an exemption, not exceeding $3,000 in value, of one motor vehicle") (emphasis added).

[9] https://www.boisestatepublicradio.org/news/2019-09-05/ammon-bundy-fails-background-check-to-get-a-gun-then-it-gets-complicated (accessed September 5, 2024).

5

12. In sum, the Debtor is not entitled to any of the exemptions he has claimed because he has not invoked the proper exemption statute, is not entitled to an exemption over property he does not own, including the Harvest Lane House, and has not properly supported his claims regarding the balance of the personal property he identifies in Schedule C.

WHEREFORE, the St. Luke's Parties pray that the Court deny all of the Debtor's claimed of exemptions.

Dated September 16, 2024.

HOLLAND & HART LLP

By: /s/ Erik F. Stidham
    Erik F. Stidham, of the firm
    Robert A. Faucher, of the firm

HOLLAND & HART LLP

By: /s/ Engels J. Tejeda
    Darren G. Reid, of the firm
    Engels J. Tejeda, of the firm
    Ben D. Passy, for the firm
    *Attorneys for the St. Luke's Creditors*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. I further certify that where indicated, I served the parties or counsel by First Class Mail, U.S. postage prepaid on the same date:

| | |
|---|---|
| Ammon Edward Bundy, *pro se*<br>P.O. Box 1062<br>Cedar City, UT  84721 | ☒ U.S. First Class Mail – postage prepaid |

Mark C. Rose, Trustee
McKay, Burton & Thurman, P.C.
trustee@mbt-law.com

U.S. Trustee
USTPRegion19.SK.ECF@usdoj.gov


      /s/ Engels J. Tejeda
      of Holland & Hart LLP

32868276_v1

**Exhibit 1**

Filed: 08/29/2023 09:37:22
Fourth Judicial District, Ada County
**Trent Tripple, Clerk of the Court**
By: Deputy Clerk - Nelson, Ric

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD; CHRIS ROTH, an individual; NATASHA D. ERICKSON, MD, an individual; and TRACY W. JUNGMAN, NP, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; DIEGO RODRIGUEZ, an individual; FREEDOM MAN PRESS LLC, a limited liability company; FREEDOM MAN PAC, a registered political action committee; and PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association, <br><br> Defendants. | Case No. CV01-22-06789 <br><br> **DEFAULT JUDGMENT** |

JUDGMENT IS ENTERED AS FOLLOWS:

1. Judgment is entered in favor of Plaintiffs St. Luke's Health System, Ltd.; St. Luke's Regional Medical Center, Ltd.; Chris Roth, Natasha D. Erickson, M.D.; and Tracy W. Jungman, N.P. against Defendants Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man Press LLC, Freedom Man PAC, and People's Rights Network.

DEFAULT JUDGMENT - 1

2. St. Luke's Health System, Ltd.'s and St. Luke's Regional Medical Center, Ltd.'s damages are awarded against Defendants Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man Press LLC, Freedom Man PAC, and People's Rights Network jointly and severally in the amount of **Nineteen Million One Hundred Twenty-Five Thousand Dollars** [**Fourteen Million One Hundred Twenty-Five Thousand ($14,125,000)** in compensatory damages and **Five Million Dollars ($5,000,000)** in punitive damages].

3. Previously Court-ordered and unpaid attorneys' fees and costs of St. Luke's Health System, Ltd. and St. Luke's Regional Medical Center, Ltd. are awarded against:

   a. Defendant Ammon Bundy in the amount of **Thirteen Thousand Four Hundred Forty-Three Dollars and Twenty-One Cents ($13,443.21)**;

   b. Defendant Ammon Bundy for Governor in the amount of **Six Thousand Eight Hundred Ninety-Five Dollars and Eighty-Six Cents ($6,895.86)**;

   c. Defendant Diego Rodriguez in the amount of **Twenty-Two Thousand Eight Hundred Fifty Dollars and Seventy-Seven Cents ($22,850.77)**;

   d. Defendant Freedom Man Press LLC in the amount of **Eight Hundred Ninety-Two Dollars and Twenty Cents ($892.20)**;

   e. Defendant Freedom Man PAC in the amount of **Eight Hundred Ninety-Two Dollars and Twenty Cents ($892.20)**; and

   f. Defendant People's Rights Network in the amount of **Eight Thousand Three Hundred Thirty-One Dollars and Ninety-Six Cents ($8,331.96)**.

4. Chris Roth's damages are awarded against Defendants Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man Press LLC, Freedom Man PAC, and People's Rights Network jointly and severally in the amount of **Eight Million Five Hundred Thousand Dollars ($8,500,000)** [**Two Million One Hundred Twenty-Five Thousand Dollars**

DEFAULT JUDGMENT - 2

($2,125,000) in compensatory damages and **Six Million Three Hundred Seventy-Five Dollars ($6,375,000)** in punitive damages].

5. Natasha Erickson's damages are awarded against Defendants Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man Press LLC, Freedom Man PAC, and People's Rights Network jointly and severally in the amount of **Twelve Million One Hundred Twenty-Five Thousand Dollars ($12,125,000)** [**Five Million One Hundred Twenty-Five Thousand Dollars ($5,125,000)** in compensatory damages and **Seven Million Dollars ($7,000,000)** in punitive damages].

6. Tracy Jungman's damages are awarded against Defendants Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man Press LLC, Freedom Man PAC, and People's Rights Network jointly and severally in the amount of **Twelve Million One Hundred Twenty-Five Thousand Dollars ($12,125,000)** [**Five Million One Hundred Twenty-Five Thousand Dollars ($5,125,000)** in compensatory damages and **Seven Million Dollars ($7,000,000)** in punitive damages].

7. Interest shall accrue on all awarded damages bearing the statutory rate of 10.250% per annum until paid in full.

8. Defendants Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man Press LLC, Freedom Man PAC, and People's Rights Network are PERMANENTLY ENJOINED as follows:

    a. Defendants must cease posting and disseminating defamatory statements against all Plaintiffs. Defamatory statements include:

        i. The Infant was perfectly healthy when taken by Child Protective Services.

        ii. St. Luke's made the Infant sick and infected the Infant with disease.

DEFAULT JUDGMENT - 3

iii. The Infant was kidnapped or unlawfully taken by law enforcement or St. Luke's.

iv. St. Luke's, St. Luke's management, law enforcement, Idaho Department of Health and Welfare, the courts, and medical practitioners are all involved in a conspiracy to engage in criminal child trafficking, kidnapping children and stealing children to make money.

v. The medical providers are pedophiles who want to abuse children and engage in child trafficking.

vi. Idaho Department of Health and Welfare makes more money for every child it takes into Child Protective Services custody and that is why the Idaho Department of Health and Welfare kidnaps and traffics children and only allows certain people with a specific sexual orientation to adopt children.

vii. St. Luke's and the medical practitioners intentionally or negligently harmed or injured the Infant, committed medical malpractice and/or misdiagnosed the Infant.

viii. St. Luke's reported the parents to Child Protective Services.

ix. Dr. Erickson threatened to file a report with Child Protective Services if the parents did not agree to the treatment plan between March 1-4, 2022.

x. St. Luke's intentionally kept the Infant longer than necessary in the hospital because the parents did not want the Infant vaccinated.

DEFAULT JUDGMENT - 4

  xi. The family was discriminated against because the Infant was not vaccinated.

  xii. The parents have thousands of dollars in medical bills they have to pay based on the care provided by St. Luke's or any medical provider.

  xiii. The parents did not consent to the medical treatment provided to the Infant.

  xiv. The Infant was released from the St. Luke's Children's Hospital and returned directly to the family due to the protestors' or Defendants' actions.

 b. Defendants must cease making statements that any of the Plaintiffs are criminals and/or are participating in unlawful child kidnapping, child trafficking, child sexual or any other child abuse, and/or killing of children.

 c. Defendants must remove from all online locations or websites Defendants have authority to do so any and all statements that the Plaintiffs are criminals and/or participating in the child kidnapping, child trafficking, child sexual or any other child abuse, and/or killing of children. The online locations include, but are not limited to, the following websites including their sub-pages:

https://www.peoplesrights.org, https://www.votebundy.com,

https://www.freedomman.org, https://stlukesexposed.com,

https://www.facebook.com/SaveBabyCyrus/,

https://www.youtube.com/@RealAmmonBundy, https://twitter.com

(handle @RealABundy), https://x.com (handle @RealABundy),

DEFAULT JUDGMENT - 5

https://www.givesendgo.com/GAZAG?utm_source=sharelink&utm_medium=copy_link&utm_campaign=GAZAG.

d. Defendants must cease disseminating and encouraging others to disseminate the contact information, personal information, and images of Mr. Roth, Dr. Erickson, and NP Jungman.

e. Defendants must remove from all online locations and websites Defendants have authority to do so the contact information, personal information, and/or images of Mr. Roth, Dr. Erickson, and NP Jungman. The online locations include, but are not limited to, the following websites including their sub-pages:

https://www.peoplesrights.org, https://www.votebundy.com, https://www.freedomman.org, https://stlukesexposed.com, https://www.facebook.com/SaveBabyCyrus/, https://www.youtube.com/@RealAmmonBundy, https://twitter.com (handle @RealABundy), https://x.com (handle @RealABundy), https://www.givesendgo.com/GAZAG?utm_source=sharelink&utm_medium=copy_link&utm_campaign=GAZAG.

f. Defendants must deactivate links to defamatory statements or statements that invade the privacy of the Plaintiffs by portraying them in a false light.

IT IS SO ORDERED.

DATED: 8/29/2023

NANCY A. BASKIN
District Court Judge

- 6

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on _____8/29/23_____, I caused a true and correct copy of the foregoing **Default Judgment** to be forwarded with all requires charges prepaid, by the method(s) indicated below, in accordance with the Rules of Civil Procedure, to the following persons:

| | |
|---|---|
| Ammon Bundy for Governor<br>People's Rights Network<br>c/o Ammon Bundy<br>P.O. Box 370<br>Emmett, ID 83617 | ☑ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Email/iCourt/eServe: |
| Ammon Bundy<br>Ammon Bundy for Governor<br>People's Rights Network<br>c/o Ammon Bundy<br>4615 Harvest Ln.<br>Emmett, ID 83617-3601 | ☑ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Email/iCourt/eServe: |
| Freedom Man PAC<br>Freedom Man Press LLC<br>c/o Diego Rodriguez<br>1317 Edgewater Dr., #5077<br>Orlando, FL 32804 | ☑ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Email/iCourt/eServe: |
| Diego Rodriguez<br>1317 Edgewater Dr., #5077<br>Orlando, FL 32804 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☑ Email/iCourt/eServe:<br>freedommanpress@protonmail.com |
| Erik F. Stidham<br>Jennifer M. Jensen<br>Alexandra S. Grande<br>Zachery J. McCraney<br>Anne E. Henderson<br>HOLLAND & HART LLP<br>800 W. Main Street, Suite 1750<br>Boise, ID 83702-7714 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☑ Email/iCourt/eServe:<br>efstidham@hollandhart.com<br>jmjensen@hollandhart.com<br>asgrande@hollandhart.com<br>zjmccraney@hollandhart.com<br>aehenderson@hollandhart.com |

DATED: 8/29/23

_____
Clerk of the Court

DEFAULT JUDGMENT - 7

**Exhibit 2**



2020 South Johns Avenue Suite A
Emmett, ID 83617

ELECTRONICALLY RECORDED-DO NOT
REMOVE THE COUNTY STAMPED FIRST
PAGE AS IT IS NOW INCORPORATED AS
PART OF THE ORIGINAL DOCUMENT

Instrument # 343981
EMMETT, GEM, IDAHO
2022-12-05  01:46:57 PM    No. of Pages: 2
Recorded for: PIONEER TITLE COMPANY OF GEM C
SHELLY TILTON    Fee: $15.00
Ex-Officio Recorder Deputy SStewart
Index To: WARRANTY DEED
Electronically Recorded by Simplifile

File No. 821971 /JO

## WARRANTY DEED

For Value Received  **Ammon Bundy and Lisa Bundy, husband and wife**

hereinafter referred to as Grantor, does hereby grant, bargain, sell, warrant and convey unto

**White Barn Enterprises LLC, an Idaho Limited Liability Company**

hereinafter referred to as Grantee, whose current address is  PO Box 621
The following described premises, to-wit:  EMMETT ID 83617

See Exhibit A attached hereto and made a part hereof.

To HAVE AND TO HOLD the said premises, with their appurtenances unto the said Grantee(s), and Grantees(s) heirs and assigns forever. And the said Grantor(s) does (do) hereby covenant to and with the said Grantee(s), that the Grantor(s) is/are the owner(s) in fee simple of said premises; that said premises are free from all encumbrances EXCEPT those to which this conveyance is expressly made subject and those made, suffered or done by the Grantee(s); and subject to U.S. Patent reservations, restrictions, dedications, easements, rights of way and agreements, (if any) of record, and current years taxes, levies, and assessments, includes irrigation and utility assessments, (if any) which are not yet due and payable, and that Grantor(s) will warrant and defend the same from all lawful claims whatsoever.

Dated: December 5, 2022

_____
Ammon Bundy

_____
Lisa Bundy

State of ID, County of Gem

This record was acknowledged before me on December 5, 2022 by Ammon Bundy and Lisa Bundy

_____
Signature of notary public
Commission Expires:
Residing in Emmett, Idaho
My Commission Expires February 27, 2027

AMBER RANDALL
COMMISSION #65126
NOTARY PUBLIC
STATE OF IDAHO

343981

EXHIBIT A

A tract of land being a portion of the Northwest 1/4 of the Southwest 1/4 of Section 25, Township 6 North, Range 2 West, Boise-Meridian, Gem County, Idaho, described as follows:

COMMENCING at the Northwest corner of the Northwest 1/4 of the Southwest 1/4 of Section 25, Township 6 North, Range 2 West, B.M., marked by an aluminum capped monument;
thence South 89°24'50" East, 964.56 feet along the North line of said Northwest 1/4 of the Southwest 1/4 to a set 1/2" iron pin with plastic cap PLS 6552 and the REAL POINT OF BEGINNING;
thence continuing South 89°24'50" East, 286.78 feet to a set 1/2" iron pin with plastic cap PLS 6552;
thence South 00°12'12" West, 813.90 feet to a point on the centerline of Black Canyon Canal, said point being on the arc of a non-tangent 120.00 foot radius curve to the right, a radial bearing to said point bears South 07°53'57" East;
thence along said centerline the following courses and distances:
Northeasterly along the arc of said curve through a central angle of 40°02'24" a distance of 83.86 feet; tangent to said curve North 57°51'33" West, 105.60 feet to the beginning of a tangent 200.00 foot radius curve to the left;
Northwesterly along the arc of said curve through a central angle of 16°18'00" a distance of 56.90 feet; tangent to said curve North 74°09'33" West, 67.37 feet;
thence leaving said centerline North 00°12'12" East, 701.95 feet to the REAL POINT OF BEGINNING.

TOGETHER WITH a 40.00 foot wide ingress and egress easement in the West Half of Section 25, Township 6 North Range 2 West, Boise-Meridian, lying South and East of the following described line:

Beginning at the Southwest corner of the Southwest 1/4 of the Northwest 1/4 of said Section 25;
thence South 89°24'50" East 1307.64 feet, along the South line of said Southwest 1/4 of the Northwest 1/4 to the Southeast corner thereof, marked by a 5/8 iron pin;
thence North 01°27'04" East, 782.24 feet along the East line of said Southwest 1/4 of the Northwest 1/4 to the terminus of this easement.

STATE OF IDAHO } ss.
County of Gem
I certify that the foregoing is a true and correct copy of the instrument of record as Instrument No. 343981
DATED 8/16/23
Shelly Tilton
Ex-officio Recorder
By _____ Deputy

343981

Instrument # 347821
EMMETT, GEM, IDAHO
2023-12-01    02:57:25 PM    No. of Pages: 3
Recorded for: PIONEER TITLE COMPANY OF PAYET
SHELLY TILTON    Fee: $15.00
Ex-Officio Recorder Deputy SStewart
Index To: WARRANTY DEED
Electronically Recorded by Simplifile

**Exhibit 3**

RECORDING REQUESTED BY AND
AFTER RECORDING, RETURN TO:

Holland & Hart, LLP
Attn: Erik Stidham, Esq.
P.O. Box 2527
Boise, Idaho 83701-2527

842928/JS

SPACE ABOVE THIS LINE FOR RECORDING USE ONLY

## Warranty Deed

For valuable consideration, the receipt and adequacy of which is hereby acknowledged, WHITE BARN ENTERPRISES LLC, an Idaho limited liability company ("**Grantor**"), does hereby grant, bargain, sell, warrant and convey to ST. LUKE'S HEALTH SYSTEM, LTD., an Idaho non-profit corporation ("**Grantee**"), whose address is c/o Holland & Hart, LLP, attention: Erik Stidham, P.O. Box 2527, Boise, Idaho 83701-2527, all of Grantor's right, title and interest in and to that certain parcel of real property situated in Gem County, Idaho, as more particularly described on Exhibit 1 attached to this Warranty Deed (this "**Deed**"), together with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and reversion and reversions, remainder and remainders, rents, issues and profits thereof, and all estate, right, title and interest in and to the property, as well in law as in equity ("**Property**").

To have and to hold the above-described premises together with their appurtenances unto Grantee, its successors and assigns forever.

Grantor, for Grantor's successors, hereby covenants with and to Grantee and Grantee's successors and assigns that Grantor is the lawful owner of the Property, that Grantor has the right and authority to convey the Property to Grantee, that the Property is free from all encumbrances, that Grantor and Grantor's successors, and all persons acquiring any interest in the Property granted by, through or for Grantor, on demand of Grantee or Grantee's successors or assigns, will execute any instrument necessary for the further assurance of the title to the Property that may be reasonably required and that Grantor and Grantor's successors will forever warrant the quiet and peaceable possession of such Property and will defend Grantee and Grantee's successors and assigns against any and all persons lawfully claiming the Property or any part of the Property.

(Signature and notary acknowledgment follows.)

347821

Grantor has executed this Deed on the date set forth below.

WHITE BARN ENTERPRISES LLC,
an Idaho limited liability company

By: _____
Aaron Welling, Manager

State of Idaho )
) ss.
County of __Gem__ )

This record was acknowledged before me on this 1 day of December 2023 by Aaron Welling, as the Manager of WHITE BARN ENTERPRISES, LLC, an Idaho limited liability company.

AMBER RANDALL
COMMISSION #65126
NOTARY PUBLIC
STATE OF IDAHO

Signature of Notary Public
Printed Name: Residing in Emmett, Idaho
My Commission Expires: My Commission Expires February 27, 2027

2

347821

## Exhibit 1

## Legal Description

A tract of land being a portion of the Northwest 1/4 of the Southwest 1/4 of Section 25, Township 6 North, Range 2 West, Boise-Meridian, Gem County, Idaho, described as follows:

COMMENCING at the Northwest corner of the Northwest 1/4 of the Southwest 1/4 of Section 25, Township 6 North, Range 2 West, B.M., marked by an aluminum capped monument;

thence South 89°24'50" East, 964.56 feet along the North line of said Northwest 1/4 of the Southwest 1/4 to a set 1/2" iron pin with plastic cap PLS 6552 and the REAL POINT OF BEGINNING;

thence continuing South 89°24'50" East, 286.78 feet to a set 1/2" iron pin with plastic cap PLS 6552;

thence South 00°12'12" West, 813.90 feet to a point on the centerline of Black Canyon Canal, said point being on the arc of a non-tangent 120.00 foot radius curve to the right, a radial bearing to said point bears South 07°53'57" East;

thence along said centerline the following courses and distances:

Northeasterly along the arc of said curve through a central angle of 40°02'24" a distance of 83.86 feet; tangent to said curve North 57°51'33" West, 105.60 feet to the beginning of a tangent 200.00 foot radius curve to the left; Northwesterly along the arc of said curve through a central angle of 16°18'00" a distance of 56.90 feet; tangent to said curve North 74°09'33" West, 67.37 feet;

thence leaving said centerline North 00°12'12" East, 701.95 feet to the REAL POINT OF BEGINNING.

TOGETHER WITH a 40.00 foot wide ingress and egress easement in the West Half of Section 25, Township 6 North Range 2 West, Boise-Meridian, lying South and East of the following described line:

Beginning at the Southwest corner of the Southwest 1/4 of the Northwest 1/4 of said Section 25; thence South 89°24'50" East 1307.64 feet, along the South line of said Southwest 1/4 of the Northwest 1/4 to the Southeast corner thereof, marked by a 5/8 iron pin;

thence North 01°27'04" East, 782.24 feet along the East line of said Southwest 1/4 of the Northwest 1/4 to the terminus of this easement.

347821