Erik F. Stidham (Idaho Bar No. 5483) (Admitted pro hac vice)
 Robert A. Faucher (Idaho Bar No. 4745) (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 24-23530 |
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**THE ST. LUKE'S PARTIES' MOTION PURSUANT TO FED. R. BANKR. PRO. 2004 FOR AN ORDER AUTHORZING AN EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY, THE DEBTOR WITHOUT PRIOR NOTICE OR HEARING PURSUANT TO LOCAL RULE 2004-1**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together "St. Luke's Creditors"), submit this motion for relief against the debtor under Bankruptcy Rule 2004 and Local Rule 2004-1 as follows.

### Introduction—the St. Luke's Creditors obtain a $50MM+ judgment against Debtor

1.      St. Luke's Health System, Ltd. operates many hospitals and other healthcare-related enterprises in southwestern and south central Idaho. Chris Roth is the President and CEO of St. Luke's Health System, Ltd.  Natasha Erickson is a physician specializing in pediatric medicine.  She is an employee of St. Luke's Regional Medical Center, Ltd.  Tracy Jungman is a nurse practitioner at St. Luke's Children at Risk Evaluation Service, a nationally accredited child advocacy program.

2.      In March 2022, debtor Ammon Edward Bundy ("Debtor" or "Bundy") lived in Idaho and was in the midst of an electoral campaign for Idaho governor.

3.      Seeking attention for himself and his political campaign, and monetary support for his campaign and other ventures with which he was associated, Bundy led a public disinformation campaign against the St. Luke's system, including in particular the St. Luke's Creditors.

4.      Bundy stoked his followers into physically demonstrating at multiple St. Luke's facilities, on behalf of an infant who was allegedly being mistreated by St. Luke's as part of a conspiracy among St. Luke's, child welfare officials, and public safety officers. Bundy had no blood relationship to the infant.

5.      In fact, there was never any factual basis to Bundy's contentions.  The actions of Bundy and his supporters resulted in the temporary shut-down of two St. Luke's facilities, a substantial interruption to St. Luke's provision of medical services to its patients, financial harm, and doxxing[1] and threats to individual St. Luke's employees, including Chris Roth, Nathasa Erickson and Tracy Jungman.

6.      The St. Luke's Creditors thereafter brought a state court lawsuit in Idaho against Bundy, his gubernatorial campaign, a collection of his supporters operating as the "People's Rights Network," and other defendants.  The St. Luke's Creditors sought monetary damages and a permanent injunction against Bundy in respect of his intentional torts.

7.      Bundy refused to cooperate with the litigation.  He never appeared and made discovery nearly impossible.  Bundy never produced a single document nor sat for a deposition notwithstanding the  St. Luke's Parties' diligent efforts and multiple court orders. Bundy was ultimately found in criminal contempt and was arrested, but he still never cooperated in any discovery.

8.      After a two-week jury trial at which Bundy failed to appear, the St. Luke's Parties won a jury verdict and concomitant judgment against Bundy, his  campaign, People's Rights Network, and other defendants not relevant to this bankruptcy in August 2023 in an amount exceeding $50 million.  Bundy did not appeal and the judgment (the "Idaho Judgment") is now a final judgment.

---

[1] "Doxxing" is the "use of the Internet to search for and publish identifying information about a particular individual, typically with malicious intent . . . ." *Friends of Animals v. Bernhardt*, 15 F.45th 1254, n. 3 (10th Cir. 2021) (quoting

**Debtor ultimately files bankruptcy to stay the St. Luke's Parties' collection efforts**

9.      Both before and after entry of the Idaho Judgment, Bundy publicly bragged that he intended to impede the St. Luke's Creditors' efforts to recover on their claims.  And Bundy was good to his word. Among other things,

- Bundy and his wife sold their valuable Idaho home to the campaign treasurer's company for a grossly inadequate price. They leased back the house and continued to live there.

- Bundy ran his personal financial activities through a closely-held corporation.

- Bundy diverted personal assets to corporate entities.

- Bundy passed some assets to political supporters, who understood they would transfer the assets back to Bundy once the St. Luke's Creditors had ceased pursuing Bundy.

10.      In or about November 2023, Bundy and his family moved from Emmett, Idaho to rural southern Utah.

11.      The St. Luke's Creditors engaged in vigorous recovery efforts between entry of their judgment in August 2023 and Bundy's chapter 7 filing in July 2024.  While Bundy still refused to participate in any discovery during this period, the St. Luke's Creditors engaged in significant third-party discovery, principally from Bundy's transferees, banks, credit unions, title companies and co-defendants ("Third Party Sources").

**The St. Luke's Parties now have a greater likelihood of actually obtaining discovery**

12.      If Bundy wishes to obtain a fresh start, he must produce discovery to lay bare his long-obscured finances.

13.      The St. Luke's Creditors are not optimistic that Bundy will perform his statutory duties.  Bundy's petition, schedules and statements all contain many fundamental defects and

inaccuracies. (The St. Luke's Creditors shall attend to those defects and inaccuracies in other papers.) At the meeting of creditors, Bundy invoked his 5th Amendment privilege against self-incrimination approximately 40 times in refusing to answer basic questions.

14.    Under Bankruptcy Rule 2004, this Court can order discovery that Bundy has avoided for two years. Under Local Rule 2004-1, the Court can order such discovery without notice or hearing. That is particularly appropriate here, when Bundy has already avoided his obligations to produce discovery both under applicable Idaho Rules of Civil Procedure and court orders.  Also, in its document production request in this Motion, the St. Luke's  have carefully tailored their requests, mindful that they have already obtained much discovery from the Third Party Sources.

15.    The St. Luke's Creditors move this Court to enter an Order authorizing the St. Luke's Creditors to conduct an examination of Ammon Bundy and compel production of documents by Ammon Bundy.

16.    The St. Luke's Creditors shall coordinate the date of the examination with the chapter 7 Trustee and the Utah office of the United States Trustee for region 19.  The St. Luke's Creditors shall give Ammon Bundy no fewer than 14 days' prior written notice of the examination in accordance with Local Rule 2004-1(3)(A).

17.    The St. Luke's Creditors shall compel Debtor Bundy's attendance by a subpoena in accordance with Bankruptcy Rule 2004(c), Bankruptcy Rule 9106, and Local Rule 2004-1(3)(A).

WHEREFORE, the St. Luke's Creditors seek relief under Bankruptcy Rule 2004 as set forth above without further notice or hearing.  A proposed order has been lodged herewith.

DATED this 20th day of September, 2024.

        /s/ Robert A. Faucher

Erik F. Stidham (Idaho Bar No. 5483)
Robert A. Faucher (Idaho Bar No. 4745)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone:  (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

        /s/ Benjamin D. Passey

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone:  (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd.,*
*St. Luke's Regional Medical Center, Ltd.,*
*Chris Roth, Natasha Erickson, M.D., and*
*Tracy Jungman, NP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of Sptember, 2024, I caused the foregoing to be filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

>Mark C. Rose
>McKay, Burton & Thurman, P.C.
>trustee@mbt-law.com

>U.S. Trustee
>USTPRegion19.SK.ECF@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by U.S. First Class Mail and/or e-mail as indicated:

>By U.S. First Class Mail – postage prepaid:

>>Ammon Edward Bundy, *pro se*
>>P.O. Box 1062
>>Cedar City, UT 84721

>>Ammon Edward Bundy
>>896 E 400 S
>>New Harmoney, UT 84757

>*/s/ Benjamin D. Passey*
>Benjamin D. Passey
>for Holland & Hart LLP

32665594_v1