Erik F. Stidham (Idaho Bar No. 5483) (Admitted pro hac vice)
Robert A. Faucher (Idaho Bar No. 4745) (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH**

| In re:<br><br>AMMON EDWARD BUNDY<br><br>Debtor. | Bankruptcy No. 24-23530<br><br>Chapter 7<br><br>Honorable William T. Thurman |
|---|---|

**THE ST. LUKE CREDITORS' MOTION PURSUANT TO FED. R. BANKR. PRO. 2004 FOR AN ORDER AUTHORIZING AN EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY, LISA BUNDY WITHOUT PRIOR NOTICE OR HEARING PURSUANT TO LOCAL RULE 2004-1**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together "St. Luke's Creditors"), submit their Motion for Rule 2004 Examination of non-debtor Lisa Bundy, as follows:

1. The St. Luke's Creditors are judgment creditors of debtor Ammon Bundy ("Debtor"). Bundy committed intentional torts against them. They obtained a judgment in excess of $50 million against Debtor. Debtor's judgment liability remained in excess of $50 million on the petition date.

2. For more than two decades, Debtor has been married to non-debtor Lisa Bundy. As used in this Motion, the term "the Bundys" means Debtor and Lisa Bundy. The Bundys moved from Idaho to Utah in or about November 2023.

3. Lisa Bundy has actively engaged in prepetition fraudulent conveyances to hinder, delay and defraud the St. Luke's Creditors. For example, in December 2022, during the middle of the trial between the St. Luke's Creditors and Debtor, Debtor and Lisa Bundy conveyed their Idaho home to White Barn Enterprises, LLC ("Transferee"). By any valuation, the home was worth in excess of $1 million. The Bundys sold the property to Transferee for only $250,000. The Bundys maintained their residence at the home notwithstanding the conveyance. Transferee was owned by the treasurer of Debtor's Idaho gubernatorial campaign. The St. Luke's Creditors sued Transferee, who quickly settled and transferred the residence to one of the St. Luke's Creditors.

4. The St. Luke's Creditors expect that Lisa Bundy will have substantial information about other fraudulent conveyances.

2

5. Additionally, the St. Luke's Creditors expect that Lisa Bundy will have substantial information about community property that is part of the bankruptcy estate.

6. Before their recent move to Utah, the Bundys lived for decades in two community property states—Arizona and Idaho. Thus, all or nearly all of the property in either of the Bundys' names is community property.

7. When a married couple moves from a community property state to a common-law state, such as Utah, their property remains community property. *In re Marriage of Moore & Ferrie*, 18 Cal. Rptr. 543, 14 Cal. App. 4th 1472, (Ct. App. 1993) ("Community property does not lose its character by virtue of a move to a common law state."). *See generally* 15B Am. Jur. 2d *Community Property* § 17 (2024) ("Marital interests in movables acquired during marriage are determined by the law of the domicile when they are acquired; thus community personal property retains its character as such when it is removed to a noncommunity property state.")

8. Pro se debtor Ammon Bundy certainly did not correctly include in his schedules all of the married couple's community property. For example, Bundy literally did not identify (1) a single bank account in his schedule of assets, docket no. 19 at 5, or (2) a single closed bank account in his statement of financial affairs, docket no. 5 at 11, when the St. Luke's Creditors know that there are many such accounts. The St. Luke's Creditors are entitled to explore with Mrs. Bundy the assets of the marital community to assist in determining the full extent of the bankruptcy estate. All community property, no matter in which spouse's name it might be held, is part of the bankruptcy estate. *See* Bankruptcy Code § 541(a)(2); *Credit Bureau of E. Idaho, Inc. v. Lecheminant*, 149 Idaho 468, 472, 235 P.3d 1188, 1193 (2010) (The Idaho Supreme Court has "long held that the separate debts of either spouse may be paid from community property.")

3

9. The St. Luke's Creditors do not deny that Mrs. Bundy's separate property will not be property of the bankruptcy estate. However, there is a presumption that *all* property acquired during the Bundys' decades' long marriage is community property, and is, therefore, part of the bankruptcy estate. Mrs. Bundy will have to overcome that presumption in order to prove that such property is not part of the bankruptcy estate. Mrs. Bundy faces an evidentiary burden higher than preponderance of the evidence. *See*, *e.g.*, *Rainsdon v. Kirtland* (*In re Kirtland*), No. 10-8119-JDP, 2011 Bankr. LEXIS 3828, at * 7-8 (Bankr. D. Idaho Sept. 30, 2011); *In re Jackson*, No. 16-12666-j7, 2018 Bankr. LEXIS 2345 (Bankr. D. N.M. Aug. 7, 2018).

10. St. Luke's Creditors request this Court to enter an Order authorizing St. Luke's Creditors to take the Bankruptcy Rule 2004 examination of Lisa Bundy, and subpoena her attendance at the examination. St. Luke's Creditors request this Court to authorize, as well, their service of a subpoena on Mrs. Bundy to produce documents in advance of the examination.

11. The Debtor, the Trustee, the U.S. Trustee and Mrs. Bundy will receive not less than 14 days within notice of the examination and the production. Mrs. Bundy's attendance and production of documents will comply with Fed. R. Bankr. P. 2004.

Wherefore, St. Luke's Creditors respectfully requests this Court to authorize it to take the Bankruptcy Rule 2004 examination of Lisa Bundy and to compel Mrs. Bundy to appear and produce documents in connection therewith.

DATED this 20th day of September, 2024.

    /s/ Robert A. Faucher
Erik F. Stidham (Idaho Bar No. 5483)
 (Admitted *Pro Hac Vice*)
Robert A. Faucher (Idaho Bar No. 4745)
 (Admitted *Pro Hac Vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com


    /s/ Benjamin D. Passey
Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com


*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2024, I caused the foregoing to be filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Mark C. Rose
McKay, Burton & Thurman, P.C.
trustee@mbt-law.com

U.S. Trustee
USTPRegion19.SK.ECF@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by U.S. First Class Mail and/or e-mail as indicated:

By U.S. First Class Mail – postage prepaid:

Ammon Edward Bundy, *pro se*
P.O. Box 1062
Cedar City, UT 84721

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

*/s/ Benjamin D. Passey*
Benjamin D. Passey
for Holland & Hart LLP

32698167_v1