Erik F. Stidham (Idaho Bar No. 5483) (Admitted pro hac vice)
Robert A. Faucher (Idaho Bar No. 4745) (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**THE ST. LUKE CREDITORS' MOTION PURSUANT TO FED. R. BANKR. PRO. 2004 FOR AN ORDER AUTHORIZING AN EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY, CHAPTER 7 TRUSTEE MARK C. ROSE WITHOUT PRIOR NOTICE OR HEARING PURSUANT TO LOCAL RULE 2004-1**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together, the "St. Luke's Creditors"), submit their Motion for Rule 2004 Examination of Chapter 7 Trustee, Mark C. Rose ("Trustee").

1. The St. Luke's Creditors are judgment creditors of debtor Ammon Bundy ("Debtor"). Bundy committed intentional torts against them. They obtained a judgment in Idaho in excess of $50 million against Debtor. Debtor's judgment liability remained in excess of $50 million on the petition date.

2. In the meeting of creditors held on August 14 and 19, Debtor adopted a more conciliatory attitude toward questions from Trustee as opposed to questions from counsel to the St. Luke's Creditors. Specifically, in response to questions from the St. Luke's Creditors' attorney, Debtor was markedly uncooperative and invoked his Fifth Amendment privilege against self-incrimination 42 times. In response to questions from Trustee, Debtor was, on the whole, conciliatory.

3. As is typical at meetings of creditors, Trustee requested additional documents and information from Debtor. Debtor agreed that he would provide the documents and information to Trustee. The documents and information discussed included information that Debtor should have included in his schedule of assets and liabilities but did not, such as a list of his bank accounts, a list of his firearms, and a list of his tools. The documents and information included information that Debtor should have included in his statement of financial affairs but did not, such as a list of property of others under Debtor's control. The documents and information included documents relating to real property that Debtor owns and his most recent tax returns.

4. The St. Luke's Creditors understand that Debtor, has, in fact, supplied additional documents and information to Trustee. Counsel to the St. Luke's Creditors have, in turn, demanded the documents and information from Trustee.

5. Trustee has taken a conservative position that he will not produce the documents and information absent a subpoena. That position has necessitated this motion. The documents and information at issue pertain directly to acts, conduct and property of Debtor. The documents and information pertain directly to whether Debtor is entitled to a discharge, because it involves documents and information that Debtor should have already disclosed.

6. The St. Luke's Creditors shall coordinate the date of the examination with the chapter 7 Trustee and the Utah office of the United States Trustee. Absent Trustee's consent to an earlier time frame, the St. Luke's Creditors shall give Chapter 7 Trustee Mark C. Rose no fewer than 14 days' prior written notice of the examination in accordance with Local Rule 2004-1(3)(A).

7. The St. Luke's Creditors shall compel Chapter 7 Trustee Mark C. Rose's attendance by a subpoena in accordance with Bankruptcy Rule 2004(c), Bankruptcy Rule 9106, and Local Rule 2004-1(3)(A).

WHEREFORE, the St. Luke's Creditors seek relief under Bankruptcy Rule 2004 as set forth above without further notice or hearing. A proposed order has been lodged herewith.

DATED this 27th day of September, 2024.

HOLLAND & HART LLP

*/s/ Robert A. Faucher*
Erik F. Stidham
Robert A. Faucher

*/s/Engels J. Tejeda*
Darren G. Reid
Engels Tejeda
Benjamin D. Passey

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing **THE ST. LUKE CREDITORS' MOTION PURSUANT TO FED. R. BANKR. PRO. 2004 FOR AN ORDER AUTHORIZING AN EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY, CHAPTER 7 TRUSTEE MARK C. ROSE WITHOUT PRIOR NOTICE OR HEARING PURSUANT TO LOCAL RULE 2004-1** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

    United States Trustee
        USTPRegion19.SK.ECF@usdoj.gov

    Mark C. Rose, Trustee
        trustee@mbt-law.com

    Matthew James Burne
        matthew.burne@usdoj.gov
    David W. Newman
        david.w.newman@usdoj.gov
    *Attorneys for United States Trustee*

**By first class U.S. mail on September 27, 2024, to the following Debtor:**

    Ammon Edward Bundy, *pro se*
    P.O. Box 1062
    Cedar City, UT 84721

                      */s/ Christa L. Fries*

33049215