Erik F. Stidham (ID Bar No. 5483) (Admitted pro hac vice)
Robert A. Faucher (ID Bar No. 4745) (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In Re:<br><br>AMMON EDWARD BUNDY,<br><br>  Debtor. | Case No. 24-23530-WTT<br><br>Chapter 7 |

**ST. LUKE'S CREDITORS' REPLY IN SUPPORT OF THEIR OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTION**

COME NOW St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman, NP (the "St. Luke's Creditors"), by and through their attorneys, Holland & Hart LLP, and represent as follows for this, their reply in support of their objection to the debtor's claims of exemption.

1. The St. Luke's Creditors objected to all of Debtor's claims of exemption (the "Objection"). Docket no. 22.

2. Debtor's deadline to file a response was October 3.

3. As of the filing of this Reply, October 4 at 9:00 p.m., the docket does not reflect that Debtor has filed a response.

4. However, the St. Luke's Creditors' attorneys have received a response from Debtor by e-mail ("Debtor's Response"). The St. Luke's Creditors submit this Reply in support of their Objection and to address the paper they received by e-mail. The St. Luke's Creditors have attached Debtor's Response to this Reply as Exhibit A.

5. Debtor's Response contains nothing truly responsive to the St. Luke's Creditors' Objection.

<u>Debtor's reference to a supposed settlement offer is without significance.</u>

6. First, Debtor responds by making unsworn contentions that he has recently made an ostensibly generous settlement offer to the St. Luke's Creditors. While ordinarily, of course, evidence of settlement offers is inadmissible, the St. Luke's Creditors eschew making such an objection at this time. The St. Luke's Creditors would instead simply point out these things.

7. The status of the settlement offer, of course, is irrelevant to the issues raised by the Objection.

8. Debtor's contentions regarding his settlement offer are unsworn.

9. Debtor's property is now property of the bankruptcy estate, so his capacity to make settlements with his supposed property is extremely limited at best. Debtor is apparently unaware of this.

10. Debtor's summary of his settlement offer is one-sided and inaccurate.

11. Debtor has undertaken extensive and purposeful efforts to put his assets beyond the reach of the St. Luke's Creditors, and, indeed, outside of this bankruptcy case. Debtor's supposed settlement offer does not address those issues.

<u>Debtor's inaccurate summary of the parties' non-bankruptcy dispute is without significance.</u>

12. Second, Debtor responds by offering his own completely inaccurate version of the facts of the parties' non-bankruptcy dispute, which was the subject of a 2023 jury trial in Idaho.

13. Of course, that dispute has nothing to do with the issues the St. Luke's Parties' raised in their Objection.

14. More generally, Debtor could have participated in the lawsuit. He could have attended the 2023 jury trial. He chose not to either of those things. The jury trial accordingly went forward without him. Judgment entered against him in the St. Luke's Parties' favor for Debtor's intentional torts in a sum in excess of $50 million. Debtor did not appeal.

15. All of the claims and issues resolved at the trial are now binding under the doctrines of claim preclusion and issue preclusion. The Idaho trial court's 40-page findings of fact and conclusions of law—reached on the basis of the evidence introduced at trial—stands as the meaningful statement of the nature of Debtor's conduct. The exhibit Debtor attaches to his reply is both inaccurate and irrelevant.

WHEREFORE, for the reasons stated herein and in the St. Luke's Creditors' Objection, the St. Luke's Parties pray that the Court deny all of Debtor's claims of exemption.

Dated this 4th day of October, 2024.

        /s/ Robert A. Faucher
Erik F. Stidham (Idaho Bar No. 5483)
 (Admitted *Pro Hac Vice*)
Robert A. Faucher (Idaho Bar No. 4745)
 (Admitted *Pro Hac Vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

/s/ Engels Tejeda
Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2024, I caused the foregoing to be filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Mark C. Rose
McKay, Burton & Thurman, P.C.
trustee@mbt-law.com

U.S. Trustee
USTPRegion19.SK.ECF@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by U.S. First Class Mail and/or e-mail as indicated:

By U.S. First Class Mail – postage prepaid:

Ammon Edward Bundy, *pro se*
P.O. Box 1062
Cedar City, UT 84721

/s/ Robert A. Faucher
of Holland & Hart LLP

32698167_v1