George Hofmann (10005)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Proposed attorneys for Mark C. Rose,
Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re | Bankruptcy No.  24-23530 (WTT) |
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | |

## TRUSTEE'S APPLICATION TO EMPLOY ATTORNEY
## AND DECLARATION OF PROPOSED ATTORNEY

Mark C. Rose, in his capacity as Chapter 7 Trustee (the "Trustee") of the

bankruptcy estate of Ammon Edward Bundy (the "Debtor"), moves this Court for an

order authorizing the Trustee to employ George Hofmann and the firm of Cohne

Kinghorn, P.C. ("CK") as his counsel pursuant to Bankruptcy Code § 327(a) and in

support of this application, respectfully represents as follows:

1.      The Debtor commenced this case under Chapter 7 of the Bankruptcy

Code by filing a voluntary petition on July 17, 2024 and Mark C. Rose was appointed as

the Chapter 7 Trustee.

2.      The Trustee requires the services of an attorney in this matter to assist

him in the investigation and liquidation of estate assets.   In addition, the Trustee is

4857-6649-7517, v. 2

aware of the following facts and circumstances which justify the present employment of legal counsel:

    A.    To advise and consult with the Trustee concerning questions arising in the conduct of the administration of the estate and concerning the Trustee's rights and remedies with regard to the estate's assets and the claims of secured, preferred and unsecured creditors and other parties in interest;

    B.    To appear for, prosecute, defend, and represent the Trustee's interest in proceedings arising in or related to this case;

    C.    To assist in the preparation of such pleadings, motions, notices, and orders as are required for the orderly administration of this estate; and

    D.    To advise the Trustee generally regarding his legal rights and duties in this case.

3.    The Trustee requires the services of an attorney to perform his duties as a trustee for the following purposes:

    A.    To advise and consult with the Trustee concerning questions arising in the conduct of the administration of the estate and concerning the Trustee's rights and remedies with regard to the estate's assets and the claims of secured, preferred and unsecured creditors and other parties in interest;

    B.    To appear for, prosecute, defend, and represent the Trustee's interest in proceedings arising in or related to this case;

    C.    To assist in the preparation of such pleadings, motions, notices, and orders as are required for the orderly administration of this estate; and

2

D.    To advise the Trustee generally regarding his legal rights and duties in this case.

4.    For the foregoing and all other necessary and proper purposes, the Trustee desires to retain counsel to represent him and seeks to employ George Hofmann and the firm of CK as his counsel.  The Trustee has conducted a cost/benefit analysis based on the facts known to him at this time and has determined that given the nature of the assets and his duties under § 704(a), as well as estimated collection and liquidation costs, employment of counsel should provide a benefit to the estate. In so doing, however, the Trustee cannot guarantee that assets will be recovered, that the assets will be of a value that the Trustee believes they may be as of the date of this Application, or that the costs associated with recovering and liquidating the assets will be as estimated by the Trustee. Consistent with his duties, the Trustee will endeavor to maximize the value of the assets he seeks to recover while at the same time managing costs so as to make a distribution to creditors in this case.

5.    The employment of George Hofmann and the firm of CK may be authorized by this Court pursuant to Bankruptcy Code § 327(a) and (d), and in the Trustee's opinion, the employment of George Hofmann and CK, is in the best interest of the estate.

6.    It is in the best interest of this estate pursuant to Bankruptcy Code § 327(d) and its economical administration that George Hofmann and the firm of CK be authorized to act as the Trustee's counsel.  The Trustee having reviewed the Debtor's schedules and statements, and having analyzed legal matters which may arise during

3

the administration of the estate, the Trustee anticipates that the estate will benefit from the employment of George Hofmann and CK as counsel for the following reasons:

      A.     The firm specializes in bankruptcy, including issues arising in the administration of Chapter 7 cases, and because of their experience in those fields, George Hofmann and the firm of CK are not only qualified to render the foregoing services, but have expertise in performing the type of services necessary in this case.

      B.     George Hofmann and the firm of CK are familiar with routine matters that the Trustee anticipates will occur in this case such as collection and liquidation of assets and claims litigation.  George Hofmann and the firm of CK are able to reduce the cost to the estate of addressing routine legal issues by utilizing paraprofessionals to assist attorneys in such matters.

      7.     Based upon the attached Declaration of George Hofmann, the Trustee believes that George Hofmann and the firm of CK does not hold or represent any interest adverse to that of the Trustee or the Debtor's estate and that George Hofmann and the firm of CK is a disinterested person within the meaning of Bankruptcy Code § 101 (14).

      8.     The Trustee is informed that CK's normal hourly billing rates at the time of this Application range from $140 per hour to $450 per hour for attorneys and from $70 per hour to $185 per hour for paraprofessionals.  George Hofmann's current billing rate is $445 per hour.  It is contemplated that George Hofmann and the firm of CK will seek compensation based upon normal and usual hourly billing rates. It is further

4857-6649-7517, v. 2

contemplated that George Hofmann and the firm of CK will seek interim compensation during the case as permitted by Bankruptcy Code § 331.

9.     The Court has power to authorize employment of George Hofmann and the firm of CK pursuant to Bankruptcy Code § 327(a) which states in pertinent part:

> The trustee, with the court's approval, may
> employ one or more...attorneys... or other
> professional persons, that do not hold or
> represent an interest adverse to the estate,
> and that are disinterested persons, to
> represent or assist the trustee in carrying out
> the trustee's duties under this title.

**WHEREFORE**, the Trustee prays that he be authorized to employ George Hofmann and the firm CK as his counsel to render services in the areas described above with compensation to be paid as an administrative expense in such amounts as this Court may hereinafter determine and allow.

**DATED**     October 7, 2024.

/s/ Mark C. Rose
Chapter 7 Trustee

4857-6649-7517, v. 2

## DECLARATION OF GEORGE HOFMANN IN SUPPORT OF
## THE TRUSTEE'S APPLICATION TO EMPLOY ATTORNEYS

I, George Hofmann, declare and submit the following statements and disclosures as my Declaration in support of the Trustee's Application to Employ Counsel:

1.     I am an attorney duly admitted to practice before the state courts of Utah, New York, and Massachusetts as well as this Court.

2.     I am a member of Cohne Kinghorn ("CK"), the law firm that the Trustee is seeking to employ generally by the Application to which this Declaration is attached.  All of the members and associates of this law firm are similarly duly admitted to practice in this state and before this Court.

3.     The law firm of CK has extensive experience in bankruptcy, insolvency, corporate reorganization and Debtor/creditor law.  The firm is well qualified to represent the Trustee as counsel herein, and is willing to accept employment on the basis set forth in the annexed application.

4.     CK has performed an electronic search of its conflict database with respect to the Debtor as well as persons and entities currently believed to be connected to the Debtor, including all creditors on the case mailing matrix.  Based on this search, the firm of CK, its members and its associates, do not hold any interest adverse to the above-entitled estate and said law firm is a disinterested person as defined in Bankruptcy Code § 101.  Neither the firm nor any of its members have any connection with the Debtor, creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the

1

United States Trustee.  We have not in the past, and I do not plan in the future, to represent any related Debtor.

5.     Neither CK nor any of its members have a pre-petition or other claim against the estate.

6.     Neither CK nor any of its members have received a retainer from the Debtor, the estate, or a third party.

7.     Neither CK nor any of its members have any interests adverse to the Trustee, the estate or the Debtor.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October _____, 2024.

_____
George Hofmann

4857-6649-7517, v. 2