Lisa M. Bundy
P.O. Box 1062
Cedar City, Utah
84720-1062

UNITED STATES BANKRUPTCY COURT,
DISTRICT OF UTAH

Ammon Edward Bundy

Case No: 24-23530
Chapter 7
WILLIAM T. THURMAN

FILED* US Bankruptcy Court-UT
OCT 22 2024 AM 11:24

## MOTION TO QUASH SUBPOENA FOR LISA M. BUNDY

Comes now Lisa Bundy to move this court to quash the subpoena served by St. Luke's parties upon Lisa Bundy.

## BACKGROUND

St. Luke's sued Mr. Bundy, he never appeared in the case and eventually a $53 million default judgment was issued against him. To find relief from the relentless aggression of St. Luke's attorneys litigating against him with 6 teams of attorney in 5 states and in 9 separate courts Mr. Bundy filed bankruptcy in July of 2024. St. Luke Health System has spent over a million dollars litigating against Mr. Bundy. Lawfare is the term. To cause further suffering to the Bundy family, St. Luke's attorneys recently filed for permission to subpoena Mrs. Bundy in this bankruptcy case. This court recently authorized them to serve papers upon Mrs. Bundy for a subpoena. St. Luke attorneys want to get Mrs. Bundy in their office alone, to gang up and tear her down in hopes that she will say something that they can use against her husband. They know that Mr. and Mrs. Bundy have no means to practically hire an attorney. How would they pay the attorney? St Luke's attorneys know that they have seized the Bundy's bank accounts and funds.



Furthermore, Mrs. Bundy is a stay-at-home mother that cares for her family deeply. It is a low blow by the St. Luke's council to shamelessly involve her in this attack. Attacking women and children during conflict is something only dishonorable men do.

### ARGUMENT TO QUASH SUBPOENA FOR LISA BUNDY

The Subpoena is unauthorized pursuant to FRCP 45

(c) Place of Compliance.

    (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

        (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

        (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

            (i)    is a party or a party's officer; or

            (ii)   is commanded to attend a trial and would not incur substantial expense.

            (iii)

Mrs. Bundy resides in New Harmony, Utah, nearly 4 hours away from the location of the set examination, approximately 270 miles from her residence. A far cry from the 100-mile circumference required by the federal rules. Additionally, Mrs. Bundy is not party to the bankruptcy nor a party's officer. The subpoena is not for a trial and it would cause Mrs. Bundy substantial hardship in expenses and otherwise which will be explained further. For these reasons the subpoena for Lisa Bundy should be quashed.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

    (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

The St. Luke's attorneys have not taken reasonable steps to avoid imposing undue burden and expenses on Mrs. Bundy. St. Luke's council (Holland & Hart) expects Mrs. Bundy to pay for fuel, hotel, meals and other traveling expenses, driving over 540 miles. The trip would surely consist of 2 days after the drive up and the examination. St. Luke's council, shamelessly issued Mrs. Bundy a black and white check for $251.26. Mrs. Bundy is offended that St. Luke's attorney would issue a check in the first place. The last thing she wants is a little bit of money back that was stolen from her family in the first place. That said, what good is a check to Mrs. or Mr. Bundy? The St. Luke's attorneys know that they have seized all of the Bundy's bank accounts and that they cannot cash the check, even if they wanted to. It's like stealing out of a Canadian beggars pan, transferring the money to Mexican currency and then giving a little bit of it back to the beggar. What is the beggar supposed to do with it? How does it help him at all?

The Holland and Hart attorneys (St. Luke's council) are very much aware that Mrs. Bundy has no means of cashing a check. In fact, the black and white check was copy of a Mountain America Credit Union check. The same institution where Mrs. Bundy banked for over 25 years until her account was seized. The same credit union that St. Luke's team of attorneys recently subpoenaed in this court. The last time Mrs. Bundy tried to cash a check there, they looked up her account, saw that it was seized for some legal reason and told her that they could not help her. Mrs. Bundy left in tears wondering how she was going to buy groceries. The St. Luke's attorneys know that Mrs. Bundy has no way of cashing a check and that the place of examination would cause extreme burden upon the Bundy family, these attorneys are in violation of FRCP 45(d)(1).

    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      (ii) ensures that the subpoenaed person will be reasonably compensated.

    St. Luke's council has not shown any substantial need for Lisa Bundy to be examined. They have not shown that an interrogation of Mrs. Bundy would result in more than a bunch of *"I don't knows"*. Mrs. Bundy is not party in this case, nor in the lawsuit that resulted in the $53,000,000.00 judgment against her husband. Mrs. Bundy is not an officer to any party and she had nothing to do with any of the finances in any entity that Mr. Bundy controlled or was part of. The St. Luke's attorneys, at best, are assuming that Mrs. Bundy knows more than the household finances. If they wanted to know how much the Bundy family spent on groceries or how much the children's clothing cost in a year then Mrs. Bundy may have the answers. But questions about finances or transaction outside the household scope, Mrs. Bundy simply will not know and the St. Luke's attorneys have not shown any substantial need to interrogating Mrs. Bundy. Therefore, the court should quash the subpoena.

    (3) *Quashing or Modifying a Subpoena.*

    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      (i) fails to allow a reasonable time to comply;

      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv) subjects a person to undue burden.

Mrs. Bundy's expenses to travel across the State of Utah would be an extreme burden upon her and her children. As mentioned, Mrs. Bundy is a stay-at-home mother that transports her children approximately 30 miles to and from school. There are no bus transportations available for her younger children. The burden upon her and her family would be significant.

**Furthermore, and most important:** Mrs. Bundy has not stopped fretting and crying since the St. Luke's Parties served her with the subpoena. Because of the harassment and aggression of the St. Luke's council her life has been extremely disrupted for nearly three years now. Mrs. Bundy is not emotionally capable of being examined by the same people that have so viciously attacked her family for so long. In fact, Mrs. Bundy is not emotionally capable of being examined by any aggressor at this time. The emotion of being examined will be too burdensome upon her.

It was the hopes of the Bundy family that once they moved out of Idaho, left their home and community that St. Luke's executives and attorneys would be satisfied and leave them alone allowing them to rebuild, but instead they have pursued them with even more vigor. Even after taking title of their home, seizing their bank accounts and taking all the shares in Mr. Bundy's enterprises, the St. Luke's executives and attorneys are not content. Now, they are directly seeking to adversely interrogate Mrs. Bundy face to face for information that Mrs. Bundy has little or no knowledge of. This is harassment, causing further suffering to the Bundy family. Mrs. Bundy is not emotionally capable to endure such interrogations, the burden upon her is too much and therefore the court should quash the subpoena and order that no other subpoena be served upon Lisa Bundy in this case.

If the court chooses to order a professional evaluation of Ms. Bundy's emotional condition, then there are not objections as long as it is within close proximity of her residence and with a professional of her approval.

**DATED THIS DAY,** the 7th of October, 2024.

Lisa Bundy

| CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

| | | | |
|---|---|---|---|
| | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS Mail |
| Mark C. Rose, Trustee | mrose@mbt-law.com | [X] | Email |
| Erik Stidham | efstidham@hollandhart.com | [X] | Email |

**DATED THIS DAY,** the 7th of October, 2024.

*Lisa Bundy* (signature)

Lisa Bundy