Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

Erik F. Stidham (*Admitted Pro Hac Vice*)
Robert A. Faucher (*Admitted Pro Hac Vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**ST. LUKE'S CREDITORS' RESPONSE TO MOTION TO QUASH SUBPOENA TO LISA M. BUNDY (DKT. 163)**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together the "St. Luke's Creditors"), submit their Response to Motion to Quash Subpoena to Lisa M. Bundy (Dkt. 163), and Motion to Compel Compliance with Rule 2004 Subpoena, as follows:

**INTRODUCTION**

Lisa Bundy's Motion to Quash [Dkt. 163] ("Motion to Quash") is based on false statements and baseless attacks on the underlying judgement against Debtor Ammon Bundy. Rather than focus on the operative subpoena, which required Lisa Bundy to produce documents and attend an examination within 40 miles of her residence, Lisa Bundy's motion, which wasn't filed until *after* the date required for her examination, is targeted at quashing a withdrawn version of the subpoena that called for her appearance in Salt Lake City. As Lisa Bundy raises no meaningful arguments against enforcement of the operative subpoena, her Motion to Quash should be denied.

**STATEMENT OF FACTS**

1. On September 20, 2024, the St. Luke's Creditors filed a Motion for Rule 2004 Examination of, and Production of Documents by, Lisa Bundy. Dkt. 26. In that motion, the St. Luke's Creditors state that Debtor Ammon Bundy has been married to Lisa Bundy for more than two decades, that the Bundys share community property, that Lisa Bundy actively engaged in prepetition fraudulent conveyances to defraud the St. Luke's Creditors, and that it is expected that Lisa Bundy will have substantial information about other fraudulent conveyances. *Id*., ¶¶ 2-7.

2. Further, bank records indicate that Lisa Bundy signed off on a $487,167.36 fraudulent conveyance of "certain funds belonging to Ammon E. and Lisa M. Bundy" to Abish-husbondi Inc, an entity Debtor Ammon Bundy used to hold his personal assets. *See* Declaration of Robert A. Faucher Regarding Bundy Motors Company's Rule 2004 Examination, ¶¶ 5-6 & Ex. E. Bank records also indicate that Lisa Bundy used accounts set up in her name to further schemes to move money out of Debtor Ammon Bundy's bank accounts to frustrate the St. Luke's Creditors'

2

collection efforts. Declaration of Erik F. Stidham Regarding St. Luke's Creditors' Motion to Compel Ammon Bundy's Compliance with Rule 2004 Subpoena and for Sanctions, ¶ 2.

3. On September 23, 2024, the Court granted the St. Luke's Creditors' Motion for Rule 2004 Examination of, and Production of Documents by, Lisa Bundy. Dkt. 29.

4. On September 24, 2024, the St. Luke's Creditors served a subpoena for Rule 2004 Examination on Lisa Bundy. *See* Declaration of Robert A. Faucher Regarding Lisa Bundy's Rule 2004 Examination ("Faucher Decl."), ¶ 3 & Ex. A. However, because that subpoena listed an incorrect location for the deposition (Salt Lake City instead of St. George), the St. Luke's Creditors promptly prepared an amended subpoena, which they tried to serve. *Id*., ¶¶ 3-4 & Ex. B. Despite multiple attempts by the process server, personal service of the amended subpoena was not effectuated. *Id*. Indeed, the process server attempted to serve the amended subpoena on Lisa Bundy on September 25, but although the process server noted that people were inside the home, no one answered the door. *Id*. The process server attempted service again on September 26, but again, no one answered the door. *Id*. Lisa Bundy was clearly evading and refusing service. *Id*.

5. On October 2, 2024, the St. Luke's Creditors ultimately served a second amended subpoena (the "corrected subpoena") on Lisa Bundy via USPS next day priority, UPS overnight, and email. *Id*., ¶ 5 & Exs. C-D. The corrected subpoena required Lisa Bundy to produce documents by October 17, and to attend a deposition in St. George—roughly 40 miles from her residence—on October 21. *Id*., ¶ 10. Lisa Bundy did not directly respond to the St. Luke's Creditors about the corrected subpoena. *See id*., ¶ 12.

6. Despite having received the corrected subpoena on October 2, on October 7, Lisa Bundy served, but did not file, a Motion to Quash that was targeted at the original subpoena—the

3

one containing the incorrect location for the deposition—not the corrected subpoena. In that motion, Lisa Bundy primarily argues that the original subpoena should be quashed because it requires her to travel approximately 270 miles from her residence. But she fails to recognize that the corrected subpoena, which was served *before* she filed her motion, only required her to travel roughly 40 miles.

7. Because Lisa Bundy did not inform the St. Luke's Creditors that she would not show up for her scheduled examination on October 21 in St. George, and because she only served, but did not file, her Motion to Quash, which was targeted at an outdated subpoena, the St. Luke's Creditors' counsel prepared for the examination, travelled from Boise to St. George for the examination, and arranged for a videographer and court reporter to attend the examination. *See id*., ¶ 13. Lisa Bundy did not show. *Id*. And to date, she has not produced any documents in response to St. Luke's Creditors' subpoenas. *Id*., ¶ 14.

## ARGUMENT

**A.** **Lisa Bundy's Motion to Quash Is Misleading and Should Be Denied.**

8. "Fed. R. Civ. P. 45 governs subpoenas and motions to quash." *SE Prop. Holdings, LLC v. Stewart (In re Stewart)*, Nos. 15-12215-JDL, 16-1087-JDL, 2021 Bankr. LEXIS 1515, at *9 (Bankr. W.D. Okla. June 3, 2021). Although "compliance with a subpoena will inevitably involve some measure of burden to the subpoenaed non-party," whether that burden is undue "is a case-specific inquiry that turns on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Id*. at *10 (citations omitted).

4

"Determination of issues of 'undue burden' are committed to the discretion of the trial court." *Id*. at *10.

9. "A party moving to quash a subpoena bears the burden of proof." *New Falls Corp. v. Gross (In re Gross)*, Nos. 15-10951-JDL, 15-1234-JDL, 2016 Bankr. LEXIS 544, at *3 (Bankr. W.D. Okla. Feb. 17, 2016) (citation omitted).  And that "burden is a heavy one." *Id*.

10. Lisa Bundy has no legal basis to quash the corrected subpoena.  Lisa Bundy does not dispute that the corrected subpoena was legally authorized and served.  Nor does she contend that it failed to give her time to comply or that the documents sought are irrelevant.  In fact, she admits that the St. Luke's Creditors' "attorneys recently filed for permission to subpoena Mrs. Bundy" and that the Court "authorized them to serve papers upon Mrs. Bundy for a subpoena."  Motion to Quash at 1.  Instead, her motion raises four arguments, each of which misses the mark.

11. First, Lisa Bundy argues that the subpoena should be quashed because it requires her to travel more than the 100 miles authorized by Federal Rule of Civil Procedure 45(c).  Motion to Quash at 2.  However, her argument is based on the original subpoena, which contained the incorrect location.  She fails to account for the corrected subpoena, which only requires her to travel roughly 40 miles (from New Harmony to St. George).  The fact that Lisa Bundy served and filed her Motion to Quash *after* the St. Luke's Creditors sent her the corrected subpoena renders her argument regarding distance irrelevant and misleading.

12. Second, Lisa Bundy contends that the St. Luke's Creditors failed to take reasonable steps to avoid imposing undue burden and expenses because they required Lisa Bundy to travel over 540 miles across two days.  Motion to Quash at 2-3.  But again, the corrected subpoena only requires Lisa Bundy to travel roughly 80 miles roundtrip—an amount that is well within the

5

mileage allotted by Rule 45.  *See* Fed. R. Civ. Proc. 45(c)(1)(A) (subpoena may command a person to attend a deposition within 100 miles of where they reside).  And as Lisa Bundy admits, the St. Luke's Creditors sent her a "black and white check" to cover her travel expenses.  Motion to Quash at 3.  The fact that she feels that she cannot cash the check due to frozen accounts is a direct result of the Bundys' own legal entanglements and is not a ground for quashing a legally issued subpoena.  Lisa Bundy's undue burden and expense claims are baseless.  *See In re Stewart*, 2021 Bankr. LEXIS 1515, at *10 ("the court will not excuse compliance simply because the non-party asserts it is unduly burdensome . . . [t]he subpoenaed party must show compliance would seriously disrupt its normal business operations") (citations omitted).

13.     Third, Lisa Bundy's assertion that she lacks pertinent information is an attempt to avoid accountability.  Motion to Quash at 4.  Lisa Bundy, together with her husband, has already attempted to fraudulently transfer at least two large assets—an orchard property in Emmett, Idaho, and approximately $475,000 in cash.  *See* Dkt. 26, ¶ 3; Declaration of Robert A. Faucher Regarding Bundy Motors Company's Rule 2004 Examination, ¶¶ 5-6 & Ex. E.  Her testimony regarding the Bundys' finances and other potential fraudulent transfers is essential for accurate financial assessment in this bankruptcy case.  Further, the St. Luke's Creditors are entitled to question Lisa Bundy regarding "household finances," an area in which she concedes she has knowledge.  Motion to Quash at 4.

14.     Finally, the personal hardships Lisa Bundy complains of are legally irrelevant.  Motion to Quash at 4-5.  Lisa Bundy has not and cannot provide compelling legal authority to dodge an examination; her alleged role as a stay-at-home mother and her claimed emotional state do not constitute legal grounds to evade a subpoena.  The Bundys should not be allowed to shield

themselves with claims of emotional hardship while significant financial questions, including questions regarding her engagement in fraudulent transfers to defraud the St. Luke's Creditors, remain unanswered. Lisa Bundy's Motion to Quash should be denied.

## CONCLUSION

WHEREFORE, the St. Luke's Creditors ask the Court to deny Lisa Bundy's Motion to Quash (Dkt. 183).

DATED this 7th day of November, 2024.

    HOLLAND & HART LLP

    */s/ Erik F. Stidham*
    Erik F. Stidham (*Admitted Pro Hac Vice*)
    Robert A. Faucher (*Admitted Pro Hac Vice*)

    HOLLAND & HART LLP
    As local counsel

    */s/ Engels Tejeda*
    Darren G. Reid (#11163)
    Engels Tejeda (#11427)
    Benjamin D. Passey (#19234)

    *Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffman | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

Lisa Bundy
P.O. Box 1062
Cedar City, UT 84720

By UPS Overnight Courier:

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

Lisa Bundy
896 E 400 S
New Harmony, UT 84757

By Internet E-Mail:

    Lisa Bundy
    bundylmlb@gmail.com
    bundylm.lb@gmail.com

                                    */s/ Erik F. Stidham*
                                    Erik F. Stidham, Admitted Pro Hac Vice

                                    */s/ Engels J. Tejeda*
                                    Engels J. Tejeda, as Local Counsel

33267909_v2