Erik F. Stidham (*Admitted pro hac vice*)
Robert A. Faucher (*Admitted pro hac vice*)
Holland & Hart LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
Holland & Hart LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**ST. LUKE'S CREDITORS' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS**

COME NOW St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman, NP (collectively the "St. Luke's Creditors"), by and through their attorneys, Holland & Hart LLP, and represent as follows for this, their Motion to Compel Testimony of Debtor Despite Fifth Amendment Objections.

## I.  INTRODUCTION

Forty-one times during his meeting of creditors, Ammon Bundy ("Bundy") asserted his Fifth Amendment privilege and refused to answer questions relating to his assets. Bundy objected in response to questions asking whether he had filed tax returns, inquiring into recent insider transactions, and seeking basic information about the existence of undisclosed assets. These are material questions bearing on the scope of the bankruptcy estate.

Bundy should be compelled to respond to the questions regarding filing tax returns because they fall within the "required records" exception to the Fifth Amendment. As to the balance of the questions, Bundy has the burden to come forward with evidence substantiating a specific and reasonable threat of criminal prosecution. Nothing about the inquiries to which Bundy objected is apparently related to a specific and reasonable threat of criminal prosecution. Rather, it appears that Bundy has solely asserted the Fifth Amendment to hide assets and frustrate the collection rights of the St. Luke's Creditors. If Bundy fails to meet his burden in response to this motion, he should be compelled to respond.

## II.  STATEMENT OF FACTS

**A.  BUNDY ASSERTED THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION THROUGHOUT HIS CONTINUED MEETING OF CREDITORS.**

Bundy testified at his meeting of creditors, which began on August 14, 2024 via Zoom. Bundy testified that his petition, schedules, and statements were truthful and correct. Declaration of Erik F. Stidham ("Stidham Decl."), Ex. A (8-14-24 Tr. 7:22-7:25). He testified that he had listed all his assets and all his debts. *Id.*, Ex. A (8-14-24 Tr. 8:1-8:3). Because there was insufficient time to question the debtor on August 14, 2024, the Chapter 7 trustee continued the meeting of creditors to August 19, 2024. *See id.*, Ex. A (8-14-24 Tr. 19:11-19:22).

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 2**

On August 19, 2024, as scheduled, the meeting of creditors resumed. *Id.*, Ex. B (8-19-24 Tr. 22:3-22:12). Counsel for the St. Luke's Creditors questioned Bundy about filing tax returns, recent transactions with insiders, and undisclosed assets. *See id.*, Ex. B (8-19-24 Tr. 24:22-56:22). Bundy refused to answer many of these questions, asserting the Fifth Amendment privilege against self-incrimination forty-one times. *Id.*

Relevant excerpts from the continued meeting of creditors are quoted below.

**B.    BUNDY ASSERTED FIFTH AMENDMENT OBJECTIONS TO QUESTIONS ABOUT FILING TAX RETURNS.**

- [**Counsel**]: Have you filed any personal tax returns since 2010?
  [**Debtor**]: So I'll invoke the Fifth on this.

*Id.*, Ex. B (8-19-24 Tr. 29:13-29:14).

- [**Counsel**]: Mr. Bundy, have you filed any tax returns, personal tax returns, since 2018?
  [**Debtor**]: So I still invoke the Fifth on this.

*Id.*, Ex. B (8-19-24 Tr. 30:5-30:7).

- [**Counsel**]: Has Abish-husbondi[1] filed any tax returns?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 30:13-30:14).

- [**Counsel**]: Has Abish-husbondi ever filed any tax returns?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 50:5-50:7).

**C.    BUNDY REFUSED TO ANSWER QUESTIONS ABOUT RECENT TRANSACTIONS WITH INSIDERS.**

---

[1] Abish-husbondi is a corporation formerly owned by Bundy, which he used to hold and transfer assets during the St. Luke's Creditors' litigation against him and collection on the judgment. The St. Luke's Creditors obtained all Bundy's interest in Abish-husbondi in executing on the judgment.

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 3**

Bundy asserted the Fifth Amendment eighteen times in response to questions about recent transactions with insiders, including the corporation Abish-husbondi.

1. **<u>Bundy Sought to Invoke the Privilege When Questioned About His Conveyances of Shares in the Corporation Abish-husbondi to Insiders</u>.**

- [**Counsel**]: . . . [C]an you explain to me what Mr. Jones provided in exchange for his shares, the shares that you contend he owns in Abish-husbondi?
  [**Debtor**]: . . . I'll invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 28:13-28:19).

- [**Counsel**]: Mr. Bundy, can you tell us what, if anything, you received personally from Global Investments in exchange for any shares they [sic] may have owned or currently own in Abish-husbondi?
  [**Debtor**]: I'll invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 28:20-28:24).

- [**Counsel**]: And did you—what did you discuss with Mr. Branson as it relates to any ownership of shares in Abish?
  [**Debtor**]: I just spoke to him about what his intent with those were, how he viewed them and whether he wanted to defend or not or what—you know, what was his—what was his desire in the matter.
  [**Counsel**]: And what did Mr. Branson tell you?
  [**Debtor**]: I invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 35:13-35:21).

- [**Counsel**]: Are you invoking the Fifth regarding any communications you had with Mr. Branson regarding the shares in Abish, at least as far as that conversation you say you had on Saturday?
  [**Debtor**]: Yes.

*Id.*, Ex. B (8-19-24 Tr. 35:22-36:2).

- [**Counsel**]: Mr. Bundy, did you have any discussions with Mr. Jones recently regarding whether or not Mr. Jones owns any shares in Abish?
  [**Debtor**]: Not necessarily whether or not he owns any, but I did have a conversation with him about whether he wants to defend them or, you know, what his intention (inaudible).
  [**Counsel**]: And what did Mr. Jones say in that regard?
  [**Debtor**]: I'll also invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 36:3-36:12).

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 4**

2. **<u>Bundy Asserted a Fifth Amendment Objection When Asked About Transfers from Abish-husbondi to Insiders</u>.**

- [**Counsel**]: Mr. Bundy, along those lines, relating to Abish, you'd indicated there's some other shareholders. Are distributions made from Abish to Mr. Jones, Global Investments, and to your sons?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 33:5-33:9).

- [**Counsel**]: Mr. Bundy, have you—has Abish distributed any payments at any point in time to Global Investments?
  [**Debtor**]: I'll invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 33:10-33:13).

- [**Counsel**]: Mr. Bundy, you'd indicated that part of the business of Abish-husbondi was receiving rental payments; is that correct?
  [**Debtor**]: . . . The answer to the question was yes.
  [**Counsel**]: Okay. And, Mr. Bundy, how were those rental payments distributed as among the shareholders in Abish-husbondi?
  [**Debtor**]: I invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 37:18-38:7).

- [**Counsel**]: Does Abish-husbondi have any business other than the ownership of the commercial—the four commercial real estate properties in Emmett, Idaho, and the collection of rents relating to leasing of portions of those properties, any business other than that?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 38:12-38:17).

3. **<u>Bundy Objected to Questions About Further Transactions He Engaged in with Insiders</u>.**

- [**Counsel**]: Mr. Bundy, I understand from testimony from the Bransons that you had Mrs. Branson purchase some stock holdings in her name, even though you funded and controlled those stock assets, in order to conceal funds from St. Luke's. Is that accurate?
  [**Debtor**]: I invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 39:22-40:2).

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 5**

- [**Counsel**]: Mr. Bundy, did you in fact receive a distribution from the Bransons and/or Global Investments regarding the stock holdings that you had Mrs. Branson take in your [sic] name in order to conceal those funds from St. Luke's?
  [**Debtor**]: I think I'll invoke the Fifth on that, too.

*Id.*, Ex. B (8-19-24 Tr. 40:3-40:7).

- [**Counsel**]: How much did you receive in a distribution from Global Investments for the stock that was held in Ms. Branson's name?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 40:9-40:13).

- [**Counsel**]: Mr. Bundy, did you engage in transactions with Global Investments in order to conceal assets from St. Luke's collection?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 41:2-41:5).

- [**Counsel**]: Mr. Bundy, did you engage in transactions with Mr. Jones since 2022 when St. Luke's filed its lawsuit in order to conceal assets from St. Luke's collection?
  [**Debtor**]: I'll invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 41:6-41:10).

- [**Counsel**]: Since St. Luke's filed its lawsuit against you in 2022, Mr. Bundy, have you engaged in any transactions with your sons in order to hide assets from St. Luke's collections?
  [**Debtor**]: I'll invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 41:11-41:15).

- [**Counsel**]: Did you or your wife provide any funding to your brother regarding either of those businesses, the steak house or the brake operation?
  [**Debtor**]: To answer that question—let's see. No. Our—I just invoke the Fifth on that. I'm going to invoke the Fifth on that one.

*Id.*, Ex. B (8-19-24 Tr. 52:2-52:7).

- [**Counsel**]: Did you and/or your wife provide any financial support for either the Bundy Brake and Exhaust or the Bundy Steak House?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 52:8-52:14).

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE
FIFTH AMENDMENT OBJECTIONS – Page 6**

- [**Counsel**]: Mr. Bundy, have you transferred . . . any funds to any family members in order to conceal those assets from St. Luke's and its efforts to collect the judgment?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 52:16-52:20).

D. **BUNDY PLEADED THE FIFTH AMENDMENT IN RESPONSE TO QUESTIONS ABOUT UNDISCLOSED ASSETS.**

   1. **Bundy Refused to Respond to Questions About Where a $487,000 Transfer to Him Had Gone.**

- [**Counsel**]: Mr. Bundy, we have records that indicate that, on January 5th, 2024, that $487,000 was transferred from Global Investments to you to a Mountain America account. Can you tell us where those funds are now?
  [**Debtor**]: I invoke my Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 24:24-25:3).

- [**Counsel**]: Mr. Bundy, do you still have in your possession or control any of the $487,000 that were transferred to you on or around January 5th, 2024?
  [**Debtor**]: I invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 26:3-26:6).

- [**Counsel**]: Mr. Bundy, have you taken any steps to conceal from my clients any of that $487,000 that were transferred to you on or around January 5th, 2024?
  [**Debtor**]: Again, I invoke.

*Id.*, Ex. B (8-19-24 Tr. 26:7-26:10).

   2. **Bundy Asserted an Objection to Questions About the Proceeds from the Sale of Arizona Real Property.**

- [**Counsel**]: Did you have a—did you sell property in Arizona and hold a note on it[?]
  [**Debtor**]: I personally did not.
  [**Counsel**]: Okay. Who held the note?
  [**Debtor**]: I invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 46:1-46:5).

- [**Counsel**]: Mr. Bundy, can you tell me who was the borrower on that note?
  [**Debtor**]: I'll invoke the Fifth on that as well.

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 7**

*Id.*, Ex. B (8-19-24 Tr. 46:6-46:8).

- [**Counsel**]: Did you have real estate property in Arizona that you sold to an individual and then carried a note on that debt?
  [**Debtor**]: On that, I'll invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 46:16-46:18).

- [**Counsel**]: Mr. Bundy, I'll represent to you that we understand that about $450,000 associated with that real estate was transferred to you sometime in late 2023 or early 2024. Can you tell me where those funds are now?
  [**Debtor**]: I'll invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 46:19-46:23).

   3.   **<u>Bundy Objected to Other Basic Questions Relating to His Assets.</u>**

- [**Counsel**]: Mr. Bundy, where is—can you identify for me what, if any, assets there are within Abish-husbondi?
  [**Debtor**]: I invoke the Fifth.

*Id.*, Ex. B (8-19-24 Tr. 26:23-27:1).

- [**Counsel**]: Mr. Bundy, do you and/or your wife own any stocks?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 55:9-55:11).

- [**Counsel**]: Mr. Bundy, do you . . . and/or your wife . . . own any bonds?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 55:12-55:14).

- [**Counsel**]: Mr. Bundy, do you and your wife own more than a half a million dollars in assets in the form of stocks?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 55:15-55:18).

- [**Counsel**]: Mr. Bundy, do you and/or your wife own more than a million dollars in stocks?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 55:19-55:21).

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 8**

- [**Counsel**]: Mr. Bundy, do you and your wife own any commodities?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 55:22-55:24).

- [**Counsel**]: Mr. Bundy, do you and your wife own any gold or other precious metals?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 55:25-56:2).

- [**Counsel**]: Mr. Bundy, do you and your wife—and/or your wife own any cryptocurrency?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 56:3-56:5).

- [**Counsel**]: Mr. Bundy, have you or your wife created any trusts in order to avoid a collection by St. Luke's of its judgment?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 56:6-56:9).

- [**Counsel**]: Mr. Bundy, have you or your wife transferred any assets into trusts in order to avoid St. Luke's' efforts to collect its judgment?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 56:12-56:15).

- [**Counsel**]: Mr. Bundy, have you and/or your wife used any foreign bank accounts in order to hide assets from St. Luke's' collection efforts?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 56:16-56:19).

- [**Counsel**]: Mr. Bundy, do you currently have any bank holdings in foreign countries?
  [**Debtor**]: I'll invoke the Fifth on that.

*Id.*, Ex. B (8-19-24 Tr. 56:20-56:22).

### III. ARGUMENT

### A. THE PRIVILEGE AGAINST SELF-INCRIMINATION ONLY APPLIES WHEN THERE IS SPECIFIC, REASONABLE CAUSE TO APPREHEND DANGER THAT A RESPONSIVE ANSWER WOULD SUPPORT A CONVICTION IN A CRIMINAL PROSECUTION.

An assertion of the Fifth Amendment's privilege against self-incrimination is only valid if there is "reasonable cause to apprehend danger upon giving a responsive answer that would support a conviction, or would furnish a link in the chain of evidence needed to prosecute them for a violation of [a] criminal statute." *United States v. Lanoie*, 403 F. App'x 328, 333 (10th Cir. 2010) (quoting *United States v. Schmidt*, 816 F.2d 1477, 1481-82 (10th Cir. 1987)) (internal quotation marks omitted).

Generalized assertions of privilege are not sufficient. *See Lanoie*, 403 F. App'x at 333-34 (asserting that all questions relating to employment and assets could be used against claimant in a criminal tax case was inadequate to properly invoke the privilege); *Joseph v. Lindsey*, 229 B.R. 797, 801 (10th Cir. BAP 1999) (holding general assertion insufficient); *Schmidt*, 816 F.2d at 1481-82 (holding privilege invalidly invoked when claimant argued, without more, that all documents subject to civil tax summonses could lead to criminal tax prosecution).

The claimant of the privilege must offer evidence that his risk of incrimination is substantial and real. *Schmidt*, 816 F.2d at 1481; *see also Marchetti v. United States*, 390 U.S. 39, 53 (1968) (holding that risk of incrimination must be "substantial and real, not merely trifling or imaginary") (internal quotation marks omitted). The claimant's "say-so does not of itself establish the hazard of incrimination." *Schmidt*, 816 F.2d at 1481.

When the invocation of the privilege is challenged, the parties are entitled to a judicial ruling on its propriety. *Rinehart v. Sharp*, 361 B.R. 559, 566 (10th Cir. BAP 2007); *Martinez v. Los Alamos Nat'l Bank*, 126 F. App'x 890, 897 (10th Cir. 2005). The party invoking the

ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE
FIFTH AMENDMENT OBJECTIONS – Page 10

privilege will then have an opportunity to reconsider his refusal to answer before being penalized for refusal. *Rinehart*, 361 B.R. at 566.

B. **BUNDY MUST ANSWER WHETHER TAX RETURNS WERE FILED BECAUSE THE "REQUIRED RECORDS" EXCEPTION APPLIES.**

Under the "required records" exception, tax returns cannot be withheld on the basis of the privilege against self-incrimination. *See United States v. Wilson*, 98 F.4th 1204, 1225-26 (10th Cir. 2024) (citing *Pauldino v. United States*, 500 F.2d 1369, 1370-72 (10th Cir. 1974)) (holding that the privilege did not apply to bar production of tax returns). This is because the law requires that tax returns be prepared and submitted, for the benefit of the public, and for public inspection, not for the recordkeeper's private uses. *Id.*

Nor may a party validly assert the privilege with respect to tax returns on the general basis that he may be subject to criminal tax prosecution. *Schmidt*, 816 F.2d at 1481-82.

Bundy asserted the privilege against self-incrimination four times when asked whether he or his formerly owned corporation Abish-husbondi had filed tax returns. *See supra* Statement of Facts, Part B. The assertion of the privilege was invalid because the Fifth Amendment does not apply to tax returns themselves, much less whether or not they were prepared. *See Wilson*, 98 F.4th at 1225-26; *Schmidt*, 816 F.2d at 1481-82.

Bundy should be compelled to respond to these questions.

C. **BUNDY MUST EITHER ESTABLISH THAT THE TRANSACTIONS WITH INSIDERS RAISE A SPECIFIC AND REASONABLE THREAT OF CRIMINAL PROSECUTION—OR RESPOND TO THE QUESTIONS.**

Bundy objected eighteen times in response to questions about transactions with insiders. *See supra* Statement of Facts, Part C. His objections related to questions about his purported transfer of shares in the corporation Abish-husbondi, which holds valuable real estate. *See supra* Statement of Facts, Part C.1. Bundy objected to questions regarding Abish-husbondi's

dissipation of assets to Bundy's close friends and family. *See supra* Statement of Facts, Part C.2. And he asserted the Fifth Amendment in response to questions about other transactions between Bundy and insiders, including stock and cash transfers. *See supra* Statement of Facts, Part C.3.

He did not state his basis for asserting the privilege. *See* Stidham Decl., Ex. B (8-19-24 Tr. 24:24-56:22). But he must do so for his objections to be sustained, coming forward with evidence to substantiate them. *Schmidt*, 816 F.2d at 1481. And the evidence must indicate a specific criminal prosecution, not a general risk. *See Joseph*, 229 B.R. at 801 (holding general assertion of the privilege insufficient); *Marchetti*, 390 U.S. at 53 (holding risk of incrimination must be "substantial and real, not merely trifling or imaginary").

Bundy's series of objections related to insider transactions does not, on its face, indicate any risk of criminal prosecution. Instead, the transactions only appear material to what assets should rightly be part of the bankruptcy estate.

Bundy must either provide evidence of a specific threat of criminal prosecution or answer these questions.

D.  **BUNDY MUST RESPOND TO THE QUESTIONS ABOUT HIS ASSETS, UNLESS HE CAN SHOW A SPECIFIC AND REASONABLE DANGER OF CRIMINAL PROSECUTION.**

Bundy objected nineteen times to questions about his assets. *See supra* Statement of Facts, Part D. As with the objections discussed in Part C, Bundy must substantiate his objections relating to the existence and location of his assets or answer the questions. And similar to the other objections, there is nothing apparently criminal about the possession of any of the assets. Bundy was questioned about where significant payments during the fraudulent conveyance look-back period had been transferred. *See supra* Statement of Facts, Part D.1., D.2. He was asked basic questions about other assets—including whether he had stocks, bonds, cryptocurrency, precious metals, and foreign bank accounts. *See supra* Statement of Facts, Part D.3. How a

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 12**

response to these questions would raise a specific and credible threat of criminal prosecution is anything but clear.

Moreover, even if there were an illegal source of these assets, Bundy must still answer whether he has them and their value. *See Bearden v. Commissioner*, 575 F. Supp. 1459, 1462 (D. Utah 1983) (citing *United States v. Brown*, 600 F.2d 248, 252 (10th Cir. 1979)) (holding that while the privilege may validly be asserted to withhold information on an "illegal source of income," the privilege does not extend to the amount of the income).

These questions are central to this case. Bundy's objections indicate he has undisclosed assets, revealing as false his testimony that his assets have been fully disclosed. *See* Stidham Decl., Ex. A (8-14-24 Tr. 8:1-8:3).

## IV. CONCLUSION

WHEREFORE, the St. Luke's Parties pray that the Court enter an order compelling the testimony of Debtor.

Dated this 7th day of November, 2024.

        HOLLAND & HART LLP

        */s/ Erik F. Stidham*
        Erik F. Stidham (Admitted Pro Hac Vice)
        Robert A. Faucher (Admitted Pro Hac Vice)

        HOLLAND & HART LLP
        As local counsel

        */s/ Engels Tejeda*
        Darren G. Reid (#11163)
        Engels Tejeda (#11427)
        Benjamin D. Passey (#19234)

        Attorneys for St. Luke's Health System, Ltd.,
        St. Luke's Regional Medical Center, Ltd.,
        Chris Roth, Natasha Erickson, M.D., and
        Tracy Jungman, NP

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing **ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffmann | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

By Internet email:

Ammon Edward Bundy
aebundy@bundyfarms.com
aebundy@msn.com

                        HOLLAND & HART LLP

                        */s/ Erik F. Stidham*
                        Erik F. Stidham (Admitted Pro Hac Vice)
                        Robert A. Faucher (Admitted Pro Hac Vice)

**ST. LUKE'S PARTIES' MOTION TO COMPEL TESTIMONY OF DEBTOR DESPITE FIFTH AMENDMENT OBJECTIONS – Page 14**

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP