Erik F. Stidham (*Admitted pro hac vice*)
Robert A. Faucher (*Admitted pro hac vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Engels Tejeda (#11427)
Benjamin D. Passey (#19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>AMMON EDWARD BUNDY,<br><br>Debtor. | Bankruptcy No. 24-23530<br>Chapter 7<br>Honorable William T. Thurman |

## ST. LUKE'S CREDITORS' MOTION TO COMPEL LISA BUNDY'S COMPLIANCE WITH RULE 2004 SUBPOENA

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together the "St. Luke's Creditors"), submit their Motion to Compel Lisa M. Bundy's Compliance with their Rule 2004 Subpoena, as follows:

### INTRODUCTION

The St. Luke's Parties and Lisa Bundy have battling motions with respect to the Rule 2004 subpoenas that the St. Luke's Parties served upon her. Mrs. Bundy filed her Motion to Quash

[Dkt. 163] ("Motion to Quash") to quash the subpoenas. The St. Luke's Parties have filed in a separate paper asserting their opposition to the Motion to Quash.  The Motion is based on false statements and baseless attacks on the underlying judgment against Debtor Ammon Bundy.  Rather than focus on the operative subpoena, which required Lisa Bundy to produce documents and attend an examination within 40 miles of her residence, Lisa Bundy's motion, which wasn't filed until *after* the date required for her examination, is targeted at quashing a withdrawn version of the subpoena that called for her appearance in Salt Lake City.  As Lisa Bundy raises no meaningful arguments against enforcement of the operative subpoena, her Motion to Quash should be denied.

Given Lisa Bundy's statements and actions, it is clear that she will not willingly comply with any subpoena issued by the St. Luke's Creditors.  Accordingly, by this Motion, the St. Luke's Creditors request an order compelling Lisa Bundy to produce the requested documents and attend the requested examination.  Lisa Bundy has already directly participated in at least two fraudulent transfers of assets in the aggregate value of approximately $1.7 million.  And the bank records that the St. Luke's Creditors do have indicate that Lisa Bundy has been an active participant in efforts to hide assets to frustrate collection efforts.  Her testimony is therefore crucial to uncovering the full extent of the Bundys' assets and financial activities, including other potentially fraudulent conveyances that the Bundys engaged in to defraud the St. Luke's Creditors.  Lisa Bundy should not be allowed to obstruct the bankruptcy proceedings that her husband initiated to evade accountability for his harmful actions.

## STATEMENT OF FACTS

1.      On September 20, 2024, the St. Luke's Creditors filed a Motion for Rule 2004 Examination of, and Production of Documents by, Lisa Bundy.  Dkt. 26.  In that motion, the St.

Luke's Creditors state that Debtor Ammon Bundy has been married to Lisa Bundy for more than two decades, that the Bundys share community property, that Lisa Bundy actively engaged in prepetition fraudulent conveyances to defraud the St. Luke's Creditors, and that it is expected that Lisa Bundy will have substantial information about other fraudulent conveyances. *Id.*, ¶¶ 2-7.

2.      Further, records indicate that Lisa Bundy signed off on a $487,167.36 fraudulent conveyance of "certain funds belonging to Ammon E. and Lisa M. Bundy" to Abish-husbondi Inc, an entity Debtor Ammon Bundy used to hold his personal assets.  *See* Declaration of Robert A. Faucher Regarding Bundy Motors Company's Rule 2004 Examination, ¶¶ 5-6 & Ex. E.  Bank records also indicate that Lisa Bundy used accounts set up in her name to further schemes to move money out of Debtor Ammon Bundy's bank accounts to frustrate the St. Luke's Creditors' collection efforts.  Declaration of Erik F. Stidham Regarding St. Luke's Creditors' Motion to Compel Ammon Bundy's Compliance with Rule 2004 Subpoena and for Sanctions, ¶ 2.

3.      On September 23, 2024, the Court granted the St. Luke's Creditors' Motion for Rule 2004 Examination of, and Production of Documents by, Lisa Bundy.  Dkt. 29.

4.      On September 24, 2024, the St. Luke's Creditors served a subpoena for Rule 2004 Examination on Lisa Bundy.  *See* Declaration of Robert A. Faucher Regarding Lisa Bundy's Rule 2004 Examination ("Faucher Decl."), ¶ 3 & Ex. A.  However, because that subpoena listed an incorrect location for the deposition (Salt Lake City instead of St. George), the St. Luke's Creditors promptly prepared an amended subpoena, which they tried to serve.  *Id.*, ¶¶ 3-4 & Ex. B.  Despite multiple attempts by the process server, personal service of the amended subpoena was not effectuated.  *Id.*  Indeed, the process server attempted to serve the amended subpoena on Lisa Bundy on September 25, but although the process server noted that people were inside the home,

3

no one answered the door.  *Id*.  The process server attempted service again on September 26, but again, no one answered the door.  *Id*.  Lisa Bundy was clearly evading and refusing service.  *Id*.

5.      On October 2, 2024, the St. Luke's Creditors ultimately served a second amended subpoena (the "corrected subpoena") on Lisa Bundy via USPS next day priority, UPS overnight, and email.  *Id*., ¶ 5 & Exs. C-D.  The corrected subpoena required Lisa Bundy to produce documents by October 17, and to attend a deposition in St. George—roughly 40 miles from her residence—on October 21.  *Id*., ¶ 10.  Lisa Bundy did not directly respond to the St. Luke's Creditors about the corrected subpoena.  *See id*., ¶ 12.

6.      Despite having received the corrected subpoena on October 2, on October 7, Lisa Bundy served, but did not file, a Motion to Quash that was targeted at the original subpoena—the one containing the incorrect location for the deposition—not the corrected subpoena.  In that motion, Lisa Bundy primarily argues that the original subpoena should be quashed because it requires her to travel approximately 270 miles from her residence.  But she fails to recognize that the corrected subpoena, which was served *before* she filed her motion, only required her to travel roughly 40 miles.

7.      Because Lisa Bundy did not inform the St. Luke's Creditors that she would not show up for her scheduled examination on October 21 in St. George, and because she only served, but did not file, her Motion to Quash, which was targeted at an outdated subpoena, the St. Luke's Creditors' counsel prepared for the examination, travelled from Boise to St. George for the examination, and arranged for a videographer and court reporter to attend the examination.  *See id*., ¶ 13.  Lisa Bundy did not show.  *Id*.  And to date, she has not produced any documents in response to St. Luke's Creditors' subpoenas.  *Id*., ¶ 14.

8.      Now, the St. Luke's Creditors request the Court deny Lisa Bundy's Motion to Quash, compel Lisa Bundy to produce the requested documents by December 11, 2024, and require Lisa Bundy to attend a Rule 2004 examination on or before December 18, 2024.

## ARGUMENT

**The Court Should Compel Lisa Bundy to Comply with the Corrected Subpoena.**

9.      In addition to denying Lisa Bundy's Motion to Quash, the Court should exercise its discretion to compel Lisa Bundy to produce documents and attend a deposition.

10.     The Court has authority to compel Lisa Bundy's compliance with the Rule 2004 Subpoena pursuant to Bankruptcy Rule 2004(d), Bankruptcy Rule 9016, which adopts Federal Rule of Civil Procedure 45, and Bankruptcy Rule 7037, which adopts Federal Rule of Civil Procedure 37.

11.     Here, the corrected subpoena required Lisa Bundy to produce documents by October 17, and to attend a Rule 2004 Examination on October 21.  Acting on this, the St. Luke's Creditors' counsel prepared for the examination, travelled from Boise to St. George for the examination, and arranged for a videographer and court reporter to attend the examination.  *See* Faucher Decl., ¶ 13.  But rather than cooperate, on October 22—the day *after* her scheduled examination—Lisa Bundy filed a baseless and misleading Motion to Quash.  To date, she has not complied with the subpoena in any way.  *See* Faucher Decl., ¶ 14.  Given this, in addition to denying Lisa Bundy's Motion to Quash, the Court should compel Lisa Bundy to produce the requested documents and attend the requested examination by a date certain.

## CONCLUSION

WHEREFORE, the St. Luke's Creditors ask the Court to deny Lisa Bundy's Motion to Quash (Dkt. 183). The St. Luke's Creditors also ask the Court to Compel and order Lisa Bundy to produce the documents requested by December 11, 2024, and sit for a Rule 2004 Examination on or before December 18, 2024.

DATED this 7th day of November, 2024.

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)
Robert A. Faucher (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffman | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

Lisa Bundy
P.O. Box 1062
Cedar City, UT 84720

**By UPS Overnight Courier:**

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

Lisa Bundy
896 E 400 S
New Harmony, UT 84757

**By Internet E-Mail:**

    Lisa Bundy
    bundylmlb@gmail.com
    bundylm.lb@gmail.com

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)
Robert A. Faucher (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP

33606215_v3