Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

Erik F. Stidham (*Admitted Pro Hac Vice*)
Robert A. Faucher (*Admitted Pro Hac Vice*)
Jennifer M. Jensen (*Admitted Pro Hac Vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com
jmjensen@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re:<br><br>AMMON EDWARD BUNDY<br><br>Debtor. | Bankruptcy No. 24-23530<br><br>Chapter 7<br><br>Honorable William T. Thurman |
|---|---|

**ST. LUKE'S CREDITORS' MOTION TO COMPEL AMMON BUNDY'S
COMPLIANCE WITH RULE 2004 SUBPOENA AND FOR SANCTIONS**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together "St. Luke's Creditors"), submit their Motion to Compel Ammon Bundy's Compliance with Rule 2004 Subpoena and for Sanctions, as follows:

**INTRODUCTION**

1. Debtor Ammon Bundy willfully refused to sit for his duly ordered Rule 2004 Examination and has also failed to produce documents in response to a subpoena issued and served by St. Luke's Creditors.

2. St. Luke's Creditors now ask this Court under Rule 2004(d) and Rule 7037 to compel Debtor Bundy to produce the requested documents and sit for his Rule 2004 Examination by dates certain in December 2024.

3. Given Debtor Bundy's history of defying Courts and repeated defiance of his obligations in these bankruptcy proceedings, St. Luke's Creditors also ask this Court to exercise its discretion under Rule 2005 and order the U.S. Marshal to arrest Debtor Bundy and bring him to the Court so that St. Luke's Creditors may conduct the Rule 2004 Examination, as they are entitled.

**STATEMENT OF FACTS**

4. On September 23, 2024, the Court entered an order granting St. Luke's Creditors' Motion Pursuant to Federal Bankruptcy Rule 2004 for an Order Authorizing an Examination of and Production of Documents by Debtor Bundy. Dkt. No. 28 ("Order").

5. St. Luke's Creditors prepared a subpoena with respect to the examination which required Debtor Bundy to produce documents on October 11, 2024, and to sit for an oral examination at Holland & Hart LLP's Salt Lake City office on October 15, 2024. Dkt. 157 (Declaration of Robert A. Faucher Regarding Ammon Bundy's Rule 2004 Examination ("Faucher Decl.")) ¶ 5.

6. St. Luke's Creditors attempted to serve the subpoena and the Order, as well as a witness fee check on the Debtor Bundy by personal service. *Id.* ¶ 3. All service attempts at Debtor Bundy's residence failed. *Id.* ¶¶ 3-4.

7. St. Luke's Creditors served Debtor Bundy with a copy of the subpoena and Order by mail, overnight courier, and email on September 26, 2024. *Id.* ¶ 5. The copy sent by mail included the witness fee check. *Id.* ¶ 6(c).

8. To coordinate the productions and examination, counsel for St. Luke's Creditors sent additional communications to Debtor Bundy via email to remind him of his obligations under the subpoena on the following dates: September 26, October 4, October 11, October 12, and October 14, 2024. *Id.* ¶¶ 9-10.

9. On October 8, 2024, counsel for St. Luke's Creditors received a package from Debtor Bundy post-marked October 8, 2024. *Id.* ¶ 12. The package contained the subpoena, Order, and the witness fee check that St. Luke's Creditors sent to Debtor Bundy. *Id.* It also included a handwritten note from Debtor Bundy that said: "You can keep your dirty money[.] AB." *Id.*

10. Debtor Bundy has failed to produce any documents demanded in the subpoena. *Id.* ¶ 13.

11. Debtor Bundy failed to appear at his scheduled Rule 2004 examination on October 14, 2024. *Id.* ¶ 14. Counsel for St. Luke's Creditors noted Debtor Bundy's failure to appear on the record the day of the scheduled examination. *Id.*

12. St. Luke's Creditors incurred attorney's fees and costs relating to the Rule 2004 examination that was set for October 14, 2024. *Id.*

3

13. Evidence indicates that Debtor Bundy is acting to prevent the Rule 2004 examination of his spouse, Lisa Bundy, and is coordinating with his brother Ryan Bundy to obstruct the Rule 2004 examination of Bundy Motors. Declaration of Erik F. Stidham in Support of Motion to Compel and for Sanctions ("Stidham Decl.") ¶ 3.

14. Debtor Bundy has improperly refused to answer direct questions regarding his assets during his Creditors' Meeting based on improper assertions of the Fifth Amendment. *See* St. Luke's Creditors Motion to Compel Testimony of Debtor Despite Fifth Amendment Objections (filed concurrently herewith).

15. Debtor Bundy has a history of willful noncompliance of court orders to sit for his deposition and to produce documents. Stidham Decl. ¶ 3. Prior to filing his bankruptcy, Debtor Bundy repeatedly and willfully defied court orders.

   a. In the lawsuit captioned *St. Luke's Health System, Ltd., et al. v. Ammon Bundy et al.*, District Court of the Fourth Judicial District, State of Idaho, Ada County, Case No. CV01-22-06789 ("2022 Defamation Lawsuit") Debtor Bundy repeatedly refused to provide written answers to discovery, produce documents, or sit for his deposition for the duration of the lawsuit, despite court orders compelling the same. *Id.* ¶ 4 (Ex. A).

      i. Debtor Bundy repeatedly defied court orders in the 2022 Defamation Lawsuit. Owing to Debtor Bundy's repeated violations of the court orders relating to discovery and a separate court order prohibiting him from intimidating and harassing witnesses, civil and

        criminal contempt charges were brought against Debtor Bundy. *Id.* ¶ 5.

    ii. A day or so before the contempt hearing was set to commence in November 2023, Debtor Bundy, yet again defying a Court order, abandoned Idaho, and relocated to a then undisclosed location in Utah. *Id.* ¶ 6. In turn, the Court issued a warrant for Debtor Bundy's arrest with a bond amount set at $250,000. *Id.*

b. In the lawsuit captioned *St. Luke's Health System, Ltd., et al. v. Ammon Bundy et al.*, District Court of the Third Judicial District, State of Idaho, Gem County, Case No. CV23-23-0551 ("Gem County Collection Lawsuit"), the St. Luke's Creditors brought claims to overturn fraudulent conveyances made by Debtor Bundy and to collect on the judgment against Debtor Bundy. *Id.* ¶ 7.

    i. In the Gem County Collection Lawsuit, Debtor Bundy refused to provide written answers to discovery, produce documents, or sit for his deposition for the duration of the lawsuit, despite court orders compelling the same. *Id.* ¶ 8 (Ex. B).

c. St. Luke's Creditors filed an action for injunctive relief in Utah state court to temporarily freeze Debtor Bundy's assets to attempt to protect their ability to collect on the $52 million judgment issued in the 2022 Defamation Lawsuit. *Id.* ¶ 9 (Ex. C).

      i. As a part of that action, and in line with Utah law, St. Luke's Creditors initiated a supplemental proceeding because they do not have enough information about Debtor Bundy's property and assets to collect the judgment. *Id.* ¶ 10 (Ex. D). The Utah Court, as a part of the supplemental proceeding, ordered Debtor Bundy to provide responses to questions about his property, and sit for a debtor's examination. Debtor Bundy failed to do either. *Id.* ¶ 11 (Ex. E).

## **ARGUMENT**

16. The Court has authority to compel Debtor Bundy's compliance with Rule 2004 Subpoena pursuant to Bankruptcy Rule 2004(d) and Bankruptcy Rule 9016, which incorporates Federal Rule of Civil Procedure 45. *See* 9 Collier on Bankruptcy ¶ 2004.02 (16th 2024) ("In addition to Rule 45 of the Federal Rules of Civil Procedure, the debtor may also be compelled to comply with the terms of a Rule 2004 examination under Rule 2004(d) by court order, or under Rule 2005 by arrest."). The Court may hold Debtor Bundy in contempt if it determines that Debtor Bundy fails without adequate excuse to obey the subpoena. Fed. R. Civ. Proc. 45(g).

17. The Court also has authority under Bankruptcy Rule 7037, which adopts Federal Rule of Civil Procedure 37, to grant St. Luke's Creditor's motion to compel the Rule 2004 Examination and subpoena for documents, and to award fees and costs incurred in bringing such motion. Fed. R. Civ. P. 37.

18. The Court granted St. Luke's Creditor's motion that Debtor Bundy be ordered to sit for his Rule 2004 Examination. Debtor Bundy was served with the Order. Likewise, St. Luke's

Creditors served Debtor Bundy with a subpoena to produce documents in conjunction with his Rule 2004 Examination.

19. Despite being in receipt of the clear and unequivocal subpoena and Order (as well as the required witness fees), Debtor Bundy failed to produce documents and failed to sit for his Rule 2004 Examination.

20. Not only did Debtor Bundy fail to comply with the subpoena and Order, but he *willfully refused* to comply, as evidenced by his return of the subpoena, Order, and the witness fee check to St. Luke's Creditors' counsel, along with the note upon which he scrawled: "You can keep your dirty money[.]"

21. The Court should exercise its discretion and order Debtor Bundy to comply with the terms of the Rule 2004 examination by a date certain.

22. In exercising its discretion, the Court should consider Debtor Bundy's history of willful non-compliance of Court orders. Given Debtor Bundy's history of defying court orders and his defiance of the subpoena issued in their proceedings, the Court should order that the U.S. Marshall detain Debtor Bundy and ensure that Debtor Bundy appears for his Rule 2004 Examination.

23. The Court should also sanction Debtor Bundy immediately by ordering him to pay the reasonable costs and fees incurred by St. Luke's Creditors for his failure to appear at the October 14, 2024 Rule 2004 examination and such incurred in bringing this Motion.

24. At this early stage of the bankruptcy proceeding, the Court should prohibit Debtor Bundy from obstructing and preventing St. Luke's Creditors from obtaining the discovery

7

necessary to determine the nature and location of assets that may bear on the outcome of this action.

25.    Furthermore, Debtor Bundy's willful refusal to obey the lawfully issued subpoena and the Court's Order are exactly the kind of conduct that Rule 37 addresses and is designed to prevent. *See Devault v. Steven L. Herndon, P.A.*, 107 Idaho 1, 2, 684 P.2d 978, 979 (1984) ("The United States Supreme Court, [in interpreting Rule 37] has held that the sanctions under the rule were intended to punish misconduct and deter others involved in litigation to prevent abuse in connection with discovery").

## **CONCLUSION**

WHEREFORE, the St. Luke's Creditors ask the Court to grant their Motion to Compel and order Debtor Bundy to produce the documents requested in their Subpoena by December 11, 2024, and sit for his Rule 2004 Examination at a date set by the Court on or before December 18, 2024. St. Luke's Creditors also ask the Court to award the reasonable fees and costs caused by Debtor Bundy's failure to appear and in bringing this motion.

Based on Debtor Bundy's past and ongoing defiance of his legal obligations in this bankruptcy action, there is no reason to believe that Debtor Bundy is going to comply willingly with any order requiring him to disclose financial information and answer questions about actions taken to hide his assets. In turn, St. Luke's Parties respectfully request that the Court exercise its Rule 2005 authority to bring Debtor Bundy before the Court for his Rule 2004 examination.

DATED this 7th day of November, 2024.

        HOLLAND & HART LLP

        */s/Erik F. Stidham*
        Erik F. Stidham (*Admitted Pro Hac Vice*)
        Robert A. Faucher (*Admitted Pro Hac Vice*)
        Jennifer M. Jensen (*Admitted Pro Hac Vice*)

        HOLLAND & HART LLP
        Local Counsel

        */s/ Engels J. Tejeda*
        Darren G. Reid (#11163)
        Engels Tejeda (#11427)
        Benjamin D. Passey (#19234)

        *Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffman | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

**By UPS Overnight Courier:**

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

By Internet email:
Ammon Edward Bundy
aebundy@bundyfarms.com
aebundy@msn.com

*/s/Erik F. Stidham*
Erik F. Stidham (*Admitted Pro Hac Vice*)
Robert A. Faucher (*Admitted Pro Hac Vice*)
Jennifer M. Jensen (*Admitted Pro Hac Vice*)

HOLLAND & HART LLP
Local Counsel

*/s/ Engels J. Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

33582094_v2