Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

Erik F. Stidham (*Admitted Pro Hac Vice*)
Robert A. Faucher (*Admitted Pro Hac Vice*)
Jennifer M. Jensen *(Admitted Pro Hac Vice)*
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com
jmjensen@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

## DECLARATION OF ERIK F. STIDHAM REGARDING ST. LUKE'S CREDITORS' MOTION TO COMPEL AMMON BUNDY'S COMPLIANCE WIH RULE 2004 SUBPOENA AND FOR SANCTIONS

I, Erik F. Stidham, declare and state as follows:

1.      I am a partner in the Boise office of the law firm of Holland & Hart LLP and am

licensed to practice law in the State of Idaho. I am admitted to this Court *pro hac vice* for this case.

Along with my colleagues identified above, I am counsel for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman, NP (collectively, the "St. Luke's Creditors"). I am familiar with the facts and proceedings in this matter and have personal knowledge of the matters stated in this Declaration.

2.      Evidence indicates that Debtor Bundy is acting to prevent the Rule 2004 examination of his spouse Lisa Bundy and is coordinating with his brother Ryan Bundy to obstruct the Rule 2004 examination of Bundy Motors.  This despite the fact that evidence shows that both Lisa Bundy and Ryan Bundy are actively assisting Debtor Bundy in concealing and fraudulently conveying assets.  As but one example, of which there are many, bank records indicate that Lisa Bundy used accounts set up in her name to further schemes to move money out of Debtor Ammon Bundy's bank accounts to frustrate the St. Luke's Creditors' collection efforts.

3.      Debtor Bundy has a history of willful noncompliance of court orders to sit for his deposition and to produce documents.

4.      Attached hereto as **Exhibit A** is a true and correct copy of the April 24, 2023, Order Compelling Ammon Bundy, Ammon Bundy for Governor, and People's Rights Network to Respond to Discovery and Notice of Deposition from the 2022 Defamation Lawsuit. The Order details Ammon Bundy's repeated failures to provide written answers to discovery, produce documents, or sit for his deposition in the lawsuit captioned *St. Luke's Health System, Ltd., et al. v. Ammon Bundy et al.*, District Court of the Fourth Judicial District, State of Idaho, Ada County, Case No. CV01-22-06789 ("2022 Defamation Lawsuit").

5.      Debtor Bundy repeatedly defied court orders in the 2022 Defamation Lawsuit. Owing to Debtor Bundy's repeated violations of the court orders relating to discovery and a

separate court order prohibiting him from intimidating and harassing witnesses, civil and criminal contempt charges were brought against Debtor Bundy.

6.      A day or so before a contempt hearing was set to commence in the 2022 Defamation Lawsuit in November 2023, Debtor Bundy, yet again defying a court order, abandoned Idaho and relocated to a then undisclosed location in Utah. In turn, the Court issued a warrant for Debtor Bundy's arrest with a bond amount set at $250,000.

7.      In the lawsuit captioned *St. Luke's Health System, Ltd., et al. v. Ammon Bundy et al.*, District Court of the Third Judicial District, State of Idaho, Gem County, Case No. CV23-23-0551 ("Gem County Collection Lawsuit"), the St. Luke's Creditors brought claims to overturn fraudulent conveyances made by Debtor Bundy and to collect on the judgment against Debtor Bundy.

8.      Attached hereto as **Exhibit B** is a true and correct copy of the November 13, 2023 Order Granting Plaintiffs' Motion to Compel Discovery Responses, Deposition and Site Inspection from the 2023 Fraudulent Conveyance Lawsuit.

9.      Attached hereto as **Exhibit C** is a true and correct copy of the April 19, 2024 Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction from the Utah State Court action.

10.     Attached hereto as **Exhibit D** is a true and correct copy of the April 22, 2024 Ex Parte Motion for Supplemental Proceeding: Hearing to Identify Judgment Debtor's Property from the Utah State Court action.

11.    Attached hereto as **Exhibit E** are true and correct copies of the May 10, 2024 and the June 10, 2024 Orders Granting Ex Parte Motion for Supplemental Proceeding: Examination to Identify Judgment Debtors' Property from the Utah State Court action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of November, 2024.

/s/ Erik F. Stidham
Erik F. Stidham

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffman | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

By Internet email:
Ammon Edward Bundy
aebundy@bundyfarms.com
aebundy@msn.com

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)
Robert A. Faucher (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP

33599755_v1

Filed: 10/25/2023 at 8:48 a.m.
Fourth Judicial District, Ada County
Trent Tripple, Clerk of the Court
By: Janine Korsen   Deputy Clerk

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| St Lukes Health System LTD, St Lukes Regional Medical Center LTD, Chris Roth, Natasha Erickson, MD, Tracy Jungman<br>      Plaintiff,<br>vs.<br>Ammon Bundy, Ammon Bundy for Governor, Diego Rodriguez, Freedom Man PAC, Peoples Rights Network, Freedom Man Press LLC<br>      Defendant. | Case No. CV01-22-06789<br><br>Order Compelling Ammon Bundy, Ammon Bundy for Governor, and People's Rights Network to Respond to Discovery and Notices of Deposition |

The Plaintiffs Motion for Sanctions for Failure to Appear and Motion to Compel against Ammon Bundy, Ammon Bundy for Governor, and People's Rights Network on March 7, 2023, is granted.

IT IS HEREBY ORDERED that the Defendant Ammon Bundy must:

1) Answer Plaintiff St. Luke's Health System, Ltd's, Second Interrogatories, First Requests for Production to Defendant Ammon Bundy served on October 19, 2022 **no later than May 8, 2023; and**

2) Sit for a deposition **at the time and place noticed by Plaintiffs** and such deposition must be completed no later than May 24, 2023.

IT IS HEREBY ORDERED that Ammon Bundy for Governor must:

1) Make a designation under Rule 30(b)(6) of its designated representative to be deposed **no later than May 1, 2023**;

2) Answer Plaintiff St. Luke's Health System, Ltd's, First Interrogatories and Requests for Production to Defendant Ammon Bundy for Governor served on October 24, 2022 **no later than May 8, 2023**; and

3) Its designated representative that was designated under Rule 30(b)(6) must sit for a deposition **at the time and place noticed by Plaintiffs** and such deposition must be completed no later than May 24, 2023.



**Exhibit A, Page 1**

IT IS HEREBY ORDERED that People's Rights Network must:

1) Make a designation under Rule 30(b)(6) of its designated representative to be deposed **no later than May 1, 2023**;

2) Answer Plaintiff Plaintiff St. Luke's Health System, Ltd's, First Interrogatories and Requests for Production to Defendant People's Rights Network served on December 9, 2022 **no later than May 8, 2023**; and

3) Its designated representative that was designated under Rule 30(b)(6) must sit for a deposition **at the time and place noticed by Plaintiffs** and such deposition must be completed no later than May 24, 2023.

Failure to comply with this Order by Ammon Bundy, Ammon Bundy for Governor, and/or People's Rights Network will result in sanctions listed in Idaho Civil Rule of Procedure 37(b) which may include:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from opposing designated claims, including the claim for punitive damages, or from introducing designated matters in evidence;

(iii)  staying further proceedings until the order is obeyed;

(iv)  rendering a default judgment against the disobedient party; or

(v) treating as contempt of court the failure to obey any order and initiating contempt proceedings; and

(vi) an award of fees and costs against the disobedient party for failing to comply with the Order to Compel.

Dated: _____
4/24/2023

_____
Lynn Norton
District Judge


Order Compelling Ammon Bundy, Ammon Bundy for Governor, and People's Rights Network to Respond to Discovery and Notices of Deposition                                    Page 2 of 3

**Exhibit A, Page 2**

**CERTIFICATE OF SERVICE**

I certify that on this day I served a copy of the attached to:

| | | |
|---|---|---|
| Erik F. Stidham | efstidham@hollandhart.com | [X] E-mail |
| Diego Rodriguez | freedommanpress@protonmail.com | [X] E-mail |

Ammon Bundy                                                    [X] By mail
4615 Harvest Lane
Emmett ID 83617-3601

Ammon Bundy for Governor                             [X] By mail
c/o Ammon Bundy
4615 Harvest Lane
Emmett ID 83617-3601

Peoples Rights Network                                     [X] By mail
c/o Ammon Bundy
4615 Harvest Lane
Emmett ID 83617-3601


Trent Tripple
Clerk of the Court

By: *Janine Korsen*
Deputy Clerk

Dated:   4/24/2023


Order Compelling Ammon Bundy, Ammon Bundy for Governor, and People's Rights Network to Respond to
Discovery and Notices of Deposition                                                                    Page 3 of 3

**Exhibit A, Page 3**

Filed:  11/13/2023 16:38:28
Third Judicial District, Gem County
Shelly Tilton, Clerk of the Court
By: Deputy Clerk -  Puentes, Rachel

Erik F. Stidham (ISB #5483)
Robert A. Faucher (ISB #4745)
Anne E. Henderson (ISB #10412)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-5974
Telephone:  (208) 342-5000
Facsimile:  (208) 343-8869
Email:  efstidham@hollandhart.com
        rfaucher@hollandhart.com
        aehenderson@hollandhart.com

Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE

## STATE OF IDAHO, IN AND FOR THE COUNTY OF GEM

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD; CHRIS ROTH, an individual; NATASHA D. ERICKSON, MD, an individual; and TRACY W. JUNGMAN, NP, an individual, | Case No.  CV23-23-0551 |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES, DEPOSITION AND SITE INSPECTION** |
| vs. | |
| AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association; LISA M. BUNDY, an individual; and WHITE BARN ENTERPRISES LLC, an Idaho limited liability company, | |
| Defendants. | |

Upon considering Plaintiffs' Motion to Compel Discovery Responses, Deposition, and

Site Inspection filed on October 27, 2023, Defendant Ammon Bundy's Urgent Response to

Motion to Compel Discovery Responses, Deposition, and Site Inspection filed on November 3,

2023, all related supporting documents filed by Plaintiffs and Ammon Bundy, documents on file

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES,
DEPOSITION AND SITE INSPECTION - 1

**Exhibit B, Page 1**

in this action, and oral argument heard on November 6, 2023, the Court stated its findings and entered an oral ruling at the hearing on November 6, 2023.

Pursuant to the Court's findings and oral rulings made on November 6, 2023, IT IS HEREBY ORDERED, as follows:

1. Plaintiffs' Motion to Compel Written Discovery Responses from Ammon Bundy, Ammon Bundy from Governor, and People's Rights Network is granted:

    a) Ammon Bundy, Ammon Bundy for Governor, and People's Right's Network have waived all objections to the written discovery at issue by failing to serve timely objections;

    b) Ammon Bundy, Ammon Bundy for Governor, and People's Right's Network are to serve complete written responses and produce responsive documents to the written discovery at issue no later than November 20, 2023; and

    c) No later than November 20, 2023, Ammon Bundy, Ammon Bundy for Governor, and People's Right's Network must file a notice of service with this Court attesting that they have served written responses and produced documents to Plaintiffs in compliance with this Order.

2. Plaintiffs' Motion to Compel the Deposition of Ammon Bundy is granted:

    a) Ammon Bundy is ordered to appear for his video deposition on November 28, 2023 at 8:30 a.m. at the Gem County Courthouse;

    b) Good cause existing, Ammon Bundy's deposition will continue day to day until completed;

    c) Plaintiffs shall notice the deposition in accordance with this Order;

    d) Parties may face sanctions from this Court if questions, objections, invocation of the Fifth Amendment Privilege, or any other actions during the deposition are taken to harass or for any other improper purpose;

    e) Plaintiffs shall not ask Defendant questions directly pertaining to the facts or issues related to the pending contempt proceeding in Ada County.

    f) Only the Parties and legal counsel who have appeared in this matter may attend the deposition; and

    g) Parties shall not encourage any others to interfere with the deposition in any way.

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES, DEPOSITION AND SITE INSPECTION - 2

3.     Plaintiffs' Motion to Compel Site Inspection is granted:

    a)     The site inspection of 4615 Harvest Ln, Emmett ("Property") will proceed, as previously noticed, on November 17, 2023 at 10 a.m.;

    b)     The scope of Plaintiffs' site inspection will be limited to the real property and personal property that were transferred to White Barn;

    c)     Ammon Bundy shall not be present at the Property or within one mile of any entrance to the Property during the site inspection.

    d)     Lisa Bundy, Aaron Welling, White Barn's counsel, Plaintiffs' counsel, and those conducting the site inspection for Plaintiffs are the only people who may be on the Property during the site inspection ("Permitted Persons");

    e)     Fifteen minutes before the site inspection is to commence, counsel for White Barn or Aaron Welling will contact counsel for Plaintiffs and represent that no one other than the Permitted Persons are on the Property or near an entrance to the Property and that Ammon Bundy is not within one mile of the Property;

    f)     White Barn will ensure that Plaintiffs have access to the real property, structures, and property transferred to White Barn during the site inspection;

    g)     Parties shall not incite protests or encourage any third parties to gather at or near the Property during the site inspection; and

    h)     An officer of the Gem County Sherriff's Office will be present at the site inspection to ensure safety and ensure that Plaintiffs are allowed to conduct the site inspection without interference;

4.     Plaintiffs shall be awarded their reasonable attorneys' fees and costs relating to their Motions to Compel;

    a)     Plaintiffs will file a memorandum of costs and fees with this Court within 10 days of this Order.

DATED:      **11/13/2023 4:32:10 PM**

               Hon. Brent Whiting
               District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES, DEPOSITION AND SITE INSPECTION - 3

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing, by the method indicated below, and addressed to the following:

| | |
|---|---|
| Erik F. Stidham | ☐ U.S. Mail |
| Robert A. Faucher | ☐ Hand Delivered |
| Anne E. Henderson | ☐ Overnight Mail |
| HOLLAND & HART LLP | ☑ Email/iCourt/eServe: |
| 800 W. Main Street, Suite 1750 | efstidham@hollandhart.com |
| Boise, ID 83702-7714 | rfaucher@hollandhart.com |
| | aehenderson@hollandhart.com |
| | |
| Ammon Bundy | ☑ U.S. Mail |
| Ammon Bundy for Governor | |
| People's Rights Network | |
| c/o Ammon Bundy | |
| 4615 Harvest Ln. | |
| Emmett, ID 83617-3601 | |
| | ☑ U.S. Mail |
| Lisa Bundy | |
| 4615 Harvest Ln. | |
| Emmett, ID 83617-3601 | |

And to be served via iCourt on:

| | |
|---|---|
| Ron R. Shepherd | ☑ eserved/email: |
| David L. Bartels | ron@sheplawgroup.net |
| SHEP LAW GROUP | david@sheplawgroup.net |
| 1990 North Meridian Road | efile@sheplawgroup.net |
| Meridian, ID 83646 | |

Attorneys for White Barn Enterprises, LLC

DATED: ____**11/13/2023 4:38:58 PM**_____

_____
Deputy Clerk of the District Court

30850578_v1

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES, DEPOSITION AND SITE INSPECTION - 4

Exhibit B, Page 4

Darren G. Reid (11163)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
dgreid@hollandhart.com

*Attorneys for Plaintiffs and Judgment Creditors*

---

## IN THE FIFTH JUDICIAL DISTRICT COURT
## IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD.; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.; CHRIS ROTH; NATASHA ERICKSON, M.D.; and TRACY JUNGMAN, N.P.; <br><br>        Plaintiffs and Judgment Creditors, <br><br> v. <br><br> AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; DIEGO RODRIGUEZ, an individual; FREEDOM MAN PRESS LLC, a limited liability company; FREEDOM MAN PAC, a registered political action committee; and PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association; <br><br>        Defendants and Judgment Debtors. | **EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br><br> Case No. 246501034 <br><br> Judge Eric A. Ludlow |

St. Luke's Health System Ltd. ("SLHS") and St. Luke's Regional Medical Center, Ltd.

("SLRMC," and collectively with SLHS, "St. Luke's"), Chris Roth ("Mr. Roth"), Dr. Natasha D.

Erickson ("Dr. Erickson"), and Tracy W. Jungman, NP ("NP Jungman") (collectively "St.

Luke's Parties" or "Plaintiffs" or "Judgment Creditors"), by and through their attorneys of

record, Holland & Hart LLP, hereby respectfully request that, pursuant to Utah R. Civ. P.

**Exhibit C, Page 1**

65A(e), the Court immediately enter a temporary restraining order and preliminary injunction against Defendants and Judgment Debtors Ammon Bundy ("Bundy"), Ammon Bundy for Governor ("Bundy Campaign"), Diego Rodriguez, Freedom Man Press, LLC, Freedom Man Pac, and Peoples Right Network ("PRN") (collectively "Defendants" or "Judgment Debtors").

## I.      CONCISE STATEMENT OF RELIEF REQUESTED & GROUNDS THEREFORE

Judgment Creditors obtained a **$51,928,306.20 judgment** and **permanent injunction** (the "Judgment") against Defendants in Idaho state court.[1]  *See* Declaration of Darren G. Reid ("Reid Decl."), ¶ 4, attached as **Exhibit 1**; *see generally* Default Judgment, attached as Exhibit B thereto.  Judgment Creditors ask this Court to immediately freeze all assets in a Mountain America Credit Union account ostensibly owned by Abish-husbondi Inc. (the "Abish-husbondi account")—and any other related accounts—pending an Idaho court's separate resolution of a reverse veil piercing proceeding.  That proceeding, in which Abish-husbondi is named alongside the other Judgment Debtors, will decide the alter-ego relationship between defendant Ammon Bundy and the supposedly separate entity Abish-husbondi, which Bundy singularly established and wholly controls.  *See* Reid Decl., ¶ 4; *see generally* Veil Piercing Complaint, attached as Exhibit A thereto.  Bundy and Abish-husbondi received notice and will have a full opportunity to be heard on the question of alter ego in that action.

Judgment Creditors have an enforceable judgment against Bundy, and Bundy has made clear he will go to any length to avoid paying it.  Bundy has abused the corporate cloak to

---

[1]  Plaintiffs filed a certified and exemplified copy of the Judgment on October 13, 2023, in the Third Judicial District Court, in and for Salt Lake County, State of Utah; and Plaintiffs filed another certified and exemplified copy of the Judgment on April 15, 2024, in this Fifth Judicial District Court.  Consequently, the Judgment has had—and will have—the same legal force and effect as a judgment rendered in a Utah state court pursuant to the Utah Foreign Judgment Act, Utah Code § 78B-5-303.

**Exhibit C, Page 2**

frustrate Judgment Creditors' collection efforts.  *See* Reid Decl., ¶ 11.  Bundy has established a well-documented pattern of behavior reflecting his attitude that he "owes [Judgment Creditors] nothing."  *Id.*  The judgment-frustrating purposes that Abish-husbondi serves are plain on their face.  Bundy is Abish-husbondi's sole incorporator, officer, and shareholder.  *Id.* ¶ 17.  Abish-husbondi does not observe corporate formalities.  *Id.* ¶ 18.  And account records show that Bundy and Abish-husbondi commingle assets to serve Bundy's individual interests.  *Id.* ¶ 20.

Significantly, in deposition on April 15, 2024, Judgment Creditors discovered at least three distinct scams where Bundy has tried to hide assets and money from Judgment Creditors by using the corporate veil of Abish-husbondi Inc.  *See* Declaration of Anne Henderson Haws ("Haws Decl.), ¶¶ 2-16, attached as **Exhibit 2**.

Once Bundy learns that Judgment Creditors have identified his Abish-husbondi bank account at Mountain American Credit Union (or other related accounts), he will have every incentive to move any funds in the account to an unidentified account, and he has demonstrated willingness to do so.  *Id.* ¶¶ 9-11.  This Court must be equally nimble.  Granting this ex parte motion will ensure that Judgment Creditors can ultimately garnish funds that are rightly attributed to Bundy and the Defendants.

## II.    STATEMENT OF FACTS

Bundy rallied a mob to harass Judgment Creditors for their treatment of a critically ill infant, leveraging misinformed rage into financial support and a political platform for Bundy's gubernatorial campaign in Idaho.

**Exhibit C, Page 3**

The infant's parents brought the infant into St. Luke's[2] for treatment of severe dehydration and malnutrition.  (Reid Decl., Findings of Fact, Conclusions of Law and Order for Permanent Injunctive Relief, attached as Exhibit D thereto, ¶¶ 1-3.)  The infant was in serious distress.  Judgment Creditor Natasha D. Richardson stabilized him using a nasogastric feeding tube.  Dr. Richardson then created a follow-up treatment plan to be administered by a home health nurse.  (*Id.* ¶ 7.)  She further ensured that all bills for the follow-up treatment would be paid via Medicare and at no cost to the infant or his parents.  (*Id.* ¶¶ 5-9.)

The infant's parents did not follow the treatment plan or allow the home health nurse to visit.  (*Id.* ¶ 11.)  At a subsequent well-check visit, another nurse practitioner determined that the infant had again lost weight and was at risk of the life-threatening complications that accompany malnutrition and dehydration.  (*Id.* ¶12.)  That nurse practitioner, a mandatory reporter under Idaho law, called Idaho's Department of Health and Welfare Child Protection Services ("CPS").  (*Id.* ¶ 14.)  After the parents repeatedly refused to produce the infant for another well-check (*id.* ¶¶ 18-20), law enforcement stopped them on a drive with the infant.  (*Id.* ¶ 21.)

At that traffic stop, Emergency Medical Services determined that the infant was in imminent danger.  (*Id.* ¶ 23.)  They transferred him to St. Luke's via ambulance.  (*Id.* ¶¶ 23-24.)  After a significant hospital stay and an adjudicative hearing, CPS returned the infant to the monitored custody of its parents.  (*Id.* ¶¶ 35, 38, 45.)  CPS's and St. Luke's interventions saved the infant's life in the face of his parents' inaction.

This is not the story Bundy told.  Despite having no relationship with the infant, Bundy organized protests at St. Luke's during the infant's stay.  (*Id.* ¶¶ 30, 31, 32, 40, 41.)  Bundy made

---

[2]  The infant was treated at several St. Luke's facilities.  This motion refers to those facilities, collectively, as "St. Luke's".

**Exhibit C, Page 4**

repeated public statements insisting that St. Luke's had kidnapped the infant, that medical

providers were abusing the infant, and that the abuse was all in furtherance of an imagined plot

to sexually traffic the infant.  (*Id.* ¶¶ 56, 58, 59.)  After spreading these inflammatory falsehoods,

Bundy released personal information about St. Luke's personnel involved in the infant's care.

(*Id.* ¶ 59.)

Bundy did not believe the horrific story he spun.  (*Id.* ¶ 70.)  He used the outrage it

spawned to solicit financial contributions to his campaign for Idaho's governor and his other

marketing organizations.  (*Id.* ¶¶ 61, 64, 67.)  It was a grift, for political power and financial

gain.  Bundy executed it without regard to the health and safety of the infant or the medical and

law enforcement personnel protecting him.

Bundy refused to defend his outrageous misrepresentations in court.  Following a jury

trial, where Judgment Creditors presented his statements and described their impacts, default

judgment was awarded against him in Idaho district court.  (Reid Decl., ¶¶ 7, 14.)  Bundy fled

the state shortly thereafter.  (*Id.* ¶ 16.)  He has refused to pay any of the damages awarded against

him.  (*Id.* ¶ 10-12.)  To end Bundy's obfuscation, Judgment Creditors sought an alter ego

determination in Idaho state court as to Abish-husbondi (the "Alter Ego action").  (*See generally*

Reid Decl., Ex. A.)  In the Alter Ego action, Judgment Creditors detail the wealth of evidence

they have demonstrating Bundy and Abish-husbondi's shared identity and unity of interests.  (*Id.*

¶¶ 44-76.)  Bundy wholly owns and controls Abish-husbondi.  (*Id.* ¶ 14.)  Bundy has, moreover,

admitted to using the entity to conceal assets from Judgment Creditors' collection efforts.  (*Id.*

¶ 17.)  Bundy repeatedly transferred and deposited his personal funds into Abish-husbondi

accounts, and then used those accounts to pay his personal expenses directly.  (*Id.* ¶¶ 56-60.)  As

**Exhibit C, Page 5**

Judgment Creditors homed in on Bundy's corporate abuses, he drained an Abish-husbondi account to less than $50.00.  (*Id.* ¶ 61.)

But Bundy maintains significant funds in a Utah-based Mountain America Credit Union account in Abish-husbondi's name.  (Reid Decl., ¶ 22.)  Accordingly, Judgment Creditors have domesticated the judgment in Utah, to garnish that account (and other related accounts) following the likely outcome of the Alter Ego action.  Judgment Creditors ask that this Court to issue a temporary restraining order, ex parte, to preserve the status quo pending the outcome of that action.

## III.    LEGAL STANDARD AND ARGUMENT

A district court may issue a TRO and/or preliminary injunction upon a showing that: (1) "The applicant will suffer irreparable harm unless the order or injunction issues"; (2) "The threatened injury to the applicant outweighs whatever damage the proposed order or injunction may cause to the party restrained or enjoined"; (3) "The order or injunction, if issued, would not be adverse to the public interest"; and (4) "There is a substantial likelihood that the applicant will prevail on the merits of the underlying claim."  Utah R. Civ. P. 65A(e).

"[T]he standards set forth in [Utah R. Civ. P. 65A(e) are derived from" Tenth Circuit precedent, namely *Tri-State Generation & Transmission Ass'n v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986), and *Otero Savings & Loan Ass'n v. Federal Reserve Bank*, 665 F.2d 275, 278 (10th Cir. 1981).  *See* Utah R. Civ. P. 65A, advisory committee note (regarding paragraph (e)).  Under this precedent, if a movant can satisfy the first three elements of the temporary restraining order/preliminary injunction test, a more "liberal definition of the 'probability of success' requirement" applies, requiring only that the plaintiff raise "questions going to the merits so serious, substantial, difficult, and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation."  *See Otero*, 665 F.2d at 278.

**Exhibit C, Page 6**

As shown below, Judgment Creditors satisfy each of these four prerequisites, and the Court should immediately grant this motion.  Until a scheduled hearing regarding a preliminary injunction, Judgment Creditors seek an order temporarily enjoining and restraining Ammon Bundy and all the named Defendants from accessing, using, or transferring any funds or assets located (a) in the Abish-husbondi Inc. account(s) at Mountain America Credit Union including but not limited to Account Number 501013664849 / ABA Routing Number 324079555; (b) in all other Abish-husbondi accounts located at banks or credit unions with a presence in Utah; (c) in all other accounts in the names of Defendants located at banks or credit unions with a presence in Utah; (d) all other accounts related to the following addresses located at banks or credit unions with a presence in Utah: P.O. Box 1062, Cedar City, UT 84721; 946 E 400 S, New Harmony, UT 84757; 389 S 300 E, Cedar City, 84720; and 4615 Harvest Lane Emmett, ID 83617; and (e) all other accounts related to Lisa Bundy or Dono Custos located at banks or credit unions with a presence in Utah.

### A.    Absent An Injunction, Judgment Creditors Will Continue to Suffer Irreparable Harm.

Injunctive relief is fundamentally preventive in nature, and an injunction serves to "preserve the status quo pending the outcome of the case." *Zagg, Inc. v. Harmer*, 2015 UT App, 52, ¶ 8, 345 P.3d 1273, 1275 *citing Hunsaker v. Kersh*, 1999 UT 106, ¶ 8, 991 P.2d 67, 69 ("Injunctive relief is not purely limited to cases where no other possible remedy will be available.  Its broader purpose is preventive in nature.").  A court can issue injunctive relief "to prevent the perpetration of a threatened wrong or to compel the cessation of a continuing one." *System Concepts, Inc. v. Dixon*, 669 P.2d 421, 428 (Utah 1983).  Consequently, the "irreparable harm" justifying an injunction includes wrongs (i) "of a repeated and continuing character" or (ii) "which occasion damages that are estimated only by conjecture, and not by any accurate

7

Case 24-23530   Doc 182   Filed 11/07/24   Entered 11/07/24 16:51:14   Desc Main
Document   Page 21 of 37

standard." *Hunsaker*, 1999 UT 106, ¶ 9, 991 P.2d at 69 (citing *System Concepts*, 669 P.2d at

427-28.  This "does not limit injunctive relief to those harms which could never be assigned a

dollar value," but "merely acknowledges that monetary compensation does not always make an

injured party whole." *Id.*

If this Court does not freeze the Abish-husbondi account (and other related accounts)

pending the Alter Ego action, the Judgment Creditors will be unable to attach any funds in the

Abish-husbondi account once they are, in fact, successful.  Bundy would likely argue that

Judgment Creditors have a monetary remedy available, to directly collect the judgment against

him from him or any other of the named defendants he also controls.  This has no merit.  As

already explained, Bundy is intentionally managing his finances and assets so that no funds will

ever fall subject to the Judgment Creditors' reach.  Without judicial intervention, Bundy's

continual abuse of the corporate form will ensure that the Judgment Creditors are never made

whole.

Ex parte relief is appropriate here for the same reasons.  If Bundy learns that Judgment

Creditors plan to freeze the Abish-husbondi account, he will transfer all funds from it to another

undisclosed account while the Alter Ego action is pending.  An action he has taken previously to

frustrate collection efforts.  *See* Reid Decl., ¶ 21; Haws Decl., ¶¶ 2-16.  Instead, an ex parte

temporary restraining order must issue to preserve the status quo while investigation and

litigation proceeds.

**B.     An Injunction in Judgment Creditor's Favor Heavily Outweighs Any
        Potential Damage an Injunction May Cause Bundy and Defendants**

Judgment Creditors will suffer significantly greater harm in the absence of the requested

relief than Bundy or the other defendants will suffer if the Court grants the requested restraining

order.  Judgment Creditors are on the cusp of losing significant recoverable assets while the

**Exhibit C, Page 8**

Idaho court determines the Alter Ego Action. The balance before the Court is whether funds in an alleged corporate account should be held, temporarily, while the Idaho court assesses the propriety and legitimacy of the corporation's form. Judgment Creditors are not asking that these funds be frozen without end. Judgment Creditors merely ask that this Court temporarily limit the use or transfer of funds or assets considering Bundy's express willingness to abuse the corporate form for his own benefit and Judgment Creditors' detriment. *See* Reid Decl., ¶ 10.

Meanwhile, Bundy and Defendants would only be restricted from doing what they are already lawfully obligated not to do—use Abish-husbondi as a sham corporation to transfer and conceal assets in an abuse of the corporate form. This is not harm. *See Novell v. Timpanogos Research Group Inc.,* 1998 WL 177721, at *25; URCP 65A(e)(3). Bundy and Defendants understand full well that they are legally and ethically obligated to observe corporate formalities instead of perpetrating a fraud on the Judgment Creditors and the Court. They are simply failing to live up to their legal obligations.

To the extent that Bundy can demonstrate that Abish-husbondi has legitimate corporate expenditures it must immediately satisfy, or risk irreparable harm of its own, he may petition this Court for an alternative remedy. In any case, any threat to Bundy is one he has brought upon himself, with full knowledge of the implications of his actions. It is not a viable consideration in equity as it is only Bundy's knowing and intentional efforts to conceal assets from Judgement Creditors that necessitated a freeze in the first instance.

Moreover, Judgment Creditors' domestication of the Idaho judgment in Utah and separate institution of the Alter Ego action ensure that due process concerns otherwise implicated by post-judgment enforcement in Utah are not in play here. "Due process of law requires that a court 'hears before it condemns, proceeds upon inquiry, and renders judgment only after trial.'"

**Exhibit C, Page 9**

*Sorensen v. Crossland*, 2024 UT App 41, ¶ 14 (quoting *Riggins v. District Court*, 89 Utah 183,

51 P.2d 645, 660 (Utah 1935)).  Consistent with the preservation of due process, Judgment

Creditors brought an independent action against the alleged alter ego with the requisite notice,

service of process, and other attributes of due process.  Further, Abish-husbondi will have a full

opportunity of notice, discovery, and an opportunity to be heard before potentially being found

liable of any wrongdoing.

> ### C.    Public Interest Favors Injunctive Relief.

The public interest strongly favors granting the relief that Judgment Creditors seeks here.

Judgment Creditors have a right to collect on their judgment.  There is no cognizable public

interest in allowing Bundy and Defendants to shield lawfully collectible assets through unlawful,

nefarious, and wrongful means.  The public interest here heavily favors entry of injunctive relief

ensuring that Bundy cannot continue to evade collection efforts through illicit means.

> ### D.    Judgment Creditors Have a Substantial Likelihood of Success on The Merits.

Judgment Creditors show a substantial likelihood of success on the merits.  Utah R. Civ.

P. 65A(e)(4).  Judgment Creditors' claims, allowing them to garnish Bundy's Abish-husbondi

account or other sham accounts, are based on a theory of reverse veil-piercing.  A creditor can

reach the assets of a corporation to satisfy the debt of a corporate insider based on a showing that

the corporate entity is really the alter ego of the individual.  *See M.J. v. Wisan*, 2016 UT 13, ¶ 76,

371 P.3d 21; *see also Lunneborg v. My Fun Life*, 421 P.3d 187, 199 (Idaho 2018).

To prevail on their alter ego theory, Judgment Creditors must show that  (1) there is such

unity of interest and ownership that the separate personalities of the corporation and the

individual no longer exist; and (2) the observance of the corporate form would sanction a fraud,

promote injustice, or an inequitable result would follow.  *See Messick v. PHD Trucking Serv.*,

678 P.2d 791, 794 (Utah Sup.Ct. 1984).  The presence of certain permissive factors may indicate

**Exhibit C, Page 10**

such a relationship: (1) undercapitalization of a one-man corporation; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) siphoning of corporate funds by the dominant stockholder; (5) nonfunctioning of other officers or directors; (6) absence of corporate records; (7) the use of the corporation as a facade for operations of the dominant stockholder or stockholders; and (8) the use of the corporate entity in promoting injustice or fraud.  *See Olson v. Olson,* 2010 UT App 22, ¶ 13, 226 P.3d 751 (quoting *Colman v. Colman*, 743 P.2d 782, 786 (Utah Ct. App. 1987) (upholding a finding of reverse veil piercing based on the presence of the foregoing permissive factors).

### 1.    Bundy Influences and Governs Abish-Husbondi.

Bundy organized Abish-husbondi on his own.  *See* Reid Decl. Ex. I.  He remains the sole officer, director, and shareholder.  *Id.*  As the sole officer, director, shareholder, and employee, Bundy has complete direction and control over the company.  Abish-husbondi has demonstrated no corporate accountability or identifiable lawful purpose.  *See* Reid Decl. ¶ 18.  Thus, Bundy's control over the organization remains absolute.

### 2.    There is a Unity of Interest Between Bundy and Abish-Husbondi.

Bundy has not been coy as to his use of Abish-husbondi to frustrate collection efforts by the Judgment Creditors.  On the contrary, Bundy has publicly stated, on multiple occasions, that he was hiding his assets in such corporate vehicles.  *See* Reid Decl. ¶ 10.  With only Bundy at its helm, Abish-husbondi has completely capitulated to his fraud.

Abish-husbondi's willing participation in Bundy's admitted abuse of its form makes the point plain.  The company's only interest is to promote Bundy's agenda.  In recent depositions of Tom Branson, Rebecca Branson, and Global Trading & Investments, Inc. ("Global Trading"), their testimony revealed that Bundy was involved in at least three distinct scams to hide assets

11

and money from the Judgment Creditors by using the corporate veil of Abish-husbondi Inc.  *See* Haws Decl. ¶ 6.

- First, the Bundys sold an Arizona property held in their name but included wire instructions in the loan documents that the final credit for all payments would be to Abish-husbondi.  Then, the Bundys assigned the payments on the loan agreement to Global Trading, meaning the borrower paid off the note on the deed of trust and the proceeds were held by Global Trading and ultimately distributed to the Abish-husbondi Mountain America Credit Union account.  *See* Haws Decl. ¶¶ 7-12.

- Second, Bundy "transferred" 710,000 shares of the stock of Abish-husbondi to Global Trading and accepted the sham exchange of a $15,000 check deposited into an Abish-husbondi bank account in Idaho.  Bundy then caused Ammon Bundy for Governor to cut a check to Tom Branson in the amount of $15,000.  *See* Haws Decl. ¶¶ 13-14.

- Third, Bundy "purchased" shares in the Branson's company, Global Clean Energy Holdings."  The Branson's testified that Bundy gave them money to hide in Global Energy Holdings to prevent the Judgment Creditors' collection efforts.  When their relationship soured with Bundy, the Branson's liquidated Bundy's shares and sent the funneled money back to him.  *See* Haws Decl. ¶¶ 15-16.

Further evincing the lack of oxygen between Bundy and Abish-husbondi: Bundy has deposited his personal funds for his personal use in the corporate account Judgment Creditors seek to attach.  *See* Reid Decl. ¶ 20; Haws Decl. ¶¶ 7-12.  This is classic co-mingling, a factor the Utah Court of Appeals has specifically identified as reflecting an improper unity of interest.  *See Olson,* ¶ 226.

Moreover, Judgment Creditors' extensive discovery efforts suggest that Abish-husbondi follows no formalities normally incident to corporate operation.  *See* Reid Decl. ¶ 18.  And why would Abish-husbondi bother?  The sole party with financial interest in the company also solely controls it, and his personal mission has eclipsed any corporate purpose, to the extent it ever had one.  There are no meetings to hold, no minutes to take, no resolutions to ponder and pass.  *Id.* Any distinction between Bundy and Abish-husbondi is without difference.

**3.    Adherence to Abish-Husbondi's Corporate Fiction Would Sanction Fraud and Promote Injustice.**

Bundy holds the civil justice system in total contempt.  He refused to participate in a jury trial offering him the opportunity to defend his baseless accusations.  He now denies the effect of a unanimous jury verdict, insisting he "owes nothing" to the Judgment Creditors.  *See* Reid Decl. ¶ 10.  This is, of course, false.  Bundy owes Judgment Creditors over $51 million.  And that debt was involuntarily obtained: there is nothing more Judgment Creditors could have done to protect themselves from the damages inflicted by his threats and harassment.

Allowing Bundy to shift his assets from one corporate shell to another would effectively sanction Bundy's continued denial of the jury's verdict.  It will nullify Judgment Creditors' award, making collection impossible.

Ultimately, the Idaho court is substantially likely to decide the Alter Ego action in favor of Judgment Creditors.

**E.    Judgment Creditors' Bond Requirement, If Any, Should Be *De Minimis*.**

The Court should dispense with Rule 65(A)(c)'s security requirement.  Judgment Creditors seek only to preserve the current status quo—any funds currently held in the Abish-husbondi account should remain there while the Idaho court assesses the Judgment Creditors' rights to such funds.  Such a temporary freeze does no actual damage to Bundy or Abish-husbondi.  It only stops him from spending a limited amount of theoretically corporate funds for a limited length of time.

Further, there is no question that Judgment Creditors have the financial capacity to make good on the financial obligations that Rule 65(A)(c) seeks to protect.  Therefore, little to no security is necessary for this Court to award temporary injunctive relief to Judgment Creditors.

**Exhibit C, Page 13**

IV.     **CONCLUSION**

For all the reasons stated, an ex parte order should issue, temporarily enjoining and restraining Bundy and Defendants from using, accessing, or transferring any funds or assets from the Abish-husbondi and related accounts.  The temporary freeze should remain in place until the Idaho court hears and decides Judgment Creditors' Alter Ego action and the propriety of preliminary injunctive relief.

DATED this 19th day of April, 2024.

HOLLAND & HART LLP

*/s/Darren G. Reid*
Darren G. Reid

*Attorneys for Plaintiffs and Judgment Creditors*

14

**Exhibit C, Page 14**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2024, I caused to be electronically filed the foregoing

**EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND**

**PRELIMINARY INJUNCTION** with the Clerk of the Court using the GreenFiling system.

*/s/ Christa L. Fries*

31868028_v1

15

**Exhibit C, Page 15**

Darren G. Reid (11163)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
dgreid@hollandhart.com

*Attorneys for Plaintiffs and Judgment Creditors*

---

## IN THE FIFTH JUDICIAL DISTRICT COURT
## IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD.; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.; CHRIS ROTH; NATASHA ERICKSON, M.D.; and TRACY JUNGMAN, N.P.;<br><br>        Plaintiffs and Judgment Creditors,<br><br>v.<br><br>AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; DIEGO RODRIGUEZ, an individual; FREEDOM MAN PRESS LLC, a limited liability company; FREEDOM MAN PAC, a registered political action committee; and PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association;<br><br>        Defendants and Judgment Debtors. | **EX PARTE MOTION FOR SUPPLEMENTAL PROCEEDING: HEARING TO IDENTIFY JUDGMENT DEBTOR'S PROPERTY**<br><br>**[Hearing Requested Pursuant to Rule 64(c)]**<br><br><br>Case No. 246501034<br><br>Judge Eric A. Ludlow |

St. Luke's Health System Ltd. ("SLHS") and St. Luke's Regional Medical Center, Ltd.

("SLRMC," and collectively with SLHS, "St. Luke's"), Chris Roth ("Mr. Roth"), Dr. Natasha D.

Erickson ("Dr. Erickson"), and Tracy W. Jungman, NP ("NP Jungman") (collectively "St.

Luke's Parties" or "Plaintiffs" or "Judgment Creditors"), by and through their attorneys of

record, Holland & Hart LLP, hereby submit this Ex Parte Motion for a hearing to identify the

**Exhibit D, Page 1**

location of assets, accounts, and property of the Defendants/Judgment Debtors Ammon Bundy

("Bundy"), Ammon Bundy for Governor ("Bundy Campaign"), Peoples Right Network

("PRN"), and Lisa Bundy (collectively "Defendants" or "Judgment Debtors").

        The Defendants and Judgment Debtors have not satisfied the Judgment in this case.

Plaintiffs do not have enough information about the Defendants' assets, accounts, and other

property to fully collect and execute on the Judgment.  Pursuant to Rule 64(c)(2) of the Utah

Rules of Civil Procedure, the court "may conduct hearings as necessary to identify property and

to apply the property toward the satisfaction of the judgment or order."  In such supplemental

proceedings, "[w]itnesses may be subpoenaed to appear, testify and produce records" and "[t]he

court may permit discovery."  *Id.*  Accordingly, Plaintiffs move the Court to schedule a hearing

and order the Judgment Debtors and Defendants to appear and answer under oath questions

about their property and to bring to the hearing all records about employment, bank accounts,

vehicles, real property, business entities, and any other property in which the Judgment Debtors

and Defendants have an interest.  Plaintiffs also move the Court to order the Defendants and

Judgment Debtors not to sell, transfer, or dispose of their non-exempt property.  A proposed

order is attached contemporaneously herewith.

        DATED this 22nd day of April, 2024.

HOLLAND & HART LLP


*/s/ Darren G. Reid*
Darren G. Reid
*Attorneys for Plaintiffs*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2024, I caused to be electronically filed the foregoing

**EX PARTE MOTION FOR SUPPLEMENTAL PROCEEDING: HEARING TO**

**IDENTIFY JUDGMENT DEBTOR'S PROPERTY** with the Clerk of the Court using the

GreenFiling system.


_/s/ Christa L. Fries_____

31841272_v1

3

The Order of the Court is stated below:
**Dated:** May 10, 2024
12:01:16 PM

At the direction of:
/s/   ERIC A LUDLOW
District Court Judge

by
/s/   SHAWNA YOUNG
District Court Clerk

Darren G. Reid (11163)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
dgreid@hollandhart.com

*Attorneys for Plaintiffs and Judgment Creditors*

---

## IN THE FIFTH JUDICIAL DISTRICT COURT
## IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD.; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.; CHRIS ROTH; NATASHA ERICKSON, M.D.; and TRACY JUNGMAN, N.P.;<br><br>      Plaintiffs and Judgment Creditors,<br><br>v.<br><br>AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; DIEGO RODRIGUEZ, an individual; FREEDOM MAN PRESS LLC, a limited liability company; FREEDOM MAN PAC, a registered political action committee; and PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association;<br><br>      Defendants and Judgment Debtors. | **ORDER GRANTING EX PARTE MOTION FOR SUPPLEMENTAL PROCEEDING: EXAMINATION TO IDENTIFY JUDGMENT DEBTORS' PROPERTY**<br><br><br>Case No. 246501034<br><br>Judge Eric A. Ludlow |

Having reviewed the Ex Parte Motion for Supplemental Proceeding: Hearing to Identify

Judgment Debtor's Property (the "Motion"), and for good cause otherwise appearing, the Court

hereby ORDERS that the Motion is GRANTED.

1.      Judgment Creditors obtained a $51,928,306.20 judgment and permanent

injunction (the "Judgment") against the above-named Defendants and Judgment

Debtors in Idaho state court.  Judgment Creditors filed a certified and exemplified

copy of the Judgment on October 13, 2023, in the Third Judicial District Court, in

and for Salt Lake County, State of Utah; and Plaintiffs filed another certified and

exemplified copy of the Judgment on April 15, 2024, in this Fifth Judicial District

Court.

2.      The Judgment Debtors have not satisfied the Judgment.

3.      Judgment Creditors do not have enough information about the Judgment Debtors'

property and assets to fully collect the judgment.

4.      The Answers to Questions About Judgment Debtors' Property form is likely to

gather the information needed to collect the judgment.

5.      If the Judgment Debtors—including, specifically, Ammon Bundy

and People's Rights Network—serve the Judgment Creditors with

filled-out versions of the attached Answers to Questions about

Judgment Debtors' Property form at least three (3) days before

the Debtors' Examination, and if the Judgment Creditors are

satisfied that the Judgment Debtors have answered the questions

fully and truthfully, the Judgment Creditors shall cancel the

Debtors' Examination and notify the Debtors and the Court.

Otherwise, the Judgment Debtors must attend the Debtors'

Examination at counsel's office.

2

**Exhibit E, Page 2**

6.    The Judgment Debtors must not sell, transfer, dissipate, or
      otherwise dispose of any non-exempt property.  *See* Utah Code§
      78B-5-501 to -513 (listing exempt property).

7.    If the Judgment Debtors fail to comply with this order, the Court
      may impose sanctions against Judgment Debtors under Rule 7A
      of the Utah Rules of Civil Procedure.

**Judgment Debtors Take Notice**:

The court has scheduled a Debtors' Examination for Ammon Bundy and People's Rights

Network with the Judgment Creditors' counsel, Holland & Hart LLP, at the following date, time,

and location:

**Snow Jensen & Reece, P.C.**

**912 West 1600 South, Suite B200**

**St. George, UT 84770**

**June 20, 2024 at 9:00 am**

**SO ORDERED.**

**In accordance with Utah R. Civ. P. 10(e) and Utah State District Courts Efiling Standard**

**No. 4, this Order does not bear the handwritten signature of the Court, but instead displays**

**an electronic signature at the top of the first page of this Order.**

**Exhibit E, Page 3**

May 10, 2024 12:01 PM                                                            3 of 3

The Order of the Court is stated below:
Dated: June 10, 2024          At the direction of:
       11:08:53 AM        /s/  ERIC A LUDLOW
                               District Court Judge
                          by
                          /s/  SHAWNA YOUNG
                               District Court Clerk

Darren G. Reid (11163)
Benjamin D. Passey (19324)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
dgreid@hollandhart.com

*Attorneys for Plaintiffs and Judgment Creditors*

---

**IN THE FIFTH JUDICIAL DISTRICT COURT
IN AND FOR WASHINGTON COUNTY, STATE OF UTAH**

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD.; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.; CHRIS ROTH; NATASHA ERICKSON, M.D.; and TRACY JUNGMAN, N.P.; | **AMENDED ORDER GRANTING EX PARTE MOTION FOR SUPPLEMENTAL PROCEEDING: EXAMINATION TO IDENTIFY JUDGMENT DEBTORS' PROPERTY** |
|      Plaintiffs and Judgment Creditors, | |
| v. | |
| AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; DIEGO RODRIGUEZ, an individual; FREEDOM MAN PRESS LLC, a limited liability company; FREEDOM MAN PAC, a registered political action committee; and PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association; | Case No. 246501034 <br><br> Judge Eric A. Ludlow |
|      Defendants and Judgment Debtors. | |

Having reviewed the Ex Parte Motion for Supplemental Proceeding: Hearing to Identify

Judgment Debtor's Property (the "Motion"), and for good cause otherwise appearing, the Court

hereby ORDERS that the Motion is GRANTED.

1.      Judgment Creditors obtained a $51,928,306.20 judgment and permanent

        injunction (the "Judgment") against the above-named Defendants and Judgment

        Debtors in Idaho state court.  Judgment Creditors filed a certified and exemplified

        copy of the Judgment on October 13, 2023, in the Third Judicial District Court, in

        and for Salt Lake County, State of Utah; and Plaintiffs filed another certified and

        exemplified copy of the Judgment on April 15, 2024, in this Fifth Judicial District

        Court.

2.      The Judgment Debtors have not satisfied the Judgment.

3.      Judgment Creditors do not have enough information about the Judgment Debtors'

        property and assets to fully collect the judgment.

4.      The Answers to Questions About Judgment Debtors' Property form is likely to

        gather the information needed to collect the judgment.

5.      If the Judgment Debtors—including, specifically, Ammon Bundy

        and People's Rights Network—serve the Judgment Creditors with

        filled-out versions of the attached Answers to Questions about

        Judgment Debtors' Property form at least three (3) days before

        the Debtors' Examination, and if the Judgment Creditors are

        satisfied that the Judgment Debtors have answered the questions

        fully and truthfully, the Judgment Creditors shall cancel the

Debtors' Examination and notify the Debtors and the Court.

Otherwise, the Judgment Debtors must attend the Debtors'

Examination at counsel's office.

6.    The Judgment Debtors must not sell, transfer, dissipate, or

otherwise dispose of any non-exempt property.  *See* Utah Code§

78B-5-501 to -513 (listing exempt property).

7.    If the Judgment Debtors fail to comply with this order, the Court

may impose sanctions against Judgment Debtors under Rule 7A

of the Utah Rules of Civil Procedure.

**Judgment Debtors Take Notice**:

The court has scheduled a Debtors' Examination for Ammon Bundy and People's Rights

Network with the Judgment Creditors' counsel, Holland & Hart LLP, at the following date, time,

and location:

**Snow Jensen & Reece, P.C.**

**912 West 1600 South, Suite B200**

**St. George, UT 84770**

**June 20, 2024 at 11:00 am**

**SO ORDERED.**

**In accordance with Utah R. Civ. P. 10(e) and Utah State District Courts Efiling Standard**

**No. 4, this Order does not bear the handwritten signature of the Court, but instead displays**

**an electronic signature at the top of the first page of this Order.**

3

**Exhibit E, Page 6**