Erik F. Stidham (*Admitted pro hac vice*)
Robert A. Faucher (*Admitted pro hac vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**ST. LUKE'S CREDITORS' MOTION TO COMPEL BUNDY MOTORS COMPANY'S COMPLIANCE WITH RULE 2004 SUBPOENA**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together the "St. Luke's Creditors"), submit their Motion to Compel Bundy Motors Company's Compliance with Rule 2004 Subpoena as follows:

I.     INTRODUCTION

1. The St. Lukes' Creditors properly served Bundy Motors Company ("BMC") with a subpoena requiring BMC: (1) to provide responsive documents by October 25, 2024; and (2) to appear for a Rule 2004 Examination in Las Vegas on October 30, 2024. Leading up the production and examinations dates, counsel for the St. Luke's Creditors was in contact with BMC's registered agent, Ryan Bundy, the brother of Debtor Ammon Bundy ("Debtor Bundy"). In communications with counsel for the St. Luke's Creditors, Ryan Bundy of BMC mocked the process by demanding more than $10,000 to appear as a witness, refused to comply with the production requirements, and, eventually, stated unequivocally that no one for BMC would be appearing for an examination. And in its most recent written correspondence, BMC told the St. Luke's Creditors that they could "go to hell" and that BMC would not be "subject . . . to any court . . . ." Declaration of Robert A. Faucher Regarding Bundy Motors Company's Rule 2004 Examination ("Faucher Decl."), Ex. B.

2. The deadlines for production and examination have passed. BMC failed to produce the documents that the subpoena demanded. BMC flatly refused to show up for the oral examination called for in the subpoena.

3. BMC possesses information crucial to the fair resolution of the bankruptcy. Evidence indicates that Debtor Bundy fraudulently conveyed more than $425,000 to his brother Ryan Bundy in March of 2024 to hide assets from the St. Luke's Creditors. Moreover, evidence indicates that the $425,000 was used to start up the BMC business. Prepetition, Debtor Bundy has appeared in the media indicating he has an interest in BMC. In a recent interview, Debtor Bundy makes statements indicating that he owns and operates BMC. In his bankruptcy filings, Debtor Bundy has failed to declare his interest in the $425,000 conveyed to Ryan Bundy and in BMC.

4. The St. Luke's Creditors request the Court order BMC to produce documents by December 11, 2024 and appear for examination in St. George, Utah on or before December 18, 2024.

## II.  STATEMENT OF FACTS

5. This bankruptcy case was filed on July 17, 2024. However, the St. Luke's Creditors have been trying to recover their judgment against Debtor Bundy for almost a year before the filing. Faucher Decl., ¶ 2.

6. As part of their prepetition post-judgment discovery efforts, as supplemented by their post-petition discovery in this bankruptcy case, the St. Luke's Creditors have uncovered a prepetition transfer of $425,000 from Debtor Bundy to BMC and/or Ryan Bundy, ostensibly President of BMC. *See id*., ¶ 5 & Exs. D, E. F.

7. Specifically, in late 2023, a mortgagor of Debtor Bundy repaid approximately $507,000 which the mortgagor owed to Debtor Bundy. *Id*., ¶ 5 & Ex. E at 1. The mortgagor made the payment to a straw man Debtor Bundy had used to conceal the transfer. *Id*. The straw man, eventually becoming uneasy serving in the middle of Debtor Bundy's attempted fraudulent conveyance, insisted on returning the money to Debtor Bundy. *Id*. However, Debtor Bundy, using yet another intermediary, nonetheless ultimately transferred nearly all of that money instead to BMC and/or his brother Ryan Bundy in March 2024. *Id*., ¶ 5 & Exs. C, E, F. Specifically, after routing the money through the straw man and his second intermediary, Debtor Bundy transferred $425,000 to Ryan C. Bundy, BMC's President, on March 4, 2024. *Id*., Ex. D. Debtor Bundy did not disclose the transfer in his schedules or statements.

8. On September 30, 2024, the St. Luke's Creditors filed a Motion for Rule 2004 Examination of, and Production of Documents by, BMC. Dkt. 82. In that motion, the St. Luke's

Creditors note that, although Debtor Bundy did not disclose any relationship with BMC in his schedule of assets and liabilities or in his statement of financial affairs, he actively operates and acts as the owner of BMC's activities. *Id.*, ¶¶ 3, 5.

9. The Court granted the St. Luke's Creditor's Motion for Rule 2004 Examination on October 1, 2024. Dkt. 111.

10. On October 9, 2024, the St. Luke's Creditors properly served a subpoena for Rule 2004 Examination on the registered agent of BMC, Ryan Bundy. Service was affected by personal service on Ryan Bundy in Mesquite, Nevada. *See* Faucher Decl., Ex. A. The subpoena included narrowly tailored document requests that were targeted at obtaining information relating to BMC's books, financial records, and account statements, along with documents it exchanged with Debtor Bundy and documents reflecting transactions with Debtor Bundy, Debtor Bundy's wife, and other Debtor-affiliated entities. *Id*. The subpoena commanded BMC to produce documents by October 25, 2024, and to appear for a Rule 2004 Examination in Las Vegas on October 30, 2024. *Id*.

11. On October 24, Ryan Bundy emailed the St. Luke's Creditors' counsel stating that: (1) he was the sole owner of BMC; (2) he would only attend the examination if the St. Luke's Creditors were to pay him his "daily rate" of $10,000; and (3) he may cooperate so long as the St. Luke's Creditors "goal aligns with my goals[.]" *Id*., Ex. B at 7.

12. Counsel for the St. Luke's Creditors responded the same day, stating, among other things, that Ryan Bundy's claim for $10,000 was contrary to law and that the St. Luke's Creditors had already paid BMC the required witness and mileage fees. *Id*. at 4-6. Counsel also inquired as to whether BMC was going to comply with the subpoena. *Id*.

13. Ryan Bundy responded the next day by producing only two documents—a one-page, heavily redacted credit account statement and BMC's articles of incorporation—and writing that he "will not be traveling to Las Vegas to attend" the depositions. *Id*. at 3-4 & Ex. C.

14. In the next round of discussions, BMC's tone degenerated further. BMC's President Ryan Bundy wrote as follows: "Be it known now and forever, I will not send you any additional information nor will I comply with any court order or subpoena." *Id*., Ex. B at 1. BMC informed the St. Luke's Creditors that they could "go to hell" because they "have no right to know more of my company." *Id*. BMC's President Ryan Bundy concluded: "I am not your slave, nor subject, nor serf. Nor am I subject, serf or slave to any court." *Id*.

15. Now, given BMC's admitted refusal to comply with the subpoena, the St. Luke's Creditors bring this motion asking the Court to compel BMC to produce the requested documents no later than December 11, 2024, to attend an oral examination in Las Vegas on December 15, 2024, and to pay the St. Luke's Creditors' attorney fees incurred in bringing this motion.

### III.     ARGUMENT

16. The Court has authority to compel BMC's compliance with the Rule 2004 Subpoena pursuant to Bankruptcy Rule 9016, incorporates Federal Rule of Civil Procedure 45, and Bankruptcy Rule 7037, which incorporates Federal Rule of Civil Procedure 37. Moreover, the Court may hold BMC in contempt if it determines that BMC fails without adequate excuse to obey the subpoena. Fed. R. Civ. Proc. 45(g).

17. Here, the St. Luke's Creditors issued and served a subpoena that required BMC to produce the requested documents by October 25 and to attend a Rule 2004 examination on October 30. Faucher Decl., Ex. A.

18. BMC refused to comply with the subpoena. Although the subpoena required BMC to produce information relating to its books, its financial records, and its account statements, along

with documents exchanged with Debtor Bundy or reflecting transactions with Debtor Bundy, Debtor Bundy's wife, and Debtor-affiliated entities, BMC produced only two documents: its articles of incorporation and page one of an eleven-page credit union account statement (which is heavily redacted). And it flat out refused to attend the Rule 2004 Examination. *See id.*, Exs. A, B at 3-4, C.

19. BMC has provided no legitimate justification for its refusal to comply with the subpoena. It did not file a motion to quash the subpoena. And the only reason it gave for its refusal—that requiring its attendance without paying Ryan Bundy's "daily rate" of $10,000 violated the 13th Amendment's prohibition on involuntary servitude—was immediately dispelled by the St. Luke's Creditors. *See id.*, Ex. B at 4-6 (informing BMC that courts reject its "involuntary servitude" theory and citing *State v. McKinney*, 743 N.W.2d 550 (Iowa 2008)). BMC simply had no "adequate excuse" to disobey the subpoena. Fed. R. Civ. Proc. 45(g).

20. BMC's failure to comply was willful, as evidenced by the email correspondence summarized above.

21. Given BMC's willful disobedience to a lawful subpoena, the Court should exercise its discretion and order BMC to produce the requested documents and attend the requested examination.

22. The Court should also sanction BMC by ordering it to pay the reasonable costs and fees incurred in bringing this Motion.

## CONCLUSION

WHEREFORE, the St. Luke's Creditors ask the Court to grant this Motion to Compel and order BMC to produce the documents requested in the subpoena by December 11, 2024, and sit

for a Rule 2004 oral examination on December 16, 2024. The St. Luke's Creditors also ask the Court to award the reasonable fees and costs incurred in bringing this motion.

DATED this 7th day of November, 2024.

        HOLLAND & HART LLP

        */s/ Erik F. Stidham*
        Erik F. Stidham (Admitted Pro Hac Vice)
        Robert A. Faucher (Admitted Pro Hac Vice)

        HOLLAND & HART LLP
        As local counsel

        */s/ Engels Tejeda*
        Darren G. Reid (#11163)
        Engels Tejeda (#11427)
        Benjamin D. Passey (#19234)

        Attorneys for St. Luke's Health System, Ltd.,
        St. Luke's Regional Medical Center, Ltd.,
        Chris Roth, Natasha Erickson, M.D., and
        Tracy Jungman, NP

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffman | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

Bundy Motors Company
Attn: Ryan Bundy
President and Registered Agent
361 Riverside Road
Mesquite, NV 89027

By Internet email:

Ammon Edward Bundy
aebundy@bundyfarms.com
aebundy@msn.com

Bundy Motors Company
bundymotors27@gmail.com

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)
Robert A. Faucher (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP

33582238_v2