Erik F. Stidham (*Admitted pro hac vice*)
Robert A. Faucher (*Admitted pro hac vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

## DECLARATION OF ROBERT A. FAUCHER REGARDING BUNDY MOTORS COMPANY'S RULE 2004 EXAMINATION

I, Robert A. Faucher, declare and state as follows:

1.      I am a partner in the Boise office of the law firm of Holland & Hart LLP and am

licensed to practice law in the State of Idaho.  I am admitted to this Court *pro hac vice* for this

case.  Along with my colleagues identified above, I am counsel for St. Luke's Health System, Ltd.,

St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman, NP (collectively, the "St. Luke's Creditors").  I am familiar with the facts and proceedings in this matter and have personal knowledge of the matters stated in this Declaration.

2.      The St. Luke's Creditors have been trying to recover their judgment against Debtor Ammon Bundy for almost a year before Debtor Ammon Bundy filed this bankruptcy case.  This Court entered an order as Docket No. 111 granting the St. Luke's Creditors' motion to take a rule 2004 examination of Bundy Motors Company ("BMC").

3.      Attached hereto as **Exhibit A** is a true and complete copy of a notice of personal service with respect to St. Luke's' service of the subpoena upon BMC on October 9, 2024.

4.      Attached hereto as **Exhibit B is** a true and complete copy of the email string between me and Ryan Bundy, President of BMC, regarding the Subpoena and BMC's responses thereto.  Exhibit B does not include BMC's document production.  The entire document production is attached as **Exhibit C**. The second page of Exhibit C appears to show that BMC and Ryan Bundy jointly own an account.

5.      In late 2023, a mortgagor of Debtor Bundy repaid approximately $ 507,000 which the mortgagor owed to Debtor Bundy.  The mortgagor made the payment to a straw man Debtor Bundy had used to conceal the transfer. The straw man, eventually becoming uneasy serving in the middle of Debtor Bundy's attempted fraudulent conveyance, insisted on returning the money to Debtor Bundy. However, Debtor Bundy, using yet another intermediary, Abish-husbondi Inc., nonetheless ultimately transferred nearly all of that money instead to BMC and/or his brother Ryan Bundy in March 2024. Specifically, after routing the money through the straw man and Abish-husbondi Inc., Debtor Bundy transferred $425,000 of money to Ryan C. Bundy, BMC's President,

on March 4, 2024. Attached hereto as **Exhibit D** is a true and complete copy of a Mountain America Credit Union account statement for Abish-husbondi Inc., showing that Abish-husbondi Inc. transferred $425,000 to a Mountain America Credit Union account of Ryan Bundy on March 3, 2024.

6.      Attached hereto as **Exhibit E** is a true and complete copy of an Estopped [sic] Certificate, Release & Waiver executed by Debtor Ammon Bundy and Lisa Bundy in favor of Global Trading & Investments, Inc. (the "Certificate").  The Certificate addresses "certain funds belonging to Ammon E. and Lisa M. Bundy" that the Bundys are directing that Global Trading & Investments, Inc. transmit to Abish-husbondi Inc. instead of to the Bundys.

7.      Attached hereto as **Exhibit F** is a true and complete copy of an account statement of a Mountain America Credit Union account owned by Abish-husbondi Inc. reflecting the deposit of the wire referenced in Exhibit E into the Abish-husbondi account, in the amount of $487,167.36 on January 24, 2024.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of November, 2024.

*/s/ Robert A. Faucher*
Robert A. Faucher

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffmann | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

Bundy Motors Company
361 Riverside Road
Mesquite, NV 890-27

By Internet E-mail upon:

Bundy Motors Company
bundymotors27@gmail.com

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)
Robert A. Faucher (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP

33596190_v1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

Ammon Edward Bundy
    Debtor

**DECLARATION OF SERVICE**

Case Number: 24-23530

COMES NOW, _Wendy Neff_ , hereby declares and says: That I am over the age of eighteen (18) years, and not a party to the action or related to any of the parties in the above entitled action. I received a true copy of the **Subpoena for Rule 2004 Examination** and delivered the same upon **Bundy Motors Company** by delivering to and leaving with Ryan Bundy, Registered Agent for Bundy Motors

At:(Address) _361 Riverside Rd_

(City, State, Zip) _Mesquite, NV 89027_

on the _9th_ day of _October_ , 2024, at _07:10_ o'clock _p_ .m.

I also tendered and paid the sum of **$171.00**, (Witness Fee Tendered), at the time and place of service.

I declare under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

**(Date)** _10/10/2024_

_____ **PROCESS SERVER**

Our Reference Number: 216471
Client Reference: > Lauren Wigginton

Subject and spouse were eating at the kitchen table about 10' from the door. Spouse answered the door and left it fully open so I could see Ryan Bundy at the table. When I asked for him she asked what it was regarding. After telling her what it was loud enough for him to hear she looked back at him and his rolled his eyes and shook his head. The wife then said he wasn't available so I told her I was leaving it at the doorstep and she said that was fine. Vehicles with Ida tag 1M0696U and Utah tag 30AJ4 present.

**Exhibit A, Page 1**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Nevada__

In re __Ammon Edward Bundy__      Case No. __24-23530__ (United States Bankruptcy Court,
_____
               Debtor                                               District of Utah)

                                                               Chapter   __7__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Bundy Motors Company__
_____
_(Name of person to whom the subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Holland & Hart LLP<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134 | October 30, 2024<br>9:30 a.m. PDT |

The examination will be recorded by this method: __by stenographic means and audio-visual recording.__

                                                         produce
☑ _Production:_ You, or your representatives, must also ~~bring with you to the examination~~ the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    See Exhibit A. Your production is due by October 25, 2024.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 8, 2024__

               CLERK OF COURT

                                          OR

_____            _____
    _Signature of Clerk or Deputy Clerk_                         _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
__St. Luke's Health System, Ltd.__ , who issues or requests this subpoena, are:
    Lauren Wigginton, Holland & Hart LLP, 9555 Hillwood Drive, 2nd Flr., Las Vegas, Nevada (702) 222-2611
    LDWigginton@hollandhart.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit A, Page 2**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

<div align="right">

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

</div>

Additional information concerning attempted service, etc.:

**Exhibit A, Page 3**

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A, Page 4**

## EXHIBIT A

To Subpoena for Rule 2004 Examination, issued to Bundy Motors Company
*In Ammon Edward Bundy*, Case No. 24-23530, United States Bankruptcy Court, District of Utah

You are obligated to produce the documents identified below, in accordance with the Definitions set forth below, no later than October 25, 2024. You shall produce copies of those documents at the following location:

> Holland & Hart LLP
> 222 South Main Street
> Suite 2200
> Salt Lake City, UT 84101

Or, you may deliver the documents to that location and make them available for copying by the parties who issued the subpoena. Or, you may deliver the documents in electronic form to:

> efstidham@hollandhart.com  and
> rfaucher@hollandhart.com

You shall identify, with respect to all of the produced Documents, the paragraph number of the request(s) below to which such Document is responsive.

## DEFINITIONS

"Abish-husbondi" means Abish-husbondi Inc., a Wyoming corporation now known as Kekoa Grove, Inc.

"Bankruptcy Case" means *In re Ammon Edward Bundy*, Case No. 24-23530, United States District Court, District of Utah.

"Books" means Documents consisting of books and records of a business enterprise, including without limitation, articles of organization, articles of incorporation, by-laws, meeting minutes, stock transfer ledgers, stock register, stock certificates or other evidence of equity ownership, indemnification agreements and shareholders' agreements.

"Debtor" means Ammon E. Bundy.

"Document" or "Documents" shall mean the original, all copies and drafts of papers and writings and data of every kind, description and form, whether handwritten or typed, and all mechanical, magnetic media and electronic recordings, records and data of every kind, description and form, and all photographs of every kind, and including, without limiting the generality of the foregoing, the following: correspondence, letters, texts, voice messages, instant messages, notes, e-mails, computer files, memoranda, reports, notebooks, binders, drawings, studies, analyses, drafts, diaries, calendars, datebooks, appointment books, day-timers, intra- or inter-office communications, canceled checks, minutes, bulletins, circulars, pamphlets, telegrams, instructions, work assignments, messages (including reports, notes and memoranda of telephone

EXHIBIT A TO SUPBOENA - 1

conversations and conferences), telephone statements, calendar and diary entries, desk calendars, appointment books, job or transaction files, books of account, ledgers, bank statements, promissory notes, invoices, charge slips, working papers, graphs, charts, lab books, lab notes, lab journals or notebooks, evaluation or appraisal reports, pleadings, transcripts of testimony or other documents filed or prepared in connection with any court or agency or other proceeding, deeds, mortgages, deeds of trust, contracts, agreements, assignments, instruments, charges, opinions, official statements, prospectuses, appraisals, feasibility studies, trust, releases of claims, charters, certificates, licenses, leases, invoices, computer printouts or programs, summaries, audio, video or sound recordings, cassette tapes, video recorded, electronic or laser recorded, or photographed information. Documents are to be taken as including all attachments, enclosures and other documents that are attached to, relate to or refer to such documents. "Documents" shall include "Electronically Stored Information" as defined herein. "Documents" shall include all of the foregoing transmitted through, or stored in, without limitation, the Signal messaging service. "Documents" shall mean all of the foregoing Documents in Your custody or control.

"Dono Custos" means Dono Custos, Inc. a Wyoming corporation.

"Electronically Stored Information" means information made, maintained, retained, stored, or archived by computer or electronic means in any medium, including but not limited to word processing documents, email, email attachments, databases, spreadsheets, writings, drawings, graphs, photographs, sound recordings, images, data, and data compilations. Electronically Stored Information shall include prior versions of information, as defined above, as well as all attachments, and shall include information stored on personal digital assistants, cell phones, Blackberries, personal laptop computers, hard drives, portable hard drives, and other similar devices.

"Financial Account Statements" means Documents, including account statements and correspondence, with respect to any financial accounts, including without limitation bank accounts, credit union accounts, securities accounts, credit card accounts, commodities accounts, retirement accounts, 401(k) accounts, Roth accounts, IRA accounts and investment accounts, including all attachments to such statements (such as copies of checks); provided, however, that the term does not include the Already-Obtained Statements.

"Financial Records" means Documents consisting of Financia Account Statements, financial records and software of a business enterprise, whether or not incorporated, including without limitation account and other ledgers, bookkeeping data, accounting data, QuickBooks, etc.

"Other Entities" means Bundy Brazilian Steakhouse, and, in addition, any business enterprise, whether or not incorporated, in which Debtor during the period January 1, 2022 (i) was an officer, (ii) was a director, (iii) held 10% or more of the equity, (iv) was a manager; or (v) was a manager; and "Other Entity" means any of them.

"Petition Date" means July 17, 2024.

"You" means Bundy Motors Company, your agents, attorneys, employees, representatives, investigators, consultants and attorneys, and "Your" is the possessive form of You.

EXHIBIT A TO SUBPOENA - 2

**Exhibit A, Page 6**

## Documents You are Obligated to Produce

1. All Books of You from January 1, 2022-present.

2. All Financial Records of You from January 1, 2022-present.

3. All Financial Account Statements of You from January 1, 2022-present.

4. All Documents exchanged between You and Ammon Bundy from January 1, 2022-present.

5. All Documents reflecting any transactions on and after January 1, 2022 between You and any of these persons: Debtor; Lisa Bundy; Abish-husbondi; Dono Custos; and any Other Entity.

EXHIBIT A TO SUBPOENA - 3

**Exhibit A, Page 7**

**This order is SIGNED.**

**Dated: October 1, 2024**





**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

*msc*

*Order Prepared and Submitted by:*

Erik F. Stidham (Idaho Bar No. 5483) (Admitted pro hac vice)
Robert A. Faucher (Idaho Bar No. 4745) (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd.,*
*Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>AMMON EDWARD BUNDY,<br><br>Debtor. | Bankruptcy No. 24-23530<br><br>Chapter 7<br><br>Honorable William T. Thurman |

---

### ORDER GRANTING THE ST. LUKE'S CREDITORS' MOTION PURSUANT TO FED.R.BANKR.PRO. 2004 FOR AN ORDER AUTHORIZING AN EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY, BUNDY MOTORS COMPANY

---

The Court having reviewed and considered The St. Luke's Creditors' Motion Pursuant to

Fed. R. Bankr. Pro. 2004 for an Order Authorizing an Examination of, and Production of

Documents by, Bundy Motors Company (the "Motion"); and

Good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED.

2.    St. Luke's Health  System, Ltd., St. Luke's Regional Medical Center, Ltd. Chris

Roth, Natasha Erickson and  Tracy Jungman, or any of them, are authorized to issue subpoenas

to Bundy Motors Company (1) for production of documents by it with at least 14 days' prior

written notice; and (2) for an oral examination of it with at least 14 days' prior written notice.

------------ End of  Document ------------

2

**Exhibit A, Page 9**

## DESIGNATION OF PARTIES TO BE SERVED

Service for the foregoing Order shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system.

| | |
|---|---|
| Mark C. Rose | trustee@mbt-law.com |
| McKay, Burton & Thurman, P.C. | |
| | |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |
| | |
| Darren G. Reid | dgreid@hollandhart.com |
| Engels Tejeda | ejtejeda@hollandhart.com |
| Benjamin D. Passey | bdpassey@hollandhart.com |
| Erik F. Stidham | efstidham@hollandhart.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Holland & Hart LLP | |

**By U.S. Mail / Electronic Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served Notice pursuant to Fed. R. Civ. P. 5(b).

**By U.S. First Class Mail – postage prepaid:**

Ammon Edward Bundy, *pro se*
P.O. Box 1062
Cedar City, UT 84721

Dated: October ___, 2024.

/_____

33004469_v2

3

**Exhibit A, Page 10**

**From:** Ryan Bundy <bundymotors27@gmail.com>
**Sent:** Tuesday, November 5, 2024 8:48 PM
**To:** Robert Faucher
**Subject:** Re: Bundy Motors

**External Email**

Be it known now and forever, I will not send you any additional information nor will I comply with any court order or subpoena.
You desire and intent to force from me the truth all the while this entire case is based upon lies.
Ammon Bundy is the most noble man I know. He is honest, He is brave, and he stands for the downtrodden to bear them up in their most terrible time of need. Such is the case when St. Luke's Hospital viscously kidnaped baby Sirus from his loving and caring parents. Who went, in good faith, to St. Lukes for medical help because they knew their baby was struggling with something. But instead of helping St. Luke compounded the troubles upon those good and loving parents and their baby Sirus by falsely treating them as though they were child abusers, attempting to send their son into foster care. My hell what kind of monsters are they?
St, Luke's defamation lawsuit against Ammon is nothing but lies. St. Luke's are the guilty ones of defamation against him, while all that he said of them is substantiated truth.
So while the truth is that Ammon does not have ownership in Bundy Motors. You have no right to know more of my company. So go to hell with any further inquiry.
I am not your slave, nor subject, nor serf. Nor am I, subject, serf or slave to any court.

Ryan Bundy

On Tue, Nov 5, 2024 at 7:29 PM Ryan Bundy <bundymotors27@gmail.com> wrote:
> Robber Foucker,
>
> Be it known now and forever, I will not send you any additional inq
>
> On Tue, Nov 5, 2024 at 4:10 PM Robert Faucher <RFaucher@hollandhart.com> wrote:
>> Mr Bundy,
>>
>>
>> I write in response to your October 25 email.
>>
>>
>> BMC's October 25 Document Production
>>
>>
>> The October 25 document production of Bundy Motors Company ("BMC") was wholly unsatisfactory.

**Exhibit B, Page 1**

We know that there is a commercial relationship between BMC and Ammon Bundy because, among other things, he features prominently in BMC's online marketing.  He roams freely through what appears to be BMC's business premises.  He lauds its products.

I've attached our subpoena. Please refer to it again.  It obligates BMC to produce the documents identified there.

Instead, BMC has produced a single heavily-redacted page of an unidentifiable bank/credit union account statement (the "Produced Page") and one other document.  Of course, this is a wholly insufficient production as compared to the documents subject to the subpoena.

In your e-mail below, you represent that Ammon Bundy is not a shareholder of BMC. However, you haven't produced any of the subpoenaed documents that would document this contention.  Furthermore, the documents demanded in the subpoena are not limited to the question of whether Ammon Bundy is a shareholder.  BMC has no basis whatsoever to refuse to comply with a subpoena on the grounds that Ammon Bundy is ostensibly not a shareholder of BMC.

<u>Discovery to be Directed to Ryan Bundy</u>

I would point out that BMC and you appear to be co-owners of the account that is the subject of the Produced Page.  This further supports my contention from yesterday that you, too, have a relationship with Ammon Bundy. We will explore that that relationship in discovery directed to you personally.

<u>Further Document Production</u>

Because BMC's document production is wholly unsatisfactory, I would reiterate my demand that it comply with the subpoena to avoid a motion to compel from my clients.  Please cause BMC to produce all of the subpoenaed documents by tomorrow, November 5. Absent a fulsome and complete production, my client will be moving to compel production of the documents.

<u>Deposition</u>

**Exhibit B, Page 2**

While I appreciate your unequivocal statement that BMC will not be appearing at the scheduled deposition, I would ask it to reconsider. There is no basis for BMC not to appear. My clients will move to compel its appearance should BMC maintain its present stance that it will not be appearing. Please let me know if BMC is willing to consent to a deposition on a date we can mutually agree upon.

Conclusion

While I appreciate your attention to date to our e-mail exchange, the substance of that exchange, and BMC's refusal to cooperate, are wholly unsatisfactory. I would again ask it to reconsider its approach to the lawful subpoena.

**Bob Faucher**

Partner, Holland & Hart LLP

rfaucher@hollandhart.com | **T:** (208) 383-3941  |  **M:** (208) 283-6781  |  **F:** (208) 343-8869

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

**From:** Ryan Bundy <bundymotors27@gmail.com>
**Sent:** Friday, October 25, 2024 10:55 AM
**To:** Robert Faucher <RFaucher@hollandhart.com>
**Subject:** Re: Bundy Motors

**External Email**

Robert Foucher

As your clients' goals are to understand the commercial relationship between Bundy Motors Company and you, on the one hand, with Ammon Bundy and Abish-husbondi Inc. on the other hand, I will comply with your request for documents.

Attached you will find the Articles of Incorporation for BUNDY MOTORS, and a bank statement.

**Exhibit B, Page 3**

The relationship between BUNDY MOTORS and I are that I am the owner and 100% shareholder of the company.

Ammon Bundy is not the owner and holds 0% shares in the company

ABISH-HUSBONDI INC. has no association with BUNDY MOTORS

I will not be traveling to Las Vegas to attend your deposition.

Sincerely

Ryan Bundy

On Thu, Oct 24, 2024 at 1:10 PM Robert Faucher <RFaucher@hollandhart.com> wrote:

Mr. Bundy,

Thanks again for your response.  I very much appreciate your prompt and frank statements.

I offer below some thoughts from my perspective.  I look forward to hearing your responses.  I appreciate your offer of cooperation.

First, it is now clear to me that we will need to subpoena documents from you personally and take a deposition of you personally.  In order for me to do that, I need a court order permitting that.  After I obtain my order, I will issue a subpoena to you personally.

I would suggest that we conduct the examination of you and Bundy Motors Company at the same time, to minimize the disruption to you.

You do not have the right to be paid compensation.  Bundy Motors Company is a fact witness.  Bundy Motors Company and you have participated in transactions with Ammon Bundy and we have the right to inquire about those things.  That's why the court entered an order allowing us to subpoena Bundy Motors Company, and that's why the court will enter an order allowing us to subpoena you.

**Exhibit B, Page 4**

Fact witnesses cannot successfully demand compensation.  With the exceptions discussed in the next few paragraphs, fact witnesses are not entitled to money. You specifically mention involuntary servitude. Courts reject that idea:  "The prohibition against involuntary servitude in the Thirteenth Amendment does not apply when an individual owes a public duty to provide evidence in a court of law.  Courts have upheld the constitutionality of a statute providing for insignificant material witness fees when the witness attacked the statute on involuntary servitude grounds.  Compelling a person to perform his or her civic duty to testify in a court of law, even under the threat of contempt or criminal sanctions, does not violate the prohibition against involuntary servitude."  State v. McKinney, 743 N.W.2d 550 (Iowa 2008).

As the quotation above suggests, witnesses are entitled to witness fees.  I have already paid Bundy Motors Company the federal witness fee.  I will pay you a second federal witness fee in connection with me subpoenaing you personally.  Witnesses are entitled to mileage fees.  I've already paid Bundy Motors Company mileage.  Since you'll be only making a single trip to Las Vegas, I'm not inclined to pay you a second mileage fee.

As far as the cost of producing the documents is concerned, the party producing the documents typically bears those costs.  However, there is law on "cost sharing," under which the party that has issued the subpoena shares in the cost imposed on the party producing the documents.   That's atypical. If Bundy Motors Company feels that this would be an appropriate case for cost-sharing, please articulate that request and the basis for it.  This doesn't seem to me to be a case for cost-sharing because there won't be thousands of responsive documents.  However, if you have a different idea, let me know.

More generally, I'm happy to work with you to minimize the burden upon Bundy Motors Company as long as my clients can get the discovery to which they are entitled.

As far as my clients' goals, they are to understand the commercial relationship between Bundy Motors Company and you, on the one hand, with Ammon Bundy and Abish-husbondi Inc. on the other hand.

As of this moment, I have served Bundy Motors Company with a valid subpoena, together with the appropriate witness and mileage fees.  It is legally obligated to perform, and  I expect it to fulfil its obligations under that subpoena. That means it must produce the documents tomorrow and attend the examination in Las Vegas on October 30.

If Bundy Motors Company is not going to comply with the subpoena, I would ask that Bundy Motors Company file a motion with the Nevada court to quash the subpoena prior to the date of first performance, tomorrow, October 25.  If my clients incur costs and Bundy Motors Company doesn't perform, then my clients would have a likelihood of recovering its fees and costs from Bundy Motors Company.  So, for example, when I go to Las Vegas to take Bundy Motors Company's examination on October 30, were Bundy Motors Company  not to show

**Exhibit B, Page 5**

up, then my clients would probably win an order from the Court obligating Bundy Motors Company to pay those fees and costs (the court reporter, airfare, etc.) to my client.

With all that as prologue, I would ask you to get back to me on these fives issues, preferably by tomorrow, when Bundy Motors Company's documents are due:

1. It isn't necessary for Bundy Motors Company to go to Las Vegas tomorrow to produce the documents.  You can UPS or FedEx them to me, or my firm's Las Vegas office, or you can transmit them to me electronically. Let me know how you wish to proceed.
2. If you would prefer to have the October 30 deposition somewhere other than Las Vegas, I would likely be flexible. Let me know.
3. If Bundy Motors Company is flatly refusing to produce the documents on October 25 or appear at the deposition on October 30, please unequivocally let me know that now.  Then, I can bring my motion to compel with the Court without having to incur a bunch of fees and travel costs that my clients would seek to recover from Bundy Motors Company if Bundy Motors Company simply fails to show up without advance warning.
4. If you want to put the document production and the deposition off for 3-4 weeks so that I can subpoena you and Bundy Motors Company for a single production and a single deposition, let me know what dates and location work for the single document production and the single deposition. If you request we proceed that way, I want to set certain dates and I would like you to acknowledge that you intend to appear on those dates on behalf of both Bundy Motors Company and yourself.
5. I'm happy to entertain a proposal from you for cost-sharing on the document production.

Thanks again. I look forward to hearing from you.

**Bob Faucher**

Partner, Holland & Hart LLP

rfaucher@hollandhart.com | **T:** (208) 383-3941   |   **M:** (208) 283-6781   |   **F:** (208) 343-8869

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

**From:** Ryan Bundy <bundymotors27@gmail.com>
**Sent:** Thursday, October 24, 2024 10:05 AM
**To:** Robert Faucher <RFaucher@hollandhart.com>
**Subject:** Bundy Motors

**Exhibit B, Page 6**

**External Email**

Dear Mr. Faucher

To make matters clear this is Ryan Bundy who is writing.

1)  I, Ryan Bundy,  am the sole owner of Bundy Motors.  Ammon Bundy is not an owner.

2) If you wish for me to attend your deposition, or to produce the documents you desire, like you, I do not work for free. I require advance compensation for the days spent in your service. If you wish to purchase my time and services my daily rate is $10,000.00 plus traveling expenses. Please send payment in advance to schedule an appointment.  If you expect service without compensation then you advocate involuntary servitude, which is a thing that is outlawed by the 13th amendment.

3) To "cooperate" means to work together to accomplish a common goal. Cooperation is impossible if the goal is not in common. So I must inquire as to what your goal is.  If your goal aligns with my goals then perhaps we may be able to cooperate.

Sincerely

Ryan Bundy

7

# CHECKING STATEMENT

SMALL BUSINESS

Account Number: ███████

Statement Date:   9/30/24

Page:             1 of 11

BUNDY MOTORS
RYAN C BUNDY
361 RIVERSIDE RD
MESQUITE NV 89027-5905

Page:      1      Branch-███

Be familiar with the top 3 signs of a scam.  They include the following:
1. Callers ask for codes the bank texts to you.  NEVER reveal those!
2. Alerts for fake purchases that were never attempted.  Call us or
   download SBSU's Card App to get alerts when your card is used!
3. Text messages that contain links.  SBSU does not send links in texts.

| Account Name | Account Number | Balance |
|---|---|---|
| SMALL BUSINESS | ███████ | 41,181.90 |
| SMALL BUSINESS | BUNDY MOTORS RYAN C BUNDY | Acct ███████ |

| | | |
|---|---|---|
| Beginning Balance | 9/01/24 | 23,042.43 |
| Deposits / Misc Credits | 20 | 35,095.75 |
| Withdrawals / Misc Debits | 104 | 16,956.28 |
| ** Ending Balance | 9/30/24 | 41,181.90 ** |
| Service Charge | | .00 |
| Average Collected Balance | | 27,612 |
| Enclosures | | 1 |

- - - - - - - - - - - - - - MISCELLANEOUS CREDITS - - - - - - - - - - - -

| Date | Deposits | Withdrawals | Activity Description |
|---|---|---|---|
| 9/03 | 116.22 | | STRIPE/TRANSFER |
| 9/12 | 1,164.90 | | STRIPE/TRANSFER ███████ |
| 9/19 | 116.22 | | STRIPE/TRANSFER ███████ |
| 9/25 | 1,334.52 | | STRIPE/TRANSFER ███████ |
| 9/26 | 1,164.90 | | STRIPE/TRANSFER ███████ |
| 9/30 | 1,164.90 | | STRIPE/TRANSFER ███████ |



Member FDIC

**Exhibit C, Page 1**

**STATE OF NEVADA**

*FRANCISCO V. AGUILAR*
*Secretary of State*

*Commercial Recordings & Notary Division*
*401 N. Carson Street*
*Carson City, NV 89701*
*Telephone (775) 684-5708*
*Fax (775) 684-7138*

*North Las Vegas City Hall*
*2250 Las Vegas Blvd North, Suite 400*
*North Las Vegas, NV 89030*
*Telephone (702) 486-2880*
*Fax (702) 486-2888*

*DEPUTY BAKKEDAHL*
*Deputy Secretary for*
*Commercial Recordings*

**OFFICE OF THE**
**SECRETARY OF STATE**

Ryan Bundy
361 Riverside Rd
Mesquite, NV 89027, USA

**Work Order #:** W2024072202222
July 22, 2024
Receipt Version: 1

**Special Handling Instructions:**

**Submitter ID:** 832139

**Charges**

| Description | Fee Description | Filing Number | Filing Date/Time | Filing Status | Qty | Price | Amount |
|---|---|---|---|---|---|---|---|
| Articles of Incorporation-For-Profit<br><br>ı 1,000,000@0.0001 Authorized = $100.00<br>ı # Of No Par Values Shares 0<br>ı Authorized Value $1,000.00 | Fees | 20244200072 | 7/22/2024 7:11:50 PM | InternalReview | 1 | $75.00 | $75.00 |
| Initial List | Fees | 20244200074 | 7/22/2024 7:11:50 PM | InternalReview | 1 | $150.00 | $150.00 |
| Initial List | Business License Fee | 20244200074 | 7/22/2024 7:11:50 PM | InternalReview | 1 | $500.00 | $500.00 |
| Total | | | | | | | $725.00 |

**Payments**

| Type | Description | Payment Status | Amount |
|---|---|---|---|
| Credit Card | 7217007197996083703082 | Success | $725.00 |
| Credit Card | Service Fee | Success | $18.13 |
| Total | | | $743.13 |

**Credit Balance:**    $0.00

Ryan Bundy
361 Riverside Rd
Mesquite, NV 89027, USA

**Exhibit C, Page 2**

**STATE OF NEVADA**

*FRANCISCO V. AGUILAR*
*Secretary of State*

*Commercial Recordings & Notary Division*
*401 N. Carson Street*
*Carson City, NV 89701*
*Telephone (775) 684-5708*
*Fax (775) 684-7138*



*North Las Vegas City Hall*
*2250 Las Vegas Blvd North, Suite 400*
*North Las Vegas, NV 89030*
*Telephone (702) 486-2880*
*Fax (702) 486-2888*

*DEPUTY BAKKEDAHL*
*Deputy Secretary for*
*Commercial Recordings*

**OFFICE OF THE**
**SECRETARY OF STATE**

Ryan Bundy
361 Riverside Rd
Mesquite, NV 89027, USA

**Work Order #:** W2024072202222
July 22, 2024
Receipt Version: 1

**Special Handling Instructions:**

**Submitter ID:** 832139

**Charges**

| Description | Fee Description | Filing Number | Filing Date/Time | Filing Status | Qty | Price | Amount |
|---|---|---|---|---|---|---|---|
| Articles of Incorporation-For-Profit  <br><br> ˻ 1,000,000@0.0001 Authorized = $100.00 <br> ˻ # Of No Par Values Shares 0 <br> ˻ Authorized Value $1,000.00 | Fees | 20244200072 | 7/22/2024 7:11:50 PM | InternalReview | 1 | $75.00 | $75.00 |
| Initial List | Fees | 20244200074 | 7/22/2024 7:11:50 PM | InternalReview | 1 | $150.00 | $150.00 |
| Initial List | Business License Fee | 20244200074 | 7/22/2024 7:11:50 PM | InternalReview | 1 | $500.00 | $500.00 |
| Total | | | | | | | $725.00 |

**Payments**

| Type | Description | Payment Status | Amount |
|---|---|---|---|
| Credit Card | 7217007197996083703082 | Success | $725.00 |
| Credit Card | Service Fee | Success | $18.13 |
| Total | | | $743.13 |

**Credit Balance:**     $0.00

Ryan Bundy
361 Riverside Rd
Mesquite, NV 89027, USA

**Exhibit C, Page 3**

*FRANCISCO V. AGUILAR*
*Secretary of State*

*Commercial Recordings Division*
*401 N. Carson Street*
*Carson City, NV 89701*
*Telephone (775) 684-5708*
*Fax (775) 684-7138*

*North Las Vegas City Hall*
*2250 Las Vegas Blvd North, Suite 400*
*North Las Vegas, NV 89030*
*Telephone (702) 486-2880*
*Fax (702) 486-2888*

**STATE OF NEVADA**



**OFFICE OF THE**
**SECRETARY OF STATE**

*DEPUTY BAKKEDAHL*
*Deputy Secretary for*
*Commercial Recordings*

## Business Entity - Filing Acknowledgement

07/22/2024

| | |
|---|---|
| **Work Order Item Number:** | W2024072202222 - 3819401 |
| **Filing Number:** | 20244200072 |
| **Filing Type:** | Articles of Incorporation-For-Profit |
| **Filing Date/Time:** | 07/22/2024 19:11:50 PM |
| **Filing Page(s):** | 2 |

**Indexed Entity Information:**

**Entity ID:** E42000732024-9    **Entity Name:** Bundy Motors

**Entity Status:** Active    **Expiration Date:** None

Non-Commercial Registered Agent
Ryan Bundy
361 Riverside Rd, Mesquite, NV 89027, USA

The attached document(s) were filed with the Nevada Secretary of State, Commercial Recording Division. The filing date and time have been affixed to each document, indicating the date and time of filing. A filing number is also affixed and can be used to reference this document in the future.

Respectfully,

FRANCISCO V. AGUILAR
Secretary of State

Page 1 of 1

**Exhibit C, Page 4**



*FRANCISCO V. AGUILAR*
*Secretary of State*

**STATE OF NEVADA**

*Commercial Recordings Division*
*401 N. Carson Street*
*Carson City, NV 89701*
*Telephone (775) 684-5708*
*Fax (775) 684-7138*

*North Las Vegas City Hall*
*2250 Las Vegas Blvd North, Suite 400*
*North Las Vegas, NV 89030*
*Telephone (702) 486-2880*
*Fax (702) 486-2888*

**OFFICE OF THE**
**SECRETARY OF STATE**

*DEPUTY BAKKEDAHL*
*Deputy Secretary for*
*Commercial Recordings*

## Business Entity - Filing Acknowledgement

07/22/2024

| | |
|---|---|
| **Work Order Item Number:** | W2024072202222 - 3819402 |
| **Filing Number:** | 20244200074 |
| **Filing Type:** | Initial List |
| **Filing Date/Time:** | 07/22/2024 19:11:50 PM |
| **Filing Page(s):** | 2 |

**Indexed Entity Information:**

**Entity ID:** E42000732024-9          **Entity Name:** Bundy Motors

**Entity Status:** Active                    **Expiration Date:** None

Non-Commercial Registered Agent
Ryan Bundy
361 Riverside Rd, Mesquite, NV 89027, USA

The attached document(s) were filed with the Nevada Secretary of State, Commercial Recording Division. The filing date and time have been affixed to each document, indicating the date and time of filing. A filing number is also affixed and can be used to reference this document in the future.

Respectfully,

*F V Aguilar*

FRANCISCO V. AGUILAR
Secretary of State

Page 1 of 1

**Exhibit C, Page 5**

Secretary of State
401 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website: www.nvsos.gov
www.nvsilverflume.gov



| | |
|---|---|
| Business Entity # | E42000732024-9 |
| Filing Number | 20244200072 |
| Filed On | 07/22/2024 19:11:50 PM |
| Number of Pages | 2 |

Secretary of State
State Of Nevada

# Formation - Profit Corporation

☑ NRS 78 - Articles of Incorporation Domestic Corporation  ☐ NRS 80 - Foreign Corporation

☐ NRS 89 - Articles of Incorporation Professional Corporation  ☐ NRS 80 - Foreign Corporation Professional Corporation

## ☐ 78A Formation - Close Corporation

(Name of closed corporation MUST appear in the below heading)

Articles of Formation of _____ a close corporation (NRS 78A)

**TYPE OR PRINT - USE DARK INK ONLY - DO NOT HIGH LIGHT**

| **1. Name of Entity:** (If foreign, name in home jurisdiction) | **Bundy Motors** |
|---|---|

**2. Registered Agent for Service of Process:** (Check only one box)

☐ Commercial Registered Agent (name only below)  ☑ Noncommercial Registered Agent (name and address below)  ☐ Office or position with Entity (title and address below)

Ryan Bundy

Name of Registered Agent **OR** Title of Office or Position with Entity

| 361 Riverside Rd | Mesquite | Nevada | 89027 |
|---|---|---|---|
| Street Address | City | | Zip Code |

| | | Nevada | |
|---|---|---|---|
| Mailing Address (If different from street address) | City | | Zip Code |

**2a. Certificate of Acceptance of Appointment of Registered Agent:**

*I hereby accept appointment as Registered Agent for the above named Entity. If the registered agent is unable to sign the Articles of Incorporation, submit a separate signed Registered Agent Acceptance form.*

X  Ryan Bundy | 07/22/2024

**Authorized Signature of Registered Agent or On Behalf of Registered Agent Entity** | Date

**3. Governing Board:** (NRS 78A, close corporation only, check one box; if yes, complete article 4 below)

This corporation is a close corporation operating with a board of directors  ☐ Yes **OR** ☑ No

**4. Names and Addresses of the Board of Directors/ Trustees or Stockholders**

(NRS 78: Board of Directors/ Trustees is required.

NRS 78a: Required if the Close Corporation is governed by a board of directors.

NRS 89: Required to have the Original stockholders and directors. A certificate from the regulatory board must be submitted showing that each individual is licensed at the time of filing. See instructions)

1) Ryan Bundy

Name

| 361 Riverside Rd | Mesquite | NV | 89027 |
|---|---|---|---|
| Address | City | State | Zip Code |

**5. Jurisdiction of Incorporation:** (NRS 80 only)

**5a.** Jurisdiction of incorporation: _____

**5b.** I declare this entity is in good standing in the jurisdiction of its incorporation.  ☐

**Exhibit C, Page 6**

**FRANCISCO V. AGUILAR**
Secretary of State
401 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website: www.nvsos.gov
www.nvsilverflume.gov

# Formation - profit Corporation
Continued, Page 2

| | | |
|---|---|---|
| **6. Benefit Corporation:**<br>(For NRS 78, NRS 78A, and NRS 89, optional. See instructions.) | By selecting Yes you are indicating that the corporation is organized as a benefit corporation pursuant to NRS Chapter 78B with a purpose of creating a general or specific public benefit. The purpose for which the benefit corporation is created must be disclosed in the below purpose field. | **Yes** ☐ |

| | |
|---|---|
| **7. Purpose/Profession to be practiced:**<br>(Required for NRS 80, NRS 89 and any entity selecting Benefit Corporation. See instructions.) | **manufacture automative parts** |

| | |
|---|---|
| **8. Authorized Shares:**<br>(Number of shares corporation is authorized to issue) | Please indicate the break down of all corporate shares and the par value.<br><br>Number of Authorized shares with Par value: `1000000.0`   Par value: $ `.0001`<br><br>Number of common shares with Par value: `0`   Par value: $ `0`<br><br>Number of preferred shares with Par value: `0`   Par value: $ `0`<br><br>Number of shares with no par value: **`0`**<br><br>**Foreign Corporations, NRS 80 only:**<br>☐ This is a corporation is a unlimited stock corporation.   ☐ This is a corporation is a non-stock corporation.<br>If more than one class or series of stock is authorized, please attach the information on an additional sheet of paper. |

| | |
|---|---|
| **9. Name and Signature of: Officer** making the statement or **Authorized Signer** for NRS 80.<br>**Name, Address and Signature of the Incorporator** for NRS 78, 78A, and 89. NRS 89 - Each Organizer/ Incorporator must be a licensed professional. | I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the Office of the Secretary of State.<br><br>`Ryan Bundy`                `United States`<br>Name                       Country<br><br>`361 Roverside Rd`    `Mesquite`    `NV`  `89027`<br>Address           City         State  Zip/Postal Code<br><br>**X  Ryan Bundy**                (attach additional page if necessary) |

## AN INITIAL LIST OF OFFICERS MUST ACCOMPANY THIS FILING

**Please include any required or optional information in space below:**
(attach additional page(s) if necessary)

**Exhibit C, Page 7**

Page 2 of 2 Pages



**FRANCISCO V. AGUILAR**
Secretary of State
401 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website:  www.nvsos.gov
        www.nvsilverflume.gov

<div style="border:1px solid">

# Initial List and State Business License Application

</div>

---

## Initial List Of Officers, Managers, Members, General Partners, Managing Partners, or Trustees:

| |
|---|
| **Bundy Motors** |

NAME OF ENTITY

### TYPE OR PRINT ONLY - USE DARK INK ONLY - DO NOT HIGHLIGHT

_**IMPORTANT:**_ _Read instructions before completing and returning this form._

Please indicate the entity type (check only one):

[✓]    Corporation

    [ ]    This corporation is publicly traded, the Central Index Key number is: _____

| Filed in the Office of | Business Number<br>**E42000732024-9** |
|---|---|
| *[signature]*<br><br>Secretary of State<br>State Of Nevada | Filing Number<br>**20244200074** |
| | Filed On<br>**07/22/2024 19:11:50 PM** |
| | Number of Pages<br>**2** |

[ ]    Nonprofit Corporation (see nonprofit sections below)

[ ]    Limited-Liability Company

[ ]    Limited Partnership

[ ]    Limited-Liability Partnership

[ ]    Limited-Liability Limited Partnership (if formed at the same time as the Limited Partnership)

[ ]    Business Trust

Additional Officers, Managers, Members, General Partners, Managing Partners, Trustees or Subscribers, may be listed on a supplemental page.

---

**CHECK ONLY IF APPLICABLE**
Pursuant to NRS Chapter 76, this entity is exempt from the business license fee.
    [ ] 001 - Governmental Entity
    [ ] 006 - NRS 680B.020 Insurance Co, provide license or certificate of authority number _____

**For nonprofit entities formed under NRS chapter 80:** entities without 501(c) nonprofit designation are required to maintain a state business license,
the fee is $200.00. Those  claiming and exemption under 501(c) designation must indicate by checking box below.
    [ ] Pursuant to NRS Chapter 76, this entity is a 501(c) nonprofit entity and is exempt from the business license fee.
        Exemption Code 002

**For nonprofit entities formed under NRS Chapter 81:** entities which are Unit-owners' association or Religious, Charitable, fraternal or other
organization that qualifies as a  tax-exempt organization pursuant to 26 U.S.C $ 501(c) are excluded from the  requirement to obtain a state business
license. Please indicate below if this entity falls under one of these categories by marking the appropriate box. If the entity does not fall under either of
these categories please submit $200.00 for the state business license.
    [ ] Unit-owners' Association    [ ] Religious, charitable, fraternal or other organization that qualifies as a tax-exempt organization
                                      pursuant to 26 U.S.C. $501(c)

**For nonprofit entities formed under NRS Chapter 82 and 80:** **Charitable Solicitation Information - check applicable box**
Does the Organization intend to solicit charitable or tax deductible contributions?
    [ ] No - no additional form is required
    [ ] Yes - the *Charitable Solicitation Registration Statement* is required.
    [ ] The Organization claims exemption pursuant to NRS 82A 210 - the *Exemption From Charitable Solicitation Registration Statement* is
        required

                **\*\*Failure to include the required statement form will result in rejection of the filing and could result in late fees.\*\***



**FRANCISCO V. AGUILAR**
**Secretary of State**
**401 North Carson Street**
**Carson City, Nevada 89701-4201**
**(775) 684-5708**
**Website:  www.nvsos.gov**
**www.nvsilverflume.gov**

# Initial List and State Business License Application - Continued

### Officers, Managers, Members, General Partners, Managing Partners or Trustees:

CORPORATION, INDICATE THE <u>Director</u>:

| **Ryan Bundy** | | **USA** |
|---|---|---|
| Name | | Country |
| **361 Riverside Rd** | **Mesquite** | **NV** **89027** |
| Address | City | State  Zip/Postal Code |

None of the officers and directors identified in the list of officers has been identified with the fraudulent intent of concealing the identity of any person or persons exercising the power or authority of an officer or director in furtherance of any unlawful conduct.

I declare, to the best of my knowledge under penalty of perjury, that the information contained herein is correct and acknowledge that pursuant to NRS 239.330, it is a category C felony to knowingly offer any false or forged instrument for filing in the office of the Secretary of State.

**X**  **Ryan Bundy**

| **Director** | **07/22/2024** |
|---|---|
| Title | Date |

**Signature of Officer, Manager, Managing Member, General Partner, Managing Partner, Trustee, Member, Owner of Business, Partner or Authorized Signer** *FORM WILL BE RETURNED IF UNSIGNED*

**Exhibit C, Page 9**

Revised: 1/1/2019



# DOMESTIC CORPORATION (78) CHARTER

I, FRANCISCO V. AGUILAR, the duly qualified and elected Nevada Secretary of State, do hereby certify that **Bundy Motors** did, on 07/22/2024, file in this office the original Articles of Incorporation-For-Profit that said document is now on file and of record in the office of the Secretary of State of the State of Nevada, and further, that said document contains all the provisions required by the law of the State of Nevada.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on  07/22/2024.



FRANCISCO V. AGUILAR
Secretary of State

Certificate
Number: B202407224820467
You may verify this certificate
online at https://www.nvsilverflume.gov/home



# NEVADA STATE BUSINESS LICENSE

**Bundy Motors**

**Nevada Business Identification # NV20243165189**
**Expiration Date: 07/31/2025**

In  accordance with Title 7 of Nevada Revised Statutes, pursuant to proper  application duly filed and payment of appropriate prescribed  fees, the above named is hereby granted a Nevada State Business License  for business activities conducted within the State of Nevada.
Valid until the expiration date listed unless suspended, revoked or cancelled in accordance with the provisions in Nevada Revised Statutes.  License is not transferable and is not in lieu of any local business license, permit or registration.
**License must be cancelled on or before its expiration date if business activity ceases. Failure to do so will result in late fees or penalties which, by law, cannot be waived**.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on 07/22/2024.



Certificate Number: B202407224820468
You may verify this certificate
online at https://www.nvsilverflume.gov/home

FRANCISCO V. AGUILAR
Secretary of State



**MOUNTAIN AMERICA**
C R E D I T   U N I O N

P.O. BOX 2331 • SANDY, UT • 84091

## STATEMENT OF ACCOUNT

ACCOUNT NUMBER:    XXXXXX4849
STATEMENT DATE:    03/01/24 - 03/31/24

801-325-6228 • 1-800-748-4302

**macu.com**

ABISH HUSBONDI INC
PO BOX 1062
CEDAR CITY UT 84721

## ACCOUNT SUMMARY

**TOTAL SHARES**

01 PRIMARY SAVINGS ........................    $2.77   50 BUSINESS CHECKING ...................    $6,449.45

## PRIMARY SAVINGS - ID 01

| POSTING DATE | TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | NEW BALANCE |
|---|---|---|---|
| 03/01 | Previous Balance ............................................................... | | 425,387.68 |
| 03/04 | Withdrawal Transfer ............................................................ | -425,000.00 | 387.68 |
| | To BUNDY,RYAN C XXXXXXXXXX Share 50 | | |
| | SHORTTERM LOAN | | |
| 03/16 | Deposit Transfer................................................................ | 1,138.57 | 1,526.25 |
| | From STARLITE ENTERPR XXXXXXXXXX Share 50 | | |
| | S50 TO S01Hamilton fort land payment 0001 | | |
| 03/21 | Withdrawal Home Banking Transfer To Share 50 ........................... | -1,525.25 | 1.00 |
| 03/31 | Deposit Dividend 0.050% ...................................................... | 1.77 | 2.77 |
| | Annual Percentage Yield 0.050% from 03/01/24 through 03/31/24. | | |
| | Ending Balance ............................................................... | | 2.77 |
| | Dividend Earned Year to Date................................................. | 19.01 | |

---

### Withdrawals and Other Charges

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 03/04/24 | 425,000.00 | Withdrawal Transfer | 03/21/24 | 1,525.25 | Withdrawal Home Banking |

2 Withdrawals and Other Charges $426,525.25

---

### Deposits and Other Credits

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 03/16/24 | 1,138.57 | Deposit Transfer | 03/31/24 | 1.77 | Deposit Dividend |

2 Deposits and Other Credits $1,140.34

**Exhibit D, Page 1**

**MOUNTAIN AMERICA**
C R E D I T   U N I O N

P.O. BOX 2331 • SANDY, UT • 84091

**STATEMENT OF ACCOUNT**

ACCOUNT NUMBER:    XXXXXX4849
STATEMENT DATE:    03/01/24 - 03/31/24
801-325-6228 • 1-800-748-4302
**www.macu.com**

## BUSINESS CHECKING - ID 50

| POSTING DATE | TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | NEW BALANCE |
|---|---|---:|---:|
| 03/01 | Previous Balance | | 7,284.76 |
| 03/05 | Withdrawal CAPITAL ONE | -7,000.00 | 284.76 |
| | TYPE: ONLINE PMT CO: CAPITAL ONE | | |
| | Entry Class Code: CCD | | |
| 03/06 | Withdrawal ANDREW PATCHET | -500.00 | -215.24 |
| | TYPE: BILL PAYMT CO: ANDREW PATCHET | | |
| 03/06 | Withdrawal Overdraft ACH | -25.00 | -240.24 |
| | Entry Class Code: PPD | | |
| 03/12 | Deposit by Check | 1,500.00 | 1,259.76 |
| 03/16 | Deposit Transfer | 1,138.57 | 2,398.33 |
| | From JESSOP,DERICK N XXXXXXXXX Share 50 | | |
| | S50 TO S50 Hamelton fort property pay 0050 | | |
| 03/21 | Withdrawal JEWEL FRANKLIN | -2,000.00 | 398.33 |
| | TYPE: BILL PAYMT CO: JEWEL FRANKLIN | | |
| | Entry Class Code: PPD | | |
| 03/21 | Deposit Home Banking Transfer From Share 01 | 1,525.25 | 1,923.58 |
| 03/22 | Withdrawal Debit Card | -553.72 | 1,369.86 |
| | 03/21 24431054082838006139539 TINKS SUPERIOR AUTOPART MESQUITE NV | | |
| 03/23 | Withdrawal POS #000000084698 | -74.00 | 1,295.86 |
| | SHIVWITS CONVENIENCE STO 5861 W OLD | | |
| | HIGHWAY 91 IVINS UT | | |
| 03/24 | Withdrawal Debit Card | -9.18 | 1,286.68 |
| | 03/23 24323004084006005775174 SHIVWITS CONVENIENCE ST IVINS UT | | |
| 03/26 | Withdrawal POS #000000225200 | -83.52 | 1,203.16 |
| | CEDAR BAND TRAVEL PLAZA 3748 SOUTH OLD HWY | | |
| | 91 CEDAR CITY UT | | |
| 03/27 | Withdrawal POS #000000346076 | -8.42 | 1,194.74 |
| | K B EXPRES 812 W 200 N US CEDAR CITY UT | | |
| 03/28 | Withdrawal Debit Card | -10.82 | 1,183.92 |
| | 03/27 24034544087003246312703 PHILLIPS 66 - K B EXPRE CEDAR CITY UT | | |
| 03/29 | Deposit by Check | 5,280.00 | 6,463.92 |
| 03/31 | Deposit Dividend Tiered Rate | 0.53 | 6,464.45 |
| 03/31 | Withdrawal Analysis Fee | -15.00 | 6,449.45 |
| | Annual Percentage Yield 0.250% from 03/01/24 through 03/31/24. | | |
| | Ending Balance | | 6,449.45 |
| | Dividend Earned Year to Date | 53.70 | |

| TOTAL FEES: | FOR THIS PERIOD: | YEAR-TO-DATE: |
|---|---:|---:|
| OVERDRAFT: | 25.00 | 25.00 |
| UNPAID ITEM: | 0.00 | 0.00 |

**Exhibit D, Page 2**



**MOUNTAIN AMERICA**
CREDIT UNION

P.O. BOX 2331 • SANDY, UT • 84091

**STATEMENT OF ACCOUNT**

ACCOUNT NUMBER:    XXXXXX4849
STATEMENT DATE:    03/01/24 - 03/31/24
801-325-6228 • 1-800-748-4302
**www.macu.com**

## ATM Withdrawals and Other Charges

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 03/22/24 | 553.72 | Withdrawal Debit Card | 03/26/24 | 83.52 | Withdrawal POS |
| 03/23/24 | 74.00 | Withdrawal POS | 03/27/24 | 8.42 | Withdrawal POS |
| 03/24/24 | 9.18 | Withdrawal Debit Card | 03/28/24 | 10.82 | Withdrawal Debit Card |

6 ATM Withdrawals and Other Charges $739.66

## Withdrawals and Other Charges

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 03/05/24 | 7,000.00 | Withdrawal | 03/21/24 | 2,000.00 | Withdrawal |
| 03/06/24 | 500.00 | Withdrawal | 03/31/24 | 15.00 | Withdrawal Fee |
| 03/06/24 | 25.00 | Withdrawal Fee | | | |

5 Withdrawals and Other Charges $9,540.00

## Deposits and Other Credits

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 03/12/24 | 1,500.00 | Deposit by Check | 03/29/24 | 5,280.00 | Deposit by Check |
| 03/16/24 | 1,138.57 | Deposit Transfer | 03/31/24 | 0.53 | Deposit Dividend |
| 03/21/24 | 1,525.25 | Deposit Home Banking Transfer | | | |

5 Deposits and Other Credits $9,444.35

## YEAR-TO-DATE SUMMARY

Dividend Earned Year to Date..........................................    72.71

**Exhibit D, Page 3**



## ESTOPPED CERTIFICATE,
## RELEASE & WAIVER

## Recitals

Global Trading & Investments, Inc., an Idaho corporation **("GT&I")** is in possession of certain funds belonging to Ammon E. and Lisa M. Bundy (collectively **"Bundy"**). GT&I and its principals desire to distribute the funds to Bundy (or to such party or parties as Bundy directs) and upon distributions be released of any further liability with regards to said funds.

## Estoppel, Release & Waiver

NOWTHEREFORE, for good and valuable consideration, and GT&I's reliance on Bundy's execution of this instrument, the parties to this agreement represent and agree to the following:

**A.**   **Waiver of Accounting.** Bundy waives any further accounting of the funds. Upon receipt of the signed release GT&I shall cause to be disbursed to Abish-husband, Inc., the sum of $487,167.36 ($507,167.36473,000 less $$20,000.00).

**B.**   **Full & Complete Distribution.** Except for the $20,000 fee the distribution represents a full and complete satisfaction of Bundy's interest in the funds and GT&I's obligation to Bundy.

**C.**   **Release.** Bundy releases and forever discharges GT&I, their officers, directors, shareholders, agents, attorneys, accountants and/or other representatives, from all actions, claims and demands whatsoever including but not limited to any claim(s) relating to the Loan Servicing and Stock Investment Arrangements, and any other act, matter, cause, or thing whatsoever arising out of the aforesaid transactions or the administration of such funds received from Bundy. ***Bundy understands that they have the right to obtain advice concerning this instrument from independent legal counsel of their choice, at their cost, and represents that they have either done so prior to executing this instrument or have knowingly elected voluntarily to waive any such right at this time.***

**D.**   **Estoppel Certificate.** Bundy understands and agrees that by executing this instrument that GT&I and its agents are relying on the Bundy's representation in this instrument in making the distribution as directed by Bundy, instead of interpleading the funds into a court to obtain court approval. Bundy understands and agrees that if they sign this instrument, they will be forever estopped from challenging this instrument in any fashion

**E.**   **Indemnification.** Bundy agrees to indemnify and hold harmless (from Bundy's own assets) GT&I, its officers, directors, shareholders, agents, attorneys, accountants and/or other representatives against any cost or expense (including counsel

1 | P a

fees) or liability arising out of any acts which breach this instrument including, but not limited to, any legal or non-legal action which seeks to challenge, void or set aside this instrument (whether successful or unsuccessful) initiated by Bundy.

F.    **Entire Understanding and Agreement - Integration Clause.** This Instrument constitutes the entire understanding and agreement between the parties and supersedes any and all prior or contemporaneous negotiations, representations and/or agreements, whether written or oral. This instrument may be amended only by written instrument expressly referring hereto, and duly signed by both the Bundy and GT&I. In the event any provision or portion hereof is held to be invalid or unenforceable, the remaining provisions and/or portions shall remain valid and enforceable.

_____
Signature

_____
Printed Name

_____
Signature

_____
Printed Name

STATE OF __Utah__  )
                          :ss.
County of __Iron__  )

On the __5th__ day of __January__ 2025, before me, __Alexis Winkler__ , (NAME OF NOTARY) the undersigned Notary Public, personally appeared, __Ammon and Lisa Bundy__ .

who is personally known to me, or
ⓧ who proved to me on the basis of satisfactory evidence

to be the person(s) whose name is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same. Witness my hand and official seal.

_____
Notary Public

ALEXIS WINKLER
Notary Public - State of Utah
Comm. No. 720311
My Commission Expires on
Sep 3, 2025

(This area for official Notarial seal)

2 | P a g e

**Exhibit E, Page 2**

## MOUNTAIN AMERICA
### CREDIT UNION

**Mountain America Credit Union
Account Number Specification Sheet
Wire Instructions**

ID: 50

Description: Business Checking

This specification sheet is for the following credit union member(s):

ABISH HUSBONDI INC
3061 RIVERSIDE ROAD
MESQUITE, 89027

ABA Routing Number: 324079555

Account Number: 501013664849

Wire Instructions:

\*Please note Mountain America Credit Union **does not** have a **"Swiftcode."** We do not handle exchange of foreign currency. The originating bank should have a corresponding bank in the United States they use to send wires through for this purpose. They will then forward to Mountain America Credit Union's routing number and the member's account number.

Incoming wire fee: $10.00

If you have further questions regarding these instructions, please contact the Mountain America Credit Union Service Center at 1-800-748-4302.

**Exhibit E, Page 3**

# MOUNTAIN AMERICA
### C R E D I T   U N I O N
P.O. BOX 2331 • SANDY, UT • 84091

## STATEMENT OF ACCOUNT

ACCOUNT NUMBER:     XXXXXX4849
STATEMENT DATE:     01/04/24 - 01/31/24

801-325-6228 • 1-800-748-4302

**macu.com**

ABISH HUSBONDI INC
PO BOX 1062
CEDAR CITY UTAH 84721

**NOTIFICATION:** Beginning in the 2023 tax year, Mountain America will only provide a tax document if the dollar amount is considered reportable according to IRS tax reporting rules. Minimum dollar amounts are different depending on the tax form. We are no longer able to provide nonreportable tax forms.

## ACCOUNT SUMMARY

### TOTAL SHARES

01 PRIMARY SAVINGS ........................     $1.00   50 BUSINESS CHECKING ....................     $467,359.44

## PRIMARY SAVINGS - ID 01

| POSTING DATE | TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | NEW BALANCE |
|---|---|---|---|
| 01/04 | Previous Balance ................................................... | | 0.00 |
| 01/04 | Deposit ............................................................ | 1.00 | 1.00 |
| | Ending Balance ..................................................... | | 1.00 |
| | Dividend Earned Year to Date ....................................... | 0.00 | |

### Deposits and Other Credits

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 01/04/24 | 1.00 | Deposit | | | |

## BUSINESS CHECKING - ID 50

| POSTING DATE | TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | NEW BALANCE |
|---|---|---|---|
| 01/04 | Previous Balance ................................................... | | 0.00 |
| 01/04 | Deposit by Check ................................................... | 7,379.00 | 7,379.00 |
| 01/05 | Withdrawal Debit Card .............................................. | -100.00 | 7,279.00 |
| | 01/04 2494166400583800038 8259 CEDAR BAND TRAVEL PLAZA CEDAR CITY UT | | |
| 01/05 | Withdrawal Debit Card .............................................. | -54.00 | 7,225.00 |
| | 01/04 2426979400550062209 4520 SPORT CLIPS - UT138 CEDAR CITY UT | | |
| 01/05 | Withdrawal POS #000083776561 ....................................... | -76.06 | 7,148.94 |
| | Wal-Mart Super Center 1438 WAL-SAMS CEDAR CITY UT | | |
| 01/06 | Withdrawal Debit Card .............................................. | -86.38 | 7,062.56 |
| | 01/05 2423168400606436131 5072 CHILI'S CEDAR CITY CEDAR CITY UT | | |
| 01/08 | Withdrawal Debit Card .............................................. | -362.25 | 6,700.31 |
| | 01/08 2475542400826008066 4221 ROADSIDE SERVICES 817-8655363 FL | | |
| 01/09 | Withdrawal CAPITAL ONE ............................................. | -6,500.00 | 200.31 |
| | TYPE: MOBILE PMT CO: CAPITAL ONE | | |
| | Entry Class Code: CCD | | |
| 01/16 | Withdrawal Debit Card .............................................. | -19.25 | 181.06 |

**Exhibit F, Page 1**



**MOUNTAIN AMERICA**
C R E D I T   U N I O N

P.O. BOX 2331 • SANDY, UT • 84091

**STATEMENT OF ACCOUNT**

| | |
|---|---|
| ACCOUNT NUMBER: | XXXXXX4849 |
| STATEMENT DATE: | 01/04/24 - 01/31/24 |

801-325-6228 • 1-800-748-4302

**www.macu.com**

## BUSINESS CHECKING  Continued - ID 50

| POSTING DATE | TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | NEW BALANCE |
|---|---|---|---|
| | 01/15 24427334015740257803736 MCDONALD'S F39132 MESQUITE NV | | |
| 01/24 | Deposit by Wire 0000967159 .................................................................. | 487,167.36 | 487,348.42 |
| 01/25 | Withdrawal Debit Card ........................................................................... | -30.99 | 487,317.43 |
| | 01/25 24055234025968291849139 CAFE RIO 0117 SANTA CLA SANTA CLARA UT | | |
| 01/26 | Withdrawal CAPITAL ONE ....................................................................... | -20,000.00 | 467,317.43 |
| | TYPE: MOBILE PMT CO: CAPITAL ONE | | |
| | Entry Class Code: CCD | | |
| 01/31 | Deposit Dividend Tiered Rate .................................................................. | 52.01 | 467,369.44 |
| 01/31 | Withdrawal Analysis Fee ........................................................................ | -10.00 | 467,359.44 |
| | Annual Percentage Yield 0.500% from 01/01/24 through 01/31/24. | | |
| | Ending Balance ..................................................................................... | | 467,359.44 |
| | Dividend Earned Year to Date ................................................................. | 52.01 | |

## ATM Withdrawals and Other Charges

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 01/05/24 | 100.00 | Withdrawal Debit Card | 01/08/24 | 362.25 | Withdrawal Debit Card |
| 01/05/24 | 54.00 | Withdrawal Debit Card | 01/16/24 | 19.25 | Withdrawal Debit Card |
| 01/05/24 | 76.06 | Withdrawal POS | 01/25/24 | 30.99 | Withdrawal Debit Card |
| 01/06/24 | 86.38 | Withdrawal Debit Card | | | |

7 ATM Withdrawals and Other Charges $728.93

## Withdrawals and Other Charges

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 01/09/24 | 6,500.00 | Withdrawal | 01/31/24 | 10.00 | Withdrawal Fee |
| 01/26/24 | 20,000.00 | Withdrawal | | | |

3 Withdrawals and Other Charges $26,510.00

## Deposits and Other Credits

| DATE | AMOUNT | DESCRIPTION | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 01/04/24 | 7,379.00 | Deposit by Check | 01/31/24 | 52.01 | Deposit Dividend |
| 01/24/24 | 487,167.36 | Deposit by Wire | | | |

3 Deposits and Other Credits $494,598.37

## YEAR-TO-DATE SUMMARY

Dividend Earned Year to Date .......................................    52.01