FILED* US Bankruptcy Court-UT
NOV 25 2024 PM 1:00

Lisa M. Bundy
P.O. Box 1062
Cedar City, Utah
84720-1062

--------------------------------------------------------------------

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

--------------------------------------------------------------------

In re:                              (          Case No: 24-23530
                                    (
Ammon Edward Bundy                  (          Chapter 7
                                    (
                                    (          WILLIAM T. THURMAN

--------------------------------------------------------------------

## RESPONSE TO ST. LUKES MOTION TO COMPEL LISA BUNDY'S COMPLIANCE
## WITH RULE 2004 SUBPOENA

--------------------------------------------------------------------

Comes now Lisa Bundy seeking the court to deny St. Luke's Motion to Compel.


## INFORMATION

On September 24, 2024, St Luke's parties served a subpoena on Lisa Bundy. On October

7th 2024, Mrs. Bundy sent a Motion to Quash to the court, address 350 S Main Salt Lake City,

84101. UPS returned the envelope for the given reason, "UNABLE TO OBTAIN A CORRECT

ADDRESS". However, the street number was not incorrect. (See Exhibit A)  Mr. Bundy called

the UPS Store in Cedar City, Utah and the employee who answered the phone confirmed that the

address was correct and that the package had been returned to their location.

After calling the Bankruptcy Court, Mr. Bundy spoke to a clerk named Travis. Travis said, *"UPS*

*has issues, I don't know what the problem is. We are under construction and UPS returns a lot of*

*packages"*. After giving him the case number, he said, *"This case is kind of a concern. I need to*

*send you to a law clerk"*. Eventually he transferred Mr. Bundy to Ross where he left a voicemail.



He did not hear back from Ross so he called again at the end of the work day and spoke again to Travis, in which he left another message with Ross. The next day Mr. Bundy called again and eventually spoke with Ross. He advised Mr. Bundy to send the Motion back to the court with an explanation.

Mr. Bundy sent another package to this court which included; an explanation letter, the UPS envelope with the Motion to Quash the Subpoena for Lisa Bundy and the UPS shipment details, including the tracking number.

In their Motion to Compel Lisa Bundy, St. Luke's counsel failed to mention that they received a notice from Mr. Bundy of the rejected UPS envelope on October 27th 2024, 12 days prior to filing their Motion to Compel. (See Exhibit B)  In that notice, Mr. Bundy explained why Mrs. Bundy did not file her Motion to Quash *"until after the date required for her examination"*. This court received the same notice and moved forward with hearing the matter.  However, even after receiving the notice and knowing the courts schedule, St. Luke's counsel is attempting to sway the court into believing that Mrs. Bundy was untimely with her Motion to Quash and insubordinate to the Subpoena, which neither are true.

Additionally, St Luke's Motion to Compel makes factual misrepresentations to the court, claiming that Mrs. Bundy was served with a second subpoena. In their motion they state,

> *"On October 2, 2024, the St. Luke's Creditors ultimately served a second amended subpoena (the "correct subpoena") on Lisa Bundy via USPS next day priority, UPS overnight, and email."* (See Exhibit C)

In their proffer to the court, the St. Luke's parties only provide evidence that they have attempted to serve Mrs. Bundy, giving no legal proof of service. Once again, they endeavor to deceive the court, proffering one thing when the opposite is the truth. URCP 4(d)(2)

Perjury at one time was a serious matter in the courts, especially by an officer of the court, of which Erik Stidham is. Misrepresenting that Mrs. Bundy was served a subpoena when she was not, could have resulted in police officers taking forceful action against her, causing extreme trauma and serious damages inflicted by force and incarceration. Something no one should take lightly. Therefore, Mrs. Bundy implores this court not to take St Luke's actions lightly either. She asks that Mr. Stidham's and Mr. Faucher's *pro hac vice* admittances be revoked. If they do not respect the State of Utah's laws then they should not be allowed to practice "law" in the state.

## EMPLACEMENTS

In St. Luke's Motion to Compel, they falsely accused Mrs. Bundy of participating *"in at least two fraudulent transfers of assets in an aggregate value of approximately $1.7 million."* However, they provide no proof of such a claim. The same goes for the ridiculous accusation that Mrs. Bundy *"has been an active participant to hide assets to frustrate collection efforts."* The best they can offer for such a claim is an Estoppel Release waiving legal action against the writing party. A document that Mrs. Bundy knows very little about other than she co-signed it because the writing party's attorney required both Mr. and Mrs. Bundy to sign it. (See Exhibit D) This is the same document that St. Luke's counsel claim is a record that *"Lisa Bundy signed off on a $487,167.36 fraudulent conveyance"*. Which of course is another deceptive attempt by St. Luke attorneys to make something look different than it really is.

Furthermore, the assertion that *"Lisa Bundy used [bank] accounts set up in her name to further scheme to move money out of Debtor Ammon Bundy's bank account to frustrate the St. Luke's Creditors' collection efforts."* is confounding to Mrs. Bundy. With no proof of the claim, no exhibits nor links in the motion to substantiate this claim, Mrs. Bundy is racking her brain wondering what in the world they are meaning.

Finally, while exposing their flippancy towards Mrs. Bundy's Motion to Quash, St. Luke's counsel in their Motion to Compel do not address any of Mrs Bundy's arguments. (1) Her argument that the place of the examination is approximately 270 miles from the Bundy residence was evaded by falsely claiming that Mrs. Bundy was served with a second subpoena. (2) The argument that *"the St. Luke's attorneys have not taken reasonable steps to avoid imposing undue burden and expenses on Mrs. Bundy"* was completely ignored. (3) St. Luke's attorneys wasted little time showing any *"substantial need for the testimony or material that cannot be otherwise met without undue hardship"*. Other than a few unsubstantiated fabulous claims about Mrs. Bundy, the St. Luke's attorneys gave little thought to the argument of substantial need for testimony that cannot be otherwise met without undue burden. (4) There is no mention whatsoever at all of the extreme emotional burden that St. Luke's integration will have upon Mrs. Bundy and her family, given the vindictive past behavior of the St. Luke's parties and their attorneys. (See Exhibit C)

## ARGUMENT

On September 24, 2024, Mrs. Bundy was served with a Subpoena from the St. Luke's council scheduling an examination in Salt Lake City, Utah on October 21st 2024. This Subpoena required Mrs. Bundy to travel approximately 270 miles from her residence. No other Subpoena has been

served upon Mrs. Bundy in this case. FRCP 45(c)(1)(a) requires the place of compliance to be within 100 miles where the person resides if the person is not a party or a party's officer, Mrs. Bundy is neither. Therefore, Mrs. Bundy asks the Court to deny St. Luke's Motion to Compel Lisa Bundy's Compliance with Rule 2004 Subpoena.

The St. Luke's attorneys issued a check to Mrs. Bundy in the amount of $251.26. These funds would barely cover the fuel cost to travel over 500 miles to and from Mrs. Bundys residence, let alone hotel, food and other costs to travel such distance. The St. Luke's attorneys have not taken reasonable steps to avoid imposing undue financial burden upon Mrs. Bundy. Therefore, Mrs. Bundy asks the Court to deny St. Luke's Motion to Compel Lisa Bundy's Compliance with Rule 2004 Subpoena.

In Mrs. Bundy's Motion to Quash, she argues that she, *"...is not party in this case, nor in the lawsuit that resulted in the $53,000,000.00 judgment against her husband. Mrs. Bundy is not an officer to any party and she had nothing to do with any of the finances in any entity that Mr. Bundy controlled or was part of."* (See Exhibit E) In Mrs. Bundy's Affidavit, she testifies that she has no or very little knowledge about any financial decisions or transactions in Abish-husbondi Inc. Dono Costos Inc, the People Rights Network, Valet Fleet Service, LLC or any other entity owned and controlled by her husband. (See Exhibit F) Other than helping with her father's company, earlier in 2024, she has had no knowledge, influence or control of any outside finances. Mrs. Bundy handles the household expenses only, meaning; groceries, clothing, utilities bills, rent/mortgage payment, children's activities, etc. The St. Luke's parties have not shown any substantial need for any testimony that Mrs. Bundy may provide. Nor have they shown that Mrs. Bundy could provide any substantial testimony or documentation. Therefore,

Mrs. Bundy asks the Court to deny St. Luke's Motion to Compel Lisa Bundy's Compliance with Rule 2004 Subpoena.

Finally, because of the harassment and aggression of the St. Luke's executives and counsel, Mrs. Bundy's life has been extremely disrupted for nearly three years now. The burden upon Mrs. Bundy that complying with the Subpoena would cause is significantly more than just time and finances. The undue emotional burden that would be placed upon Mrs. Bundy if she is required to be examined face to face by the same people that have so viciously attacked her family for so long is unwarranted and inappropriate. Mrs. Bundy asks the Court not to disregard the extremity of an interrogation in the presence and at the facility of St. Luke's Party's would have upon her. Mrs. Bundy doctor does not believe she is emotionally stable of being examined by any aggressor at this time.  The emotion of being examined by Eric Stidham and his highly paid team of judicial terrorists will be exceptionally burdensome upon her. Therefore, Mrs. Bundy asks the Court to deny St. Luke's Motion to Compel Lisa Bundy's Compliance with Rule 2004 Subpoena.

**DATED THIS DAY,** the 21th of November, 2024.

Lisa Bundy

| CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:


UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

|                          | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS Mail |
|--------------------------|-----------------------------------------|-----|-----------|
| Mark C. Rose, Trustee    | mrose@mbt-law.com                       | [X] | Email     |
| Erik Stidham             | efstidham@hollandhart.com               | [X] | Email     |

**DATED THIS DAY,** the 21th of November, 2024.


Lisa Bundy


## **EXHIBIT LIST**

Exhibit A – UPS Tracking Documentation

Exhibit B – Email Notification to St. Luke's

Exhibit C – St. Luke's Motion to Compel Lisa Bundy

Exhibit D – Signed Estopped Waiver

Exhibit E – Lisa Bundy's Motion to Quash

Exhibit F – Lisa Bundy Affidavit

# Exhibit A



**Last Updated:** 11/20/2024 10:36 P.M. EST

**Shipment ProgressShipment Progress**

**Shipment Details Shipment Details**
**You've Got the Details**
You're seeing what customer service agents would share with you. If you need more support, use the Virtual Assistant or contact your shipper.

Times shown are in Local Time Change Time Zone

| | |
|---|---|
| 10/09/2024<br>1:18 P.M. | **Returned**<br>Package was returned to the sender<br>CEDAR CITY, UT, US |
| 10/09/2024<br>10:31 A.M. | **Out for Delivery**<br>Out For Delivery Today<br>Cedar City, UT, United States |
| 10/09/2024<br>9:56 A.M. | Loaded on Delivery Vehicle<br>Cedar City, UT, United States |
| 10/09/2024<br>9:07 A.M. | **On the Way**<br>Processing at UPS Facility<br>Cedar City, UT, United States |
| 10/09/2024<br>7:34 A.M. | Arrived at Facility<br>Cedar City, UT, United States |
| 10/09/2024<br>2:55 A.M. | Departed from Facility<br>Salt Lake City, UT, United States |
| 10/08/2024<br>10:23 P.M. | Arrived at Facility<br>Salt Lake City, UT, United States |
| 10/08/2024<br>10:06 P.M. | Departed from Facility<br>Salt Lake City, UT, United States |

| 10/08/2024<br>7:49 P.M. | **Returning to Sender**<br>We were unable to obtain a correct address for the receiver,<br>package will be returned to the sender.<br>Salt Lake City, UT, United States |
|---|---|
| 10/08/2024<br>11:29 A.M. | The street number is incorrect. This may delay delivery. We're<br>attempting to update the address.<br>Salt Lake City, UT, United States |
| 10/08/2024<br>9:12 A.M. | Out For Delivery Today<br>Salt Lake City, UT, United States |
| 10/08/2024<br>5:26 A.M. | Processing at UPS Facility<br>Salt Lake City, UT, United States |
| 10/08/2024<br>3:44 A.M. | Arrived at Facility<br>Salt Lake City, UT, United States |
| 10/08/2024<br>3:25 A.M. | Departed from Facility<br>Salt Lake City, UT, United States |
| 10/08/2024<br>12:26 A.M. | Arrived at Facility<br>Salt Lake City, UT, United States |
| 10/07/2024<br>7:32 P.M. | Departed from Facility<br>Cedar City, UT, United States |
| 10/07/2024<br>6:15 P.M. | **We Have Your Package**<br>Arrived at Facility<br>Cedar City, UT, United States |
| 10/07/2024<br>5:30 P.M. | Shipper created a label, UPS has not received the package yet.<br>United States |

# Exhibit B



**(no subject)**

**Ammon Bundy** <aebundy@bundyfarms.com>                                    Sun, Oct 27, 2024 at 10:39 AM
To: Erik Stidham <efstidham@hollandhart.com>

To Whom It May Concern:

On October 7th 2024, I (Ammon Bundy) sent a Motion to Quash Subpoena for Lisa Bundy, by UPS, to this court, address 350 S Main Salt Lake City, 84101. The harassing party shamefully scheduled their integration of my sensitive wife (Lisa M. Bundy) on October 15th 2024 in Salt Lake City. UPS returned the envelope with the motion for the given reason, "STREET NUMBER IS INCORRECT". However, the street number is not incorrect (see UPS shipment details). After checking the address and tracking information, I called the UPS Store in Cedar City Utah and the employee who answered the phone confirmed that the address was correct and that the package had been returned to their location.

After calling the Bankruptcy Court phone number I eventually spoke to a clerk named Travis. Travis said, *"UPS has issues, I don't know what the problem is. We are under construction and UPS returns a lot of packages"*. After giving him the case number, he said, *"This case is kind of a concern. I need to send you to a law clerk"*. Eventually he transferred me to Ross where I left a voicemail. I did not hear back from Ross so I called again at the end of the work day. I spoke to Travis and he left another message with Ross. The next day I called again and eventually spoke with Ross. He advised me to send the Motion back to the court with an explanation.

In this package you will find the UPS envelope with the Motion to Quash Subpoena for Lisa Bundy and the UPS shipment details, including the tracking number. I am sure that one of the many St. Luke's attorneys on this case will file a motion to compel since Lisa did not attend the harassment interrogation on the 15th. I ask that Judge Thruman review this information, rule on the motion and inform Lisa and I of his decision.

Sincerely,

Ammon Bundy

Page 1

# Exhibit C

Erik F. Stidham (*Admitted pro hac vice*)
Robert A. Faucher (*Admitted pro hac vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Engels Tejeda (#11427)
Benjamin D. Passey (#19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>AMMON EDWARD BUNDY,<br>Debtor. | Bankruptcy No. 24-23530<br>Chapter 7<br>Honorable William T. Thurman |

**ST. LUKE'S CREDITORS' MOTION TO COMPEL LISA BUNDY'S COMPLIANCE
WITH RULE 2004 SUBPOENA**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth,

Natasha Erickson, M.D., and Tracy Jungman, NP (together the "St. Luke's Creditors"), submit

their Motion to Compel Lisa M. Bundy's Compliance with their Rule 2004 Subpoena, as follows:

### INTRODUCTION

The St. Luke's Parties and Lisa Bundy have battling motions with respect to the Rule 2004

subpoenas that the St. Luke's Parties served upon her. Mrs. Bundy filed her Motion to Quash

Page 1

[Dkt. 163] ("Motion to Quash") to quash the subpoenas. The St. Luke's Parties have filed in a separate paper asserting their opposition to the Motion to Quash. The Motion is based on false statements and baseless attacks on the underlying judgment against Debtor Ammon Bundy. Rather than focus on the operative subpoena, which required Lisa Bundy to produce documents and attend an examination within 40 miles of her residence, Lisa Bundy's motion, which wasn't filed until *after* the date required for her examination, is targeted at quashing a withdrawn version of the subpoena that called for her appearance in Salt Lake City. As Lisa Bundy raises no meaningful arguments against enforcement of the operative subpoena, her Motion to Quash should be denied.

Given Lisa Bundy's statements and actions, it is clear that she will not willingly comply with any subpoena issued by the St. Luke's Creditors. Accordingly, by this Motion, the St. Luke's Creditors request an order compelling Lisa Bundy to produce the requested documents and attend the requested examination. Lisa Bundy has already directly participated in at least two fraudulent transfers of assets in the aggregate value of approximately $1.7 million. And the bank records that the St. Luke's Creditors do have indicate that Lisa Bundy has been an active participant in efforts to hide assets to frustrate collection efforts. Her testimony is therefore crucial to uncovering the full extent of the Bundys' assets and financial activities, including other potentially fraudulent conveyances that the Bundys engaged in to defraud the St. Luke's Creditors. Lisa Bundy should not be allowed to obstruct the bankruptcy proceedings that her husband initiated to evade accountability for his harmful actions.

## STATEMENT OF FACTS

1.     On September 20, 2024, the St. Luke's Creditors filed a Motion for Rule 2004 Examination of, and Production of Documents by, Lisa Bundy. Dkt. 26. In that motion, the St.

2

Luke's Creditors state that Debtor Ammon Bundy has been married to Lisa Bundy for more than two decades, that the Bundys share community property, that Lisa Bundy actively engaged in prepetition fraudulent conveyances to defraud the St. Luke's Creditors, and that it is expected that Lisa Bundy will have substantial information about other fraudulent conveyances. *Id.*, ¶¶ 2-7.

2.      Further, records indicate that Lisa Bundy signed off on a $487,167.36 fraudulent conveyance of "certain funds belonging to Ammon E. and Lisa M. Bundy" to Abish-husbondi Inc, an entity Debtor Ammon Bundy used to hold his personal assets. *See* Declaration of Robert A. Faucher Regarding Bundy Motors Company's Rule 2004 Examination, ¶¶ 5-6 & Ex. E. Bank records also indicate that Lisa Bundy used accounts set up in her name to further schemes to move money out of Debtor Ammon Bundy's bank accounts to frustrate the St. Luke's Creditors' collection efforts. Declaration of Erik F. Stidham Regarding St. Luke's Creditors' Motion to Compel Ammon Bundy's Compliance with Rule 2004 Subpoena and for Sanctions, ¶ 2.

3.      On September 23, 2024, the Court granted the St. Luke's Creditors' Motion for Rule 2004 Examination of, and Production of Documents by, Lisa Bundy. Dkt. 29.

4.      On September 24, 2024, the St. Luke's Creditors served a subpoena for Rule 2004 Examination on Lisa Bundy. *See* Declaration of Robert A. Faucher Regarding Lisa Bundy's Rule 2004 Examination ("Faucher Decl."), ¶ 3 & Ex. A. However, because that subpoena listed an incorrect location for the deposition (Salt Lake City instead of St. George), the St. Luke's Creditors promptly prepared an amended subpoena, which they tried to serve. *Id.*, ¶¶ 3-4 & Ex. B. Despite multiple attempts by the process server, personal service of the amended subpoena was not effectuated. *Id.* Indeed, the process server attempted to serve the amended subpoena on Lisa Bundy on September 25, but although the process server noted that people were inside the home,

3

no one answered the door. *Id.* The process server attempted service again on September 26, but again, no one answered the door. *Id.* Lisa Bundy was clearly evading and refusing service. *Id.*

5.       On October 2, 2024, the St. Luke's Creditors ultimately served a second amended subpoena (the "corrected subpoena") on Lisa Bundy via USPS next day priority, UPS overnight, and email. *Id.*, ¶ 5 & Exs. C-D. The corrected subpoena required Lisa Bundy to produce documents by October 17, and to attend a deposition in St. George—roughly 40 miles from her residence—on October 21. *Id.*, ¶ 10. Lisa Bundy did not directly respond to the St. Luke's Creditors about the corrected subpoena. *See id.*, ¶ 12.

6.       Despite having received the corrected subpoena on October 2, on October 7, Lisa Bundy served, but did not file, a Motion to Quash that was targeted at the original subpoena—the one containing the incorrect location for the deposition—not the corrected subpoena. In that motion, Lisa Bundy primarily argues that the original subpoena should be quashed because it requires her to travel approximately 270 miles from her residence. But she fails to recognize that the corrected subpoena, which was served *before* she filed her motion, only required her to travel roughly 40 miles.

7.       Because Lisa Bundy did not inform the St. Luke's Creditors that she would not show up for her scheduled examination on October 21 in St. George, and because she only served, but did not file, her Motion to Quash, which was targeted at an outdated subpoena, the St. Luke's Creditors' counsel prepared for the examination, travelled from Boise to St. George for the examination, and arranged for a videographer and court reporter to attend the examination. *See id.*, ¶ 13. Lisa Bundy did not show. *Id.* And to date, she has not produced any documents in response to St. Luke's Creditors' subpoenas. *Id.*, ¶ 14.

4

8.      Now, the St. Luke's Creditors request the Court deny Lisa Bundy's Motion to Quash, compel Lisa Bundy to produce the requested documents by December 11, 2024, and require Lisa Bundy to attend a Rule 2004 examination on or before December 18, 2024.

### ARGUMENT

**The Court Should Compel Lisa Bundy to Comply with the Corrected Subpoena.**

9.      In addition to denying Lisa Bundy's Motion to Quash, the Court should exercise its discretion to compel Lisa Bundy to produce documents and attend a deposition.

10.      The Court has authority to compel Lisa Bundy's compliance with the Rule 2004 Subpoena pursuant to Bankruptcy Rule 2004(d), Bankruptcy Rule 9016, which adopts Federal Rule of Civil Procedure 45, and Bankruptcy Rule 7037, which adopts Federal Rule of Civil Procedure 37.

11.      Here, the corrected subpoena required Lisa Bundy to produce documents by October 17, and to attend a Rule 2004 Examination on October 21. Acting on this, the St. Luke's Creditors' counsel prepared for the examination, travelled from Boise to St. George for the examination, and arranged for a videographer and court reporter to attend the examination. *See* Faucher Decl., ¶ 13. But rather than cooperate, on October 22—the day *after* her scheduled examination—Lisa Bundy filed a baseless and misleading Motion to Quash. To date, she has not complied with the subpoena in any way. *See* Faucher Decl., ¶ 14. Given this, in addition to denying Lisa Bundy's Motion to Quash, the Court should compel Lisa Bundy to produce the requested documents and attend the requested examination by a date certain.

5

**CONCLUSION**

WHEREFORE, the St. Luke's Creditors ask the Court to deny Lisa Bundy's Motion to

Quash (Dkt. 183). The St. Luke's Creditors also ask the Court to Compel and order Lisa Bundy

to produce the documents requested by December 11, 2024, and sit for a Rule 2004 Examination

on or before December 18, 2024.

DATED this 7th day of November, 2024.

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)
Robert A. Faucher (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffman | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84720

Lisa Bundy
P.O. Box 1062
Cedar City, UT 84720

**By UPS Overnight Courier:**

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

Lisa Bundy
896 E 400 S
New Harmony, UT 84757

7

**By Internet E-Mail:**

Lisa Bundy
bundylmlb@gmail.com
bundylm.lb@gmail.com

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)
Robert A. Faucher (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP

33606215_v3

8

# Exhibit D



## ESTOPPED CERTIFICATE,
### RELEASE & WAIVER

### Recitals

Global Trading & Investments, Inc., an Idaho corporation ("GT&I") is in possession of certain funds belonging to Ammon E. and Lisa M. Bundy (collectively "**Bundy**"). GT&I and its principals desire to distribute the funds to Bundy (or to such party or parties as Bundy directs) and upon distributions be released of any further liability with regards to said funds.

### Estoppel, Release & Waiver

NOWTHEREFORE, for good and valuable consideration, and GT&I's reliance on Bundy's execution of this instrument, the parties to this agreement represent and agree to the following.

    **A.** **Waiver of Accounting.** Bundy waives any further accounting of the funds. Upon receipt of the signed release GT&I shall cause to be disbursed to Abish-husband, Inc., the sum of $487,167.36 ($507,167.36473,000 less $$20,000.00).

    **B.** **Full & Complete Distribution.** Except for the $20,000 fee the distribution represents a full and complete satisfaction of Bundy's interest in the funds and GT&I's obligation to Bundy

    **C.** **Release.** Bundy releases and forever discharges GT&I, their officers, directors, shareholders, agents, attorneys, accountants and/or other representatives, from all actions, claims and demands whatsoever including but not limited to any claim(s) relating to the Loan Servicing and Stock Investment Arrangements, and any other act, matter, cause, or thing whatsoever arising out of the aforesaid transactions or the administration of such funds received from Bundy. *Bundy understands that they have the right to obtain advice concerning this instrument from independent legal counsel of their choice, at their cost, and represents that they have either done so prior to executing this instrument or have knowingly elected voluntarily to waive any such right at this time.*

    **D.** **Estoppel Certificate.** Bundy understands and agrees that by executing this instrument that GT&I and its agents are relying on the Bundy's representation in this instrument in making the distribution as directed by Bundy, instead of interpleading the funds into a court to obtain court approval Bundy understands and agrees that if they sign this instrument, they will be forever estopped from challenging this instrument in any fashion

    **E.** **Indemnification.** Bundy agrees to indemnify and hold harmless (from Bundy's own assets) GT&I, its officers, directors, shareholders, agents, attorneys, accountants and/or other representatives against any cost or expense (including counsel



## ESTOPPED CERTIFICATE,
### RELEASE & WAIVER

### Recitals

Global Trading & Investments, Inc., an Idaho corporation ("GT&I") is in possession of certain funds belonging to Ammon E. and Lisa M. Bundy (collectively "Bundy"). GT&I and its principals desire to distribute the funds to Bundy (or to such party or parties as Bundy directs) and upon distributions be released of any further liability with regards to said funds.

### Estoppel, Release & Waiver

NOW THEREFORE, for good and valuable consideration, and GT&I's reliance on Bundy's execution of this instrument, the parties to this agreement represent and agree to the following.

**A.    Waiver of Accounting.** Bundy waives any further accounting of the funds. Upon receipt of the signed release GT&I shall cause to be disbursed to Abish-husband, Inc., the sum of $487,167.36 ($507,167.36473,000 less $$20,000.00).

**B.    Full & Complete Distribution.** Except for the $20,000 fee the distribution represents a full and complete satisfaction of Bundy's interest in the funds and GT&I's obligation to Bundy

**C.    Release.** Bundy releases and forever discharges GT&I, their officers, directors, shareholders, agents, attorneys, accountants and/or other representatives, from all actions, claims and demands whatsoever including but not limited to any claim(s) relating to the Loan Servicing and Stock Investment Arrangements, and any other act, matter, cause, or thing whatsoever arising out of the aforesaid transactions or the administration of such funds received from Bundy. *Bundy understands that they have the right to obtain advice concerning this instrument from independent legal counsel of their choice, at their cost, and represents that they have either done so prior to executing this instrument or have knowingly elected voluntarily to waive any such right at this time.*

**D.    Estoppel Certificate.** Bundy understands and agrees that by executing this instrument that GT&I and its agents are relying on the Bundy's representation in this instrument in making the distribution as directed by Bundy, instead of interpleading the funds into a court to obtain court approval  Bundy understands and agrees that if they sign this instrument, they will be forever estopped from challenging this instrument in any fashion

**E.    Indemnification.** Bundy agrees to indemnify and hold harmless (from Bundy's own assets) GT&I, its officers, directors, shareholders, agents, attorneys, accountants and/or other representatives against any cost or expense (including counsel

1 | 1 ‹

**Exhibit A.2, Page 1**

**Exhibit A, Page 12**

Page 2

# Exhibit E

Lisa M. Bundy
P.O. Box 1062
Cedar City, Utah
84720-1062

## UNITED STATES BANKRUPTCY COURT,
### DISTRICT OF UTAH

| | | |
|---|---|---|
| Ammon Edward Bundy | ( | Case No: 24-23530 |
| | ( | Chapter 7 |
| | ( | WILLIAM T. THURMAN |
| | ( | |

### MOTION TO QUASH SUBPOENA FOR LISA M. BUNDY

Comes now Lisa Bundy to move this court to quash the subpoena served by St. Luke's
parties upon Lisa Bundy.

### <u>BACKGROUND</u>

St. Luke's sued Mr. Bundy, he never appeared in the case and eventually a $53 million default

judgment was issued against him. To find relief from the relentless aggression of St. Luke's

attorneys litigating against him with 6 teams of attorney in 5 states and in 9 separate courts Mr.

Bundy filed bankruptcy in July of 2024. St. Luke Health System has spent over a million dollars

litigating against Mr. Bundy. Lawfare is the term. To cause further suffering to the Bundy

family, St. Luke's attorneys recently filed for permission to subpoena Mrs. Bundy in this

bankruptcy case. This court recently authorized them to serve papers upon Mrs. Bundy for a

subpoena. St. Luke attorneys want to get Mrs. Bundy in their office alone, to gang up and tear

her down in hopes that she will say something that they can use against her husband. They know

that Mr. and Mrs. Bundy have no means to practically hire an attorney. How would they pay the

attorney? St Luke's attorneys know that they have seized the Bundy's bank accounts and funds.

Page 1

Furthermore, Mrs. Bundy is a stay-at-home mother that cares for her family deeply. It is a low blow by the St. Luke's council to shamelessly involve her in this attack. Attacking women and children during conflict is something only dishonorable men do.

## ARGUMENT TO QUASH SUBPOENA FOR LISA BUNDY

The Subpoena is unauthorized pursuant to FRCP 45

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)   is a party or a party's officer; or

(ii)   is commanded to attend a trial and would not incur substantial expense.

(iii)

Mrs. Bundy resides in New Harmony, Utah, nearly 4 hours away from the location of the set examination, approximately 270 miles from her residence. A far cry from the 100-mile circumference required by the federal rules. Additionally, Mrs. Bundy is not party to the bankruptcy nor a party's officer. The subpoena is not for a trial and it would cause Mrs. Bundy substantial hardship in expenses and otherwise which will be explained further. For these reasons the subpoena for Lisa Bundy should be quashed.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Page 2

The St. Luke's attorneys have not taken reasonable steps to avoid imposing undue burden and expenses on Mrs. Bundy. St. Luke's council (Holland & Hart) expects Mrs. Bundy to pay for fuel, hotel, meals and other traveling expenses, driving over 540 miles. The trip would surely consist of 2 days after the drive up and the examination. St. Luke's council, shamelessly issued Mrs. Bundy a black and white check for $251.26. Mrs. Bundy is offended that St. Luke's attorney would issue a check in the first place. The last thing she wants is a little bit of money back that was stolen from her family in the first place. That said, what good is a check to Mrs. or Mr. Bundy? The St. Luke's attorneys know that they have seized all of the Bundy's bank accounts and that they cannot cash the check, even if they wanted to. It's like stealing out of a Canadian beggars pan, transferring the money to Mexican currency and then giving a little bit of it back to the beggar. What is the beggar supposed to do with it? How does it help him at all?

The Holland and Hart attorneys (St. Luke's council) are very much aware that Mrs. Bundy has no means of cashing a check. In fact, the black and white check was copy of a Mountain America Credit Union check. The same institution where Mrs. Bundy banked for over 25 years until her account was seized. The same credit union that St. Luke's team of attorneys recently subpoenaed in this court. The last time Mrs. Bundy tried to cash a check there, they looked up her account, saw that it was seized for some legal reason and told her that they could not help her. Mrs. Bundy left in tears wondering how she was going to buy groceries. The St. Luke's attorneys know that Mrs. Bundy has no way of cashing a check and that the place of examination would cause extreme burden upon the Bundy family, these attorneys are in violation of FRCP 45(d)(1).

Page 3

(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    (ii) ensures that the subpoenaed person will be reasonably compensated.

St. Luke's council has not shown any substantial need for Lisa Bundy to be examined. They have not shown that an interrogation of Mrs. Bundy would result in more than a bunch of *"I don't knows"*. Mrs. Bundy is not party in this case, nor in the lawsuit that resulted in the $53,000,000.00 judgment against her husband. Mrs. Bundy is not an officer to any party and she had nothing to do with any of the finances in any entity that Mr. Bundy controlled or was part of. The St. Luke's attorneys, at best, are assuming that Mrs. Bundy knows more than the household finances. If they wanted to know how much the Bundy family spent on groceries or how much the children's clothing cost in a year then Mrs. Bundy may have the answers. But questions about finances or transaction outside the household scope, Mrs. Bundy simply will not know and the St. Luke's attorneys have not shown any substantial need to interrogating Mrs. Bundy. Therefore, the court should quash the subpoena.

(3) *Quashing or Modifying a Subpoena*.

    (A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        (i) fails to allow a reasonable time to comply;

        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        (iv) subjects a person to undue burden.

Mrs. Bundy's expenses to travel across the State of Utah would be an extreme burden upon her and her children. As mentioned, Mrs. Bundy is a stay-at-home mother that transports her children approximately 30 miles to and from school. There are no bus transportations available for her younger children. The burden upon her and her family would be significant.

**Furthermore, and most important;** Mrs. Bundy has not stopped fretting and crying since the St. Luke's Parties served her with the subpoena. Because of the harassment and aggression of the St. Luke's council her life has been extremely disrupted for nearly three years now. Mrs. Bundy is not emotionally capable of being examined by the same people that have so viciously attacked her family for so long. In fact, Mrs. Bundy is not emotionally capable of being examined by any aggressor at this time. The emotion of being examined will be too burdensome upon her.

It was the hopes of the Bundy family that once they moved out of Idaho, left their home and community that St. Luke's executives and attorneys would be satisfied and leave them alone allowing them to rebuild, but instead they have pursued them with even more vigor. Even after taking title of their home, seizing their bank accounts and taking all the shares in Mr. Bundy's enterprises, the St. Luke's executives and attorneys are not content. Now, they are directly seeking to adversely interrogate Mrs. Bundy face to face for information that Mrs. Bundy has little or no knowledge of. This is harassment, causing further suffering to the Bundy family. Mrs. Bundy is not emotionally capable to endure such interrogations, the burden upon her is too much and therefore the court should quash the subpoena and order that no other subpoena be served upon Lisa Bundy in this case.

If the court chooses to order a professional evaluation of Mrs. Bundy's emotional

condition, then there are not objections as long as it is within close proximity of her residence

and with a professional of her approval.

**DATED THIS DAY,** the 7th of October, 2024.

Lisa Bundy

Page 6

| CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:


UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

|                          | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS Mail |
|--------------------------|-----------------------------------------|-----|-----------|
| Mark C. Rose, Trustee    | mrose@mbt-law.com                       | [X] | Email     |
| Erik Stidham             | efstidham.@hollandhart.com              | [X] | Email     |


**DATED THIS DAY,** the 7th of October, 2024.



Lisa Bundy

# Exhibit F

Utah
County of Iron,

The undersigned, LISA M. BUNDY, being duly sworn, hereby deposes and says:

1    I am over the age of 18 and am a resident of Utah. I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto.

2    I suffer no legal disabilities and have personal knowledge of the facts set forth below.

3    I, Lisa Bundy, have been married to Ammon Bundy for 23 years. During our marriage he has had multiple businesses. When we first got married, I helped him with the books for Valet Fleet Service for a few years. Once we had 3 children, I stopped helping him, as motherhood was taking up all of my time. That stopped in the year of 2006.

I testify that I have no or very little knowledge about my financial decisions or transactions having to do with Abish-husbondi Inc., Dono-Custos Inc. or Peoples Rights Network or Valet Fleet Service after the year of 2006, or any other entity owned and controlled by my husband.

Other than helping with my father's company, earlier in 2024, I have no knowledge, influence or control over any business accounts or outside finances. I handle the household expenses only, meaning; groceries, clothing, utility bills, rent/mortgage payment, doctors/dental visits, children's activities, etc.

My main focus is to take primary care for my children. That is THE most important thing to me in this life! My children's schooling, sporting activities, home life, healthcare, meals, etc. I have not participated in any outside homelife decisions. I wouldn't even know where to find the information, e.g., passwords, banking info. etc... Nor do I care to, as being a mother to 6 children I have my hands full.

In the Spring of 2024 St. Luke's went into MY bank accounts and made it so that I could no longer use them. It has been extremely difficult to be a mom and make sure my kids have their required needs. I have had to work on a cash basis, and mostly to the point of not even knowing when there will be any money. It is very stressful, discouraging and has made me and my children's lives extremely hard. We are managing on a very low amount of income.

I have scheduled an appointment with a doctor in the coming week to disuss my mental health as it has been hard to function in everyday life based on the stress. There are not many days that go by that I do not cry.

Getting out of bed is difficult, most days. We have been thrust out of our home, community and livelihood because my husband stepped in and helped save a baby from these terrible people.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this 20th day of November, 2024.

Lisa M. Bundy

NOTARY ACKNOWLEDGMENT

Utah, County of Iron, ss:

This Affidavit was acknowledged before me on this _20_ day of _November_, _2024_ by Lisa M. Bundy, who, being first duly sworn on oath according to law, deposes and says that they have read the foregoing Affidavit subscribed by them and that the matters stated herein are true to the best of their information, knowledge, and belief.

Notary Public

AMARIAH FREEMAN
Notary Public
State Of Utah
My Commission Expires 03-27-2027
COMMISSION NO. 730195

_Notary Public_
Title (and Rank)

_3/27/27_
My commission expires