Erik F. Stidham (Admitted pro hac vice)
Robert A. Faucher (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re:<br><br>AMMON EDWARD BUNDY<br><br>Debtor. | Bankruptcy No. 24-23530<br><br>Chapter 7<br><br>Honorable William T. Thurman |
|---|---|
| **ST. LUKE'S CREDITORS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL LISA BUNDY's COMPLIANCE WITH RULE 2004 SUBPOENA** ||

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (collectively "St. Luke's Creditors"), submit the following Reply in support of their Motion to Compel Lisa Bundy's Compliance with Rule 2004

Subpoena (the "Motion"), Dkt. 179, and in response to the Response to the Motion (the "Objection"), Dkt. 189, filed by Lisa Bundy ("Ms. Bundy").

## I.    INTRODUCTION

1. Ms. Bundy should be compelled to produce documents and provide sworn testimony regarding the assets of her husband Ammon Bundy (the "Debtor") and actions that Debtor and Ms. Bundy have taken to conceal assets from St. Luke's Creditors and this Court.

2. For almost two years, the Debtor has publicly declared that he has concealed and is continuing to conceal assets from St. Luke's Creditors. Evidence indicates that Ms. Bundy has actively participated in those efforts to conceal assets. Moreover, it is likely that Ms. Bundy knows how and where those assets were concealed. In turn, St. Luke's Creditors should be allowed to examine Ms. Bundy.

3. In her Objection, Ms. Bundy attempts to mislead the Court by asserting that St. Luke's Creditors seek to compel her examination in Salt Lake City. In truth, Ms. Bundy and the Debtor know that her examination is sought in St. George and that that counsel for the St. Luke's Creditors have expressed a willingness to coordinate the timing of examination with Ms. Bundy.

4. Ms. Bundy wrongly asserts that counsel for St. Luke's Creditors misstated or mischaracterized facts relating to service. That is not the case. Providing declarations and supporting exhibits, Counsel for St. Luke's Creditors explained (1) the events relating the service of Ms. Bundy, (2) communications sent to Ms. Bundy, and (3) efforts to get Debtor Bundy and/or Ms. Bundy to communicate and cooperate regarding the examination. Counsel has not misled the Court.

## II.    ARGUMENT

A.    St. Luke's Creditors Are Entitled to Examine Ms. Bundy.

5.    In motions and supporting declarations, St. Luke's Creditors explained the need to examine Ms. Bundy. Dkt. 26, at 3-8. Given her marriage to the Debtor, Ms. Bundy has relevant information regarding the assets of the marital community. *Id.* at ¶¶ 5-8. Further, evidence shows that Ms. Bundy actively participated in efforts to defraud the St. Luke's Creditors by fraudulently conveying ownership of about $1.5 million in real property and in trying to hide distribution of $487,167.36 in January of 2024. Dkt. 26 at ¶¶ 3-4; Dkt. 184 at ¶¶ 5-6 and Ex. E. Notably, the Debtor has failed to disclose the $487,167.36 in any of his filings in this Court.

6.    Ignoring the evidence presented, Ms. Bundy simply asserts that she only deals with household finances. Her assertion is demonstrably false. St. Luke's Creditors should be allowed to examine Ms. Bundy regarding these, and other issues, under oath.

7.    Further, the Court should reject Ms. Bundy's assertions that she should be allowed to avoid examination because she is stressed and because there may be other sources of information. There is no basis to believe Ms. Bundy is unable to testify because she is stressed. And St. Luke's Parties have no substitute for Ms. Bundy's testimony. Even if the Debtor shares all the information known by Ms. Bundy, St. Luke's Creditors reasonably assume the Debtor will not be forthcoming or truthful in his testimony. The Debtor's examination, which he is actively avoiding, is no substitute from Ms. Bundy's testimony.

B.     <u>St. Luke's Creditors Do Not Seek to Examine Ms. Bundy in Salt Lake City; Events Surrounding Service Have Been Explained.</u>

8.     Ms. Bundy continues to assert that she is being forced to testify in Salt Lake City. She knows that is false. In prior filings, St. Luke's Creditors provided a full explanation of the events surrounding service of Ms. Bundy. *See e.g.*, Dkt. 180 ¶¶ 2-13 & Exs. A-F. Ms. Bundy and the Debtor have received repeated communications and amended subpoenas which clearly state that Ms. Bundy does not need to travel to Salt Lake for her examination. *Id*. Moreover, in their Motion to Compel and in their Opposition to the Motion to Quash, St. Luke's Creditors have repeatedly stated that the examination will not be in Salt Lake City. Dkts. 176 and 179.

### III.     CONCLUSION

9.     Based on the foregoing, St. Luke's Creditors respectfully request that the Court compel Ms. Bundy to produce the requested documents and appear for her examination in St. George, Utah.

DATED this 29th day of November, 2024.

        HOLLAND & HART LLP

        */s/ Engels J. Tejeda*
        Engels Tejeda (11427)
        Benjamin D. Passey (19234)
        Erik F. Stidham (Admitted pro hac vice)
        Robert A. Faucher (Admitted pro hac vice)

        *Attorneys for St. Luke's Health System, Ltd.,*
        *St. Luke's Regional Medical Center, Ltd.,*
        *Chris Roth, Natasha Erickson, M.D., and*
        *Tracy Jungman, NP*

# CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

| | |
|---|---|
| Matthew James Burne | matthew.burne@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| George B. Hoffmann | ghofmann@ck.law; mparks@ck.law |
| David W. Newman | david.w.newman@usdoj.gov; james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov; rachell.e.d.hughes@usdoj.gov; brittany.deweitt@usdoj.gov |
| Mark C. Rose | trustee@mbt-law.com; UT32@ecfcbis.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |

**By U.S. First Class Mail with postage pre-paid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84721-0991

**By UPS Overnight Delivery:**

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

*Engels J. Tejeda*
Engels J. Tejeda
of Holland & Hart LLP

33746195_v3