David W. Newman (USB #15901)
Assistant United States Trustee
Matthew J. Burne (USB #18605)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5734
E-mail: David.W.Newman@usdoj.gov

Attorneys for Gregory W. Garvin
Acting United States Trustee, Region 19

---

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Case No. 24-23530 |
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Hon. William T. Thurman |

---

### NOTICE OF ISSUANCE OF SUBPOENAS

---

The Acting United States Trustee hereby gives notice that he has issued the attached

subpoenas as follows:

Subpoenas Duces Tecum:

Bundy Family Foundation
Bundy Farms, Inc.
Bundy Farms, LLC
Dono-Custo, Inc.

The subpoenas are attached hereto and incorporated herein by this reference.

Date: December 12, 2024                    ACTING UNITED STATES TRUSTEE
                                           Gregory W. Garvin


                                           By: /s/ Matthew J. Burne
                                           Matthew J. Burne
                                           Attorney for the Acting United States Trustee

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (EM/ECF)

I hereby certify that on December 12, 2024, I caused the foregoing document to be electronically filed with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Matthew James Burne**    matthew.burne@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Robert A. Faucher**    rfaucher@hollandhart.com, spturner@hollandhart.com
- **George B. Hofmann**    ghofmann@ck.law, mparks@ck.law
- **David W. Newman tr**    david.w.newman@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Benjamin David Passey**    bdpassey@hollandhart.com, phowell@hollandhart.com
- **Darren G. Reid**    dgreid@hollandhart.com, cfries@hollandhart.com
- **Mark C. Rose tr**    trustee@mbt-law.com, UT32@ecfcbis.com
- **Erik F. Stidham**    efstidham@hollandhart.com, dljenkins@hollandhart.com;boiseintaketeam@hollandhart.com
- **Engels Tejeda**    ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;lahansen@hollandhart.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

## CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on December 12, 2024, I caused a copy of the foregoing document to be uploaded to BMC Group, Inc., an approved bankruptcy notice provider, to be sent by first class mail to the parties listed below. Pursuant to the BMC Group, Inc.'s terms of service, documents uploaded for service will be mailed out within one business day of being uploaded.

**Mail Service: First-class U.S. mail, postage pre-paid, addressed to:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84721

Lisa M. Bundy
P.O. Box 1062
Cedar City, UT 84720-1062

3

Jennifer M Jensen
Holland & Hart, LLP
800 West Main Street, Suite 1750
Boise, ID 83702

Date: December 12, 2024                    */s/ Lindsey Huston*
                                           Lindsey Huston

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of __UTAH__

In re __Ammon Edward Bundy__

__Debtor__

*(Complete if issued in an adversary proceeding)*

_____

__Plaintiff__

v.

_____

__Defendant__

Case No. __24-23530__

Chapter __7__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Bundy Family Foundation__

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached hereto.

| PLACE   United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111 or Matthew.Burne@usdoj.gov and Lindsey.Huston@usdoj.gov | DATE AND TIME Thursday, December 26, 2024 by no later than 4:30 p.m. (MT) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __December 11, 2024__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

MATTHEW BURNE   Digitally signed by MATTHEW BURNE Date: 2024.12.11 14:14:18 -0700'

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
United States Trustee
_____ , who issues or requests this subpoena, are:

Matthew J. Burne, U.S. Department of Justice, Office of the United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111, (801) 524-5734, Matthew.Burne@usdoj.gov

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

### (c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS REGARDING COMPLIANCE

Pursuant to Federal Rule of Civil Procedure 45, incorporated by Rules 9016 and 2004 of the Federal Rules of Bankruptcy Procedure, you are required to produce and permit the inspection and copying of any and all of the documents of things listed below which are in your possession, custody or control. The terms "writings", "recordings" and/or "communications", unless otherwise defined herein, consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, e-mail, text message, or other form of data compilation and includes electronically stored information. The terms include originals, copies, non-original copies, and drafts. Electronically stored information must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

If information subject to this subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A personal appearance and production of original responsive items at the time and location specified in the subpoena is not required if the person to whom this subpoena is directed produces to the issuer of this subpoena copies of responsive items prior to the date of production specified in the subpoena and the copies are accompanied by an affidavit or declaration under penalty of perjury of the custodian of records declaring that the subpoena has been fully complied with and the copies of the records are true and accurate copies of the originals. The copies and affidavit/declaration may be sent to the issuer of this subpoena by U.S. Mail or commercial delivery.

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein, and such document was, but is no longer in your possession, or subject to your control, or in existence, identify the document and indicate its status.

## DEFINITIONS

The following words and terms, as used herein, have the meanings set forth below and also require that you produce the documents as set forth herein.

1.      As used herein, the term "and/or" shall be interpreted conjunctively and shall not be construed disjunctively to exclude any information otherwise obtained within the scope of any requests.

2.      As used herein, "you," "your" and "yourself" refers to the Bundy Family Foundation with a Arizona Entity ID No of 21646357 and last known addresses of: 41904 N. Alistair Way, Phoenix, AZ 85086, and all other affiliates thereof, as well as each and every Person acting or purporting to act on your behalf.

3.      As used herein, the term "Bankruptcy Court" refers to the United States

Bankruptcy Court for the District of Utah.

4.    As used herein "Debtor" means Ammon Edward Bundy with a social security number ending in 7962, and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Debtor's behalf.

5.    As used herein, "Bankruptcy Case" refers to the case filed by the Debtor which is pending in the Bankruptcy Court at case No. 24-3530.

6.    As used herein, "Petition Date" refers to July 17, 2024, *i.e.*, the date the Debtor filed the Bankruptcy Case.

7.    As used herein, "Account" or "Accounts" refers to any financial accounts of any type whether held by the Debtor, by you individually, or jointly with any other Person, and whether held for your benefit or for the benefit of any other Person, and shall also include (but is not limited to): bank accounts, investment accounts, trust fund accounts, custodian checking or savings accounts, Venmo accounts, CashApp accounts, Paypal accounts or any other electronic/"cash app" accounts.

8.    As used herein "Lisa Bundy" refers to Lisa M. Bundy with a social security number ending in 9527 and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Lisa Bundy's behalf.

9.    As used herein, the term "all," such as in "all cancelled checks," means "each and every cancelled check."

10.    As used herein, "Document" means all written, reported, recorded, or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, now or at any time in your possession, custody, or control, or that of your agents, employers, attorneys, or representatives, including without limitation, correspondence, memoranda, interoffice communications, written notes, records of telephone conversations, voicemails, telephone messages, text messages, email messages, telegrams, minutes of directors' or committee meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, computer printouts, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of accounts, journals, posting records, vouchers, any statements which reflect any payments or receipts of cash, drafts, notes, checks, bank checks, bank statements, negotiable instruments, signature cards, certificates of deposit, letters of credit, passbooks, balance sheets, financial statements, profit and loss statements, escrow agreements, powers of attorney, stop payment orders, insurance policies, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stock certificates, stock powers, confirmation slips, account statements, offering circulars, prospectuses, private placement memoranda, pink sheets, statements, papers, bids, estimates, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.  The term "document" also means a copy where the original is not in your

possession, custody, or control and every copy and/or draft of a document if such copy is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another Person, or public or private entity, having possession or custody thereof.

11.     As used herein, "Communication" means the conveyance, disclosure, transfer, or exchange of information or opinion, however made, between or among Persons by any means, e.g., face-to-face and telephone conversations, correspondence, e-mail messages, text message, social media platforms messaging, facsimile, telegrams, telexes, voice-mail messages, face-to-face dialogue, memoranda, meetings, discussions, releases, statements, reports, publications, and any recordings or reproductions thereof.

12.     As used herein, the terms "any" or "each" shall be understood to include "all."

13.     As used herein, the word "or" appearing in a request for documents should not be read so as to eliminate any part of the request for documents, but wherever applicable, should be given the same meaning as "and."

14.     As used herein, "Concerning" in shall be understood to mean constituting, containing, relating, relating to, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, or stating.

15.     As used herein, "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, limited liability company, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

## <u>ITEMS TO BE PRODUCED</u>

1.     All organizational Documents for you including, but not limited to: corporate charters or other formational documents, corporate bylaws, operating agreements, foundation charters and any other Documents which govern your operations, including all prior versions and/or amendments to the aforementioned documents and also including all attachments, exhibits, schedules or addendums thereto.

2.     All Documents related to your current ownership structure or beneficiaries and/or a list including the identity of your owners and/or beneficiaries, and for any ownership structure or the identity of your owners or beneficiaries during the period of January 1, 2020 to present.

3.     All Tax Returns and/or tax filings (both state and Federal), including quarterly and annual, prepared or filed by you or on your behalf, including any schedules or attachments thereto, from January 1, 2020 through present.

4.     All Financial Reports, including income statements and/or balance sheets, prepared by you or for you for the years 2020 through present.

5.     Communications between you and the Debtor, Lisa Bundy or any of your representatives, employees, accountants or tax professionals related to Financial Reports and Tax Returns identified in Items 3 and 4 above.

6.     All Documents and Communications related to any amounts paid by, or on behalf of you to, or for the benefit of, the Debtor and/or Lisa Bundy from January 1, 2020 to present.

7.     All statements for any depository Accounts held in your name, whether solely, jointly, or held for your benefit, for the period of January 1, 2020 to present.

8.     All Documents related to any real property you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including deeds, closing statements, or other documents representing how you acquired the interest and how you transferred the interest.

9.     All Documents related to any personal property or vehicles you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including registrations, certificates of title, transferring Documents, or proofs of insurance.

10.     All Documents related to any safety deposit boxes, storage units or other leased premises which you hold, lease or have access to, or for which you held, leased or had access to during the period of January 1, 2020 to present.

11.    All Documents related to funds or property of any kind you received from the Debtor, Lisa Bundy, or from any entity owned or controlled by the Debtor or Lisa Bundy during the period of January 1, 2020 to present, including details on the amount received, the Account from which it was received, and the Account to which it was deposited.

12.    All Documents related to any loans you received from any source, or for which you applied for during the period of January 1, 2020 to present, including any promissory notes, loan agreements, security agreements, guaranty agreements, loan applications (including personal financial statements submitted by any Person or entity in support thereof).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of __UTAH__

In re __Ammon Edward Bundy__

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __24-23530__

Chapter __7__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Bundy Farms, Inc.__

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit "A" attached hereto.

| PLACE  United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111 or Matthew.Burne@usdoj.gov and Lindsey.Huston@usdoj.gov | DATE AND TIME  Thursday, December 26, 2024 by no later than 4:30 p.m. (MT) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __December 10, 2024__

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

MATTHEW BURNE   Digitally signed by MATTHEW BURNE   Date: 2024.12.11 14:53:27 -07'00'

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__United States Trustee__
_____ , who issues or requests this subpoena, are:

Matthew J. Burne, U.S. Department of Justice, Office of the United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111, (801) 524-5734, Matthew.Burne@usdoj.gov

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

     (i) is a party or a party's officer; or

     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     (i) fails to allow a reasonable time to comply;

     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

     (iv) subjects a person to undue burden.

   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

     (i) expressly make the claim; and

     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS REGARDING COMPLIANCE

Pursuant to Federal Rule of Civil Procedure 45, incorporated by Rules 9016 and 2004 of the Federal Rules of Bankruptcy Procedure, you are required to produce and permit the inspection and copying of any and all of the documents of things listed below which are in your possession, custody or control. The terms "writings", "recordings" and/or "communications", unless otherwise defined herein, consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, e-mail, text message, or other form of data compilation and includes electronically stored information. The terms include originals, copies, non-original copies, and drafts. Electronically stored information must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

If information subject to this subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A personal appearance and production of original responsive items at the time and location specified in the subpoena is not required if the person to whom this subpoena is directed produces to the issuer of this subpoena copies of responsive items prior to the date of production specified in the subpoena and the copies are accompanied by an affidavit or declaration under penalty of perjury of the custodian of records declaring that the subpoena has been fully complied with and the copies of the records are true and accurate copies of the originals. The copies and affidavit/declaration may be sent to the issuer of this subpoena by U.S. Mail or commercial delivery.

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein, and such document was, but is no longer in your possession, or subject to your control, or in existence, identify the document and indicate its status.

## DEFINITIONS

The following words and terms, as used herein, have the meanings set forth below and also require that you produce the documents as set forth herein.

1.      As used herein, the term "and/or" shall be interpreted conjunctively and shall not be construed disjunctively to exclude any information otherwise obtained within the scope of any requests.

2.      As used herein, "you," "your" and "yourself" refers to Bundy Farms, Inc. with a Nevada Entity No of E4780852020-9 and a Nevada Business ID of NV20201715394 and last known addresses of: 4615 Harvest Lane, Emmett, NV, 83617, and all other divisions, doing business as ("d/b/a"), affiliates or subsidiaries thereof, as well as each and every Person acting or purporting to act on your behalf.

3.      As used herein, the term "Bankruptcy Court" refers to the United States

Bankruptcy Court for the District of Utah.

4.      As used herein "Debtor" means Ammon Edward Bundy with a social security number ending in 7962, and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Debtor's behalf.

5.      As used herein, "Bankruptcy Case" refers to the case filed by the Debtor which is pending in the Bankruptcy Court at case No. 24-3530.

6.      As used herein, "Petition Date" refers to July 17, 2024, *i.e.*, the date the Debtor filed the Bankruptcy Case.

7.      As used herein, "Account" or "Accounts" refers to any financial accounts of any type whether held by the Debtor, by you individually, or jointly with any other Person, and whether held for your benefit or for the benefit of any other Person, and shall also include (but is not limited to): bank accounts, investment accounts, trust fund accounts, custodian checking or savings accounts, Venmo accounts, CashApp accounts, Paypal accounts or any other electronic/"cash app" accounts.

8.      As used herein "Lisa Bundy" refers to Lisa M. Bundy with a social security number ending in 9527 and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Lisa Bundy's behalf.

9.      As used herein, the term "all," such as in "all cancelled checks," means "each and every cancelled check."

10.      As used herein, "Document" means <u>all</u> written, reported, recorded, or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, now or at any time in your possession, custody, or control, or that of your agents, employers, attorneys, or representatives, including without limitation, correspondence, memoranda, interoffice communications, written notes, records of telephone conversations, voicemails, telephone messages, text messages, email messages, telegrams, minutes of directors' or committee meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, computer printouts, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of accounts, journals, posting records, vouchers, any statements which reflect any payments or receipts of cash, drafts, notes, checks, bank checks, bank statements, negotiable instruments, signature cards, certificates of deposit, letters of credit, passbooks, balance sheets, financial statements, profit and loss statements, escrow agreements, powers of attorney, stop payment orders, insurance policies, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stock certificates, stock powers, confirmation slips, account statements, offering circulars, prospectuses, private placement memoranda, pink sheets, statements, papers, bids, estimates, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.  The term "document" also means a copy where the original is not in your

possession, custody, or control and every copy and/or draft of a document if such copy is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another Person, or public or private entity, having possession or custody thereof.

11.     As used herein, "Communication" means the conveyance, disclosure, transfer, or exchange of information or opinion, however made, between or among Persons by any means, e.g., face-to-face and telephone conversations, correspondence, e-mail messages, text message, social media platforms messaging, facsimile, telegrams, telexes, voice-mail messages, face-to-face dialogue, memoranda, meetings, discussions, releases, statements, reports, publications, and any recordings or reproductions thereof.

12.     As used herein, the terms "any" or "each" shall be understood to include "all."

13.     As used herein, the word "or" appearing in a request for documents should not be read so as to eliminate any part of the request for documents, but wherever applicable, should be given the same meaning as "and."

14.     As used herein, "Concerning" in shall be understood to mean constituting, containing, relating, relating to, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, or stating.

15.     As used herein, "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, limited liability company, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

## ITEMS TO BE PRODUCED

1.    All organizational Documents for you including, but not limited to: corporate charters or other formational documents, corporate bylaws, operating agreements and any other Documents which govern your operations, including all prior versions and/or amendments to the aforementioned documents and also including all attachments, exhibits, schedules or addendums thereto.

2.    All Documents related to your current ownership structure and/or a list including the identity of your shareholders, and for any ownership structure or the identity of your shareholders during the period of January 1, 2020 to present.

3.    All Tax Returns and/or tax filings (both state and Federal), including quarterly and annual, prepared or filed by you or on your behalf, including any schedules or attachments thereto, from January 1, 2020 through present.

4.    All Financial Reports, including income statements and/or balance sheets, prepared by you or for you for the years 2020 through present.

5.    Communications between you and the Debtor, Lisa Bundy or any of your representatives, employees, accountants or tax professionals related to Financial Reports and Tax Returns identified in Items 3 and 4 above.

6.    All Documents and Communications related to any amounts paid by, or on behalf of you to, or for the benefit of, the Debtor and/or Lisa Bundy from January 1, 2020 to present.

7.    All statements for any depository Accounts held in your name, whether solely, jointly, or held for your benefit, for the period of January 1, 2020 to present.

8.    All Documents related to any real property you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including deeds, closing statements, or other documents representing how you acquired the interest and how you transferred the interest.

9.    All Documents related to any personal property or vehicles you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including registrations, certificates of title, transferring Documents, or proofs of insurance.

10.    All Documents related to any safety deposit boxes, storage units or other leased premises which you hold, lease or have access to, or for which you held, leased or had access to during the period of January 1, 2020 to present.

11.     All Documents related to funds you received from the Debtor, Lisa Bundy, or from any entity owned or controlled by the Debtor or Lisa Bundy during the period of January 1, 2020 to present, including details on the amount received, the Account from which it was received, and the Account to which it was deposited.

12.     All Documents related to any loans you received from any source, or for which you applied for during the period of January 1, 2020 to present, including any promissory notes, loan agreements, security agreements, guaranty agreements, loan applications (including personal financial statements submitted by any Person or entity in support thereof).

# UNITED STATES BANKRUPTCY COURT

District of **UTAH**

In re **Ammon Edward Bundy**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff

v.

_____
Defendant

Case No. **24-23530**

Chapter **7**

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Bundy Farms, LLC**
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit "A" attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111 or Matthew.Burne@usdoj.gov and Lindsey.Huston@usdoj.gov | Thursday, December 26, 2024 by no later than 4:30 p.m. (MT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **December 11, 2024**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

MATTHEW BURNE  Digitally signed by MATTHEW BURNE
Date: 2024.12.11 15:56:33 -0700'
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**United States Trustee**
_____ , who issues or requests this subpoena, are:

Matthew J. Burne, U.S. Department of Justice, Office of the United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111, (801) 524-5734, Matthew.Burne@usdoj.gov

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS REGARDING COMPLIANCE

Pursuant to Federal Rule of Civil Procedure 45, incorporated by Rules 9016 and 2004 of the Federal Rules of Bankruptcy Procedure, you are required to produce and permit the inspection and copying of any and all of the documents of things listed below which are in your possession, custody or control. The terms "writings", "recordings" and/or "communications", unless otherwise defined herein, consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, e-mail, text message, or other form of data compilation and includes electronically stored information. The terms include originals, copies, non-original copies, and drafts. Electronically stored information must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

If information subject to this subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A personal appearance and production of original responsive items at the time and location specified in the subpoena is not required if the person to whom this subpoena is directed produces to the issuer of this subpoena copies of responsive items prior to the date of production specified in the subpoena and the copies are accompanied by an affidavit or declaration under penalty of perjury of the custodian of records declaring that the subpoena has been fully complied with and the copies of the records are true and accurate copies of the originals. The copies and affidavit/declaration may be sent to the issuer of this subpoena by U.S. Mail or commercial delivery.

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein, and such document was, but is no longer in your possession, or subject to your control, or in existence, identify the document and indicate its status.

## DEFINITIONS

The following words and terms, as used herein, have the meanings set forth below and also require that you produce the documents as set forth herein.

1.      As used herein, the term "and/or" shall be interpreted conjunctively and shall not be construed disjunctively to exclude any information otherwise obtained within the scope of any requests.

2.      As used herein, "you," "your" and "yourself" refers to Bundy Farms, LLC with a Utah Entity No of 13113364-0160 and last known addresses of: 758 West Wheatgrass Lane, HC 65, Box 335, Kanarraville, UT, 84742, and all other divisions, doing business as ("d/b/a"), affiliates or subsidiaries thereof, as well as each and every Person acting or purporting to act on your behalf.

3.     As used herein, the term "Bankruptcy Court" refers to the United States Bankruptcy Court for the District of Utah.

4.     As used herein "Debtor" means Ammon Edward Bundy with a social security number ending in 7962, and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Debtor's behalf.

5.     As used herein, "Bankruptcy Case" refers to the case filed by the Debtor which is pending in the Bankruptcy Court at case No. 24-3530.

6.     As used herein, "Petition Date" refers to July 17, 2024, *i.e.*, the date the Debtor filed the Bankruptcy Case.

7.     As used herein, "Account" or "Accounts" refers to any financial accounts of any type whether held by the Debtor, by you individually, or jointly with any other Person, and whether held for your benefit or for the benefit of any other Person, and shall also include (but is not limited to): bank accounts, investment accounts, trust fund accounts, custodian checking or savings accounts, Venmo accounts, CashApp accounts, Paypal accounts or any other electronic/"cash app" accounts.

8.     As used herein "Lisa Bundy" refers to Lisa M. Bundy with a social security number ending in 9527 and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Lisa Bundy's behalf.

9.     As used herein, the term "all," such as in "all cancelled checks," means "each and every cancelled check."

10.    As used herein, "Document" means all written, reported, recorded, or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, now or at any time in your possession, custody, or control, or that of your agents, employers, attorneys, or representatives, including without limitation, correspondence, memoranda, interoffice communications, written notes, records of telephone conversations, voicemails, telephone messages, text messages, email messages, telegrams, minutes of directors' or committee meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, computer printouts, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of accounts, journals, posting records, vouchers, any statements which reflect any payments or receipts of cash, drafts, notes, checks, bank checks, bank statements, negotiable instruments, signature cards, certificates of deposit, letters of credit, passbooks, balance sheets, financial statements, profit and loss statements, escrow agreements, powers of attorney, stop payment orders, insurance policies, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stock certificates, stock powers, confirmation slips, account statements, offering circulars, prospectuses, private placement memoranda, pink sheets, statements, papers, bids, estimates, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings, and every other device or medium on which or through which information of any type is transmitted, recorded

or preserved.  The term "document" also means a copy where the original is not in your possession, custody, or control and every copy and/or draft of a document if such copy is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another Person, or public or private entity, having possession or custody thereof.

11.     As used herein, "Communication" means the conveyance, disclosure, transfer, or exchange of information or opinion, however made, between or among Persons by any means, e.g., face-to-face and telephone conversations, correspondence, e-mail messages, text message, social media platforms messaging, facsimile, telegrams, telexes, voice-mail messages, face-to-face dialogue, memoranda, meetings, discussions, releases, statements, reports, publications, and any recordings or reproductions thereof.

12.     As used herein, the terms "any" or "each" shall be understood to include "all."

13.     As used herein, the word "or" appearing in a request for documents should not be read so as to eliminate any part of the request for documents, but wherever applicable, should be given the same meaning as "and."

14.     As used herein, "Concerning" in shall be understood to mean constituting, containing, relating, relating to, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, or stating.

15.     As used herein, "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, limited liability company, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

## <u>ITEMS TO BE PRODUCED</u>

1.     All organizational Documents for you including, but not limited to: corporate charters or other formational documents, corporate bylaws, operating agreements and any other Documents which govern your operations, including all prior versions and/or amendments to the aforementioned documents and also including all attachments, exhibits, schedules or addendums thereto.

2.     All Documents related to your current ownership structure and/or a list including the identity of your shareholders, and for any ownership structure or the identity of your shareholders during the period of January 1, 2020 to present.

3.     All Tax Returns and/or tax filings (both state and Federal), including quarterly and annual, prepared or filed by you or on your behalf, including any schedules or attachments thereto, from January 1, 2020 through present.

4.     All Financial Reports, including income statements and/or balance sheets, prepared by you or for you for the years 2020 through present.

5.     Communications between you and the Debtor, Lisa Bundy or any of your representatives, employees, accountants or tax professionals related to Financial Reports and Tax Returns identified in Items 3 and 4 above.

6.     All Documents and Communications related to any amounts paid by, or on behalf of you to, or for the benefit of, the Debtor and/or Lisa Bundy from January 1, 2020 to present.

7.     All statements for any depository Accounts held in your name, whether solely, jointly, or held for your benefit, for the period of January 1, 2020 to present.

8.     All Documents related to any real property you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including deeds, closing statements, or other documents representing how you acquired the interest and how you transferred the interest.

9.     All Documents related to any personal property or vehicles you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including registrations, certificates of title, transferring Documents, or proofs of insurance.

10.     All Documents related to any safety deposit boxes, storage units or other leased premises which you hold, lease or have access to, or for which you held, leased or had access to during the period of January 1, 2020 to present.

11.     All Documents related to funds you received from the Debtor, Lisa Bundy, or from any entity owned or controlled by the Debtor or Lisa Bundy during the period of January 1, 2020 to present, including details on the amount received, the Account from which it was received, and the Account to which it was deposited.

12.     All Documents related to any loans you received from any source, or for which you applied for during the period of January 1, 2020 to present, including any promissory notes, loan agreements, security agreements, guaranty agreements, loan applications (including personal financial statements submitted by any Person or entity in support thereof).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of  UTAH

In re  Ammon Edward Bundy

Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  24-23530

Chapter  7

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Dono-Custo, Inc. c/o Ammon Bundy

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit "A" attached hereto.

| PLACE  United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111 or Matthew.Burne@usdoj.gov and Lindsey.Huston@usdoj.gov | DATE AND TIME  Thursday, December 26, 2024 by no later than 4:30 p.m. (MT) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 11, 2024

CLERK OF COURT

OR

_____        MATTHEW BURNE   Digitally signed by MATTHEW BURNE
                                                              Date: 2024.12.11 16:16:40 -07'00'
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
United States Trustee
_____ , who issues or requests this subpoena, are:

Matthew J. Burne, U.S. Department of Justice, Office of the United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, UT 84111, (801) 524-5734, Matthew.Burne@usdoj.gov

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects on To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS REGARDING COMPLIANCE

Pursuant to Federal Rule of Civil Procedure 45, incorporated by Rules 9016 and 2004 of the Federal Rules of Bankruptcy Procedure, you are required to produce and permit the inspection and copying of any and all of the documents of things listed below which are in your possession, custody or control. The terms "writings", "recordings" and/or "communications", unless otherwise defined herein, consist of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, e-mail, text message, or other form of data compilation and includes electronically stored information. The terms include originals, copies, non-original copies, and drafts. Electronically stored information must be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

If information subject to this subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A personal appearance and production of original responsive items at the time and location specified in the subpoena is not required if the person to whom this subpoena is directed produces to the issuer of this subpoena copies of responsive items prior to the date of production specified in the subpoena and the copies are accompanied by an affidavit or declaration under penalty of perjury of the custodian of records declaring that the subpoena has been fully complied with and the copies of the records are true and accurate copies of the originals. The copies and affidavit/declaration may be sent to the issuer of this subpoena by U.S. Mail or commercial delivery.

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein, and such document was, but is no longer in your possession, or subject to your control, or in existence, identify the document and indicate its status.

## DEFINITIONS

The following words and terms, as used herein, have the meanings set forth below and also require that you produce the documents as set forth herein.

1.      As used herein, the term "and/or" shall be interpreted conjunctively and shall not be construed disjunctively to exclude any information otherwise obtained within the scope of any requests.

2.      As used herein, "you," "your" and "yourself" refers to Dono-Custo, Inc. with a Utah Entity No of 13113364-0160 and last known addresses of: 4615 Harvest Lane, Emmett, ID, 83617, and all other divisions, doing business as ("d/b/a"), affiliates or subsidiaries thereof, as well as each and every Person acting or purporting to act on your behalf.

3.      As used herein, the term "Bankruptcy Court" refers to the United States

Bankruptcy Court for the District of Utah.

4.    As used herein "Debtor" means Ammon Edward Bundy with a social security number ending in 7962, and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Debtor's behalf.

5.    As used herein, "Bankruptcy Case" refers to the case filed by the Debtor which is pending in the Bankruptcy Court at case No. 24-3530.

6.    As used herein, "Petition Date" refers to July 17, 2024, *i.e.*, the date the Debtor filed the Bankruptcy Case.

7.    As used herein, "Account" or "Accounts" refers to any financial accounts of any type whether held by the Debtor, by you individually, or jointly with any other Person, and whether held for your benefit or for the benefit of any other Person, and shall also include (but is not limited to): bank accounts, investment accounts, trust fund accounts, custodian checking or savings accounts, Venmo accounts, CashApp accounts, Paypal accounts or any other electronic/"cash app" accounts.

8.    As used herein "Lisa Bundy" refers to Lisa M. Bundy with a social security number ending in 9527 and with a last known address of PO BOX 1062, Cedar City, UT 84721, and any Person acting on the Lisa Bundy's behalf.

9.    As used herein, the term "all," such as in "all cancelled checks," means "each and every cancelled check."

10.    As used herein, "Document" means all written, reported, recorded, or graphic matter, however produced or reproduced, within the meaning of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, now or at any time in your possession, custody, or control, or that of your agents, employers, attorneys, or representatives, including without limitation, correspondence, memoranda, interoffice communications, written notes, records of telephone conversations, voicemails, telephone messages, text messages, email messages, telegrams, minutes of directors' or committee meetings, reports, stenographers' notebooks, calendars, appointment books, diaries, time sheets, data sheets, computer printouts, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of accounts, journals, posting records, vouchers, any statements which reflect any payments or receipts of cash, drafts, notes, checks, bank checks, bank statements, negotiable instruments, signature cards, certificates of deposit, letters of credit, passbooks, balance sheets, financial statements, profit and loss statements, escrow agreements, powers of attorney, stop payment orders, insurance policies, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stock certificates, stock powers, confirmation slips, account statements, offering circulars, prospectuses, private placement memoranda, pink sheets, statements, papers, bids, estimates, tapes and records of all types, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved.  The term "document" also means a copy where the original is not in your

possession, custody, or control and every copy and/or draft of a document if such copy is not an identical duplicate of the original. Without limiting the term "control" as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another Person, or public or private entity, having possession or custody thereof.

11.    As used herein, "Communication" means the conveyance, disclosure, transfer, or exchange of information or opinion, however made, between or among Persons by any means, e.g., face-to-face and telephone conversations, correspondence, e-mail messages, text message, social media platforms messaging, facsimile, telegrams, telexes, voice-mail messages, face-to-face dialogue, memoranda, meetings, discussions, releases, statements, reports, publications, and any recordings or reproductions thereof.

12.    As used herein, the terms "any" or "each" shall be understood to include "all."

13.    As used herein, the word "or" appearing in a request for documents should not be read so as to eliminate any part of the request for documents, but wherever applicable, should be given the same meaning as "and."

14.    As used herein, "Concerning" in shall be understood to mean constituting, containing, relating, relating to, concerning, discussing, describing, analyzing, identifying, evidencing, referring to, or stating.

15.    As used herein, "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, limited liability company, association, government entity (including, without limitation, any governmental agency or political subdivision of any government), any group, or any other form of public or private business or legal entity.

## ITEMS TO BE PRODUCED

1.      All organizational Documents for you including, but not limited to: corporate charters or other formational documents, corporate bylaws, operating agreements and any other Documents which govern your operations, including all prior versions and/or amendments to the aforementioned documents and also including all attachments, exhibits, schedules or addendums thereto.

2.      All Documents related to your current ownership structure and/or a list including the identity of your shareholders, and for any ownership structure or the identity of your shareholders during the period of January 1, 2020 to present.

3.      All Tax Returns and/or tax filings (both state and Federal), including quarterly and annual, prepared or filed by you or on your behalf, including any schedules or attachments thereto, from January 1, 2020 through present.

4.      All Financial Reports, including income statements and/or balance sheets, prepared by you or for you for the years 2020 through present.

5.      Communications between you and the Debtor, Lisa Bundy or any of your representatives, employees, accountants or tax professionals related to Financial Reports and Tax Returns identified in Items 3 and 4 above.

6.      All Documents and Communications related to any amounts paid by, or on behalf of you to, or for the benefit of, the Debtor and/or Lisa Bundy from January 1, 2020 to present.

7.      All statements for any depository Accounts held in your name, whether solely, jointly, or held for your benefit, for the period of January 1, 2020 to present.

8.      All Documents related to any real property you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including deeds, closing statements, or other documents representing how you acquired the interest and how you transferred the interest.

9.      All Documents related to any personal property or vehicles you currently hold interest in, or which you held interest in during the period of January 1, 2020 to present, including registrations, certificates of title, transferring Documents, or proofs of insurance.

10.     All Documents related to any safety deposit boxes, storage units or other leased premises which you hold, lease or have access to, or for which you held, leased or had access to during the period of January 1, 2020 to present.

11.     All Documents related to funds you received from the Debtor, Lisa Bundy, or from any entity owned or controlled by the Debtor or Lisa Bundy during the period of January 1, 2020 to present, including details on the amount received, the Account from which it was received, and the Account to which it was deposited.

12.     All Documents related to any loans you received from any source, or for which you applied for during the period of January 1, 2020 to present, including any promissory notes, loan agreements, security agreements, guaranty agreements, loan applications (including personal financial statements submitted by any Person or entity in support thereof).