Electronically Filed
11/3/2023 10:10 AM
Fourth Judicial District, Ada County
Trent Tripple, Clerk of the Court
By: Eric Rowell, Deputy Clerk

Erik F. Stidham (ISB #5483)
Jennifer M. Jensen (ISB #9275)
Alexandra S. Grande (ISB #9566)
Zachery J. McCraney (ISB #11552)
Anne E. Henderson (ISB #10412)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-5974
Telephone:  208.342.5000
Facsimile:  208.343.8869
E-mail:   efstidham@hollandhart.com
          jmjensen@hollandhart.com
          asgrande@hollandhart.com
          zjmccraney@hollandhart.com
          aehenderson@hollandhart.com

*Counsel for Plaintiffs*

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD; CHRIS ROTH, an individual; NATASHA D. ERICKSON, MD, an individual; and TRACY W. JUNGMAN, NP, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; DIEGO RODRIGUEZ, an individual; FREEDOM MAN PRESS LLC, a limited liability company; FREEDOM MAN PAC, a registered political action committee; and PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association,<br><br>    Defendants. | Case No. CV01-22-06789<br><br>**PLAINTIFFS' CONTEMPT TRIAL BRIEF** |

PLAINTIFFS' CONTEMPT TRIAL BRIEF - 1

Plaintiffs, St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman, NP (collectively "Plaintiffs"), by and through their attorneys of record, Holland & Hart LLP, submit their Trial Brief in advance of the contempt trial scheduled to begin November 13, 2023.

## I. INTRODUCTION

Plaintiffs initially filed a motion for contempt for Bundy's failure to obey the October 12, 2022 Preliminary Injunction Order ("Preliminary Injunction") and the January 19, 2023 Protective Order ("Protective Order") on February 7, 2023. The Protective Order was entered upon evidence that Defendants were disseminating statements online to intimidate and harass witnesses.

Bundy's refusal to appear in court forestalled progress in the contempt action because due process required Bundy be present for arraignment. Plaintiffs filed and served a renewed motion for contempt on March 30, 2023 with a summons for arraignment issued by the clerk of the court and the required charging affidavit. Despite the summons, Bundy again refused to appear for arraignment. The district court issued a warrant of attachment for his arrest on April 18, 2023 pursuant to Idaho Rule of Civil Procedure 75, holding Plaintiffs had established probable cause of contempt.

The warrant of attachment was not executed for several months. Meanwhile, the lawsuit progressed to a trial on damages and injunctive relief in July 2023. The jury returned a $52 million verdict, and a few weeks later the Court entered Findings of Fact and Conclusions of Law, granting a permanent injunction in Plaintiffs' favor. Final judgment was entered August 29, 2023.

The same day, Bundy was arraigned on the Renewed Motion for Contempt. The warrant had been executed a few days earlier. At the arraignment, Bundy was apprised of his rights. He requested the Court read the charging affidavit, and the Court did so. The Court also requested Plaintiffs file a notice listing the counts of contempt, further broken down by witness. Plaintiffs did so, filing on September 5, 2023 a Notice of Counts of Contempt. They also timely filed a witness list and exhibit list.

On September 13, 2023, Bundy filed a document called "Refusal to Plea," which included a list of affirmative defenses.

After one resetting to accommodate Bundy's calendar, the trial was scheduled to commence November 13, 2023. Plaintiffs provide this Trial Brief as a convenience to the Court, in anticipation of the upcoming contempt trial.

As set forth below, Plaintiffs will prove the elements of contempt for Bundy's violations of the Preliminary Injunction and Protective Order. Certain anticipated issues will be covered by issue preclusion, narrowing the scope of the contempt trial. Any affirmative defenses Bundy seeks to advance (other than issue preclusion) will be addressed when—and if—he raises them.

## II. ARGUMENT

**A.  PLAINTIFFS WILL PROVE THE ELEMENTS OF CONTEMPT AT TRIAL.**

Plaintiffs must establish that Bundy (1) violated a "clear and unequivocal" order of the court (2) willfully. *State v. Rice*, 145 Idaho 554, 556, 181 P.3d 480, 482 (2008). For purposes of contempt proceedings, willfulness means "an indifferent disregard of duty" or "a remissness and failure in performance of a duty[.]" *In re Weick*, 142 Idaho 275, 281, 127 P.3d 178, 184 (2005); *see also Wechsler v. Wechsler*, 162 Idaho 900, 917, 407 P.3d 214, 231 (2017) (holding

willfulness demonstrated when contemnor refused receiver entry to his home after being ordered to turn over certain documents and items to receiver).

    1.    **Plaintiffs Will Establish Bundy Violated Two Clear and Unequivocal Orders—the Preliminary Injunction and the Protective Order.**

On their face, the Preliminary Injunction (requiring removal of statements and allegations that Chris Roth is an accessory to child abduction) and the Protective Order (forbidding witness intimidation, threats, and harassment) are clear and unequivocal. Moreover, the language of the Protective Order is quoted from Idaho's witness intimidation statute, Idaho Code § 18-2604, which has been on the books since 1972. *See also State v. Richards*, 127 Idaho 31, 36, 896 P.2d 357, 362 (Ct. App. 1995) (interpreting I.C. § 18-6710 related to intimidating a witness, holding the term "harass" is unambiguous).

In addition to quoting unambiguous statutory language, the Court took the extra step of adding the names of individuals who had been witnesses or were expected to be witnesses at the time the Protective Order was entered.

Plaintiffs will demonstrate that Bundy violated both orders, as alleged in detail in the March 30, 2023 Affidavit of Jennifer Jensen and the September 5, 2023 Notice of Counts of Contempt. To establish these violations, Plaintiffs will present evidence, including Bundy's written and video statements, indicating his intent to intimidate, threaten, and/or harass individuals involved in the DHW intervention on behalf of the Infant—individuals who were obviously expected to be witnesses (and/or who had already provided declaration testimony as witnesses).

Plaintiffs will also present testimony regarding the individuals who were, in fact, threatened, intimidated, and/or harassed by Bundy's statements subject to this contempt action. This will include fact and expert testimony. This evidence will provide objective support for

PLAINTIFFS' CONTEMPT TRIAL BRIEF - 4

Bundy's intent. To be clear, Plaintiffs need not prove that Bundy's statements were actually and subjectively threatening to the witnesses. *See, e.g.*, *State v. Mercer*, 143 Idaho 108, 110, 138 P.3d 308, 310 (2006) ("[I]t is unnecessary for the defendant's threats to have an actual effect on the witness's testimony."); *State v. Curry*, 153 Idaho 394, 398, 283 P.3d 141, 145 (Ct. App. 2012) (demonstrating effect of the threat on the victim is not the issue under the witness intimidation statute).

    **2.    Plaintiffs Will Prove That Bundy's Violations Were Willful.**

Plaintiffs will establish at trial that Bundy's statements were made and maintained online with at least an indifferent disregard of legal duty, if not with the specific intent to violate the Court's orders. This evidence will include Bundy's own statements about refusal to abide by court processes in the defamation lawsuit for which judgment was entered two months ago. It will also include evidence of proper service of the Preliminary Injunction and Protective Order and Bundy's own statements about them, demonstrating his actual knowledge of the orders. Willfulness will also be supported by the evidence that Bundy continued making harassing and intimidating statements after trial on damages and judgment was entered.

**B.    SOME FACTS RELEVANT TO CONTEMPT NEED NO PROOF AT TRIAL, DUE TO ISSUE PRECLUSION.**

"[I]ssue preclusion protects litigants from litigating an identical issue with the same party or its privy." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007) (citing *Rodriguez v. Dep't of Corr.*, 136 Idaho 90, 92, 29 P.3d 401, 403 (2001)). Issue preclusion "applies equally in cases of default judgment," *Waller v. Dep't of Health and Welfare*, 146 Idaho 234, 237, 192 P.3d 1058, 1061 (2008), unless the party moving to set aside a default judgment establishes fraud by clear and convincing evidence, *Lisher v. Krasselt*, 96 Idaho 854, 857, 538 P.2d 783, 786 (1975).

PLAINTIFFS' CONTEMPT TRIAL BRIEF - 5

Courts apply a five-part test to determine whether issue preclusion bars the relitigation of an issue determined in a prior proceeding:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case;
> (2) the issue decided in the prior litigation was identical to the issue presented in the present action;
> (3) the issue sought to be precluded was actually decided in the prior litigation;
> (4) there was a final judgment on the merits in the prior litigation; and
> (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618.

There are a number of factual issues subject to issue preclusion and relevant to contempt: (1) that Bundy controls PRN; (2) that Bundy's and PRN's statements accusing Dr. Erickson, Mr. Roth, the law enforcement officers, judges, and DHW of acting wrongfully with respect to the Infant's temporary protective care were false; and (3) that Bundy's statements were not a legitimate exercise of First Amendment rights (collectively the "Precluded Issues"). Bundy had a full and fair opportunity to litigate each one.[1]

Bundy agrees that issue preclusion applies here. *See* 9-13-23 Bundy's Refusal to Plea[d] to Renewed Mot. for Contempt at 2 ("Bundy asserts all other affirmative defense available in law or equity including but not limited to estoppel, claim and issue preclusion, and laches.").

But for avoidance of doubt, the five-part test is discussed below, demonstrating issue preclusion will narrow the contempt trial.

---

[1] Depending on what Bundy raises in pre-trial filings and during the contempt trial, there may be more issues subject to issue preclusion in addition to the Precluded Issues specifically addressed in this brief. Plaintiffs reserve the right to address those issues as they arise.

PLAINTIFFS' CONTEMPT TRIAL BRIEF - 6

1. **Bundy Had a Full and Fair Opportunity to Litigate.**

A valid default judgment meets this element. *See Waller*, 146 Idaho at 237, 192 P.3d at 1061 (2008) (holding that issue preclusion applied to prevent relitigation of paternity when that issue had been determined by earlier default judgment). And outside the context of default judgments, a party has a full and fair opportunity to litigate an issue if it was presented in the evidence at trial. *See Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 82, 278 P.3d 943, 952 (2012) (holding party had full and fair opportunity to litigate).

Bundy had a full and fair opportunity to litigate all issues that were subsumed in the August 29, 2023 judgment, including the Precluded Issues. Bundy repeatedly acknowledged the lawsuit in public statements. Despite proper service of the Fourth Amended Complaint, Bundy chose default. *See* 4-24-23 Order of Default on Fourth Amd. Compl. Against Ammon Bundy. As explained in detail below, the Precluded Issues were front and center in the prior litigation. There can be no argument or excuse of surprise.

2. **The Precluded Issues Decided in the Prior Litigation Are Identical to Those That Will (or May) Be Raised at the Contempt Trial—and Were Actually Decided.**

This contempt action does not raise entirely coextensive issues as those in the prior litigation. The Precluded Issues, however, overlap. And depending on what Bundy raises in the contempt trial, there may be more issues subject to preclusion.

Precluded Issue 1. Plaintiffs anticipate Bundy will contest that he is responsible for posting certain pages on the PRN site and that he is able to remove them. Through default on the Fourth Amended Complaint, and in the Findings of Fact and Conclusions of Law, it has been conclusively established that Bundy controls the PRN website. 3-3-23 Fourth Amd. Compl., ¶ 12 ("Through his control of the PRN, Bundy effectively controls PRN's website,

PLAINTIFFS' CONTEMPT TRIAL BRIEF - 7

peoplesrights.org."); *see id.*, ¶ 20 ("At all times relevant hereto, PRN is controlled through Bundy's operations in Emmett, Idaho."); 8-25-23 Findings of Fact and Conclusions of Law, ¶ 56 (stating that Bundy controls PRN, and he made statements on PRN to dox and intimidate Plaintiffs).

<u>Precluded Issue 2</u>. Plaintiffs expect Bundy will claim the statements at issue in the contempt action were not made to threaten, intimidate, or harass; instead, his intent was to state the truth. The issue of falsity was decided in the prior litigation. The prior litigation also touched generally on the intent to harass, intimidate, and threaten those involved in the protective care of the Infant. The PRN website postings relating to Plaintiffs were controlled by Bundy and made for the purpose of "doxing and intimidating the Plaintiffs . . . as well as anyone involved in the CPS matter (including but not limited to law enforcement, the prosecuting attorney, the judge handling the confidential CPS court proceedings, and the Safety Assessor for DHW)." 8-25-23 Findings of Fact and Conclusions of Law, ¶ 56. The Court also conclusively found:

- "Defendants statements were intended to . . . threaten harm to those involved in the CPS case involving the Infant." *Id.*, ¶ 57.

- Bundy is "willing to encourage others to join [him] in using violence to reach [his] objectives and to harass public employees such as law enforcement, DHW employees, CPS prosecutors, and judges." *Id.*, ¶ 58.

- Bundy "used the tactic of 'public shaming' through false and defamatory narratives to intimidate and defame the Plaintiffs. This included but was not limited to accusing the Plaintiffs to be involved in kidnapping, child trafficking, child abduction, abusing children, and stealing children for money and pedophilia. This intimidation also included releasing private information about Mr. Roth, Dr. Erickson, and NP Jungman which put these Plaintiffs and their families at risk of harm as testified to at trial." *Id.*, ¶ 59.

- Bundy's "defamatory statements including allegations of conspiracy by the Plaintiffs, law enforcement, the courts and DHW to engage in criminal conduct against children is not supported by any evidence." *Id.*, ¶ 89; *see also id.*, ¶ 73 (listing false statements). The "false and defamatory statements were made as part of a tactical and

- sustained marketing campaign to [among other things] incite unlawful conduct by Defendants' followers [and] create a fear of future physical harm to Plaintiffs[.]" *Id.*, ¶ 89.

- [N]o child was 'kidnapped' by the police or doctors." *Id.* at p. 33. In fact, "St. Luke's did not initiate or threaten to initiate CPS action." *Id.*

- "No child was 'trafficked' or abused by DHW, the hospital, the doctors or the courts. Instead, St. Luke's through its staff and medical providers provided the necessary medical care the Infant needed (twice) and took care to receive the parents' consent for the care provided[.]" *Id.*

- The "fact that [Defendants] refuse to stop making defamatory statements, repeat past defamatory statements, presents a continuing threat of actual irreparable harm to Plaintiffs" including security threat to Plaintiffs and their family members. *Id.*, ¶ 90.

And the Fourth Amended Complaint, established by Bundy's default, further provides, "PRN is an unincorporated association controlled by Bundy which acts extra-judicially and uses doxing, harassment, economic disruption, and threats of violence to harass political enemies and enhance Bundy's personal power." 3-3-23 Fourth Amd. Compl., ¶ 20. Specific to the posts that form the basis of the contempt charges:

- "Bundy . . . and PRN have repeatedly made the false statements that Plaintiffs participated in a conspiracy with DHW and Governor Little to kidnap and traffic the Infant in retaliation for Bundy's political opposition to government actions taken to mitigate the COVID-19 pandemic." *Id.*, ¶ 130.

- Bundy republished false statements accusing Dr. Erickson of "misdiagnos[ing] the Infant" and Mr. Roth of being an accessory to child abduction. *Id.*, ¶¶ 131-34, 141(f), 141(p)-(q), 142.

- Bundy's posting of "Come No More Upon Me" was a "threat," which Bundy updated multiple times. *Id.*, ¶ 135-36.

- The false statements "that Plaintiffs were committing crimes and wrongful acts against Christians or people of faith **intending that those false statements would increase the likelihood of their followers or other members of the public would harass and/or commit violence against Plaintiffs**." *Id.*, ¶ 149 (emphasis added).

Precluded Issue 3. And it is expected that Bundy will argue he cannot be held in contempt for maintaining the violating webpages online because his statements were a valid exercise of First Amendment rights. But the court has already held, in a thoroughly reasoned decision, that Bundy's statements were not a valid exercise of First Amendment rights. *See* 8-25-23 Findings of Fact and Conclusions of Law at 27-33.

### 3. There Is a Final Judgment.

On August 29, 2023, a final judgment was entered. The judgment encompassed the default on the allegations in the Fourth Amended Complaint and the Findings of Fact and Conclusions of Law supporting the Permanent Injunction. *See* 8-29-23 Default Judgment.

### 4. Bundy Was a Party in the Prior Litigation.

It is undisputed Bundy was a defendant in the prior litigation.

In sum, the five elements of issue preclusion are met here. The Court need not hear any further evidence at the contempt trial relating to the Precluded Issues because they have been conclusively established.

## C. BUNDY MUST PROVE ANY AFFIRMATIVE DEFENSES, WHICH (OTHER THAN ISSUE PRECLUSION) LACK ANY VALID BASIS.

On September 13, 2023, Bundy submitted a statement purportedly refusing to plead to the charges of contempt. The statement also included a list of affirmative defenses.

Bundy bears the burden of proof on the affirmative defenses at the contempt trial. *See* I.R.C.P. 75(h)(2) (contemnor has the burden of proof to establish affirmative defenses). In the case of civil contempt, the contemnor must "prove the affirmative defense by a preponderance of the evidence." *Id.* For criminal contempt, "there need only be a reasonable doubt as to whether the respondent is guilty of the contempt." *Id.*

There is no valid basis for Bundy's affirmative defenses, other than issue preclusion. Plaintiffs will address them when and if Bundy raises them.

## III. CONCLUSION

For all the foregoing reasons, Plaintiffs will prevail at the contempt trial on their Renewed Motion for Contempt against Ammon Bundy for violations of the Preliminary Injunction and the Protective Order.

DATED: November 3, 2023.

HOLLAND & HART LLP

By: */s/Erik F. Stidham*
    Erik F. Stidham
    Jennifer M. Jensen
    Alexandra S. Grande
    Zachery J. McCraney
    Anne E. Henderson

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of November, 2023, I caused to be filed via iCourt and served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

| | |
|---|---|
| Ammon Bundy for Governor<br>People's Rights Network<br>c/o Ammon Bundy<br>P.O. Box 370<br>Emmett, ID 83617 | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Email/iCourt/eServe: |
| Ammon Bundy<br>Ammon Bundy for Governor<br>People's Rights Network<br>c/o Ammon Bundy<br>4615 Harvest Ln.<br>Emmett, ID 83617-3601 | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Email/iCourt/eServe: |
| Ammon Bundy<br>4615 Harvest Ln.<br>Emmett, ID 83617-3601 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☒ Email/iCourt/eServe:<br>aebundy@msn.com<br>aebundy@bundyfarms.com |
| Freedom Man PAC<br>Freedom Man Press LLC<br>c/o Diego Rodriguez<br>1317 Edgewater Dr., #5077<br>Orlando, FL 32804 | ☒ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Email/iCourt/eServe: |
| Diego Rodriguez<br>1317 Edgewater Dr., #5077<br>Orlando, FL 32804 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☒ Email/iCourt/eServe:<br>freedommanpress@protonmail.com |

                                /s/ *Erik F. Stidham*
                                Erik F. Stidham
                                OF HOLLAND & HART LLP