David W. Newman (USB #15901)
Assistant United States Trustee
Matthew J. Burne (USB #18605)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
405 South Main Street, Suite 300
Washington Federal Bank Building
Salt Lake City, UT 84111
Telephone:     (801) 524-5734
Facsimile:      (801) 524-5628
Email: David.W.Newman@usdoj.gov
Email: Matthew.Burne@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee, Region 19

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| In re: | Bankruptcy Case No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Hon. William T. Thurman |

**SECOND MOTION TO EXTEND DEADLINE FOR THE UNITED STATES TRUSTEE TO FILE A COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727; MEMORANDUM OF POINTS AND AUTHORITIES**

The Acting United States Trustee ("UST"), through counsel, moves that this Court enter an order extending the deadline for the UST to file a complaint objecting to discharge Ammon Edward Bundy ("Debtor") under 11 U.S.C. § 727 until and including April 14, 2025, for cause pursuant to Rule 4004(b)(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and for such other relief as may be proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **STATEMENT OF JURISDICTION AND FACTS**

1. The Court has jurisdiction of this matter under 28 U.S.C. §§ 151, 157(a) and (b)(1), and 1334(a) and (b).

2. On July 17, 2024, Debtor, acting *pro se*, filed a voluntary chapter 7 petition in the above-captioned case.

3. On July 17, 2024, Mark C. Rose was appointed as the chapter 7 trustee in the case and continues to serve in that capacity.

4. January 13, 2025, is the current deadline to file a complaint objecting to Debtor's discharge under 11 U.S.C. § 727. No discharge has been entered in Debtor's case.

5. The UST is reviewing whether Debtor's discharge should be denied under 11 U.S.C. § 727.

6. According to Debtor's schedules filed on July 17, 2024, he has a nonpriority unsecured claim totaling $53,000,000 owed to St. Luke's Health System, LTD *et al*. The claim is based on a judgment St. Luke's Health System obtained against Debtor. An Idaho Statesman Article indicates that an attorney representing St. Luke's Health System has asserted that Debtor was a multi-millionaire at the time of the verdict in favor of St. Luke's Health System. According to Debtor's amended schedules filed on September 3, 2024, his personal property is worth $210,300. Of that amount, $78,000 is the value of vehicles and $70,000 is the value of his 2% interest in Abish-husbondi, Inc. Debtors' original and amended schedules state he has no

2

checking, savings, or other financial accounts.

7.     Debtor's Statement of Financial Affairs question 18, filed on July 17, 2024, states Debtor transferred his home valued at approximately $1.4 million "to my friend Aaron Welling to try and avoid losing our home to St. Luke's Health System Executives" "St. Luke's attorney's [sic] sued us both." No other transfers are disclosed.

8.     Debtor's Statement of Financial Affairs question 20 states that all of Debtor's bank accounts were "seized" during the year before he filed his bankruptcy case.

9.     Debtor's Statement of Financial Affairs question 27 states that within four years before Debtor filed bankruptcy, he was an officer, director, or managing executive of Abish-husbondi, Inc., Dono-Custo, Inc., and Bundy Farms, Inc. and that each of them existed until June 28, 2024. His original Schedule A/B question 19 states Debtor has 0% ownership in 20,000 shares of Abish-husbondi, Inc. valued at $250,000. Debtor's amended Schedule A/B states he has a 2% interest in Abish-husbondi, Inc. valued at $70,000. His schedules do not disclose any interests in any other corporate entities, joint ventures, or partnerships, including Dono-Custo, Inc., and Bundy Farms, Inc. The UST is informed that Debtor may have undisclosed interests in other corporate entities, joint ventures, or partnerships.

10.     On August 14, 2024, the Chapter 7 Trustee conducted the 11 U.S.C. § 341 Meeting of Creditors ("Meeting of Creditors") and continued the meeting to August 19, 2024, to allow more time to question Debtor. The UST's attorney attended both meetings.

11.     On August 19, 2024, the Chapter 7 Trustee conducted the continued Meeting of Creditors. Various parties, including counsel for the UST, questioned Debtor for approximately

3

two hours. Debtor asserted his Fifth Amendment Privilege and declined to answer numerous questions about his financial affairs and assets. For example, when asked whether he still had an interest in Abish-husbondi, Inc. he asserted the privilege and declined to answer the question. He asserted the privilege and declined to answer whether he had a Mrs. Branson purchase shares of stock in Abish-husbondi, Inc., even though he paid for the shares of stock, in order to conceal them from St. Luke's Health System. When asked whether he transferred assets to his sons to conceal them from St. Luke's Health System, he asserted the privilege and declined to answer. When asked about the location of about $487,000 transferred to Debtor in late 2023 or early 2024, Debtor asserted the privilege and declined to answer. Debtor asserted the privilege and declined to answer numerous other questions.

12.     On September 3, 2024, Debtor filed an amended Schedule A/B and Schedule C. The amended Schedule A/B increased "cash" from $2,500 to $4,000, increased Debtor's interests in Abish-husbondi to 2% and decreased the value from $250,000 to $70,000. The amendment also decreased the amount of accounts receivables or commissions already earned from $11,000 to $6,500.

13.     The UST has obtained information from a public records database regarding Debtor's financial condition. The records indicate Debtor likely has or had interests in business entities and assets which have not been fully disclosed or were transferred.

14.     The UST requires additional information and documents to ascertain whether a complaint objecting to Debtor's discharge should be filed.

15. Since the date of the last extension, the UST filed nineteen motions under Bankruptcy Rule 2004 and has obtained orders authorizing him to issue subpoenas for testimony and subpoenas duces tecum. The UST has served sixteen Bankruptcy Rule 2004 Subpoenas Duces Tecum. As of the date of this Motion many of the subpoena responses remain outstanding.

16. The UST also plans to examine the Debtor under oath at his Bankruptcy Rule 2004 oral examination scheduled for January 8, 2025.

II.    ARGUMENT

The scope of the discharge is expansive. It enjoins litigation against a debtor, voids judgments, and enjoins the collection of debts. *See* 11 U.S.C. §§ 524, 727(b). This remarkable injunctive relief is intended only for the honest but unfortunate debtor. *See Grogan v. Garner*, 498 U.S. 279, 286 - 87 (1991). Consequently, 11 U.S.C. § 727(a) provides the court "shall grant a discharge[] unless" the debtor commits the dishonest, fraudulent, or other acts or omissions specified in 11 U.S.C. § 727.

One of the UST's missions is to preserve the integrity of the Bankruptcy System. The UST is empowered to file a complaint objecting to discharge. 11 U.S.C. § 727(c)(1). The UST needs additional time to ascertain whether Debtor has made false oaths in this case; failed to satisfactorily explain any loss or deficiency of assets to meet his liabilities; unjustifiably failed to keep or preserve records from which his financial condition or business transactions might be ascertained; or concealed or transferred assets within one year before or after filing his

5

bankruptcy case with the intent to hinder, delay, or defraud his creditors or the Chapter 7 Trustee. *See* 11 U.S.C. § 727(a)(2), (3), (4), and (5).[1]

Section 727 does not contain a deadline to file a complaint objecting to discharge. However, Bankruptcy Rule 4004(a) requires that the complaint be filed no later than 60 days after the first date set for the meeting of creditors conducted pursuant to 11 U.S.C. § 341. Bankruptcy Rule 4004(b)(1) allows the Court to enter an order extending the deadline for "cause" based on a party in interest's motion, after notice and opportunity for hearing. The motion must be filed before Bankruptcy Rule 4004(a)'s deadline passes. This motion is timely filed.

Bankruptcy Rule 4004(b) does not define cause. Some courts have found that extensions should be liberally granted. *See In re Kellog*, 41 B.R. 836, 838 (Bankr. D. W.D. Okla. 1984) (extensions "should be granted liberally absent a clear showing of bad faith which is not indicated on this record"); *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995) ("[C]ause" should be interpreted liberally but a creditor must exhibit some minimum degree of due diligence prior to seeking the extension). Other courts are less liberal. *See United States Trustee v. George (In re George),* 2017 WL 1379321 (6th Cir. BAP 2017) (unpublished opinion) (*quoting In re Vinson*, 509 B.R. 128, 133 (Bankr. S.D. Ohio 2013) ("[E]xtensions of the deadline to challenge a debtor's discharge should be rarely granted and. . . . cause for such a request should be narrowly construed")); *In re Nowinski*, 291 B.R. 302, 305 - 06 (Bankr. S.D.N.Y. 2003) ("'[c]ause' is

---

[1] Nothing in this motion should be deemed a waiver of the UST's right to allege counts under any provision of 11 U.S.C. § 727.

narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's 'fresh start'" and the court should consider: (1) whether the moving party had sufficient notice of the deadline and information to file an objection, (2) the complexity of the case, (3) whether the moving party has exercised diligence, and (4) whether the debtor has been uncooperative or acted in bad faith).

In the case of *In re Auld*, 543 B.R. 676, 685 (Bankr. D. Utah 2015), *rev'd on other grounds*, 561 B.R. 512 (10th Cir. BAP 2017), the court denied the chapter 7 trustee's motion to extend the deadline. The court found the chapter 7 trustee had sixty days after the meeting of creditors to investigate, he did not assert that the debtor was uncooperative or failed to respond to discovery requests, and, other than stating he needed more time, the trustee had not stated any cause. These facts sharply contrast with those in the current case.

The UST asserts the more liberal standard should be used. Regardless of whether the stricter or more liberal standard for cause is applied in this case, cause exists. The UST did not become involved until after Debtor filed the current bankruptcy case. Debtor's financial affairs are complicated by his apparent pre-petition transfers of interests in assets, his lack of depository accounts, and his present or former interests in or control of several corporate entities.

The UST has worked diligently to ascertain whether he should file a complaint objecting to Debtor's discharge. The UST has conducted online database public records searches. The UST questioned Debtor at his Meeting of Creditor. Debtor refused to answer numerous material questions based on his Fifth Amendment Privilege. The UST has requested documents from

7

counsel from St. Luke's Health System. But additional documents and testimony are needed for the UST to complete his analysis of this case.

Furthermore, the complexity of this case and the Debtor's refusal to answer questions at his Meeting of Creditors has required time to ascertain and analyze who subpoenas should be directed to. Since the date of the last requested extension, the UST filed nineteen motions under Bankruptcy Rule 2004 to obtain additional testimony and documents from various entities and individuals believed to have business relationships with the Debtor and/or believed to have information relating to Debtor's financial affairs, transfers, assets, and interests is various business entities.

The UST has served sixteen Subpoenas Duces Tecum under Bankruptcy Rule 2004 many of which still have outstanding responses due. It is unlikely that the UST will receive responsive documents before the current deadline to object to Debtor's discharge. These documents are needed before examining witnesses under oath. The UST also plans to conduct the Debtor's Bankruptcy Rule 2004 oral examination under oath on January 8, 2025. The UST may also need to conduct further oral examinations based on the documents to be received from the subpoenaed parties and the Debtor's testimony under oath.

For the foregoing reasons, the Court should grant the UST's motion.

Date:  December 30, 2024  　　　　　　　　UNITED STATES TRUSTEE
　　　　　　　　　　　　　　　　　　　　Gregory M. Garvin, Acting United States Trustee

　　　　　　　　　　　　　　　　　　　By: /s/ *David W. Newman*
　　　　　　　　　　　　　　　　　　　　David W. Newman
　　　　　　　　　　　　　　　　　　　　Attorney for the Acting United States Trustee

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)

I hereby certify that, on December 30, 2024, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Matthew James Burne**     matthew.burne@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Robert A. Faucher**     rfaucher@hollandhart.com, spturner@hollandhart.com
- **George B. Hofmann**     ghofmann@ck.law, mparks@ck.law
- **Jennifer M Jensen**     jmjensen@hollandhart.com
- **David W. Newman tr**     david.w.newman@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Benjamin David Passey**     bdpassey@hollandhart.com, phowell@hollandhart.com
- **Darren G. Reid**     dgreid@hollandhart.com, cfries@hollandhart.com
- **Mark C. Rose tr**     trustee@mbt-law.com, UT32@ecfcbis.com
- **Erik F. Stidham**     efstidham@hollandhart.com, dljenkins@hollandhart.com;boiseintaketeam@hollandhart.com
- **Engels Tejeda**     ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **United States Trustee**     USTPRegion19.SK.ECF@usdoj.gov

## CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on December 30, 2024, I served the foregoing document by First-class U.S. mail, postage pre-paid, addressed to:

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84721

Ammon Edward Bundy
896 E. 400 S.
New Harmony, UT 84757

Date: December 30, 2024                                         */s/ Brittany Dewitt*
                                                                                    Brittany Dewitt