Erik F. Stidham (Admitted pro hac vice)
Robert A. Faucher (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>AMMON EDWARD BUNDY<br><br>Debtor. | Bankruptcy No. 24-23530<br><br>Chapter 7<br><br>Honorable William T. Thurman |

REPLY IN SUPPORT OF ST. LUKE'S CREDITOR'S MOTION FOR RELIEF FROM
BANKRUPTCY STAY (DKT. 241) AND IN RESPONSE TO THE DECEMBER 20, 2024
AND DECEMBER 30, 2024 (DKT. 258) RESPONSE SERVED/FILED BY DEBTOR

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth,

Natasha Erickson, M.D., and Tracy Jungman, NP (together "St. Luke's Creditors"), by and through

their counsel, submit this Reply in support of their Motion for Relief from Bankruptcy Stay (Dkt.

241) (the "Motion") and in reply to the Response [to] the Motion ("response"), served by Debtor

1

Ammon Bundy (the "Debtor") on counsel for the St. Luke's Creditors via email on December 20, 2024 and filed with the Court on December 30, 2024 (Dkt. 258).

**<u>MEMORANDUM</u>**

## I.   INTRODUCTION

1.      St. Luke's Creditors ask this Court to lift the automatic stay so they can seek in the Utah Case[1] relief necessary to stop the Debtor's ongoing, post-petition defamation of the St. Luke's Creditors in violation of the Permanent Injunction.[2] St. Luke's Creditors have met their initial burden of showing that lifting the stay is warranted: cause to lift the stay exists because doing so will not interfere with these proceedings, will not impact the rights of other creditors, and staying the Utah Case harms St. Luke's Creditors' wholly separate and significant interests of being able to enforce the terms of the Permanent Injunction post-petition.

2.      In turn, Debtor Bundy has not met his burden of demonstrating why the stay should remain in place. Instead, Debtor submits his "observation" and understanding of the reason why the CEO of United Healthcare was shot—drawing direct connection to those involved in this lawsuit. Debtor also wrongfully asserts that St. Luke's Creditors ask to lift the stay to pursue collection of the Judgment outside of his bankruptcy case. But the St. Luke's

---

[1] In April 2024, St. Luke's Creditors commenced an action, *St. Luke's et al. v. Bundy et al.*, in the Fifth Judicial District Court, Washington County, Utah, Case No. 246501034 (the "Utah Case"). Note: Attached hereto as **Exhibit A** is a true and correct copy of the docket in the Utah Case, which was referenced as Exhibit F in the Motion, but where Exhibit F included the docket of this bankruptcy case in error.

[2] The Permanent Injunction was issued in August 2023, *St. Luke's et al v. Bundy et al.*, in the District Court of the Fourth Judicial District of the State of Idaho, County of Ada, Case No. CV01-22-06789 (the "Idaho Case").

Creditors' request to lift the automatic stay is for the discrete purpose of putting an end to the Debtor's ongoing and unfailing defamation in violation of the Permanent Injunction.

3.      Because St. Luke's Creditors have shown cause exists to lift the stay, and because the Debtor has not met the shifting burden of demonstrating why the stay should remain in place, the Court should exercise its discretion under Section 362(d)(1) of the Bankruptcy Code and grant the Motion.

## II.    ARGUMENT

4.      St. Luke's Creditors have shown cause exists to lift the automatic stay so that the state court may enforce the Permanent Injunction in the Utah Case. *Busch v. Busch* (*In re Busch*), 294 B.R. 137, 140-41 (B.A.P. 10th Cir. 2003) (providing that it is the moving party's burden to show why cause exists). As set forth fully in the Motion, lifting the stay to allow enforcement of the Permanent Injunction in the Utah Case is supported by the relevant *Curtis* factors. *See* Motion, Dkt. 241 ¶¶ 18-24; *see also In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). The Debtor has long engaged in a pattern of violating court orders, including by repeatedly violating the Permanent Injunction issued in the Idaho Case for more than a year and after filing his petition for relief under the Bankruptcy Code. *See* Motion ¶¶ 2-3, Exs. B; D-E.

5.      When the Debtor relocated from Idaho to Utah, he forced the St. Luke's Creditors to file the Utah Case to enable them to enforce the Idaho Court's orders, including the Permanent Injunction. *Id.* ¶ 5. A hearing on his transgressions was imminent before the Utah Court when the Debtor filed this case, thereby staying that proceeding. Since then, the Debtor has continued to violate the Permanent Injunction post-petition. Thus, the St. Luke's Creditors face significant prejudice and harm if the stay continues to prevent the St. Luke's Creditors from seeking

enforcement of the Permanent Injunction in the Utah Case. Thus, contrary to the Debtor's

Response, the St. Luke's Creditors have shown cause for lifting the stay under 11 U.S.C. §

362(d)(1).

6.      Conversely, the Debtor has not met his shifting burden to demonstrate why the

stay should remain in place. *Busch v. Busch* (*In re Busch*), 294 B.R. 137, 140-41 (B.A.P. 10th

Cir. 2003) (citing 11 U.S.C. §§ 362(d)(1), 362(g)) (the burden shifts from the moving party to

the debtor to show why the stay should remain). None of Debtor's assertions for why the stay

should remain are supported or availing.[3] *See* Dkt. 258 at 9-13. The Debtor first argues that

lifting the stay would somehow interfere with his right to a stop of collection efforts on his

debt—namely the judgment debt to St. Luke's Creditors. *See id.* at 10-11. His assertion is plainly

untrue because St. Luke's Creditors do not seek to lift the stay to resume collection efforts. This

Court has jurisdiction over his debts, assets, and over actions to collect pre-petition debts.

7.      The Debtor next asks the Court to consider *Curtis* factor nine, "whether movant's

success in the other proceeding would result in a judicial lien avoidable by the debtor*[.]" In re*

*Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (listing factors from *In re Curtis*, 40 B.R.

795, 799-800 (Bankr. D. Utah 1984)). Debtor generally argues that because St. Luke's Creditors

have sought and obtained fees awards from him in prior litigation, and may seek sanctions,

including fines or the award of fees against him in the Utah Case, the stay should not be lifted.

*See* Dkt. 258 at 11-12. But if the Debtor forces the St. Luke's Creditors to seek sanctions against

---

[3] Debtor includes in the Response a section titled, "Important Background for the Court." Dkt.
258 at 1-8. The "background" contains numerous inaccuracies, misrepresentations, and untruths.
However, it is also wholly irrelevant to the Motion and as such, St. Luke's Creditors do not
intend to provide further response to this portion of the Response, while expressly reserving the
right to provide a response should the Court consider Debtor's assertions for any purpose.

him in the Utah action by continuing to violate the Permanent Injunction, such sanctions would
be for *post-petition* conduct that is not subject to any stay or discharge in this case. Just as
importantly, the Debtor – through his post-petition conduct – essentially controls whether, and
the extent of, any sanctions that the State Court may enter in the Utah Case. In short, the ninth
*Curtis* factor is not implicated here.

8.    Debtor also asks the Court to consider the tenth *Curtis* factor, which relates to
judicial economy. He asserts that lifting the stay would result in "a scheduling nightmare" for
him "and therefore this court." Dkt. 258 at 12. The Utah Case is a discrete action, limited to
enforcement of the binding Permanent Injunction, not a brand-new action unfamiliar to the
Debtor or the State Court. Further, again, the St. Luke's Creditors request to lift the stay only so
they can try to stop Debtor's *ongoing* violations of the Permanent Injunction. Debtor has made
the choice to violate a court order—he should not be protected from enforcement of that order—
wholly unrelated to his liabilities or assets—simply for reason of his chapter 7 proceeding.

9.    Lastly, Debtor asserts that St. Luke's "attorneys" can only allege he is violating a
protective order and have not shown "true nor direct harm" that his "recent words" have caused.
Dkt. 258 at 12. Debtor asserts he is "careful with his choice of words," that the "observation" he
made connecting CEO Brian Thompson to St. Luke's leadership was made because Debtor
"understood why the man shot Brian Thompson" because of "the years of St. Luke's litigating
against him," but that he did not "condone the action[.]" *Id.* at 12-13. Without losing more than a
space in his Response, Debtor then proclaimed again his expressed belief that St. Luke's CEO
Chris Roth (and undersigned attorney Erik Stidham) are "wicked people who have conspired

together to intentionally harm him and his family by abusing the courts with corporate money." *Id.* at 13.

10.     Debtor's argument highlights the reason why cause exists to lift the stay. Without enforcement of the Permanent Injunction, the Debtor intends to continue playing semantics while defaming the St. Luke's Creditors and inciting serious harm against them. In short, there is cause to lift the stay so that the St. Luke's Creditors can continue seeking the aid of the state court in enforcing the Permanent Injunction.

## III.    CONCLUSION

Relief from the automatic stay is warranted because the St. Luke's Creditors have met their burden of showing that the relevant *Curtis* factors weigh heavily in their favor, especially to prevent ongoing harm. Lifting the automatic stay as requested here will not interfere with this case and will enable St. Luke's Creditors to stop the Debtor's ongoing and recently escalated acts of defamation.

DATED this 2nd day of January, 2025.

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted pro hac vice)
Robert A. Faucher (Admitted pro hac vice)
HOLLAND & HART LLP

*/s/ Engels Tejeda*
Darren G. Reid
Engels Tejeda
Benjamin D. Passey

*Attorneys for St. Luke's Health System, Ltd.,*
*St. Luke's Regional Medical Center, Ltd.,*
*Chris Roth, Natasha Erickson, M.D., and*
*Tracy Jungman, NP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Mark C. Rose
McKay, Burton & Thurman, P.C.
trustee@mbt-law.com

U.S. Trustee
USTPRegion19.SK.ECF@usdoj.gov

I further certify that on January 2, 2025, a copy of the foregoing was served on the following non CM/ECF registered participants by electronic mail to Ammon E. Bundy at aebundy@bundyfarms.com and by First Class Mail, U.S. postage prepaid to the following addresses:

Ammon E. Bundy
896 E 400 S
New Harmony, UT 84757

Ammon E. Bundy
P.O. Box 1062
Cedar City, UT 84721

*/s/ Erik F. Stidham*
Erik F. Stidham

33953393_v1