Erik F. Stidham (Idaho Bar No. 5483) (Admitted pro hac vice)
Robert A. Faucher (Idaho Bar No. 4745) (Admitted pro vac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re:<br><br>AMMON EDWARD BUNDY<br><br>Debtor. | Bankruptcy No. 24-23530<br><br>Chapter 7<br><br>Honorable William T. Thurman |
|---|---|
| **NOTICE OF INTENT TO SERVE SUBPOENA** ||

PLEASE TAKE NOTICE THAT pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this bankruptcy case by Bankruptcy Rule 9016, St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman, NP, by and through their attorneys, Holland & Hart LLP, intend to serve a Subpoena for Rule 2004 Examination in the form attached hereto as **Exhibit A** on Dono-

Custos, Inc. The subpoena is being served pursuant to authority granted in an order of the Court entered on October 1, 2024 at Docket No. 236.

DATED this 3rd day of January 2025.

                                        HOLLAND & HART LLP

                                        */s/ Erik F. Stidham*
Erik F. Stidham (Idaho Bar No. 5483)
Robert A. Faucher (Idaho Bar No. 4745)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

                                        */s/ Engels Tejeda*
Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

2

# CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2025, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

Mark C. Rose
McKay, Burton & Thurman, P.C.
trustee@mbt-law.com

U.S. Trustee
USTPRegion19.SK.ECF@usdoj.gov

**By U.S. First Class Mail with postage prepaid:**

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84721-0991

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

DATED: January 3, 2025.

                                                    */s/ Engels Tejeda*
                                                    Engels Tejeda

33957834_v1

# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Utah

In re: Ammon Edward Bundy
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-23530

Chapter 7

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Dono-Custos, Inc., c/o Wyoming Corporate Services, Inc., 1712 Pioneer Ave, Suite 101, Cheyenne, WY 82001

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please See Exhibit A

| PLACE Holland & Hart LLP 2020 Carey Avenue, Suite 800, Cheyenne, WY 82001 | DATE AND TIME February 3, 2025 by 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/3/25

CLERK OF COURT

OR

_____          /s/Erik F. Stidham
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* St. Luke's Parties, who issues or requests this subpoena, are:

Erik F. Stidham, Holland & Hart LLP, 800 West Main Street, Suite 1750, Boise, ID 83702 (208) 342-5000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

  I declare under penalty of perjury that this information is true and correct.

Date: _____

                        _____
                              *Server's signature*

                        _____
                              *Printed name and title*

                        _____
                              *Server's address*

Additional information concerning attempted service, etc.:

Document      Page 7 of 14
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

To Subpoena for Rule 2004 Examination, issued to Dono-Custos, Inc.
*In Ammon Edward Bundy*, Case No. 24-23530, United States Bankruptcy Court, District of Utah

You are obligated to produce the documents identified below, in accordance with the Definitions set forth below, no later than **February 3, 2025**. You shall produce copies of those documents at the following location:

> Holland & Hart LLP
> 2020 Carey Avenue, Suite 800
> Cheyenne, WY 82001

Or, you may deliver the documents to that location and make them available for copying by the parties who issued the subpoena. Or, you may deliver the documents in electronic form to:

> efstidham@hollandhart.com and
> ejtejeda@hollandhart.com

You shall identify, with respect to all of the produced Documents, the paragraph number of the request(s) below to which such Document is responsive.

## DEFINITIONS

"Bundy Entity" means Abish-husbondi Inc., Dono Custos, Inc., AE Bundy Enterprises, LLC, Bundy Family Foundation, Bundy Farms, LLC, Bundy Coatings, LLC, Bundy Farms, Inc., Bowen Bundy, Hayden Bundy, Ammon Bundy for Governor, and People's Rights Network.

"Document" or "Documents" shall mean the original, all copies and drafts of papers and writings and data of every kind, description and form, whether handwritten or typed, and all mechanical, magnetic media and electronic recordings, records and data of every kind, description and form, and all photographs of every kind, and including, without limiting the generality of the foregoing, the following: correspondence, letters, texts, voice messages, instant messages, notes, e-mails, computer files, memoranda, reports, notebooks, binders, drawings, studies, analyses, drafts, diaries, calendars, datebooks, appointment books, day-timers, intra- or inter-office communications, canceled checks, minutes, bulletins, circulars, pamphlets, telegrams, instructions, work assignments, messages (including reports, notes and memoranda of telephone conversations and conferences), telephone statements, calendar and diary entries, desk calendars, appointment books, job or transaction files, books of account, ledgers, bank statements, promissory notes, invoices, charge slips, working papers, graphs, charts, lab books, lab notes, lab journals or notebooks, evaluation or appraisal reports, pleadings, transcripts of testimony or other documents filed or prepared in connection with any court or agency or other proceeding, deeds, mortgages, deeds of trust, contracts, agreements, assignments, instruments, charges, opinions, official statements, prospectuses, appraisals, feasibility studies, trust, releases of claims, charters, certificates, licenses, leases, invoices, computer printouts or programs, summaries, audio, video or sound recordings, cassette tapes, video recorded, electronic or laser recorded, or photographed information. Documents are to be taken as including all attachments, enclosures and other

documents that are attached to, relate to or refer to such documents.  "Documents" shall include "Electronically Stored Information" as defined herein. "Documents" shall include all of the foregoing transmitted through, or stored in, without limitation, the Signal messaging service. "Documents" shall mean all of the foregoing Documents in Your custody or control.

"Electronically Stored Information" means information made, maintained, retained, stored, or archived by computer or electronic means in any medium, including but not limited to word processing documents, email, email attachments, databases, spreadsheets, writings, drawings, graphs, photographs, sound recordings, images, data, and data compilations.  Electronically Stored Information shall include prior versions of information, as defined above, as well as all attachments, and shall include information stored on personal digital assistants, cell phones, Blackberries, personal laptop computers, hard drives, portable hard drives, and other similar devices.

"Other Entity" means any person or entity that is not a Bundy Entity who (1) holds an account or has borrowed money, and (2) as to which Ammon E. Bundy or Lisa Bundy holds signatory authority.

"You" means Dono-Custos, Inc., its agents, attorneys, employees, representatives, investigators, consultants and attorneys, and "Your" is the possessive form of You.

## Documents You are Obligated to Produce

1. All Documents of any kind in Your possession or control pertaining to Ammon E. Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms..

2. All Documents of any kind in your possession or control pertaining to Lisa Marie Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

3. All Documents of any kind in your possession or control pertaining to Abish-husbondi Inc., a Wyoming corporation now known as Kekoa Grove, Inc., and all Documents of any kind in your possession or control pertaining to Kekoa Grove, Inc., an Idaho corporation formerly known as Abish-husbondi Inc. generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

4. All Documents of any kind in your possession pertaining to Dono Custos, Inc., a Wyoming corporation generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

5. All Documents of any kind in your possession pertaining to AE Bundy Enterprises, LLC generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

6. All Documents of any kind in your possession pertaining to Bundy Family Foundation generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

7. All Documents of any kind in your possession pertaining to Bundy Farms, LLC generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

8. All Documents of any kind in your possession pertaining to Bundy Coatings, LLC generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

9. All Documents of any kind in your possession pertaining to Bowen Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

10. All Documents of any kind in your possession pertaining to Hayden Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items,

EXHIBIT A TO SUBPOENA - 3

   returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

11. All Documents of any kind in your possession pertaining to Bundy Farms Inc. generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

12. All Documents of any kind in your possession pertaining to Ammon Bundy for Governor generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

13. All Documents of any kind in your possession pertaining to any People's Rights Network generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

14. All Documents of any kind in your possession pertaining to any Other Entity generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

33801410_v1

EXHIBIT A TO SUBPOENA - 4

**This order is SIGNED.**

**Dated: December 11, 2024**

*William T. Thurman*

**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**



msc

Erik F. Stidham (Idaho Bar No. 5483) (Admitted pro hac vice)
Robert A. Faucher (Idaho Bar No. 4745 (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com
rfaucher@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**ORDER GRANTING ST. LUKE'S PARTIES' MOTION PURSUANT TO FED.R. BANKR.PRO. 2004 FOR AN ORDER AUTHORIZING AN EXAMINATION OF, AND PRODUCTION OF DOCUMENTS BY, DONO-CUSTOS, INC.**

The Court having reviewed and considered the *Motion Pursuant to Fed. R. Bankr. Pro. 2004 for an Order Authorizing an Examination of, and Production of Documents by, the non-debtor Dono-Custos, Inc.* (the "Motion") filed on December 10, 2024 by St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd. Chris Roth, Natasha Erickson and Tracy Jungman (collectively, the "St. Luke's Creditors"), and good cause appearing therefor,

**HEREBY ORDERS THAT:**

IT IS HEREBY ORDERED that the St. Luke's Creditors are authorized to examine Dono-Custos, Inc. pursuant to Bankruptcy Rule 2004, by Subpoena Duces Tecum, and/or by oral examination, to the extent necessary, either in person or remote via video conference as designated in the subpoena regarding the same. The proceedings will be recorded by stenographic means and will continue until adjourned. The recording of the examination shall only be transcribed upon request and payment of the transcription costs shall be by the requesting party;

IT IS FURTHER ORDERED that, unless otherwise stipulated in writing, Dono-Custos, Inc. will receive not less than 14 days written notice of the examination and date for production of documents; and

IT IS FURTHER ORDERED that the St. Luke's Creditors may issue subpoenas to compel attendance and production of documents pursuant to Bankruptcy Rule 2004(c).

------------ End of Document ------------

2

## DESIGNATION OF PARTIES TO BE SERVED

Service for the foregoing Order shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system.

| | |
|---|---|
| Mark C. Rose<br>McKay, Burton & Thurman, P.C. | trustee@mbt-law.com |
| U.S. Trustee | USTPRegion19.SK.ECF@usdoj.gov |
| Darren G. Reid | dgreid@hollandhart.com |
| Engels Tejeda | ejtejeda@hollandhart.com |
| Benjamin D. Passey | bdpassey@hollandhart.com |
| Erik F. Stidham | efstidham@hollandhart.com |
| Robert A. Faucher<br>Holland & Hart LLP | rfaucher@hollandhart.com |

**By U.S. Mail / Electronic Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served Notice pursuant to Fed. R. Civ. P. 5(b).

**By U.S. First Class Mail – postage prepaid:**

Ammon Edward Bundy, *pro se*
P.O. Box 1062
Cedar City, UT 84721

Ammon Edward Bundy
896 E 400 S
New Harmoney, UT 84757

Date: December 11, 2024

                                                     */s/Engels J. Tejeda*
                                                     Engels J. Tejeda
                                                     of Holland & Hart, LLP