David W. Newman (USB #15901)
Assistant United States Trustee
Matthew J. Burne (USB #18605)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
405 South Main Street, Suite 300
Washington Federal Bank Building
Salt Lake City, UT 84111
Telephone: (801) 524-5734
Facsimile: (801) 524-5628
Emails: David.W.Newman@usdoj.gov
           Matthew.Burne@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee, Region 19

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| In re: | Bankruptcy Case No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Hon. William T. Thurman |

**UNITED STATES TRUSTEE'S REPLY TO DEBTOR'S OBJECTION TO SECOND MOTION TO EXTEND DEADLINE FOR THE UNITED STATES TRUSTEE TO FILE A COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727**

The Acting United States Trustee ("UST" refers to the Acting United States Trustee and his staff), through counsel, files this reply ("Reply") to the Debtor's objection ("Objection") to the Second Motion to Extend Deadline for the United States Trustee to file a Complaint Objecting to

Debtor's Discharge Under 11 U.S.C. § 727 ("Second Extension Motion").[1]

**REPLY**

The Debtor's Objection argues that the Court should not grant the Second Extension Motion because the UST has not acted with diligence in performing the investigation of his complex case. The argument fails for at least the following reasons. First, this is a factually complex case, the Debtor's schedules acknowledge he transferred property to protect it from a creditor, and the Debtor's frequent refusal to answer questions based on his Fifth Amendment Privilege against self-incrimination further complicates this case. Second, the UST has acted diligently.

**I.     This Is A Factually Complex Case**

The Debtor seeks to discharge $53 million of unsecured debt. (Debtor's schedules at Dkt. 5 at p. 37). It is true that chapter 7 is designed to provide a fresh start to debtors. It is equally true that the fresh start is only intended for the "honest but unfortunate debtor." *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (*quoting Grogan v. Garner*, 498 U.S. 279, 286, 287 (1991)). There are significant red flags indicating the Debtor may not qualify for a discharge.

For example, the Debtor's Statement of Financial Affairs question 18, filed on July 17, 2024, states Debtor transferred his home valued at approximately $1.4 million "to my friend Aaron Welling to try and avoid losing our home to St. Luke's Health System Executives" "St. Luke's attorney's [sic] sued us both." (Dkt. 5 at p. 10) As noted in the UST's first motion to extend the

---

[1] Dkt. 255, Capitalized terms not defined herein shall have the meanings ascribed to them in the Second Extension Motion.

2

deadline to object to discharge, the Debtor's schedules and statement of financial affairs indicate he has minimal assets and transfers. This appears to be inconsistent with his financial condition before the St. Luke's parties obtained a judgment against him.

An Idaho Statesman Article indicates that an attorney representing St. Luke's Health System has asserted that Debtor was a multi-millionaire at the time of the verdict in favor of St. Luke's Health System. According to Debtor's amended schedules filed on September 3, 2024, his personal property is worth $210,300. Of that amount, $78,000 is the value of vehicles and $70,000 is the value of his 2% interest in Abish-Husbondi, Inc. The Debtor's original and amended schedules state he has no checking, savings, or other financial accounts.

The meeting of creditors in this case was originally scheduled for August 15, 2024, but was continued to August 19, 2024. The Chapter 7 Trustee, St. Luke's parties, and the UST questioned the Debtor at that meeting. The Debtor asserted his Fifth Amendment Privilege and did not answer around forty questions posed by the St. Luke's parties and the Chapter 7 Trustee. These questions were relevant to the UST's review of this case. Although the Debtor indicates he answered the UST's questions at the meeting of creditors, the UST was not required to re-ask the questions which the Debtor had declined to answer based on his Fifth Amendment Privilege. While the Debtor has the right to assert the Fifth Amendment Privilege, his frequent assertion of the privilege to others' questions left the UST with no other option than to attempt to ascertain the answers to questions about his assets and financial affairs and connect the dots through public records, subpoenas duces tecum, etc.

Public records searches indicate that the Debtor was involved in at least the following

3

Document      Page 4 of 7

entities pre-petition: Abish Hunsbondi, Inc.; Abish Husbondi, Inc.; AE Bundy Enterprises, LLC; Bundy Farms, Inc.; Dono-Custo, Inc.; Haybo Truck Leasing, LLC; Life Pax; Valet Fleet Service, LLC; WFB Steel, LLC. Yet, his statement of financial affairs question 27 only discloses his connection to Abish Husbondi, Inc., Dono-Custo, Inc., and Bundy Farms, Inc. (Dkt. 5 at pp. 13 – 14), and question 18 only discloses the transfer of his house. (Dkt. 5 at pp. 10, 11). Question 20 says he does not hold or control any property that someone else owns. (Dkt. 5 at p. 12).

In contrast to the St. Luke's parties, the UST does not have the benefit of years of litigation against the Debtor and the corresponding discovery. Even with that advantage, the St. Luke's parties are still currently seeking additional information by subpoena. This evidences the complexity of a case where an individual appears to have engaged in transfers to conceal and protect his assets from his creditors. The UST has requested that the St. Luke's parties share documentary evidence they have obtained, but to date they have not done so. As a result, the UST has had to conduct an independent investigation.

The deadline for the UST to file a complaint was only extended from October 15, 2024, to January 13, 2025, a mere 90 days in this factually complex case. Documents obtained from the UST's subpoenas indicate that further investigation is needed, and other entities need to be served with subpoenas duces tecum. Accordingly, the UST has established cause to extend the deadline.

II. **THE UST HAS ACTED DILIGENTLY**

The UST has diligently investigated this case. He questioned the Debtor at his meeting of creditors, has conducted public records searches, served numerous subpoenas duces tecum, and analyzed responsive documents, some of which remain outstanding.

On December 9, 11, and 12, 2024, the UST filed notice of issuance of the subpoenas duces tecum and proceeded to serve them on the respective subjects. The UST received partial responses to the subpoenas. After reviewing the documents, the UST determined he needed to serve subpoena duces tecum on additional institutions to obtain documents about potential undisclosed business entities and/or bank accounts that may be owned or controlled by the Debtor. Accordingly, on December 30, 2024, just after the interceding Christmas holiday, the UST filed the second motion to extend the deadline to object to the Debtor's discharge. On January 2 and 3, 2025, just after the interceding New Years holiday, the UST filed additional Fed. R. Bankr. P. 2004 motions seeking orders permitting him to issue subpoenas duces tecum to America First Credit Union, Clarity Credit Union, Chartway Federal Credit Union and Mountain America Credit Union. Based on information and belief, these institutions may have information and documents on potential undisclosed accounts held by or controlled by the Debtor and/or his business entities. The Court entered orders authorizing the examination of these institutions and the UST served the corresponding subpoenas on January 7, 2025. The response date on these subpoenas is set for January 31, 2025, because the UST must comply with the Rights to Financial Privacy Act prior to the institutions providing certain documents related to the Debtor's financial affairs, and to give the statutorily required time for the Debtor to bring a motion to quash these subpoenas.

The UST had scheduled the Debtor's Rule 2004 oral examination for January 8, 2025. However, given the outstanding subpoenas duces tecum, the UST continued the Debtor's examination to a date yet to be determined. It is important that the UST receive the responsive documents so that he can ask the Debtor about them at his Rule 2004 exam.

### III. CONCLUSION

Accordingly, based on the foregoing, and for the reasons stated in the Second Extension Motion, the Court should overrule the Debtor's Objection, grant the Second Extension Motion, and grant such other relief it deems appropriate.

Date: January 21, 2025            UNITED STATES TRUSTEE
Gregory M. Garvin, Acting United States Trustee

By: /s/ *Matthew J. Burne*
Matthew J. Burne
Attorney for the Acting United States Trustee

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)

I hereby certify that, on January 21, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Matthew James Burne**     matthew.burne@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Robert A. Faucher**     rfaucher@hollandhart.com, spturner@hollandhart.com
- **George B. Hofmann**     ghofmann@ck.law, mparks@ck.law
- **Jennifer M Jensen**     jmjensen@hollandhart.com
- **David W. Newman tr**     david.w.newman@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Benjamin David Passey**     bdpassey@hollandhart.com, phowell@hollandhart.com
- **Darren G. Reid**     dgreid@hollandhart.com, cfries@hollandhart.com
- **Mark C. Rose tr**     trustee@mbt-law.com, UT32@ecfcbis.com
- **Erik F. Stidham**     efstidham@hollandhart.com, dljenkins@hollandhart.com;boiseintaketeam@hollandhart.com
- **Engels Tejeda**     ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **United States Trustee**     USTPRegion19.SK.ECF@usdoj.gov

## CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on January 21, 2025, I served the foregoing document by First-class U.S. mail, postage pre-paid, addressed to:

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84721

Ammon Edward Bundy
896 E. 400 S.
New Harmony, UT 84757

Date: January 21, 2025                                                                 */s/ Matthew J. Burne*