Erik F. Stidham (*Admitted pro hac vice*)
Holland & Hart LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
Holland & Hart LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| In re: | Bankruptcy No. 24-23530 WTT |
|---|---|
| AMMON EDWARD BUNDY | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**ST. LUKE'S CREDITORS' EMERGENCY EX-PARTE MOTION REGARDING RULE 2004 EXAMINATION OF AMMON E. BUNDY**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha D. Erickson, M.D., and Tracy W. Jungman, NP (collectively the "St. Luke's Creditors") move ex-parte for entry of an order limiting attendance at the Rule 2004 examination of Debtor Ammon E. Bundy (the "Debtor") scheduled for February 25, 2025, to the St. Luke's Creditors, the court reporter, and the Debtor and his counsel, if any. This Motion is based on the grounds

that the Debtor advertised that he intends to post a public link to the virtual deposition to his online, unknown, and numerous followers. *See* Screenshot of Debtor's online posting attached as **Exhibit A**. All indications are that Debtor seeks to turn his examination into political theater to arouse his followers and incite his followers to harass the St. Luke's creditors. Counsel for the St. Luke's creditors tried to confer with Debtor to resolve this; Debtor did not respond. The Court should enter an order limiting attendance in Debtor's 2004 examination, and Lisa Bundy's 2004 examination, to the St. Luke's Creditors and their counsel, the reporter, and the Debtor and his counsel (if any), and Lisa Bundy and her counsel (if any), respectively.

## I.   JURISDICTION AND RELEVANT FACTS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. On February 7, 2025, the Court entered an Order (the "February 7 Order") requiring the Debtor to "attend a Rule 2004 exam conducted by the St. Luke's Creditors, which shall be conducted remotely using Zoom or a similar videoconferencing program, by no later than **February 27, 2025**, the exact date and time of which will be scheduled by the St. Luke's Creditors with at least 14 days' notice to Mr. Bundy." Dkt. 372 at 3 (emphasis in original). The Court's February 7 Order likewise ordered Debtor's spouse, Lisa Bundy, to attend a Rule 2004 exam conducted by the St. Luke's Creditors, setting the same remotely to take place on or before February 27, 2025.

3. Pursuant to the February 7 Order, on February 10, 2025, the St. Luke's Parties notified Debtor Bundy of the Rule 2004 examination on February 25, 2025, at 9 a.m. MST, with production of documents due by February 20, 2025. The notice provided the Zoom link for the Rule 2004 examination, a copy of the Court's February 7 Order, and a copy of the October

Page 2

Subpoena, which provided the document requests. A copy of the February 10, 2025 letter with attachments to the Debtor is attached as **Exhibit B**.

4. Likewise, Pursuant to the February 7 Order, on February 10, 2025, St. Luke's Parties notified Lisa Bundy of the Rule 2004 examination on February 26, 2025, at 9 a.m. MST, with production of documents due by February 20, 2025. The notice provided the Zoom link for the Rule 2004 examination, a copy of the Court's February 7 Order, and a copy of the Second Amended Subpoena, which provided the document requests. A copy of the February 10, 2025 letter with attachments to the Mrs. Bundy is attached as **Exhibit C**.

5. On February 10, 2025, the Debtor responded, "I am informing you at this time that I will not be attending the examination of 25th [sic] I believe the court is error [sic] and will be filing in the next few days." A copy of the Debtor's February 10, 2025 email is attached as **Exhibit D**.

6. On February 18, 2025, the Debtor sent an email to counsel for St. Luke's Creditors indicating he *would* be available to attend the scheduled examination on the 25th, but that he would "not be available all day." Debtor also addressed Mrs. Bundy's scheduled examination on February 26th, indicating it would "end immediately" if it exceeded the Court's order related to its scope.[1] A copy of the Debtor's February 18, 2025 email is attached as **Exhibit E.**

7. On or about February 23, 2024, Debtor posted a video, full of misinformation targeting St. Luke's and its CEO on his @RealAmmonBundy YouTube account,

---

[1] The Court's February 7 Order did not limit the scope of the examination of Mrs. Bundy. Instead, the Court's Order limited the document production required by Lisa Bundy to documents in certain categories of the Second Amended Subpoena. *See* Dkt. 372 at 2-3.

Page 3

https://www.youtube.com/watch?v=kJkBexZiBXM. The video post served to harass the St. Luke's creditors by feeding misinformation to the Debtor's followers who, in turn, are intended to spread Debtor's defamatory statements to harm the St. Luke's Creditors further.

8. The Debtor intends to disrupt the examination by inviting his followers to attend and participate in the virtual examination. Debtor has promised his followers that he will make public the link to the video examination so that they can join the video conference.

9. Debtor's @RealAmmonBundy YouTube account contains the following exchange between the Debtor and one of his followers: Debtor's follower asked, "[c]an people come and watch the devil work?" To which Debtor responded, "It will be recorded by Zoom, so I'll post a link." *See* Ex. A. Debtor has approximately 24,600 followers on his YouTube account. *Id.* The video post to which the comment appears has been viewed approximately 4,500 times so far. *Id.*

10. The followers to whom the Debtor proposes to send the virtual invitation, which is the link to the Zoom examination, are not parties in interest in the above-captioned case. Moreover, it appears Debtor intends to post the link to the public at large.

11. On February 23, 2024, counsel to the St. Luke's Creditors emailed the Debtor asking him to (1) produce documents as required by the February 7 Order, confirm his attendance at the 2004 exam, and refrain from sharing the virtual link to the 2004 exam. *See* Email Chain Attached as **Exhibit F**.

12. On February 25, 2025, counsel for the St. Luke's Creditors asked the Debtor again for a response to the prior night's email. *See* Ex. F.

13. As of the date and time of this Motion, the Debtor has not replied to the February 24 and 25 emails, and thus the St. Luke's Creditors understand the Debtor still intends to share

**Page 4**

the link to the 2004 exam with the public, specifically with his online followers who are strangers to this Case.

## II.     ARGUMENT

10. Cases from within and outside the Tenth Circuit indicate the public at large is not entitled to participate or attend examinations under Rule 2004. *See In re Olsen*, 1999 Bankr. LEXIS 791 (B.A.P. 10th Cir. 1999); *In re Thow*, 392 B.R. 86 (Bankr. W.D. Wash. 2007); *In re Orion Healthcorp, Inc.*, 596 B.R. 228 (Bankr. E.D.N.Y. 2019) (all attached as **Exhibit G**).

11. In *Olsen*, the Bankruptcy Appellate Panel for the Tenth Circuit rejected the debtor's request for a recording of the trustee's 2004 exam of a third-party witness. *Id.* at *5-7. The Court found convincing the trustee's argument that he "feared violence might occur" if he were to release the recording, and that debtor only wanted the recordings to "prolong the bankruptcy proceeding." *Id.*

12. In *Thow*, the court held that the press and public did not have a right to participate in 2004 exams because such examinations are not "presumptively public court proceedings" but rather "a vehicle to facilitate the administration of the bankruptcy estate." *Thow*, 392 B.R. at 865-66.

13. And in *Orion*, a bankruptcy court in New York held that certain parties-in-interest could attend a 2004 exam, but could not question the witness, answer, or otherwise participate in the examination. *Orion*, 596 B.R. at 237-238.

14. Here, the Debtor proposes to have his "supporters" attend a 2004 examination that the Debtor has repeatedly dodged. The proposed attendees are not parties in interest like those involved in *Olsen* or *Orion*. Instead, they appear to be strangers even to the Debtor. Like the trustee in *Olsen*, the St. Luke's Creditors fear that opening the 2004 exam to these anonymous individuals would not only be disruptive, but potentially dangerous to the St. Luke's Creditors,

**Page 5**

their counsel, or the reporter. And for those reasons, like in *Orion* and *Thow*, the 2004 exam should be restricted to the Debtor and his counsel, if any, the reporter, and the St. Luke's Creditors and their attorneys. St. Luke's Creditors likewise ask that the virtual 2004 examination of Lisa Bundy be likewise restricted to Ms. Bundy and her counsel, if any, the Debtor and his counsel, if any, the reporter, and the St. Luke's Creditors and their attorneys.

### III. CONCLUSION

WHEREFORE, the St. Luke's Creditors respectfully request that the Court enter an order to limit attendance of Debtor's and Lisa Bundy's 2004 examinations to the St. Luke's Creditors and their counsel, the reporter, and the Debtor and his counsel, and Mrs. Bundy and her counsel, respectively.

Dated February 24, 2025.

HOLLAND & HART LLP

*/s/ Erik F. Stidham*
Erik F. Stidham (Admitted Pro Hac Vice)

HOLLAND & HART LLP
As local counsel

*/s/ Engels Tejeda*
Darren G. Reid (#11163)
Engels Tejeda (#11427)
Benjamin D. Passey (#19234)

Attorneys for St. Luke's Health System, Ltd.,
St. Luke's Regional Medical Center, Ltd.,
Chris Roth, Natasha Erickson, M.D., and
Tracy Jungman, NP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February, 2025, I caused the foregoing to be electronically filed with the United State Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users:

Mark C. Rose
McKay, Burton & Thurman, P.C.
trustee@mbt-law.com; UT32@ecfbis.com

David W. Newman
Matthew J. Burne
U.S. Department of Justice
david.w.newman@usdoj.gov; matthew.burne@usdoj.gov;
james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov;
rachelle.d.hughes@usdoj.gov; Brittany.dewitt@usoj.gov

U.S. Trustee
USTPRegion19.SK.ECF@usdoj.gov

George B. Hofmann
ghofmann@ck.law; mparks@ck.law

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by First Class U.S. Mail, with postage prepaid, addressed as follows:

Ammon Edward Bundy, *pro se*
P.O. Box 1062
Cedar City, UT 84721-0991

Ammon M. Bundy
P.O. Box 1062
Cedar City, UT 84721-0991

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

and on such date I served the foregoing via email as follows: aebundy@bundyfarms.com and aebundy@msn.com

/s/ Engels J. Tejeda
Engels J. Tejeda
of Holland & Hart LLP

34273620_v3