

Erik F. Stidham
Partner
Phone 208.383.3934
efstidham@hollandhart.com

February 14, 2025

VIA EMAIL – LYDIAANDCELLO@YAHOO.COM; ARDENLAIR1@LIVE.COM

Arden and Lydia Bundy
Bundy's Brazilian Steakhouse; Bundy Industries LLC
850 S. Bluff St.
St. George, UT 84770

Re: In Re: Bundy – Case No. 24-23530 –Amended Subpoenas for Rule 2004 Examination of Lydia Bundy, Bundy's Brazilian Steakhouse and Bundy Industries, LLC and Notice of Subpoena for Arden Bundy

Dear Mr. and Mrs. Bundy:

As discussed on January 2, 2025, attached please find notice of the rescheduled 2004 Examination of Mrs. Bundy, which we then agreed would be reset to a later time. Also attached is an amended subpoena for the 2004 Examination of Bundy Industries, LLC, which we understand based on Mrs. Bundy's testimony to be the entity that holds Bundy's Brazilian Steakhouse.

The examination for Bundy Industries is set for March 4, 2025, starting at 1 p.m. The examination for Mrs. Bundy is set for March 5, 2025, starting at 1 p.m. As a note, the examination of Mr. Arden Bundy will also be set for March 5, 2024, starting at 9 a.m. That subpoena will be provided under separate cover. Each exam will take place *in person* at Snow Jensen & Reece, 912 West 1600 South, Suite B-200, in St. George.

Each amended subpoena requires production of documents responsive to Exhibit A, attached to each. As directed in the subpoenas, either email the documents, mail them to Snow Jensen & Reace, or deliver them at the time of the exams. Let me know if you have questions.

Very truly yours,

*/s/Erik F. Stidham*

Erik F. Stidham
Partner
of Holland & Hart LLP

EFS:njh

Enclosure

Location
800 W. Main Street, Suite 1750
Boise, ID 83702-7714

Mailing Address
P.O. Box 2527
Boise, ID 83701-2527

Contact
p: 208.342.5000 | f: 208.343.8869
www.hollandhart.com

Holland & Hart LLP  Anchorage  Aspen  Billings  Boise  Boulder  Cheyenne  Denver  Jackson Hole  Las Vegas  Reno  Salt Lake City  Santa Fe  Washington, D.C.

Exhibit C, Page 1

# UNITED STATES BANKRUPTCY COURT

_____ District of __Utah__ _____

In re __AMMOND EDWARD BUNDY__          Case No. __24-23530__
         Debtor

                                       Chapter __7__

### AMENDED SUBPOENA FOR RULE 2004 EXAMINATION

To: __Lydia Bundy, d/b/a Bundy's Brazilian Steakhouse, 850 S. Bluff St., St. George, UT 84770__
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE Snow Jensen & Reece<br>Tonaquint Business Park<br>912 West 1600 South, Suite B-200<br>St. George, UT 84770 | DATE AND TIME<br>March 5, 2025 starting at 1:00 p.m. |
|---|---|

The examination will be recorded by this method: __Stengraphic and video means__

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A.  Please produce documents to the above address by March 5, 2025

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __2/14/25__

          CLERK OF COURT

                              OR

   _____      __/s/Erik F. Stidham__
   *Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__St. Luke's Parties__ , who issues or requests this subpoena, are:

Erik F. Stidham, Holland & Hart LLP, 800 West Main Street, Ste 1750, Boise, ID 83702 (208) 342-5000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

**Exhibit C, Page 4**

EXHIBIT A

To Subpoena for Rule 2004 Examination, issued to Lydia Bundy
*In Ammon Edward Bundy*, Case No. 24-23530, United States Bankruptcy Court, District of Utah

You are obligated to produce the documents identified below, in accordance with the Definitions set forth below, no later than March 5, 2025. You shall produce copies of those documents at the following location:

> Snow Jensen & Reece
> Tonaquint Business Park
> 912 West 1600 South, Suite B-200
> St. George, UT 84770

and make them available for copying by the parties who issued the subpoena. Or, you may deliver the documents in electronic form to:

> efstidham@hollandhart.com and
> ejtejeda@hollandhart.com

You shall identify, with respect to all of the produced Documents, the paragraph number of the request(s) below to which such Document is responsive.

## DEFINITIONS

"Books" means Documents consisting of books and records of a business enterprise, including without limitation, articles of organization, articles of incorporation, by-laws, meeting minutes, stock transfer ledgers, stock register, stock certificates or other evidence of equity ownership, indemnification agreements and shareholders' agreements.

"Bundy Entity" means Abish-husbondi Inc., Dono Custos, Inc., Bowen Bundy, Hayden Bundy, Ammon Bundy for Governor, Bundy Farms, Inc., and People's Rights Network, or any other entity in which Debtor is an agent or equity holder.

"Debtor" means Ammon Bundy.

"Document" or "Documents" shall mean the original, all copies and drafts of papers and writings and data of every kind, description and form, whether handwritten or typed, and all mechanical, magnetic media and electronic recordings, records and data of every kind, description and form, and all photographs of every kind, and including, without limiting the generality of the foregoing, the following: correspondence, letters, texts, voice messages, instant messages, notes, e-mails, computer files, memoranda, reports, notebooks, binders, drawings, studies, analyses, drafts, diaries, calendars, datebooks, appointment books, day-timers, intra- or inter-office communications, canceled checks, minutes, bulletins, circulars, pamphlets, telegrams, instructions, work assignments, messages (including reports, notes and memoranda of telephone conversations and conferences), telephone statements, calendar and diary entries, desk calendars, appointment books, job or transaction files, books of account, ledgers, bank statements,

EXHIBIT A TO SUBPOENA - 1

promissory notes, invoices, charge slips, working papers, graphs, charts, lab books, lab notes, lab journals or notebooks, evaluation or appraisal reports, pleadings, transcripts of testimony or other documents filed or prepared in connection with any court or agency or other proceeding, deeds, mortgages, deeds of trust, contracts, agreements, assignments, instruments, charges, opinions, official statements, prospectuses, appraisals, feasibility studies, trust, releases of claims, charters, certificates, licenses, leases, invoices, computer printouts or programs, summaries, audio, video or sound recordings, cassette tapes, video recorded, electronic or laser recorded, or photographed information. Documents are to be taken as including all attachments, enclosures and other documents that are attached to, relate to or refer to such documents. "Documents" shall include "Electronically Stored Information" as defined herein. "Documents" shall include all of the foregoing transmitted through, or stored in, without limitation, the Signal messaging service. "Documents" shall mean all of the foregoing Documents in Your custody or control.

"Electronically Stored Information" means information made, maintained, retained, stored, or archived by computer or electronic means in any medium, including but not limited to word processing documents, email, email attachments, databases, spreadsheets, writings, drawings, graphs, photographs, sound recordings, images, data, and data compilations. Electronically Stored Information shall include prior versions of information, as defined above, as well as all attachments, and shall include information stored on personal digital assistants, cell phones, Blackberries, personal laptop computers, hard drives, portable hard drives, and other similar devices.

"Financial Account Statements" means Documents, including account statements and correspondence, with respect to any financial accounts, including without limitation bank accounts, credit union accounts, securities accounts, credit card accounts, commodities accounts, retirement accounts, 401(k) accounts, Roth accounts, IRA accounts and investment accounts, including all attachments to such statements (such as copies of checks); provided, however, that the term does not include the Already-Obtained Statements.

"Financial Records" means Documents consisting of Financial Account Statements, financial records and software of a business enterprise, whether or not incorporated, including without limitation account and other ledgers, bookkeeping data, accounting data, QuickBooks, etc.

"Steakhouse" means You d/b/a Bundy's Brazilian Steakhouse and persons managing and/or operating and/or overseeing operations of Bundy's Brazilian Steakhouse.

"You" means Lydia Bundy and Lydia Bundy d/b/a Bundy's Brazilian Steakhouse, your and its agents, attorneys, employees, representatives, investigators, consultants and attorneys, and "Your" is the possessive form of You.

EXHIBIT A TO SUBPOENA - 2

**Documents You are Obligated to Produce**

1. All Documents reflecting or relating in any way to a transfer of value by Debtor to You since January 1, 2022, including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements Financial Records, and correspondence.

2. All Documents reflecting or relating in any way to a transfer of value by Debtor to Steakhouse since January 1, 2022 including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

3. All Documents reflecting or relating in any way to a transfer of value by any Bundy Entity to You since January 1, 2022 including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

4. All Documents reflecting or relating in any way to a transfer of value by Bundy Entity to Steakhouse since January 1, 2022, including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

5. All Documents reflecting or relating in any way to a transfer of value by Lisa Bundy to You since January 1, 2022, including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

6. All Documents reflecting or relating in any way to a transfer of value by Lisa Bundy to Steakhouse since January 1, 2022 including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

7. All Documents reflecting or relating in any way to a transfer of value by You to Debtor since January 1, 2022, including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements Financial Records, and correspondence.

8. All Documents reflecting or relating in any way to a transfer of value by Steakhouse to Debtor since January 1, 2022 including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

9. All Documents reflecting or relating in any way to a transfer of value by any You to any Bundy Entity since January 1, 2022 including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

10. All Documents reflecting or relating in any way to a transfer of value by Steakhouse to any Bundy Entity since January 1, 2022, including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

11. All Documents reflecting or relating in any way to a transfer of value by You to Lisa Bundy since January 1, 2022, including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

12. All Documents reflecting or relating in any way to a transfer of value by Steakhouse top Lisa Bundy since January 1, 2022 including without limitation copies of checks, account statements, wire receipts, receipts, promissory notes, bonds, Books, Financial Account Statements, Financial Records, and correspondence.

13. All Documents relating to Steakhouse's employment of Lisa Bundy.

14. All Documents relating to Steakhouse's employment of Ammon Bundy.

EXHIBIT A TO SUBPOENA - 4

# UNITED STATES BANKRUPTCY COURT

District of Utah

In re: **AMMON EDWARD BUNDY**, Debtor

Case No. 24-23530

Chapter 7

## FIRST AMENDED SUBPOENA FOR RULE 2004 EXAMINATION

To: Bundy Industries LLC c/o Arden & Lydia Bundy, RAs, 3315 Gold Butte Rd, Bunkerville, NV 89007

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Snow Jensen & Reece<br>Tonaquint Business Park<br>912 West 1600 South, Suite B-200<br>St. George, UT 84770 | March 4, 2025 starting at 1:00 pm |

The examination will be recorded by this method: Stenographic and video means

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A   Please produce documents to the above address by March 4, 2025

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/14/25

CLERK OF COURT

_____   OR   /s/Erik F. Stidham
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* St. Luke's Parties, who issues or requests this subpoena, are:

Erik F. Stidham, Holland & Hart LLP, 800 West Main Street, Suite 1750, Boise, ID 83702 (208) 342-5000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

To Subpoena for Rule 2004 Examination, issued to Bundy Industries, LLC
*In Ammon Edward Bundy*, Case No. 24-23530, United States Bankruptcy Court, District of Utah

You are obligated to produce the documents identified below, in accordance with the Definitions set forth below, no later than **March 4, 2025**.  You shall produce copies of those documents at the following location:

> Snow Jensen & Reece
> Tonaquint Business Park
> 912 West 1600 South, Suite B-200
> St. George, UT 84770

Or, you may deliver the documents to that location and make them available for copying by the parties who issued the subpoena.  Or, you may deliver the documents in electronic form to:

> efstidham@hollandhart.com and
> ejtejeda@hollandhart.com

You shall identify, with respect to all of the produced Documents, the paragraph number of the request(s) below to which such Document is responsive.

## DEFINITIONS

"Bundy Entity" means Abish-husbondi Inc., Dono Custos, Inc., AE Bundy Enterprises, LLC, Bundy Family Foundation, Bundy Farms, LLC, Bundy Coatings, LLC, Bundy Farms, Inc., Bowen Bundy, Hayden Bundy, Ammon Bundy for Governor, and People's Rights Network.

"Document" or "Documents" shall mean the original, all copies and drafts of papers and writings and data of every kind, description and form, whether handwritten or typed, and all mechanical, magnetic media and electronic recordings, records and data of every kind, description and form, and all photographs of every kind, and including, without limiting the generality of the foregoing, the following: correspondence, letters, texts, voice messages, instant messages, notes, e-mails, computer files, memoranda, reports, notebooks, binders, drawings, studies, analyses, drafts, diaries, calendars, datebooks, appointment books, day-timers, intra- or inter-office communications, canceled checks, minutes, bulletins, circulars, pamphlets, telegrams, instructions, work assignments, messages (including reports, notes and memoranda of telephone conversations and conferences), telephone statements, calendar and diary entries, desk calendars, appointment books, job or transaction files, books of account, ledgers, bank statements, promissory notes, invoices, charge slips, working papers, graphs, charts, lab books, lab notes, lab journals or notebooks, evaluation or appraisal reports, pleadings, transcripts of testimony or other documents filed or prepared in connection with any court or agency or other proceeding, deeds, mortgages, deeds of trust, contracts, agreements, assignments, instruments, charges, opinions, official statements, prospectuses, appraisals, feasibility studies, trust, releases of claims, charters, certificates, licenses, leases, invoices, computer printouts or programs, summaries, audio, video or sound recordings, cassette tapes, video recorded, electronic or laser recorded, or photographed

EXHIBIT A TO SUBPOENA - 1

information. Documents are to be taken as including all attachments, enclosures and other documents that are attached to, relate to or refer to such documents. "Documents" shall include "Electronically Stored Information" as defined herein. "Documents" shall include all of the foregoing transmitted through, or stored in, without limitation, the Signal messaging service. "Documents" shall mean all of the foregoing Documents in Your custody or control.

"Electronically Stored Information" means information made, maintained, retained, stored, or archived by computer or electronic means in any medium, including but not limited to word processing documents, email, email attachments, databases, spreadsheets, writings, drawings, graphs, photographs, sound recordings, images, data, and data compilations. Electronically Stored Information shall include prior versions of information, as defined above, as well as all attachments, and shall include information stored on personal digital assistants, cell phones, Blackberries, personal laptop computers, hard drives, portable hard drives, and other similar devices.

"Other Entity" means any person or entity that is not a Bundy Entity who (1) holds an account or has borrowed money, and (2) as to which Ammon E. Bundy or Lisa Bundy holds signatory authority.

"You" means Bundy Industries LLC, its agents, attorneys, employees, representatives, investigators, consultants and attorneys, and "Your" is the possessive form of You.

**Documents You are Obligated to Produce**

1. All Documents of any kind in Your possession or control pertaining to Ammon E. Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms..

2. All Documents of any kind in your possession or control pertaining to Lisa Marie Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

3. All Documents of any kind in your possession or control pertaining to Abish-husbondi Inc., a Wyoming corporation now known as Kekoa Grove, Inc., and all Documents of any kind in your possession or control pertaining to Kekoa Grove, Inc., an Idaho corporation formerly known as Abish-husbondi Inc. generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

4. All Documents of any kind in your possession pertaining to Dono Custos, Inc., a Wyoming corporation generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

5. All Documents of any kind in your possession pertaining to AE Bundy Enterprises, LLC generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

6. All Documents of any kind in your possession pertaining to Bundy Family Foundation generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

7. All Documents of any kind in your possession pertaining to Bundy Farms, LLC generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

8. All Documents of any kind in your possession pertaining to Bundy Coatings, LLC generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

9. All Documents of any kind in your possession pertaining to Bowen Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

10. All Documents of any kind in your possession pertaining to Hayden Bundy generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items,

EXHIBIT A TO SUBPOENA - 3

    returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

11. All Documents of any kind in your possession pertaining to Bundy Farms Inc. generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

12. All Documents of any kind in your possession pertaining to Ammon Bundy for Governor generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

13. All Documents of any kind in your possession pertaining to any People's Rights Network generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

14. All Documents of any kind in your possession pertaining to any Other Entity generated on and after January 1, 2020 including without limitation to contracts, transactions, cryptocurrency, stocks, shares, cash, account signature cards, account opening packages, account statements (and enclosures), account agreements, correspondence, paid items, returned items, cancelled items, loan agreements, security agreements, instructions, receipts, transaction reports, and account terms.

34046526_v1

EXHIBIT A TO SUBPOENA - 4