Erik F. Stidham (Idaho State Bar #5483) (Admitted pro hac vice)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com

Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| In re: | Bankruptcy No. 24-23530 |
|---|---|
| AMMON EDWARD BUNDY, | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**ST. LUKE'S CREDITORS' MOTION TO COMPEL RYAN BUNDY'S AND BUNDY MOTORS COMPANY'S COMPLIANCE WITH RULE 2004 SUBPOENAS FOR EXAMINATIONS AND PRODUCTION OF DOCUMENTS**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (together the "St. Luke's Creditors"), respectfully move to compel Bundy Motors Company ("Bundy Motors") and Ryan Bundy to comply with subpoenas issued pursuant to Federal Rule of Bankruptcy Procedure 2004 and this Court's Order authorizing the St. Luke's Creditors to issue the subpoena. *See* Dkts. 111, 277, 366 and 372.

**INTRODUCTION**

On July 17, 2024 (the "Petition Date"), Ammon Edward Bundy (the "Debtor") filed the above-captioned Chapter 7 case. Before the Petition Date, the Debtor allegedly loaned Ryan Bundy $425,000, through his alter-ego corporation Abish-husbondi Inc. At some point, Ryan Bundy allegedly paid that money back, but the Debtor has not produced evidence of the repayment. Instead, the Debtor works for Bundy Motors and actively participates in its marketing activities. The Debtor is a principal feature in the Bundy Motors' promotional videos.[1] Yet, nowhere in the Debtor's schedule of assets and liabilities nor his statement of financial affairs did the Debtor disclose any relationship with Bundy Motors. For instance, the Debtor did not disclose that he works for Bundy Motors or that he is paid by Bundy Motors.

Perhaps most startingly, the Debtor did not disclose the $425,000 in cash his alter-ego corporation was allegedly repaid by Ryan Bundy after loaning it out last year. These facts and others serve as the basis for the St. Luke's Creditors' subpoenas to conduct Rule 2004 examinations of Bundy Motors and Ryan Bundy. Despite receiving proper service of each subpoena, and receiving multiple reminder emails to an email address known to be used by Ryan Bundy, neither Ryan Bundy nor Budny Motor appeared to be examined or produce documents as instructed under the subpoenas.

The St. Luke's Creditors are entitled to take discovery from Bundy Motors and Ryan Bundy to determine the nature and extent of the Debtor's relationship with Bundy Motors and

---

[1] Bundy Motors Company, Product Videos, https://www.bundymotors.us/videos (last accessed Mar. 26, 2025).

his brother Ryan Bundy, and all financial components relevant to this bankruptcy case. For example, Bundy Motors and Ryan Bundy likely have information about the Debtor's assets and potential voidable transfers. Correspondingly, the St. Luke's Creditors move to compel Ryan and Bundy Motor's compliance with the subpoenas.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion concerns the administration of the estate and therefore is a core proceeding pursuant to 28 U.S. C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S. C. §§ 1408 and 1409.

## STATEMENT OF FACTS

2.      Ryan Bundy is the registered agent and owner of Bundy Motors, which was formed in 2024. Declaration of Erik F. Stidham in Support of Motion to Compel Rule 2004 Examinations and Productions of Documents ("Stidham Decl."), ¶ 4, Ex. A at 43-44 (trans. pp. 210-11). Ryan Bundy is the Debtor's brother. *Id.*, Ex. A at 44 (trans. p. 211). The Debtor is a 1099 employee of Bundy Motors. *Id.* According to Debtor's recent testimony, Bundy Motors pays the Debtor $1,000 per week and reimburses the Debtor's expenses. *Id.* The Debtor testified he pretty much runs the business, performing most of the management, technical development, and day-to-day shores for Bundy Motors. *Id.* Meanwhile, according to the Debtor, Ryan Bundy does very little for Bundy Motors. *Id.* The Debtor testified that the Debtor hopes to own Bundy Motors someday down-the-line. *Id.*

3.      The Debtor also testified that on March 4, 2024, the Debtor, through Abish-husbondi, loaned $425,000 to Ryan Bundy. *Id.*, Ex. A at 22-34 (trans. pp. 145-157). The Debtor

3

testified that the Debtor loaned the money to his brother as a short-term loan because Ryan Bundy's construction business "needed some cash flow." *Id.*, Ex. A at 23 (trans. p. 146). Although the Debtor testified there was a written loan agreement, he did not produce it. *Id.*, Ex. A at 23-24 (trans. p. 146-147). The Debtor also would not provide details about Ryan Bundy's repayment of this loan, except that it had been repaid, and that as of the date of his 2004 examination, Debtor had some $200,000 in cash. *Id.*, Ex. A at 22-34 (trans. pp. 145-157).

4. On September 30, 2024, the St. Luke's Creditors moved for an order allowing them to examine Bundy Motors pursuant to Rule 2004. *See* Dkt. 82. On October 1, 2024, the Court granted the motion. *See* Dkt. 111.

5. In October 2024, the St. Luke's Creditors first served the deposition and document subpoena upon Bundy Motors's registered agent, Ryan Bundy. *See* Dkt. 183, ¶ 10. The subpoena sought documents regarding Bundy Motors books, financial records, and account statements; documents exchanged with the Debtor; and documents reflecting transactions with the Debtor, the Debtor's wife, and other Debtor-affiliated entities. *Id.*

6. Ryan Bundy responded by mocking the Rule 2004 process, demanding more than $10,000 to appear as a witness, refusing to comply with the production requirements, and eventually, stating unequivocally that no one would be appearing for an examination on behalf of Bundy Motors. *See* Dkt. 184 (November 7, 2024 Declaration of Robert A. Faucher Regarding Bundy Motors Company's Rule 2004 Examination).

7. On November 7, 2024, the St. Luke's Creditors moved to compel Bundy Motors' compliance with the subpoena (the "First Motion to Compel"). *See* Dkt. 183. The Court held a hearing on the First Motion to Compel on December 4, 2024, and while the First Motion to Compel

4

was pending, the St. Luke's Creditors moved for an order allowing them to examine Ryan Bundy pursuant to Rule 2004. Dtk. 190. The Court granted the motion to examine Ryan Bundy on January 5, 2025. *See* Dkt. 277

8. On January 30, 2025, the Court issued from the bench its ruling on the First Motion to Compel, Dkt. 366, followed by a written order dated February 7, 2025. Dkt. 372.

9. In relevant part, the Court denied the First Motion to Compel without prejudice, instructing that the place of examination and the place of production could not be more than 100 miles from Mesquite, Nevada. *See* Dkts. 366, 372. The Court also reasoned that St. Luke's Creditors could serve Ryan Bundy and Bundy Motors via mail at his Mesquite address, which is 361 Riverside Road, Mesquite, Nevada 89027-5905 ("Mesquite Address"). Dkt. 366.

10. On February 14, 2025, the St. Luke's Creditors mailed First Amended Subpoenas to Ryan Bundy and Bundy Motors to the Mesquite Address. Stidham Decl., ¶ 5, Ex. B.

11. The First Amended Subpoenas required Ryan Bundy to appear on March 3, 2025, and Bundy Motors to appear March 4, 2025, for an oral examinations in St. George, Utah, which is within 100 miles from Mesquite. *Id.* Each subpoena further required the production of documents on the date of each examination. *Id.*

12. The St. Luke's Creditors' counsel prepared for the examinations, travelled from Boise to St. George for the examinations, and arranged for a videographer and court reporter to attend and make a record of the examinations. *Id.*, ¶ 6.

13. On March 2, 2025, a day prior to Ryan Bundy's examination, counsel for the St. Luke's Creditors emailed bundymotors27@gmail.com, providing Ryan Bundy with copies of the First Amended Subpoenas and reminded him of the upcoming examinations scheduled for the

5

ensuing two days. *Id.*, ¶ 7, Ex. C. Ryan Bundy did not respond to the email. *Id.* Counsel for St. Luke's Creditors followed up again via email the evening of March 2, and again received no response. *Id.*

14. Ryan Bundy failed to appear for his examination on March 3. *Id.*, ¶ 8. After the time it was set to begin, counsel for the St. Luke's Creditors emailed Ryan Bundy, indicating he and the court reporter were waiting for Ryan Bundy to show up. *Id.*, Ex. D. Ryan Bundy did not respond to the email or show up. *Id.*

15. Later that day, counsel for the St. Luke's Creditors emailed Ryan Bundy again about the Bundy Motors examination set for the next day. *Id.*, ¶ 9, Ex. E. Yet again, no response was provided—and neither Ryan Bundy nor any other agent or representative for Bundy Motors appeared for the examination on March 4. *Id.*

16. As of the date of this Motion to Compel, neither Ryan Bundy nor Bundy Motors has produced documents responsive to the requests in the First Amended Subpoenas. *Id.*, ¶ 10.[2]

## ARGUMENT

**A.  Ryan Bundy and Bundy Motors Should Comply with the Corrected Subpoena.**

17. The Court has authority to compel Ryan Bundy and Bundy Motors to comply with the First Amended Subpoenas pursuant to Bankruptcy Rule 2004(d), Bankruptcy Rule 9016, which adopts Federal Rule of Civil Procedure 45, and Bankruptcy Rule 7037, which adopts Federal Rule of Civil Procedure 37.

---

[2] Ryan Bundy provided two documents to counsel for St. Luke's Creditors via email on October 25, 2024, in response to the document request in the original subpoena. The documents were Nevada Secretary of State documents regarding formation of Bundy Motors and a redacted bank statement excerpt.

18.　　Here, the First Amended Subpoenas required Ryan Bundy and Bundy Motors to produce documents and to attend the Rule 2004 Examinations on March 3, 2025, and March 4, 2025. Relying on the First Amended Subpoenas, the St. Luke's Creditors' counsel prepared for the examinations, travelled from Boise to St. George, and arranged for a videographer and court reporter to attend the examinations. Despite receiving the requisite notice and multiple reminders, Ryan Bundy and Bundy Motors did not produce documents and did not appear for the examinations. The Court should compel Ryan Bundy and Bundy Motors to both produce the requested documents and to attend the requested examinations.

## CONCLUSION

WHEREFORE, the St. Luke's Creditors ask the Court to compel and order Ryan Bundy and Bundy Motors to produce the documents requested within 10 days of service of an order granting the Motion and sit for a Rule 2004 examination within 20 days of service of an order granting the Motion.

DATED this 15th day of April, 2025.

        HOLLAND & HART LLP

        */s/ Erik F. Stidham*
        Erik F. Stidham (Admitted Pro Hac Vice)

        HOLLAND & HART LLP
        As local counsel

        */s/ Engels Tejeda*
        Darren G. Reid (#11163)
        Engels Tejeda (#11427)
        Benjamin D. Passey (#19234)
        Attorneys for St. Luke's Health System, Ltd.,
        St. Luke's Regional Medical Center, Ltd.,
        Chris Roth, Natasha Erickson, M.D., and
        Tracy Jungman, NP

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF user.

Mark C. Rose
McKay, Burton & Thurman, P.C.
trustee@mbt-law.com; UT32@ecfbis.com

David W. Newman
Matthew J. Burne
U.S. Department of Justice
david.w.newman@usdoj.gov; matthew.burne@usdoj.gov;
james.gee@usdoj.gov; lindsey.huston@usdoj.gov; rinehart.peshell@usdoj.gov;
rachelle.d.hughes@usdoj.gov; Brittany.dewitt@usoj.gov

U.S. Trustee
USTPRegion19.SK.ECF@usdoj.gov

George B. Hofmann
ghofmann@ck.law; mparks@ck.law

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by First Class U.S. Mail, with postage prepaid, addressed as follows:

Ammon Edward Bundy, *pro se*
P.O. Box 1062
Cedar City, UT 84721-0991

Ammon Edward Bundy
896 E 400 S
New Harmony, UT 84757

Ryan Bundy
Bundy Motors Company
361 Riverside Road
Mesquite, NV 89027-5905

By Internet email:
    Ammon Edward Bundy
    aebundy@bundyfarms.com
    aebundy@msn.com

    Ryan Bundy
    Bundy's Motors Company
    bundymotors27@gmail.com

    */s/ Engels Tejeda*
    Engels Tejeda

34452942_v1