

Ammon Bundy
P.O. Box 1062
Cedar City, Utah
84720-1062

# UNITED STATES BANKRUPTCY COURT,
## DISTRICT OF UTAH

| | | |
|---|---|---|
| Ammon Edward Bundy | ( | Case No. 24-23530 |
| | ( | Chapter 7 |
| | ( | WILLIAM T. THURMAN |

## MOTION TO QUASH RULE 2004 SUBPOENA AND FOR PROTECTIVE ORDER

Pursuant to Federal Rules of Bankruptcy Procedure 9016 and 2004, and Federal Rule of Civil Procedure 45(d), Ammon Edward Bundy respectfully moves this Court for an order quashing in part the Rule 2004 subpoena issued by St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP ("St. Luke's Creditors"), and for a protective order limiting further examination and production.

## I. INTRODUCTION

Mr. Ammon Bundy has complied in good faith with the Court's orders and the Rule 2004 subpoena by producing all documents currently accessible to him and appearing for a remote examination lasting nearly seven hours. The examination was frequently interrupted and extended due to off-the-record conduct by opposing counsel. Contrary to the misleading allegations in the Second Motion to Compel, Mr. Bundy never invoked the Fifth Amendment, and never refused to cooperate within the bounds of the law.



St. Luke's Creditors now seek to compel further production of documents that are either unavailable or belong to a separate legal entity, Abish-husbondi, Inc., and demand a continuation of the examination in person despite an increasingly hostile and prejudicial atmosphere.

This Court should quash the subpoena to the extent it demands irrelevant or inaccessible materials, deny the request for in-person examination, and issue a protective order to prevent harassment and protect Mr. Bundy's rights and safety.

## II. FACTUAL BACKGROUND

Mr. Ammon Bundy appeared for a Rule 2004 examination via Zoom on February 25, 2025, as ordered by this Court. The session lasted approximately seven hours including multiple off-the-record interruptions initiated by counsel for St. Luke's Creditors, Mr. Erik Stidham. Although the transcript reflects a shorter on-record time, this was due to Mr. Stidham repeatedly going off record, often over Mr. Bundy's objections.

Mr. Bundy produced all documents reasonably available to him. Several other documents requested — such as corporate share ledgers, share stubs, and Capital One credit card statements — are either in storage, inaccessible, or no longer in his possession. For example, the Capital One account is closed, and Mr. Bundy has no physical or digital access to past statements.

The filing cabinet containing potentially relevant business records is located in a 53-foot trailer packed during the Bundy family's relocation and currently in long-term storage. Retrieving it would require multiple days, labor, and space Mr. Bundy does not have. Mr. Bundy currently lives with his wife and children in a single-room attic apartment and has no office or secure staging space.

Mr. Bundy has also searched for a copy of a loan agreement between Abish-husbondi, Inc. and Ryan Bundy but has not located it. This transaction was a corporate matter and is not part of the Mr. Bundy's personal estate.

At no point during the examination did Mr. Bundy invoke the Fifth Amendment. He answered in good faith and objected only where appropriate, particularly when questions improperly conflated corporate records with his personal financial condition.

## III. ARGUMENT

### A. Examination Was Already Extensive and Disrupted by Opposing Counsel

The examination lasted nearly seven hours, far longer than the five hours alleged in the motion. The time discrepancy resulted from Mr. Stidham's repeated and unilateral decisions to go off the record, despite Mr. Bundy's objections. The claim that the session was prematurely ended or incomplete is inaccurate.

### B. Mr. Bundy Cannot Produce Inaccessible or Nonexistent Documents

Mr. Bundy has produced all documents within his possession, custody, or control. He does not have the Capital One statements because the account is closed. He has no access to those records. The filing cabinet that may contain corporate materials is buried deep inside a fully packed trailer, requiring days to unload. He does not currently have the means or space to retrieve it.

The loan agreement with Ryan Bundy has also not been located. Mr. Bundy believes Ryan may have a copy. The transaction itself was conducted by Abish-husbondi, Inc., not Mr. Bundy personally.

### C. Misrepresentation of Corporate Assets as Personal Assets

St. Luke's falsely claims that Mr. Bundy failed to disclose assets such as cash, intellectual property, and leases. These are corporate assets and transactions of Abish-husbondi, Inc. Mr. Bundy properly disclosed his ownership interest in the corporation in his schedules. Listing corporate assets as personal would have been incorrect. See *In re Gonic Realty Trust*, 909 F.2d 624 (1st Cir. 1990).

### D. Fifth Amendment Was Not Invoked

Mr. Bundy never pled the Fifth Amendment during the examination. All objections were based on relevance, overbreadth, and legal boundaries protecting corporate records from intrusion.

### E. Hostile Environment and Safety Concerns

Mr. Bundy strongly objects to any further examination, especially in person. Mr. Stidham has publicly and in filings portrayed Mr. Bundy as violent. This creates a hostile and unsafe environment. While Mr. Bundy does not threaten Mr. Stidham, he fears Mr. Stidham's mischaracterizations could lead to retaliation or conflict. A Zoom examination was already uncomfortable; an in-person confrontation would be inappropriate and harmful.

---

## IV. CONCLUSION

Mr. Bundy respectfully requests that the Court:

1. **Quash** the Rule 2004 subpoena to the extent it seeks documents that are not within Mr. Bundy's possession, custody, or control, or that relate exclusively to Abish-husbondi, Inc.
2. **Deny** any request for in-person continuation of the Rule 2004 examination.
3. **Issue a protective order** preventing further examination by Mr. Stidham.
4. **Grant any other relief** the Court deems just and proper.

**DATED THIS DAY,** the 4th of June, 2025.

*[signature]*

Ammon Bundy

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

| | | | |
|---|---|---|---|
| | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS Mail |
| Mark C. Rose, Trustee | mrose@mbt-law.com | [X] | Email |
| Erik Stidham | efstidham@hollandhart.com | [X] | Email |

**DATED THIS DAY,** the 4th of June, 2025.

*[signature]*

Ammon Bundy