

Ammon E. Bundy
P.O. Box 1062
Cedar City, Utah 84720
208-872-4030

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No.: 24-23530 |
| AMMON EDWARD BUNDY, | Chapter 7 |
| | Hon. William T. Thurman |

### SUPPLEMENTAL LEGAL OBJECTIONS, CONTEXTUAL ARGUMENT, MR. BUNDY'S RESPONSES AND OBJECTIONS TO ST. LUKE'S CREDITORS' FIRST SET OF INTERROGATORIES, AND RESPONSE TO ST. LUKE'S PARTIES' REQUESTS FOR ADMISSION

**Ammon Edward Bundy** respectfully submits these supplemental legal objections to clarify the legal and constitutional basis for resisting the overly broad and intrusive discovery requests served by St. Luke's Creditors, submits the following responses and objections to St. Luke's Creditors' First Set of Interrogatories, and hereby submits the following responses to the Requests for Admission served upon him:

## I. LEGAL BASIS FOR OBJECTIONS

Rule 2004 of the Federal Rules of Bankruptcy Procedure is limited in scope and must be confined to the legitimate interests of administering the bankruptcy estate. Courts have repeatedly held that discovery may not be used for the purposes of harassment, for litigation



advantages in unrelated proceedings, or to circumvent the rules applicable in adversary proceedings.
See *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995); *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983).

Furthermore, under **Fed. R. Civ. P. 26(b)(1)** and **26(c)**, discovery must be both proportional to the needs of the case and must not subject the responding party to undue burden, harassment, or intrusion into unrelated or protected matters. The interrogatories served here exceed those boundaries.

## II. THIRD-PARTY DOCUMENTS AND CONTROL

Numerous interrogatories improperly demand information and documents from corporate entities—such as **Abish-husbondi, Inc.** and **Dono Custos Inc.**—which are legally separate and not within the Debtor's possession, custody, or control. Courts have strictly limited a debtor's discovery obligations in these contexts absent a judicial finding of alter ego status or actual control.
See *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). No such finding exists here.

## III. STRATEGIC ABUSE OF DISCOVERY BY ST. LUKE'S

The discovery strategy employed by St. Luke's is not aimed at legitimate bankruptcy administration. Rather, it is part of a **broader pattern of coordinated litigation tactics used to intimidate, harass, and financially destroy Mr. Bundy across multiple courts and jurisdictions.**

St. Luke's has:

- Pursued aggressive and duplicative litigation;
- Filed motions for contempt based on protected speech;

- Sought to weaponize information acquired in bankruptcy discovery to pursue **collection efforts, contempt proceedings, and other punitive measures outside the control of this Court**.

This is **lawfare in its most abusive form**: repetitive and coordinated civil actions with no objective other than to punish Mr. Bundy for protected speech and association, all while misusing court authority under the guise of creditor rights.

St. Luke's attorneys have repeatedly attempted to expand the use of bankruptcy discovery for collateral purposes unrelated to the administration of the estate and beyond what is permitted under Rule 2004 or Rules 7033 and 7034.

## IV. AMMON BUNDY'S RESPONSES AND OBJECTIONS TO ST. LUKE'S CREDITORS' FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**

**Request:** *Identify all real property, personal property, business interests, financial accounts, and other assets you currently own, possess, control, or have any legal or beneficial interest in, with a current fair market value exceeding $1,000, regardless of whether such assets are listed in your bankruptcy schedules.*

**Response:**

Mr. Bundy objects to this interrogatory as overly broad and duplicative of prior discovery, including the Rule 2004 examination and accompanying document production. Without waiving the objection, Mr. Bundy states that all such assets were previously disclosed in his bankruptcy schedules and/or produced in response to the United States Trustee's subpoena under Rule 2004. To the extent any such asset existed or exists, it is already known to St. Luke's counsel or was addressed during the Rule 2004 examination. Mr. Bundy does not have access to any additional responsive information beyond what has already been provided.

**Interrogatory No. 2**

**Request:** *Identify all bank accounts, safe deposit boxes, or other financial accounts that you have opened, controlled, or had signatory authority over since 2020, including but not limited to accounts for Abish-husbondi, Inc., Abish hunsbondi, Inc., Dono Custos Inc., TLA Enterprizes LLC, or any other entity, and state the current balance and location of any remaining funds.*

**Response:**
Mr. Bundy objects on the grounds that this request is overbroad, seeks documents not within Mr. Bundy's possession, custody, or control, and has already been the subject of the Rule 2004 subpoena. Without waiving these objections, Mr. Bundy states that he has already produced all bank account information available to him and has no additional responsive information. St. Luke's counsel has already received access to this information through prior subpoenas and court filings. To the extent accounts existed for any identified entities, Mr. Bundy lacks current access or control and has no obligation to gather or produce corporate records not personally held.

**Interrogatory No. 3**

**Request:** *Identify all cash rental payments received from tenants of the warehouse property located at 800 E. Locust St. Emmett, Idaho, from 2020 forward and if so, identify the amount, date, and purpose of each such personal use.*

**Response:**
Mr. Bundy objects that this request is cumulative of prior discovery and misrepresents the nature and accessibility of such records. All responsive information was produced or addressed during the Rule 2004 examination. Mr. Bundy does not have current access to records beyond what has already been provided and is not withholding any responsive information. St. Luke's counsel has had access to all financial and business disclosures made under oath and through prior document productions.

**Interrogatory No. 4**

**Request:** *Identify all corporate records, documents, and files relating to Abish-husbondi, Inc., Abish hunsbondi, Inc., Dono Custos Inc., TLA Enterprizes LLC, and any other entity to which you are legally connected that you possess or control, including but not limited to stock certificates, corporate ledgers, lease agreements, loan documents, tax returns, and financial records, and state the current location of each such document.*

**Response:**
Mr. Bundy objects to this request as it improperly seeks documents not in Mr. Bundy's possession or control and related to entities that are legally distinct from him. Mr. Bundy does not have custody or control over the corporate records of Abish-husbondi, Inc. or other entities, which are separate legal entities. To the extent Mr. Bundy held any such records, they have either been previously disclosed, produced in response to the Rule 2004 subpoena, or are not presently accessible.

**Interrogatory No. 5**

**Request:** *Identify all documents relating to transactions related to the $425,000 transfer made to Ryan Bundy in March 2024, and relating to any and all transactions with Arden Bundy.*

**Response:**
Mr. Bundy objects on the basis that this request is cumulative of prior discovery. Without waiving this objection, Mr. Bundy states that information concerning this transaction was discussed during the Rule 2004 examination and was included in prior document production. Mr. Bundy does not have additional responsive documents beyond what has already been produced.

**Interrogatory No. 6**

**Request:** *Identify all individuals or entities that currently hold, manage, control, or have custody of any assets on your behalf, whether pursuant to formal agreement or informal arrangement, including family members, business associates, or followers.*

**Response:**

Mr. Bundy objects to this interrogatory as vague, overbroad, and burdensome. Without waiving this objection, Mr. Bundy states that to the best of his knowledge and belief, no individual or entity currently holds or controls any asset on his behalf beyond what was disclosed in his bankruptcy schedules or during the Rule 2004 examination.

**Interrogatory No. 7**

**Request:** *Identify all transfers of money, property, or other assets you made to any person or entity from January 1, 2020, to the present, where the aggregate value to any single recipient exceeded $5,000, including: (a) the identity of each recipient; (b) the nature and value of what was transferred; (c) the date of transfer; (d) the stated reason for the transfer; and (e) any consideration received.*

**Response:**

Mr. Bundy objects to this request as duplicative and overbroad. All such transfers were addressed in the bankruptcy schedules or during the Rule 2004 examination. Mr. Bundy does not have current access to documents beyond what has been produced and is not in possession of further responsive materials.

**Interrogatory No. 8**

**Request:** *Identify all business entities in which you have or have had any ownership interest, management role, or other involvement since January 1, 2022, including: (a) the nature of your relationship; (b) current status of each entity; (c) any assets or income derived from each; and (d) any transfers of your interests in such entities.*

**Response:**

Mr. Bundy objects to this interrogatory as overly broad and already addressed in the Rule 2004 process. Without waiving the objection, Mr. Bundy has disclosed his involvement in entities in

prior sworn statements and responses and does not possess additional information beyond what has already been provided.

**Interrogatory No. 9**

**Request:** *Identify the truck service business you testified about purchasing for $215,000 using Arizona Property Proceeds, including: (a) the legal name and structure of the business; (b) current ownership details; (c) location of business operations; (d) current value of the business and associated equipment; and (e) monthly income generated by this business.*

**Response:**

Mr. Bundy objects to this interrogatory on the grounds that it contains a false premise and mischaracterizes prior testimony. **Mr. Bundy did not testify to purchasing a truck service business for $215,000 using Arizona Property Proceeds, or at all.** Any inference to that effect is inaccurate. Without waiving this objection, Mr. Bundy states that he has not purchased any truck service business using such proceeds and has no ownership interest in any such business. To the extent any business activity or investment has occurred, it has been fully disclosed in prior responses and during the Rule 2004 examination.

**Interrogatory No. 10**

**Request:** *Identify all persons who have provided you with financial support, professional assistance, or other aid since filing bankruptcy, including the nature and value of such assistance.*

**Response:**

Mr. Bundy objects that this request seeks irrelevant information not related to the bankruptcy estate and is intended to chill protected associational rights. Without waiving objection, Mr. Bundy refers to all such support previously disclosed or discussed during the Rule 2004 examination and has no additional information responsive to this inquiry.

## V. RESPONSES TO ST. LUKE'S PARTIES' REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

*Admit that you are currently in possession of $200,000 in cash derived from the sale proceeds of the Arizona property.*

**Response:**

**Denied.** I am not currently in possession of $200,000 in cash. Any funds associated with the Arizona property sale were repaid to Abish-Husbondi, Inc., which originally financed the transaction. These funds were used for legitimate business purposes and disclosed in prior filings.

**Request for Admission No. 2:**

*Admit that Abish-Husbondi has not asserted any ownership interest in the $200,000 cash referenced in this case.*

**Response:**

**Denied.** Abish-Husbondi, Inc. retained ownership of funds tied to corporate operations, including those derived from the Arizona transaction. At no point were such funds treated as my personal property.

**Request for Admission No. 3:**

*Admit that your spouse has not asserted any ownership interest in the $200,000 cash referenced in this case.*

**Response:**

**Denied.** My spouse, Lisa Bundy, has not asserted ownership over the $200,000, which were corporate funds.

**Request for Admission No. 4:**

*Admit that you have the ability to comply with court orders requiring turnover of estate assets.*

**Response:**

**Denied.** I have made good-faith efforts to comply with all lawful orders. However, certain

demanded assets are not in my personal possession, custody, or control, being either corporate assets or otherwise inaccessible.

**Request for Admission No. 5:**

*Admit that you caused funds deposited into Abish-Husbondi, Inc. accounts to pay personal bills and household expenses from 2020 to 2024.*

**Response:**

**Denied.** Any funds used from Abish-Husbondi, Inc. were distributed lawfully as compensation or reimbursement for business-related expenses. I did not improperly use corporate funds for personal bills.

## VI. CONCLUSION

The discovery demands must be **denied or significantly curtailed** to:

- Prevent further prejudice to the Mr. Bundy,
- Preserve the integrity of the bankruptcy process,
- Prohibit misuse of Rule 2004 and discovery rules as tools of **extrajudicial punishment and harassment**.

DATED: June 9th, 2025

Respectfully submitted,

*[signature]*

**Ammon E. Bundy**

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

        350 S Main St, Salt Lake City, UT 84101      [X]    USPS Mail

Mark C. Rose, Trustee      mrose@mbt-law.com      [X]    Email

Erik Stidham      efstidham@hollandhart.com      [X]    Email

**DATED THIS DAY,** the 9th of June, 2025.

*/s/ Ammon Bundy*

Ammon Bundy