Erik F. Stidham (Idaho State Bar #5483) (*Admitted pro hac vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-7714
Telephone: (208) 342-5000
efstidham@hollandhart.com

Darren G. Reid (11163)
Engels Tejeda (11427)
Benjamin D. Passey (19234)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
dgreid@hollandhart.com
ejtejeda@hollandhart.com
bdpassey@hollandhart.com

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| In re:<br><br>AMMON EDWARD BUNDY,<br><br>Debtor. | Bankruptcy No. 24-23530<br><br>Chapter 7<br><br>Honorable William T. Thurman |
|---|---|

**ST. LUKE'S CREDITORS' MOTION FOR ORDER TO SHOW CAUSE REGARDING FAILURE TO COMPLY WITH RULE 2004 SUBPOENA**

St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (collectively, "St. Luke's Creditors"), by and through undersigned counsel, respectfully move this Court for an Order directing TLA Enterprises LLC dba Sentinel Services Consulting ("TLA/Sentinel") and Thomas Sundloff to appear and show cause why they should not be held in contempt for failure to comply with a duly issued and served Rule 2004 subpoena, and directing them to comply with said subpoena within a specified

timeframe or face sanction for contempt. A true and correct copy of the subpoena is attached as **Exhibit A.**

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion concerns the administration of the estate and therefore is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. The St. Luke's Creditors hold a claim against Ammon Bundy (the "Debtor") in excess of $50 million arising from intentional torts that the Debtor committed against St. Luke's Creditors.

3. During the Debtor's Rule 2004 examination, he testified that he started the TLA/Sentinel business in his father-in-law's name (Thomas Sundloff) and that when the Debtor's customers wanted to pay him by check, his father-in-law incorporated TLA/Sentinel and established a bank account to allow the Debtor to accept payments while avoiding collection by St. Luke's Creditors. *See* Tr. of Ammon Edward Bundy Rule 2004 Examination at 176:10-179:20 (Feb. 25, 2025), a copy of which is attached as **Exhibit B**.

4. On March 14, 2025, the St. Luke's Creditors filed their Motion Pursuant to Fed. R. Bankr. Pro. 2004 for an Order Authorizing an Examination of, and Production of Documents by, TLA Enterprises LLC dba Sentinel Services Consulting (the "2004 Motion"). (Dkt. 396)

5. On March 18, 2025, this Court entered an Order granting the 2004 Motion and authorizing the St. Luke's Creditors to issue a documents and testimony subpoena to TLA/Sentinel pursuant to Bankruptcy Rule 2004. (Dkt. 399)

6. On March 21, 2025, St. Luke's Creditors caused a Subpoena for Rule 2004 Examination to be properly served upon TLA/Sentinel through service upon Melodie Sundloff, managing agent, at 293 Grace Way, Washington, UT 84780.

7. The subpoena commanded TLA/Sentinel to:

    a. Appear for examination on April 29, 2025, at 9:30 a.m. at Snow Jensen & Reece, 912 West 1600 South, Suite B-200, St. George, UT 84770; and

    b. Produce documents as detailed in Exhibit A to the subpoena no later than April 23, 2025.

8. As evidenced by the Proof of Service, attached as **Exhibit C**, the subpoena was properly served by Marchelle Brown of Tri-County Process Serving LLC.

9. The document production deadline of April 23, 2025, has passed without any response from TLA/Sentinel or Thomas Sundloff.

10. The examination date of April 29, 2025, has passed without appearance by TLA/Sentinel or Thomas Sundloff.

11. Neither TLA/Sentinel nor Thomas Sundloff has filed any objection to the subpoena, motion to quash, or motion for protective order.

12. Neither TLA/Sentinel nor Thomas Sundloff has communicated in any way with St. Luke's Creditors or their counsel regarding the subpoena or sought any accommodation regarding compliance.

13. More than seven weeks have now passed since the missed document production deadline, and nearly six weeks since the missed examination date, with complete silence from TLA/Sentinel and Thomas Sundloff.

## LEGAL STANDARD

14. Federal Rule of Bankruptcy Procedure 2004(c) provides that the court may issue subpoenas for examinations under Rule 2004, and such subpoenas are governed by Federal Rule of Civil Procedure 45.

15. 11 U.S.C. § 105(a) grants bankruptcy courts broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

16. Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

17. "If the target of Rule 2004 discovery believes the request is unduly burdensome, it has the burden of showing that the burden is in fact undue." *In re Roman Catholic church of the diocese of Gallup*, 513 B.R. 761, 767 (Bankr. D.N.M. 2014).

18. "Pursuant to § 105(a) and the court's inherent powers, the court is empowered to impose sanctions to assure compliance with subpoenas or orders for Rule 2004 examinations." *In re Rosebar*, 505 B.R. 82, 87 (Bankr. D.D.C. 2014).

19. "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

## ARGUMENT

20. TLA/Sentinel and Thomas Sundloff's complete noncompliance with the duly issued Rule 2004 subpoena demonstrates disregard for this Court's order authorizing the examination.

21. Their complete lack of response to the subpoena's directives—including appearing for examination and producing requested documents—demonstrates a failure to comply with the court-authorized discovery process.

22. This Court's order, dated March 18, 2025, explicitly authorized the examination and document production pursuant to Rule 2004.

23. TLA/Sentinel and Thomas Sundloff have not filed any objection, motion to quash, or motion for protective order, nor have they sought any modification of the subpoena requirements.

24. The continued silence and absence of any legal motion or communication from TLA/Sentinel or Thomas Sundloff indicate either an intentional disregard for the subpoena or a misunderstanding of their legal obligations.

25. Before imposing contempt sanctions, it is appropriate to provide TLA/Sentinel and Thomas Sundloff with a final opportunity to comply with the subpoena requirements within a court-ordered timeframe.

26. However, if they continue to fail to comply after being given such opportunity, contempt sanctions would be warranted to affirm this Court's authority and safeguard the procedural integrity of Rule 2004 examinations.

27. An Order to Show Cause will serve the dual purpose of (1) compelling compliance with the legitimate discovery requests and (2) determining whether sanctions are appropriate for the existing non-compliance.

## CONCLUSION

WHEREFORE, the St. Luke's Creditors respectfully request that this Court enter an order directing TLA Enterprises LLC dba Sentinel Services Consulting and Thomas Sundloff to:

1. Appear before this Court at a time and date to be determined by the Court to show cause why they should not be held in contempt for failure to comply with the Rule 2004 subpoena duly issued by this Court and properly served upon them;

2. Comply fully with all requirements of the Rule 2004 subpoena, including production of all requested documents and appearance for examination, within twenty-one (21) days of entry of the Court's Order; and

3. Be advised that failure to comply within the specified timeframe will result in sanctions for contempt of court, including but not limited to monetary sanctions, reasonable attorneys' fees and costs incurred in bringing this motion, and such other relief as the Court deems just and proper; and

4. Such other relief as the Court deems just and proper.

DATED this 20th day of June, 2025.

    HOLLAND & HART LLP

    */s/ Erik F. Stidham*
    Erik F. Stidham

    */s/ Engels Tejeda*
    Engels Tejeda
    *Attorneys for St. Luke's Health System, Ltd.,*
    *St. Luke's Regional Medical Center, Ltd.,*
    *Chris Roth, Natasha Erickson, M.D., and Tracy*
    *Jungman, NP*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2025, I caused a true and correct copy of the foregoing to be filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Mark C. Rose
    McKay, Burton & Thurman, P.C.
    Chapter 7 Trustee
    trustee@mbt-law.com; UT32@ecfbis.com

    U.S. Trustee
    USTPRegion19.SK.ECF@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants by:

First Class U.S. Mail, with postage and email to:

    Ammon Edward Bundy, *pro se*
    P.O. Box 1062
    Cedar City, UT 84721-0991

    Ammon Edward Bundy
    896 E 400 S
    New Harmony, UT 84757

Emails: aebundy@bundyfarms.com; aebundy@msn.com

    TLA Enterprises LLC dba Sentinel Services Consulting
    c/o Melodie Sundloff, Managing Agent
    293 Grace Way
    Washington, UT 84780

    Thomas Sundloff
    293 Grace Way
    Washington, UT 84780

                                          */s/ Erik F. Stidham*
                                           Erik F. Stidham
                                           of Holland & Hart LLP

35198022_v2