Ammon E. Bundy
P.O. Box 1062
Cedar City, Utah 84720
208-872-4030

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

FILED* US Bankruptcy Court-UT
JUN 27 2025 PM 1:34

| In re: | Chapter 7 |
|---|---|
| AMMON E. BUNDY, | Case No. 24-23530 |
| | Judge William T. Thurman |

## DECLARATION OF AMMON EDWARD BUNDY IN RESPONSE TO ST. LUKE'S CREDITORS' MOTION FOR ORDER TO SHOW CAUSE

I, Ammon Edward Bundy, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

## I. INTRODUCTION

1. I submit this declaration in opposition to the Motion for Order to Show Cause filed by St. Luke's Health System and affiliated creditors [Dkt. 441] ("St. Luke's"), seeking contempt sanctions against my father-in-law, Thomas Sundloff, and TLA Enterprises LLC dba Sentinel Services Consulting ("TLA/Sentinel").

2. The motion is premised on a dangerously misleading narrative that distorts the truth, conceals its own coercive tactics, and amounts to an attempt to weaponize this Court against my family's survival. I write to correct the record and invoke the constitutional and equitable protections that are being systematically trampled by St. Luke's and its

counsel.

## II. PERSONAL AND FAMILY CIRCUMSTANCES

3. Over the past several years, St. Luke's has pursued judgments, garnishments, liens, seizures, and other tactics not merely to enforce a debt—but to destroy my ability to exist economically. They have seized multiple bank accounts, disrupted every business I've been involved in, and imposed crushing legal burdens on my family, including my wife and children.

4. In the face of total financial annihilation, I began to do what any parent would do: I found a way to earn money. I performed manual labor and fleet maintenance work—often paid in cash—just to feed my family. These were not hidden operations. They were acts of necessity and survival.

5. As I found more work, some customers required check payments. I could not receive checks in my name without St. Luke's seizing them. Seeing our desperation, my father-in-law, Thomas Sundloff, **voluntarily and lawfully** created TLA Enterprises LLC and subcontracted me to perform services. He owned the business. I was not an officer, director, or shareholder.

6. My wife, Lisa Bundy, did basic bookkeeping and was paid $700 per week for fewer than seven weeks. I, **on the other hand, was never paid a single dollar for my labor**. St. Luke's swiftly and unilaterally moved to seize TLA's bank account, making it impossible to pay anyone further. We were again forced into immediate crisis.

## III. ST. LUKE'S MISREPRESENTATIONS

7. In its motion, St. Luke's falsely claims that I "started" the TLA/Sentinel business in my father-in-law's name to "avoid collection." This is a gross distortion of my testimony. I never owned or operated TLA. I performed services at the direction of my father-in-law, who lawfully employed both me and Lisa out of compassion and necessity.

8. St. Luke's claims to rely on my Rule 2004 examination, but omits key clarifying portions of that testimony, including where I explicitly stated that the work began out of desperation, that I never owned the company, and that I was **not paid** for my work due to the seizure of the business account. [See Dkt. 441-2, pp. 176–180.]

9. St. Luke's also claims that Mr. Sundloff failed to respond to a subpoena—but the subpoena was served not on him personally, but on his wife, Melodie Sundloff, who is **not** an officer or agent of TLA. No evidence has been submitted to prove proper service under Rule 45(b)(1), nor any willful refusal to comply.

## IV. LEGAL AND CONSTITUTIONAL DEFENSES

10. The Supreme Court has long held that the **right to engage in lawful work and common occupations is a protected liberty interest**. See *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923); *Board of Regents v. Roth*, 408 U.S. 564, 572 (1972). These protections apply even in bankruptcy and civil judgment contexts.

11. My labor—repairing trucks, working with tools, earning wages—cannot be criminalized because of my last name or my debt. I did nothing illegal. I did not hide assets. I **worked**.

12. There is **no law** that forbids subcontracting through a family business, particularly where the work is legitimate and transparent. Courts have explicitly held that such arrangements are legal so long as they are not used as shams or conduits for concealed assets. See *In re Adeeb*, 787 F.2d 1339 (9th Cir. 1986); *In re Devers*, 759 F.2d 751 (9th Cir. 1985); *In re Hodge*, 92 B.R. 919 (Bankr. D. Kan. 1988).

13. TLA/Sentinel was **not** a fraudulent shell. It was a real company created by someone other than me, providing real services. The fact that I was not paid at all underscores the absence of any financial benefit to me personally.

14. Seizing that account deprived my family of its last income. Seeking contempt against the man who tried to help us survive is not a good-faith collection effort. It is cruelty disguised as process.

## V. CONDEMNATION OF ST. LUKE'S ACTIONS

15. St. Luke's is using this Court not to enforce justice—but to annihilate me. It is trying to poison the well of every economic possibility, to punish those who help my family, and to convert debt enforcement into generational financial destruction.

16. It is unthinkable that a medical institution—a nonprofit—would so aggressively pursue not just a debtor, but his wife, his children, and now his father-in-law, all because I dared to speak against them. This is **abuse of process**, plain and simple.

17. Courts across this country have warned against such behavior. In *Chambers v. NASCO*, 501 U.S. 32, 44 (1991), the Supreme Court upheld courts' inherent power to sanction

abusive conduct that "defiles the judicial process." That is what St. Luke's is doing here. They do not seek relief. They seek ruin.

## VI. REQUEST FOR RELIEF

18. I respectfully request that this Court:

- DENY St. Luke's Motion for Order to Show Cause [Dkt. 441] in its entirety;

- FIND that TLA and Thomas Sundloff were not properly served and did not willfully disregard any lawful order;

- RECOGNIZE that subcontracted labor by a debtor is not presumptively fraudulent or unlawful;

- PROTECT my constitutional right to earn a living and provide for my family under the Due Process Clause of the Fifth Amendment;

- SANCTION St. Luke's or at minimum admonish their abusive and retaliatory misuse of process.

Respectfully submitted this 23rd day of June, 2025.

*/s/ Ammon Bundy*

**Ammon Bundy**

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

| | | | |
|---|---|---|---|
| | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS Mail |
| Mark C. Rose, Trustee | mrose@mbt-law.com | [X] | Email |
| Erik Stidham | efstidham@hollandhart.com | [X] | Email |

DATED THIS DAY, the 23rd of June, 2025.

Ammon Bundy