Ammon E. Bundy
P.O. Box 1062
Cedar City, Utah 84720
208-872-4030

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Ref:**<br>**AMMON EDWARD BUNDY** | **Case No.: 24-23530**<br>**Chapter 7**<br>**William T. Thurman** |
| | **Adversary Proceeding**<br>**No.: 24-02130** |

FILED* US Bankruptcy Court-UT
JUL 17 2025 AK 11:80

## MOTION TO PRECLUDE PLAINTIFFS FROM RELYING ON OR
## REFERENCING ALLEGED DOCUMENT WITHHOLDING

**Comes now Ammon Edward Bundy**, listed above and Defendant, respectfully moves this Court to enter an order precluding the Plaintiffs—St. Luke's Health System, Ltd., et al.—from continuing to assert or imply that Mr. Bundy has withheld documents or failed to comply with discovery obligations relating to documents stored in long-term storage. In support thereof, Mr. Bundy states as follows:

### I. BACKGROUND

1. On July 7, 2025, this Court entered an order [Dkt. 451] granting Plaintiffs' motion to compel Rule 2004 document production and authorized Mr. Bundy to submit an application for reimbursement of reasonable costs associated with locating and retrieving responsive records.

2. On July 8, 2025, Mr. Bundy submitted an itemized and good faith **Application for Costs and Expenses** totaling $2,189, which included forklift rental, labor,



fuel, hauling, and storage costs to access documents stored in a sealed 53-foot trailer.

3. On July 9, 2025, Plaintiffs, through their counsel Erik Stidham, refused to pay the itemized costs and formally **withdrew their request** for the documents. In written correspondence, they acknowledged their withdrawal and stated they would notify the Court.

## II. ARGUMENT

Plaintiffs have repeatedly argued that Mr. Bundy was withholding documents, using that allegation as a foundation for their contempt motions, adversary complaint, and motions to compel. Now, when faced with the modest expense of following through on their request, they have abandoned it.

This conduct confirms what Mr. Bundy has maintained: the Plaintiffs' accusations of non-cooperation were not made in pursuit of evidence, but rather to prejudice Mr. Bundy and damage his credibility in the eyes of the Court.

To allow Plaintiffs to now continue referencing the supposed "withheld documents" as a basis for argument, inference, or non-dischargeability would be unfair and fundamentally inconsistent with the record. Plaintiffs have voluntarily relinquished their right to obtain the documents and must now be bound by that decision.

## III. REQUESTED RELIEF

Mr. Bundy respectfully requests that the Court issue an order:

1. Acknowledging that Mr. Bundy complied in good faith with the Court's July 7, 2025 Order;

2. Acknowledging that Plaintiffs withdrew their document request and refused to pay the expenses;
3. Precluding Plaintiffs from referencing, arguing, or suggesting in any future filing, hearing, or proceeding that Mr. Bundy failed to produce or withheld documents located in the long term storage at issue.

A supporting declaration is attached hereto.

**Respectfully submitted,**
**Dated: July 11, 2025**

*/s/ Ammon Bundy*

Ammon E. Bundy

**Exhibit List:**

**Exhibit A: Ammon Bundy's Declaration**
**Exhibit B: Mr. Erik Stidham's Email**
**Exhibit C: Court Order**
**Exhibit D: Ammon Bundy's Application for Costs and Expenses**

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

| | | | |
|---|---|---|---|
| | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS |
| Mark C. Rose, Trustee | mrose@mbt-law.com | [X] | Email |
| Erik Stidham | efstidham@hollandhart.com | [X] | Email |

**DATED THIS DAY,** the 11th of July, 2025.

*[signature]*

Ammon Bundy

## Exhibit A: Ammon Bundy's Declaration

Ammon E. Bundy
P.O. Box 1062
Cedar City, Utah 84720
208-872-4030

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| Ref: | Case No.: 24-23530 |
|---|---|
| AMMON EDWARD BUNDY | Chapter 7 |
| | William T. Thurman |
| | |
| | Adversary Proceeding |
| | No.: 24-02130 |

### DECLARATION OF AMMON EDWARD BUNDY IN SUPPORT OF NOTICE REGARDING PLAINTIFFS' WITHDRAWAL OF DOCUMENT REQUEST

I, **Ammon Edward Bundy**, declare under penalty of perjury as follows:

1. I am the Debtor in the above-captioned bankruptcy proceeding and the Defendant in the related adversary case brought by the St. Luke's Plaintiffs.

2. On July 7, 2025, the Court issued an Order [Dkt. 451] requiring me to produce documents responsive to a Rule 2004 subpoena served by St. Luke's. The Court further authorized me to submit an application for reimbursement of the reasonable costs associated with locating and retrieving those documents from storage.

3. In good faith, and in compliance with the Court's order, I submitted an **Application for Costs and Expenses** on July 8, 2025, totaling $2,189. This amount covered a forklift rental, labor assistance, fuel, trucking costs, and weatherproofing supplies, all necessary to access documents stored in a sealed 53-foot trailer.

4. The next day, on July 9, 2025, I received an email from Erik Stidham, counsel for St. Luke's, stating that his clients "are not willing to pay [me] $2,000 to get

documents out of a trailer." He further stated that they are withdrawing their request for the documents entirely and will inform the Court accordingly.

5. St. Luke's has spent what must be tens or hundreds of thousands of dollars in legal fees pursuing discovery against me, including repeated motions claiming I was refusing to cooperate or hiding documents. They even sought to have me held in contempt based in part on this alleged noncompliance.

6. Yet now, when ordered by the Court to cover a modest and documented expense—just over $2,000—to retrieve the very documents they insisted were being withheld, they refuse. This confirms that they were never truly interested in the documents at all. Their real objective was to paint me as uncooperative and dishonest before the Court.

7. Their conduct shows a deep contempt—not only toward me, but toward the Court's process itself. They demanded production under threat of contempt, obtained an order compelling compliance, and then abandoned their own request when it came time to pay the reasonable cost. This is not the behavior of a party seeking truth—it is the conduct of a litigant using the legal system to harm a political opponent and damage his credibility.

8. I stand ready and willing to retrieve and produce the documents if Plaintiff's comply with the Court's order and pay the authorized expenses. But I respectfully ask the Court to acknowledge that I have complied in full and that any suggestion I am withholding documents should no longer be entertained.

**Executed this 11th day of July, 2025
in Cedar City, Utah.**

Ammon E. Bundy

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

|  | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS |
|---|---|---|---|
| Mark C. Rose, Trustee | mrose@mbt-law.com | [X] | Email |
| Erik Stidham | efstidham@hollandhart.com | [X] | Email |

**DATED THIS DAY,** the 11th of July, 2025.

*/s/ Ammon Bundy*

Ammon Bundy

## Exhibit B: Mr. Erik Stidham's Email



Ammon Bundy <aebundy@bundyfarms.com>

---

**Deposition Notice Ammon Bundy July 18/Withdraw Request for Trailer Documents**
1 message

**Erik Stidham** <EFStidham@hollandhart.com>  Wed, Jul 9, 2025 at 1:59 PM
To: "aebundy@bundyfarms.com" <aebundy@bundyfarms.com>
Cc: "Engels J. Tejeda" <EJTejeda@hollandhart.com>, George Hofmann <ghofmann@ck.law>

Mr. Bundy,

Attached is a deposition notice setting your video deposition for July 18, 2025.

We did receive your Court filing seeking to be paid more than $2,000 to pull documents from your trailer. We appreciate receiving your estimate. My clients are not willing to pay you $2,000 to get documents out of a trailer. Accordingly, given the Court's ruling, we withdraw our request that you provide those documents. My clients reserve the right object is you seek to introduce those documents into the case later. So that the Court understands that my clients are not willing to pay $2,000 for you to obtain your documents, we will file something with the Court explaining that we directed you to stand down on retrieving the documents.

Regards,

**Erik Stidham**
**Partner**

**Holland & Hart**    HOLLAND & HART LLP

800 W. Main Street, Suite 1750, Boise, ID 83702

efstidham@hollandhart.com | **T:** (208) 383-3934 | **M:** (208) 283-8278

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error, then please delete this email.

📎 2025-07-09 Am. Deposition Notice of Ammon Bundy.pdf
296K

## Exhibit C: Court Order

**This order is SIGNED.**

**Dated: July 7, 2025**





**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 24-23530 |
| AMMON EDWARD BUNDY, | Honorable William T. Thurman |
| Debtor. | Chapter 7 |

**ORDER GRANTING AND MODIFYING THE ST. LUKE'S CREDITORS' SECOND MOTION TO COMPEL AND DENYING DEBTOR'S MOTION TO QUASH**

Before the Court is the St. Luke's Creditors' Second Motion to Compel Debtor's Compliance with Rule 2004 Subpoena for Examination and Production of Documents (the "Motion to Compel") [Dkt. 424]. In support of the Motion to Compel, Erik Stidham filed a Declaration [Dkt. 425] to which he has attached several exhibits. In response to the Motion to Compel, Mr. Bundy filed a Motion to Quash [Dkt. 434] and a Memorandum in Support thereof [Dkt. 438], which the Court interprets both as a motion in and of itself and as a response to the Motion to Compel. Mr. Bundy also filed a Response to the Motion to Compel [Dkt. 437]. The St. Luke's Creditors then filed a Reply in support of their Motion to Compel [Dkt. 447].

The Court conducted a hearing on July 7, 2025, where it considered Motion to Compel and the Motion to Quash together. Erik Stidham and Engels Tejeda appeared on behalf of the St. Luke's Creditors. George Hofmann appeared on behalf of Mark Rose, the Chapter 7 Trustee. Mr. Bundy appeared on behalf of himself.

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b), as well as under the Order of Reference of the United States District Court for the District of Utah at DUCivR 83-6.1. The Court determines that notice of the Motion to Compel and the Motion to Quash is appropriate and sufficient. Venue is appropriate under 28 U.S.C. § 1408.

The Court heard arguments from all parties and after due consideration read a ruling into the record.

Pursuant to the Court's oral ruling at the hearing on July 7, 2025, **IT IS HEREBY ORDERED**:

1. The Motion to Quash is DENIED.
2. The Motion to Compel is GRANTED and MODIFIED as follows:
    a. Mr. Bundy is ORDERED to sit for a Rule 2004 examination within 18 days of the date of the hearing (by July 25, 2025).
    b. Mr. Bundy is ORDERED to answer all questions set forth in Exhibit F of Erik Stidham's Declaration [Dkt. 425-6].
    c. The St. Luke's Creditors shall be limited to two-and-a-half hours of on-the-record examination time for this 2004 examination. Insofar as this Order also extends to a deposition taken of Mr. Bundy in connection with the Chapter 7 Trustee's Motion to Approve Settlement [Dkt. 417], the total deposition and examination time of Mr. Bundy shall not exceed two-and-a-half hours on the record.
    d. If Mr. Bundy affirms under oath that he does not know the answer to a question, the St. Luke's Creditors must take that answer at face value.

e. Mr. Bundy is ORDERED to affirm, under penalty of perjury, that he is participating in his Rule 2004 examination alone in a room, without anyone participating or observing his testimony.

f. The 2004 examination is CLOSED from public observation, and Mr. Bundy is ORDERED to refrain from livestreaming or publishing his examination.

g. Subject to paragraph 2(e) and (f), Mr. Bundy is permitted to attend his Rule 2004 examination and his potential deposition via remote means.

h. Mr. Bundy is ORDERED to produce all documents set forth in Exhibit G to Erik Stidham's Declaration [Dkt. 425-7], as modified by the Court in its oral ruling, within 14 days of the hearing (by July 21, 2025).

i. Mr. Bundy may submit an application for his reasonable costs and expenses in finding and producing relevant documents, which the St. Luke's Creditors will be ordered to pay.

**--END OF ORDER--**

### DESIGNATION OF PARTIES TO BE SERVED

**Electronic Mail Notice List:**

- **Matthew James Burne**   matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Rachelle.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov

- **George B. Hofmann**   ghofmann@ck.law, mparks@ck.law; enilson@ck.law

- **Jennifer M Jensen**   jmjensen@hollandhart.com

- **David W. Newman tr**   david.w.newman@usdoj.gov, Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Rachelle.D.Hughes@usdoj.gov; Brittany.Dewitt@usdoj.gov

- **Benjamin David Passey**   bdpassey@hollandhart.com, phowell@hollandhart.com

- **Darren G. Reid**   dgreid@hollandhart.com, cfries@hollandhart.com

- **Mark C. Rose tr**   trustee@mbt-law.com, UT32@ecfcbis.com

- **Erik F. Stidham**   efstidham@hollandhart.com, dljenkins@hollandhart.com; boiseintaketeam@hollandhart.com

- **Engels Tejeda**   ejtejeda@hollandhart.com, slclitdocket@hollandhart.com, intaketeam@hollandhart.com; jjbutton@hollandhart.com

- **Jeffrey L. Trousdale**   jtrousdale@cohnekinghorn.com, mparks@ck.law; enilson@ck.law

- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov

**Manual Notice List:**

**Ammon Edward Bundy**
P.O. Box 1062
Cedar City, UT 84721

**Ammon Edward Bundy**

896 E 400 S New Harmony, UT 84757

**Lisa M. Bundy**
P.O. Box 1062
Cedar City, UT 84720-1062

**Exhibit D: Ammon Bundy's Application for Costs and Expenses**

Ammon E. Bundy
P.O. Box 1062
Cedar City, Utah 84720
208-872-4030

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| Ref: | Case No.: 24-23530 |
|---|---|
| AMMON EDWARD BUNDY | Chapter 7 |
| | William T. Thurman |

APPLICATION FOR COSTS AND EXPENSES

In Compliance with Court Order Regarding Rule 2004 Document Production

**Ammon Edward Bundy**, referenced above in this Chapter 7 case, respectfully submits this application for reasonable and necessary costs in locating and retrieving documents from long-term storage, as authorized by this Court's order. Mr. Bundy asks that these expenses be paid up front to elevate burden.

**I. Background**

On July 7, 2025 the Court entered an order authorizing Mr. Bundy to submit an application for recovery of reasonable expenses that will be incurred in producing documents in response to the Rule 2004 subpoena served by St. Luke's Creditors. The Court held:

> "Mr. Bundy may submit an application for his reasonable costs and expenses in finding and producing relevant documents, which the St. Luke's Creditors will be ordered to pay."

The documents are stored in a fully packed 53-foot trailer requiring specialized equipment and multiple personnel to access.

## II. Itemized Costs and Expenses

| Description | Quantity / Detail | Unit Cost | Total Cost |
|---|---|---|---|
| Forklift rental (Gradeall) | 1 day | $384.00 | $384.00 |
| Forklift delivery & pickup fee | Flat fee | $175.00 | $175.00 |
| Labor assistance | 4 workers | $230.00 | $920.00 |
| Storage rental | 1 month | $112.00 | $112.00 |
| Trucking/Hauling fee | Flat rate | $287.00 | $287.00 |
| Fuel costs | Actual cost | $143.00 | $143.00 |
| Tarp & weatherproofing materials | Supplies | $168.00 | $168.00 |
| **Total** | | | **$2,189.00** |

**Respectfully submitted,**

Dated: July 08, 2025

*[signature]*

Ammon E. Bundy

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

| | | | |
|---|---|---|---|
| | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS |
| Mark C. Rose, Trustee | mrose@mbt-law.com | [X] | Email |
| Erik Stidham | efstidham@hollandhart.com | [X] | Email |

DATED THIS DAY, the 8th of July, 2025.

*[signature]*

Ammon Bundy