Ammon E. Bundy
P.O. Box 1062
Cedar City, Utah 84720
208-872-4030

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

In re:

**AMMON EDWARD BUNDY,**

Case No.: 24-23530
Chapter 7
William T. Thurman

## NOTICE OF IMPOSSIBILITY OF COMPLIANCE WITH JULY 21 DEADLINE, REQUEST FOR MODIFICATION OF ORDER, AND DECLARATION OF AMMON EDWARD BUNDY

**Ammon Edward Bundy**, the Debtor and Defendant in the above-captioned matter, respectfully submits this Notice and Declaration to inform the Court of facts arising since the July 15 hearing, which make compliance with the current production deadline physically and financially impossible. Mr. Bundy requests relief from the deadline and a modification of the Court's Order to permit advance or interim reimbursement to allow compliance. In support, he states as follows:

### I. BACKGROUND

1. On July 7, 2025, this Court entered an oral ruling granting in part Plaintiffs' motion to compel and allowing Mr. Bundy to apply for reimbursement of reasonable expenses associated with retrieving documents stored in a sealed 53-foot moving trailer.

2. On July 8, Mr. Bundy submitted a sworn, itemized **Application for Costs and Expenses**, totaling $2,189. These costs included forklift rental, labor assistance,

fuel, truck hauling, and weatherproofing materials—all necessary to safely retrieve the documents.

3. On **July 9**, Plaintiffs' counsel, **Erik Stidham**, emailed Mr. Bundy to inform him that:

"My clients are not willing to pay you $2,000 to get documents out of a trailer... Accordingly... we withdraw our request that you provide those documents."

4. Based on that email, Mr. Bundy understood that document production was no longer requested. He ceased preparation for trailer unloading in reliance on Plaintiffs' express waiver.

5. At the **July 15 hearing**, the Court denied Mr. Bundy's expense application on the grounds that expenses must be incurred first, then submitted for reimbursement. However, the Court did **not have the July 9 email before it**, and was therefore unaware that St. Luke's had expressly **withdrawn** their request after the Court's initial order.

6. Then, on **Friday evening, July 18**, just **three days before the Monday, July 21 deadline**, Plaintiffs reversed their position. In a 6:03 p.m. email, Mr. Stidham claimed that:

"...that is not the case now. My clients are not waiving their right to the documents in the trailer now that the Court has made clear that you will only be reimbursed, after the fact..."

## II. IMPOSSIBILITY OF COMPLIANCE

7. Mr. Bundy respectfully submits that compliance with the July 21 deadline is **impossible** for the following reasons:
    - **Short Notice**: Plaintiffs reversed their position late Friday evening, leaving only the weekend to act.

- o **Weather**: It is currently raining at the trailer's location, and the trailer has no covered unloading area. Exposure will irreparably damage many items and documents.
- o **Logistics**: Retrieval requires multiple workers, equipment rentals, storage space, and trucking—none of which can be arranged or paid for on short notice, especially over a weekend.
- o **Lack of Funds**: Mr. Bundy does not have the financial ability to front these expenses. The Court denied pre-approval, and Plaintiffs refuse to pay in advance. Without payment, Mr. Bundy cannot comply, despite his willingness.

8. Mr. Bundy acted in **complete good faith**. He initially prepared to retrieve the documents. He submitted a detailed expense list. When Plaintiffs **withdrew their request**, he reasonably ceased preparations. Only days before the deadline did Plaintiffs reverse course, giving insufficient time and means to comply.

## III. PLAINTIFFS' BAD FAITH AND ATTEMPT TO MANUFACTURE CONTEMPT

9. Mr. Bundy believes that Plaintiffs—by first withdrawing their request and then reinstating it just before the deadline—are attempting to engineer a **contempt trap**.
10. Mr. Bundy respectfully requests that the Court not allow Plaintiffs to manufacture a contempt scenario out of their own **procedural manipulation and reversal** of position. Mr. Bundy stands ready to comply **if** the Court permits **advance funding** or **interim approval of reasonable expenses** sufficient to carry out the task.

## IV. REQUEST FOR RELIEF

Accordingly, Mr. Bundy respectfully requests that the Court:

1. **Acknowledge the factual impossibility** of compliance by July 21 under current conditions;
2. **Modify its prior Order** to allow for **pre-approval and payment** of documented necessary costs before requiring production;
3. Alternatively, grant a **14-day extension** of the deadline to allow time to secure funds, labor, weather accommodation, and equipment;
4. Schedule a **status conference** if needed to resolve how to balance the Court's discovery expectations with Mr. Bundy's financial limitations and Plaintiffs' shifting positions.

Respectfully submitted, DATED: July 21, 2025

**Ammon Bundy**

## EXHIBITS:

- **Exhibit A** – July 9 Email from Erik Stidham (withdrawing document request)
- **Exhibit B** – July 18 Email from Erik Stidham (reversing position)


## CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

| | | | |
|---|---|---|---|
| | 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS |
| Mark C. Rose, Trustee | mrose@mbt-law.com | [X] | Email |
| Erik Stidham | efstidham@hollandhart.com | [X] | Email |

Exhibit C (audio file) was re-served on Plaintiffs' counsel via upload to a Holland & Hart link.

**DATED THIS DAY,** the 21th of July, 2025.

*/s/ Ammon Bundy*

Ammon Bundy

**Exhibit A** – July 9 Email from Erik Stidham (withdrawing document request)



Ammon Bundy <aebundy@bundyfarms.com>

### Deposition Notice Ammon Bundy July 18/Withdraw Request for Trailer Documents
1 message

Erik Stidham <EFStidham@hollandhart.com>  Wed, Jul 9, 2025 at 1:59 PM
To: "aebundy@bundyfarms.com" <aebundy@bundyfarms.com>
Cc: "Engels J. Tejeda" <EJTejeda@hollandhart.com>, George Hofmann <ghofmann@ck.law>

Mr. Bundy,

Attached is a deposition notice setting your video deposition for July 18, 2025.

We did receive your Court filing seeking to be paid more than $2,000 to pull documents from your trailer. We appreciate receiving your estimate. My clients are not willing to pay you $2,000 to get documents out of a trailer. Accordingly, given the Court's ruling, we withdraw our request that you provide those documents. My clients reserve the right object is you seek to introduce those documents into the case later. So that the Court understands that my clients are not willing to pay $2,000 for you to obtain your documents, we will file something with the Court explaining that we directed you to stand down on retrieving the documents.

Regards,



**Erik Stidham**

**Partner**

**Holland & Hart**   **HOLLAND & HART LLP**

800 W. Main Street, Suite 1750, Boise, ID 83702

efstidham@hollandhart.com | **T:** (208) 383-3934 | **M:** (208) 283-8278

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error, then please delete this email.

📎 **2025-07-09 Am. Deposition Notice of Ammon Bundy.pdf**
296K

**Exhibit B** – July 18 Email from Erik Stidham (reversing position)

From: Erik Stidham EFStidham@hollandhart.com
Subject: Link to upload document production due on July 21
Date: July 18, 2025 at 6:15 PM
To: Ammon Bundy aebundy@bundyfarms.com

https://hollandhart.app.box.com/f/2093723a314c3b0699b9904b54687

**From:** Erik Stidham
**Sent:** Friday, July 18, 2025 6:03 PM
**To:** Ammon Bundy <aebundy@bundyfarms.com>
**Subject:** RE: 2025-07-18 (464) Witness and Exhibit List.pdf
**Importance:** High

Mr. Bundy,

I received your email in which provide a confusing checkmark code and assert you will not be providing documents as ordered by the Court. I request, yet again, that you stop with the gamesmanship.

You are responsible for reviewing and complying with the Court's orders. For your convenience, I have attached some relevant orders, all of which were served on you by the Court. Moreover, the attached orders reflect the oral ruling the Court made at the hearing you attended on July 15.

The Court has ordered you to provide specific categories of documents by July 21, 2025. Any objections that you did raise or could have raised to production have been overruled by the Court's Order or waived by your failure to object properly. If you do not comply with the Court's Order, we will be forced to seek sanctions against you.

And to be clear, the Court rejected your request for payment in advance for retrieving the documents in your trailer. As reflected in the attached Order Denying Debtor's Application for Costs and Expenses, you need to get the documents and then submit your bill. In turn, my clients are obligated to pay the amount the Court thinks if reasonable. While I did send you an email after you made your application indicating that my clients were waiving their pursuit of the documents to the extent they were required to pay in advance, that is not the case now. My clients are not waiving their right to the documents in the trailer now that the Court has made clear that you will only be reimbursed, after the fact, for reasonable costs. In short, you have been ordered, a second time, to retrieve the documents. Your Motion to Preclude Plaintiffs from Relying on Documents is moot given that you have been ordered, a second time, to produce the documents that supposedly are in a trailer.

I urge you to comply with the Court's orders. We need those documents to depose you on July 25 and for the hearing on July 28.

In a separate email, I will send you a link that you can use to upload the documents.

Erik Stidham

800 W. Main Street, Suite 1750, Boise, ID 83702
T 208.383.3934  F 877.665.1698  M 208.283.8278

HOLLAND&HART 

**Ammon Bundy**

Mr. Stidham,

There is no "gamesmanship" going on my side. Please stop with the ridiculous accusations. Your intentions in accusing me of being ingenious are becoming very obvious, ineffective and tiring.

I provided you a checklist of Exhibit G that the court order is referencing. The check marks identifies the documents that I either have provided or do not have or are in the trailer.

The check marked document is genuine and sufficient as a response showing you what I have provided or don't have. I sent it so you would finally accept that I don't have the documents you wish I had.

Further, my understanding from your earlier email was that your clients did not want the documents in the trailer anymore. I believe you even said you would notify the court.

Now, three days before the court deadline and with the weekend as the bulk of the days, you are now saying that you want the documents in the trailer. Talk about gamesmanship.

I believe we will need to take this up with the court. I feel like you tried to played me into contempt. I will notify the court and hopefully Judge Thurman can see what happened here. I'm sure he will.

...

↩ Reply     ↪ Forward

**Ammon Bundy**