*Prepared and Submitted by:*

George Hofmann (10005)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Mark C. Rose,
Chapter 7 Trustee

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re<br><br>AMMON EDWARD BUNDY,<br><br>Debtor. | Bankruptcy No. 24-23530 (WTT)<br><br>Chapter 7 |

**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
BETWEEN THE TRUSTEE, THE DEBTOR, AND MRS. BUNDY**

  The Court has considered the Motion for Approval of Settlement Agreement Between the Trustee, the Debtor, and Mrs. Bundy [Docket No. 417] (the "Motion"). The Court has also considered the St. Luke's Creditors' Objection to Trustee's Motion to Approve Settlement Agreement [Docket No. 420] (the "Objection"), the Declaration of Erik F. Stidham in Support of St. Luke's Creditors' Objection to Trustee's Motion to Approve Settlement Agreement [Docket No. 421] both filed by St. Luke's Health

System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., and Tracy Jungman, NP (collectively, the "Creditors"). The Court also considered the Response to St. Luke's Creditors' Objection to Trustee's Motion to Approve Settlement Agreement [Docket No. 423] (the "Bundy Response") filed by debtor Ammon Edward Bundy (the "Debtor"). The Court conducted an evidentiary hearing on the Motion, the Objection, and the Bundy Response on July 28, 30, and 31, 2025 (the "Hearing"). At the Hearing, Chapter 7 Trustee Mark C. Rose (the "Trustee") was represented by George Hofmann, the Creditors were represented by Erik F. Stidham and Engels Tejeda, and the Debtor appeared *pro se*. The Court considered the argument presented by the Trustee, the Creditors, and the Debtor at the Hearing, the testimony of witnesses at the Hearing, and also exhibits admitted by the Court during the Hearing.

It appears from the Certificate of Service on file that notice of hearing on the Motion was served on all creditors and parties in interest included on the mailing matrix in this case. Upon consideration of all of the foregoing, the Court finds that the Trustee has established good cause to grant the relief sought through the Motion. Accordingly, it is hereby

FOUND AND DETERMINED AS FOLLOWS:[1]

    A.    The Court made findings and conclusions on the record of the Hearing. Those findings and conclusions are incorporated herein by reference.

    B.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. Fed. R. Bankr. P. 7052.

and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).  Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    C.    Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code and Rules.  Such notice was reasonable, sufficient, and appropriate under the circumstances.  No further notice of the Motion is or shall be required.

    D.    The Court considered each of the four factors enumerated in <u>Kopp v. All American Life Ins. Co. (In re Kopexa Realty Venture Co.)</u>, 213 B.R. 1020 (B.A.P. 10th Cir. 1997) for the evaluations of settlements pursuant to Fed. R. Bankr. P. 9019 in bankruptcy cases.  The Court found in favor of the Trustee at the Hearing on three of the four factors (the Court found in favor of the Creditors with respect to the factor of the interests of creditors in deference to their reasonable views).

NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted, and the Objection is overruled.

2. The Settlement Agreement (attached as Exhibit A) is approved, and the Trustee is authorized to take such actions as may be necessary or appropriate to consummate this agreement.

3. The Debtor, Lisa Bundy, and the Trustee are authorized and directed to execute and deliver, and empowered to fully perform under, and consummate all documents which may be necessary to implement the Settlement Agreement.

**--- END OF ORDER ---**

## DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **ORDER.**

**By Electronic Service**:  I certify that the parties of the record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- **Matthew James Burne**    matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **George B. Hofmann**    ghofmann@ck.law, mparks@ck.law;enilson@ck.law
- **Jennifer M Jensen**    jmjensen@hollandhart.com
- **David W. Newman tr**    david.w.newman@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Benjamin David Passey**    bdpassey@hollandhart.com, phowell@hollandhart.com
- **Darren G. Reid**    dgreid@hollandhart.com, cfries@hollandhart.com
- **Mark C. Rose tr**    trustee@mbt-law.com, UT32@ecfcbis.com
- **Erik F. Stidham**    efstidham@hollandhart.com, dljenkins@hollandhart.com;boiseintaketeam@hollandhart.com
- **Engels Tejeda**    ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **Jeffrey L. Trousdale**    jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail**:  In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☐ None

☒ Other:
**Ammon Edward Bundy**
P.O. Box 1062
Cedar City, UT 84721

**Lisa M. Bundy**
P.O. Box 1062
Cedar City, UT 84720-1062

☐ All parties on the Court's official case matrix.

/s/ George Hofmann

4

4923-3032-5338, v. 1

# EXHIBIT "A"

**SETTLEMENT AGREEMENT**

**This Settlement Agreement** ("Agreement") is entered into between Mark C. Rose (the "Trustee"), the duly appointed and qualified Chapter 7 Trustee of the bankruptcy estate of Ammon Edward Bundy (the "Debtor"), and Lisa Bundy ("Mrs. Bundy").

**R E C I T A L S:**

**Whereas**, on July 17, 2024, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court");

**Whereas**, subsequently, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate");

**Whereas**, based upon the Trustee's investigation, including the testimony of the Debtor at an examination conducted under Fed. R. Bankr. P. 2004 on February 25, 2025, the Trustee believes that he has potential claims to recover what he contends is property of the Estate under Bankruptcy Code §§ 541 and 542 as follows (the "Assets"):

- $200,000 cash in the Debtor's possession (the "Cash"), which the Trustee contends is the proceeds of the sale of the sale of the former residence of the Debtor and Mrs. Bundy in Arizona
- 2019 Ford Expedition
- 2020 Ford F250
- 2007 Chevy Silverado
- 2010 Polaris Sportsman 550
- 2020 Polaris Sportsman 550
- 2006 Gear Box Trailer
- Mechanic's Tools and Cases

- Mammoth Creek Property

- Appliance, Furniture, Safe, Electronics

- Exercise Equipment, Guns and Clothing

As listed on the A & B Bankruptcy Schedules.

**Whereas**, the Debtor, and Mrs. Bundy do not admit the facts stated above which the Trustee contends gives rise to his ability to recover the Cash, and they would assert defenses to the Trustee's recovery of the Cash were the matter litigated, and the Debtor disputes that he has any right personally to the Cash;

**Whereas**, on February 27, 2025, the Trustee commenced Adversary Proceeding No. 20-2019 (the "Adversary Proceeding") to recover the Cash;

**Whereas**, on February 28, 2025, the Court in the Adversary Proceeding granted the Trustee's emergency motions and issued prejudgment writs of attachment and assistance (the "Writs") to enable the Trustee to immediately secure the Cash;

**Whereas**, the Trustee did not immediately serve the Writs based on the Trustee's interpretation that the Debtor's would not expend or transfer the Cash pending settlement negotiations;

**Whereas**, in order to avoid the expense of prolonged litigation and the uncertainty of trial and in order to settle the dispute between the parties to this Agreement, the Trustee and the Debtor, and Mrs. Bundy have agreed to a compromise and settlement to resolve their differences with finality concerning the matters described above.

**Settlement Agreement**

**Now, Therefore,** based upon the foregoing facts and recitals, the Trustee and the Debtor and Mrs. Bundy stipulate and agree as follows:

2

4927-2312-4274, v. 4

1. The Debtor has agreed to pay to the Trustee the sum of $120,000 (the "Settlement Amount") within seven business days after the court approves this Agreement. The Debtor waives any claims of exemption as to the Settlement Amount. Mrs. Bundy and the Debtor waive any claims to the Settlement Amount and consent to its irrevocable payment to the Trustee.

2. Should Debtor fail to pay any the Settlement Amount when due, the Trustee, in his sole discretion, may declare this Agreement and all of its terms to be null and void (without any written notice). If this Agreement is so declared and rendered void, the parties shall retain all of their respective rights and claims, and nothing contained herein shall be deemed a waiver of any and all rights and remedies of the parties nor an acknowledgment by either party as to their respective rights and claims as provided for herein or otherwise.

3. Effective upon payment in full of the Settlement Amount the Trustee (the "Effective Date"), on behalf of the Estate, and any predecessor or successor, or any other entity or person claiming by, through or under any of them hereby releases and forever discharges the Debtor and Mrs. Bundy, of and from any claim or cause of action to recover the Assets (other than the Settlement Amount) for the Estate. Upon the Effective Date the Trustee releases title, possession, custody, and control of the Assets (other than the Settlement Amount) to a person or entity of the Debtor's selection. Upon the Effective Date the Trustee waives the right to commence, institute or prosecute any lawsuit, action, or other proceeding against the Debtor to recover any of the Assets (other than the Settlement Amount). For the avoidance of doubt, the Trustee, the Debtor and Mrs. Bundy have other potential claims and controversies between them, and this Agreement is intended to resolve only the parties' disputes with respect to the Assets and in particular the Trustee's claims to recover the Cash and the other Assets.

3

4. The Trustee, the Debtor, and Mrs. Bundy agree that neither the acceptance of, nor the performance of any obligations under this Agreement shall constitute or be construed as an admission of liability by either the Trustee or the Debtor, or Mrs. Bundy.

5. This Agreement is subject to notice to creditors in the Debtor's bankruptcy case and approval of the Court. The Trustee agrees to seek such approval in a timely manner. In the event the Court does not approve this Agreement, this Agreement and all of its terms will be null and void (without any written notice).

**Knowledge and Understanding of Terms**

All parties to this Agreement warrant and represent to each other that they are fully informed and have full knowledge and understanding of the terms, conditions and effects of this Agreement. All parties to this Agreement warrant and represent to each other that they have, either personally or through their attorneys, fully investigated to their full satisfaction all of the facts surrounding the various claims, controversies and disputes between them and they are fully satisfied with the terms, conditions and effects of this Agreement. All parties warrant and represent, each to the other, that no promises or inducements have been offered or made except as herein set forth, and this Agreement is executed without reliance on any statement or representation made by any of the parties or their agents, except as herein set forth.

**Entire Agreement**

This Agreement embodies the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof. No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Agreement.

4927-2312-4274, v. 4

### Governing Law

This Agreement and the rights and obligations of the parties hereunder shall be construed in accordance with and governed by the internal laws of the State of Utah.

### Retention of Jurisdiction

The Court shall retain exclusive jurisdiction to adjudicate any controversy, dispute or claim arising out of or in connection with this Agreement, or the breach, termination or validity hereof.

### Modifications and Amendments

The terms and provisions of this Agreement may be modified or amended only by a written agreement executed by all Parties.

### Waivers and Consents

The terms and provisions of this Agreement may be waived, or consent for the departure therefrom granted, only by a written document executed by the party entitled to the benefits of such terms or provisions.  No such waiver or consent shall be deemed to be or shall constitute a waiver or consent with respect to any other terms or provisions of this Agreement.  Each such waiver or consent shall be effective only in the specific instance and for the purpose for which it was given, and shall not constitute a continuing waiver or consent.

### Benefit

All statements, representations, warranties, covenants and agreements in this Agreement shall be binding on the Parties and shall inure to the benefit of the respective successors and permitted assigns of each party hereto.  Nothing in this Agreement shall be construed to create any rights or obligations except among the Parties, and no person or entity shall be regarded as a third-party beneficiary of this Agreement.

**No Waiver of Rights, Powers, and Remedies**

No failure or delay by a party hereto in exercising any right, power or remedy under this Agreement, and no course of dealing between the Parties hereto, shall operate as a waiver of any such right, power or remedy of the party.  No single or partial exercise of any right, power or remedy under this Agreement by a party hereto, nor any abandonment or discontinuance of actions to enforce any such right, power or remedy, shall preclude such party from any other or further exercise thereof or the exercise of any other right, power or remedy hereunder.  The election of any remedy by a party hereto shall not constitute a waiver of the right of such party to pursue other available remedies.  No notice to or demand on a party not expressly required under this Agreement shall entitle the party receiving such notice or demand to any other or further notice or demand in similar or other circumstances or constitute a waiver of the rights of the party giving such notice or demand to any other or further action in any circumstances without such notice or demand.

**Counterparts**

This Agreement may be executed in counterparts and counterparts containing the signatures of all parties shall represent one and the same agreement.

**Execution Documents**

All parties agree to execute any and all supplementary documents and to take all supplementary steps to give full force and effect to the basic terms and intent of this Agreement.

**Dated** this _____ day of April, 2025

**AMMON EDWARD BUNDY**

_____

**LISA BUNDY**

_____

**MARK C. ROSE**

_____
MARK C. ROSE, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS Chapter 7 Trustee of the Debtor's Estate

7

4927-2312-4274, v. 4