Ammon E. Bundy
P.O. Box 1062
Cedar City, Utah 84720
208-872-4030

Anco

FILED* US Bankruptcy Court-UT
OCT 20 2025 PM 2:14

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| Ref:<br>**AMMON EDWARD BUNDY** | Case No.: 24-23530<br>**Chapter 7**<br>**William T. Thurman** |
|---|---|

## MOTION TO CLARIFY PROPERTY INTERESTS AND ENFORCE EXCLUSIVE JURISDICTION OVER ASSETS POTENTIALLY AFFECTED BY STATE COURT TEMPORARY RESTRAINING ORDER

### INTRODUCTION

Comes now, **Ammon E. Bundy**, respectfully moves this Court to exercise its exclusive jurisdiction under 28 U.S.C. § 1334(e) and 11 U.S.C. §§ 362(a)(3) and 541 to:

1. Clarify that certain bank accounts belonging to **Lisa Bundy, Hayden Bundy,** and **TLA Enterprises, LLC** (owned by **Thomas Sundloff**) are **not property of the bankruptcy estate;**

2. Confirm that no creditor, including **St. Luke's Health System, Ltd.,** may lawfully restrain, seize, or interfere with those accounts under color of the **April 22, 2024 Temporary Restraining Order** ("TRO") issued by the Utah Fifth Judicial District Court; and

3. Direct Plaintiffs and their counsel to cease further misuse of that order and authorize the financial institutions to release the restrained accounts.

### FACTUAL BACKGROUND

1. **Bankruptcy Filed:** Ammon Bundy filed Chapter 7 in this District on July 17, 2024.



2. **Trustee Review:** The Chapter 7 Trustee (Mark Rose) has reviewed all known assets and **has not claimed** ownership or estate interest in any accounts belonging to Lisa Bundy, Hayden Bundy, or TLA Enterprises, LLC.

3. **State TRO:** On April 22, 2024, the Utah Fifth Judicial District Court entered a TRO drafted by St. Luke's counsel. The order was extraordinarily broad—it purported to freeze **"all other accounts related to Lisa Bundy"** and **"all other accounts associated with P.O. Box 1062, Cedar City, Utah,"** without identifying any specific accounts or providing notice to affected persons, nor evidence for cause.

4. **Overbreadth and Misuse:** St. Luke's then used this overbroad order to target and harm innocent family members who were never parties to the case. Relying on the vague "Lisa Bundy" and "P.O. Box 1062" language, St. Luke's counsel caused the freezing of:

   • **Hayden Bundy's** personal checking and savings accounts, solely because they shared a mailing address;

   • **Lisa Bundy's** personal Mountain America Credit Union account, opened independently before marriage;

   • **TLA Enterprises, LLC's** business account, owned by Thomas Sundloff, simply because Lisa once had limited clerical access.

5. **Judicial Uncertainty:** Judge Christensen later stated multiple times that he was unsure whether his court still had jurisdiction to enforce or modify the TRO after this bankruptcy was filed.

6. **Continuing Harm:** Despite that uncertainty, St. Luke's and its counsel have continued to reference and rely upon the same unconstitutional and overbroad TRO to threaten further interference with non-party property.

7. **Post-Bankruptcy Misconduct:**
   In mid-2025, nearly a year after the accounts were first frozen, officials at State Bank of Southern Utah reviewed the dormant TLA Enterprises account and contacted counsel for St. Luke's, Holland & Hart LLP, to ask whether the restraint should continue. Attorney Darren Reid responded that the account should remain frozen and that Hayden Bundy's account should likewise be frozen, citing

the April 22, 2024 TRO as authority. At the time of this communication, St. Luke's counsel were fully aware of the pending bankruptcy and that jurisdiction over any assets related to the debtor had transferred exclusively to this Court. Their continued reliance on the state TRO despite that knowledge constitutes knowing interference with this Court's jurisdiction and a willful act to exercise control over non-party property under color of law.

---

## CONTINUING HARM TO INNOCENT THIRD PARTIES

The misuse of the state TRO has inflicted ongoing and serious harm:

- **Lisa Bundy** has lived entirely on cash for over a year, lost her job at TLA, cannot rent housing, purchase anything with a credit card or securely open bank accounts, and has suffered credit damage and emotional distress.
- **Hayden Bundy,** a 21-year-old college student, was unable to pay rent, utilities, or tuition when his accounts were seized for the second time. His small business and credit were under threat, and he remains fearful of renewed seizures.
- **Thomas Sundloff,** owner of TLA Enterprises, LLC, lost business income and had to pay corporate taxes and other business expenses personally to keep his company compliant. The account remains at risk of escheatment to the State Treasurer.

In July 2025, counsel for St. Luke's—attorney Benjamin Passey of Holland & Hart LLP—sent an email to Hayden Bundy threatening potential renewed seizure of his personal bank accounts and citing the same TRO as authority, solely because he still shares the family P.O. Box 1062 mailing address. This written threat confirms that St. Luke's continues to misuse the TRO and that future harm is imminent absent clear direction from this Court.

These facts show that the TRO was not only overbroad but has been weaponized by St. Luke's to punish innocent people for their family association with Ammon Bundy.

---

## LEGAL AUTHORITY

**A. Exclusive Jurisdiction** – 28 U.S.C. § 1334(e) gives this Court exclusive authority to determine ownership of estate property.

**B. Automatic Stay** – 11 U.S.C. § 362(a)(3) prohibits any act to obtain or control estate property; post-petition reliance on the TRO violates that stay. *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000).

**C. Third-Party Property** – Non-debtor assets are outside the estate. *In re Merrick*, 175 B.R. 333 (9th Cir. BAP 1994).

**D. Due Process and Overbreadth** – The TRO's blanket language freezing "all accounts related to Lisa Bundy" or any account with P.O. Box 1062 violates fundamental due-process protections. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Mullane v. Central Hanover Bank*, 339 U.S. 306 (1950).

**E. Non-Party Limits** – Injunctions cannot bind or punish non-parties. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

---

## ARGUMENT

1. **The TRO Is Overbroad and Unconstitutional.** Its phrasing sweeps in unrelated third-party property without evidence or notice.

2. **These Accounts Are Not Property of the Estate.** They belong to separate individuals and entities; the Trustee has asserted no claim.

3. **St. Luke's Misused the TRO to Inflict Collateral Harm.** The pattern of seizing and threatening family members shows intentional overreach.

4. **Immediate Relief Is Required.** The July 2025 written threat to Hayden Bundy demonstrates that St. Luke's plans to continue invoking the defective TRO unless this Court expressly declares it void as to non-debtors. The post-bankruptcy directive to maintain and expand the freezes demonstrates a continuing, willful

disregard of this court's jurisdiction and the need for immediate clarification and corrective relief by this Court.

## REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Court:

1. **Declare** that the bank accounts of Lisa Bundy, Hayden Bundy, and TLA Enterprises, LLC (Thomas Sundloff, Owner) are **not property of the bankruptcy estate**;
2. **Find** that the April 22, 2024 TRO is **overbroad, unconstitutional, and void** as applied to those non-debtor accounts;
3. **Enjoin** St. Luke's Health System, Ltd., its counsel, and agents from any further reliance on or enforcement of that order against non-parties;
4. **Authorize** all financial institutions to immediately unfreeze and release said accounts; and
5. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**
Dated: October 13, 2025

Ammon E. Bundy

## EXHIBITS
A – April 22, 2024 Temporary Restraining Order
B – Declaration of Hayden Bundy (July 23, 2025)
C – Declaration of Lisa Bundy (Aug. 4, 2025)
D – Declaration of Thomas Sundloff (June 27, 2025)
E – State Bank of Southern Utah Escheatment Letter
F – Benjamin Passey of Holland & Hart LLP - Email Threat to Hayden Bundy

**CERTIFICATE OF SERVICE**

I certify that on this day I served a copy of the attached to:

UNITED STATES BANKRUPTCY COURT, DISTRICT OF UTAH

|  |  |  |
|---|---|---|
| 350 S Main St, Salt Lake City, UT 84101 | [X] | USPS |
| Mark C. Rose, Trustee - mrose@mbt-law.com | [X] | Email |
| Erik Stidham - 800 W. Main Street, Suite 1750, Boise, ID 83702 | [X] | USPS |

**DATED THIS DAY,** the 13th of October, 2025.

Ammon Bundy

**EXHIBIT A – April 22, 2024 Temporary Restraining Order – Pg. 1**

The Order of the Court is stated below:
Dated:  April 22, 2024             /s/  ERIC A. LUDLOW
         04:31:18 PM                    District Court Judge

Darren G. Reid (11163)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
dgreid@hollandhart.com
*Attorneys for Plaintiffs and Judgment Creditors*

---

### IN THE FIFTH JUDICIAL DISTRICT COURT
### IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD.; ST. LUKE'S REGIONAL MEDICAL CENTER, LTD.; CHRIS ROTH; NATASHA ERICKSON, M.D.; and TRACY JUNGMAN, N.P.; | |
| Plaintiffs and Judgment Creditors, | **ORDER GRANTING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| AMMON BUNDY, an individual; AMMON BUNDY FOR GOVERNOR, a political organization; DIEGO RODRIGUEZ, an individual; FREEDOM MAN PRESS LLC, a limited liability company; FREEDOM MAN PAC, a registered political action committee; and PEOPLE'S RIGHTS NETWORK, a political organization and an unincorporated association; | Case No. 246501034 Judge Eric A. Ludlow |
| Defendants and Judgment Debtors. | |

Having reviewed the Ex Parte Motion for Temporary Restraining Order and Preliminary

Injunction (the "Motion"), and for good cause otherwise appearing, the Court hereby ORDERS

the following:

**Pg. 2**

1.    1.    Ammon Bundy and the named Defendants shall appear for a hearing as scheduled by the Court to determine whether a preliminary injunction shall be entered in this matter.

2.    2.    Until the scheduled hearing regarding a preliminary injunction, Ammon Bundy and all the named Defendants are immediately and temporarily enjoined and restrained from, directly or indirectly, whether alone or in concert with others, from accessing, using, or transferring any funds or assets located (a) in the Abish-husbondi Inc. account(s) at Mountain America Credit Union including but not limited to Account Number 501013664849 / ABA Routing Number 324079555; (b) in all other Abish-husbondi accounts located at banks or credit unions with a presence in Utah; (c) in all other accounts in the names of Defendants located at banks or credit unions with a presence in Utah; (d) all other accounts related to the following addresses located at banks or credit unions with a presence in Utah: P.O. Box 1062, Cedar City, UT 84721; 946 E 400 S, New Harmony, UT 84757; 389 S 300 E, Cedar City, 84720; and 4615 Harvest Lane Emmett, ID 83617; and (e) all other accounts related to Lisa Bundy or Dono Custos located at banks or credit unions with a presence in Utah.

3.    3.    Until further order from the Court, all funds or assets located in the Mountain America Credit Union Account—or any of the other above-named accounts at banks or credit unions with a presence in Utah—shall be immediately and temporarily frozen.  No banks or credit unions in Utah shall allow such funds or assets to be accessed, used, or transferred.

**SO ORDERED.**

2

**Pg. 3**

In accordance with Utah R. Civ. P. 10(e) and Utah State District Courts Efiling Standard

No. 4, this Order does not bear the handwritten signature of the Court, but instead displays

an electronic signature at the top of the first page of this Order.

3

**EXHIBIT B – Declaration of Hayden Bundy (July 23, 2025) – Pg. 1**

Hayden Ammon Bundy
P.O. 1062
Cedar City, Utah 84720
habundy2004@gmail.com

**IN THE FIFTH JUDICIAL DISTRICT COURT IN AND FOR WASHINGTON
COUNTY, STATE OF UTAH**

---

ST. LUKE'S HEALTH SYSTEM,
LTD., et al.,
v.
Ammon Bundy, et al.,

Case No. 246501034

Judge Ryan E. Christiansen

**DECLARATION OF HAYDEN BUNDY IN SUPPORT OF MOTION TO RECONSIDER**

---

I, **Hayden Bundy**, declare under penalty of perjury as follows:

1. I am over the age of 18, competent to testify, and make this declaration based on my personal knowledge.

2. On or about **June 6, 2025**, my personal checking and savings accounts at State Bank of Southern Utah (SBSU) were frozen. I was not given any advance notice or opportunity to be heard.

3. I am not a party to the above-captioned lawsuit and was not named in the April 22, 2024 Temporary Restraining Order (TRO) issued by this Court.

4. The only apparent reason for the freeze was that I use a P.O. Box mailing address that is also used by my parents, Ammon and Lisa Bundy.

5. As a result of the freeze, I was unable to pay my rent, utilities, or make a credit card payment that was due on June 10, 2025. I also could not access funds needed to secure college housing or pay for tuition and living expenses.

6. The freeze also impacted my ability to operate a small vehicle investment business, which I rely on for supplemental income.

**Pg. 2**

7. My accounts were ultimately unfrozen after a large number of concerned citizens, colleagues, and community members contacted the bank, raising questions about the legality of the action.

8. However, on **June 10, 2025**, I received an email from **Attorney Benjamin D. Passey of Holland & Hart LLP**. The email implied that legal action might again be taken against me and cited the TRO as authority. This message was sent *after* the accounts had been unfrozen and caused me renewed concern that I might be targeted again.

9. A true and correct copy of that email is attached hereto as **Exhibit A**.

10. The ongoing ambiguity around whether the TRO can or will be applied to me, combined with the threat of future enforcement, has left me in a state of uncertainty and distress.

11. I respectfully ask the Court to reconsider its decision deeming my motion moot and to clarify that the TRO does not and did not apply to me or my property.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

Executed on this 23RD day of July 2025 in Cedar City, Utah.

**Hayden Bundy**

**Pg. 3**

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

| | | | |
|---|---|---|---|
| Fifth Judicial District Court | 197 East Tabernacle<br>St. George, Utah 84770 | [X] | Hand Delivered |
| Darren Reid | dgreid@hollandhart.com | [X] | Email |
| David Duncan | daduncan@sbsu.com | [X] | Email |

**DATED THIS DAY,** the 23th of July, 2025.

Hayden Bundy

**EXHIBIT C – Declaration of Lisa Bundy (Aug. 4, 2025) – Pg.1**

Lisa Marie Bundy
P.O. 1062
Cedar City, Utah 84720
Bundylm.lb@gamil.com

### IN THE FIFTH JUDICIAL DISTRICT COURT IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., et al., <br> v. <br> Ammon Bundy, et al., | Case No. 246501034 <br><br> Judge Ryan E. Christiansen |

### DECLARATION OF LISA BUNDY IN SUPPORT OF MOTION TO CLARIFY OR QUASH TEMPORARY RESTRAINING ORDER

I, **Lisa Bundy**, declare under penalty of perjury pursuant to the laws of the State of Utah as follows:

1. I am over the age of 18 and competent to make this declaration. I make this declaration in support of my Motion to Clarify or Quash the April 22, 2024 Temporary Restraining Order (TRO) issued in this case.

2. I am **not a named defendant or judgment debtor** in the above-captioned matter. I have not been served with any legal papers in this action and have not been accused of wrongdoing.

3. Despite this, the TRO was drafted to include **"all other accounts related to Lisa Bundy,"** and my personal accounts and financial activity have been severely impacted since the entry of that order on April 22, 2024.

4. I was employed by TLA Enterprises, LLC, where I performed part-time administrative and clerical work. I had **minimal signatory authorization** on the business account strictly for booking and data entry purposes. I did **not own or control the company**, nor did I manage any funds. Despite this, when the April 22, 2024 TRO was issued, the TLA

**Pg. 2**

account was frozen solely because my name appeared as a limited-access signer. This forced the business to cease operations, and I immediately lost my employment and income. I had no other income at the time. This compounded the financial hardship I was already experiencing due to the seizure of my personal account.

5. I had **personal funds seized from a credit union account** in my name after the TRO was issued. I was not warned or notified. The account was not held jointly with anyone and contained funds that I earned and saved independently.

6. I was also employed by TLA Enterprises, LLC, where I performed administrative and clerical support. When the TRO was issued and the company's bank accounts were frozen, the business was no longer able to operate. **As a result, I lost my job and my income.** This was a devastating financial loss for me and my family, and it further deepened our hardship.

7. For **more than a year,** I have been **unable to open or maintain a bank account or credit card** in my name due to fear that any funds I access could be seized under this order. I have lived entirely on cash during this time.

8. I have **not been able to assist my teenage children** in opening first-time bank accounts out of fear that any funds deposited would be restrained or frozen. This has deprived them of basic financial literacy and stability.

9. My **credit has been seriously damaged** because I have been unable to pay certain debts in a timely or trackable manner. Without access to checking, savings, or payment platforms, I have missed or been late on multiple obligations.

10. I have been **unable to make online purchases** or conduct business at institutions requiring digital transactions, including many retail stores, gas stations, and service providers that no longer accept cash.

11. I have had to **carry large amounts of cash**, increasing my **personal risk** of loss or theft, and making it impossible to build savings or maintain secure financial records. My funds have had no institutional protection.

12. I have incurred **significant added costs**, including money order fees, extra transportation expenses to pay bills in person, and denial of discounts typically available only to digital account holders.

**Pg. 3**

13. I have been **denied the ability to rent a home** and **ineligible for loan applications**,
    because I cannot verify income or provide a financial record through normal banking
    institutions.

14. These restrictions have **directly harmed my children**. I have **not been able to provide
    for them as well as I otherwise could**, including in areas like dental visits and medical,
    food, clothing, education, and personal growth opportunities, simply because of the limits
    placed on my ability to manage and use money.

15. Emotionally, this experience has left me feeling **paralyzed, ashamed, and in bondage**. I
    have not been able to participate in the economy, make plans, or function with financial
    independence.

16. The result has been a sustained cycle of **financial instability and exclusion**. I have not
    had the opportunity to rebuild or improve my situation due to structural obstacles created
    by the court's overbroad restraining order.

17. I have **no role in the alleged conduct of any Defendant**, and have never sought to hide
    or protect assets. I am not a proxy, agent, or participant in any judgment enforcement
    issue.

18. I respectfully ask the Court to restore my access to banking and clarify that the TRO does
    not apply to my personal property or financial activity.

---

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 4th day of August 2025 in New Harmony, Utah.

*Lisa Bundy*

**Lisa Bundy**

**Pg. 4**

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

| | | | |
|---|---|---|---|
| Fifth Judicial District Court | 197 East Tabernacle<br>St. George, Utah 84770 | [X] | Hand Delivered |
| Darren Reid | dgreid@hollandhart.com | [X] | Email |
| David Duncan | daduncan@sbsu.com | [X] | Email |

**DATED THIS DAY,** the 4th of August, 2025.

*Lisa Bundy*

**Lisa Bundy**

**EXHIBIT D – Declaration of Thomas Sundloff (June 27, 2025) – Pg. 1**

Thomas Sundloff
293 Grace Way
Washington, Utah 84780
thomas_sundloff@comcast.net
801-891-8072

### IN THE FIFTH JUDICIAL DISTRICT COURT IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., et al., | Case No. 246501034 |
| v. | Judge Ryan E. Christiansen |
| Ammon Bundy, et al., | |

### DECLARATION OF THOMAS SUNDLOFF IN SUPPORT OF THE MOTION TO QUASH OR CLARIFY RESTRAINING ORDER

I, Thomas Sundloff, hereby declare under penalty of perjury as follows:

1. I am the sole owner and managing member of TLA Enterprises, LLC, a Utah limited liability company engaged in commercial truck and equipment repair. I reside in Utah.

2. I am not a party to this lawsuit. I have never been named, served, or listed in any judgment or restraining order issued by this Court.

3. I lawfully formed TLA Enterprises, LLC in 2024 using my own capital and effort. The company operates independently to serve legitimate commercial clients.

4. Ammon Bundy performed physical labor for TLA as a subcontractor. He was not a member, officer, or decision-maker in the company. He was never paid for the work he performed before the business account was seized.

5. Lisa Bundy, my daughter, performed basic administrative tasks for a short time. She had no control over the company or its funds. She was at one point listed as a limited signer

**Pg. 2**

solely for clerical convenience. She did not own or manage TLA Enterprises in any capacity.

6. On or about May 2025, I discovered that the business checking account for TLA Enterprises at State Bank of Southern Utah had been frozen. Neither I nor my business was given prior notice, an opportunity to respond, or any explanation from the bank or Plaintiffs.

7. Upon information and belief, this freeze was caused by St. Luke's attorneys, possibly based on the mistaken assumption that Lisa Bundy's limited signatory status justified asset restraint. It did not.

8. The seizure of this account immediately halted my business. I could not pay vendors or serve customers. I lost work, credibility, and income. I estimate thousands of dollars in lost revenue and customer relationships as a result.

9. I did not form TLA Enterprises to conceal assets or aid anyone in avoiding collection. I established it to conduct lawful business. At no time did I receive any court directive indicating that my company or its account was subject to seizure.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

Executed on this 27 day of June , 2025

Thomas Sundfoll

Pg. 3

CERTIFICATE OF SERVICE

I certify that on this day I served a copy of the attached to:

| | | | |
|---|---|---|---|
| Fifth Judicial District Court | 197 East Tabernacle<br>St. George, Utah 84770 | [X] | Mailed |
| Darren Reid | dgreid@hollandhart.com | [X] | Email |
| David Duncan | daduncan@sbsu.com | [X] | Email |

**DATED THIS DAY,** the 27th of June, 2025.

**Thomas Sundloff**

**EXHIBIT E – State Bank of Southern Utah Escheatment Letter – Pg. 1**

 **STATE BANK**
O F  S O U T H E R N  U T A H

River Road Office
1337 E 170 S

St. George UT 84790
(435) 652-7000

---

## Dormant Account Notice DD                    09/29/2025

TLA ENTERPRIZES LLC
THOMAS KENTON SUNDLOFF
DBA, SENTINEL SERVICES CONSULTING          **Account # 14364350**
293 GRACE WAY
WASHINGTON UT 84780-8239

Dear Customer:

This letter is to let you know that the checking account listed above has
been placed on "dormant" status as a security measure.  It has not been
used for over one year.

A secondary purpose is to remind you that we are required by state law to
periodically send "abandoned" accounts to the state.  While there is no
danger of that happening for a few years, it is sometimes easy to forget
about accounts that are not used regularly.

The account is now hidden from Internet Banking and most* transactions will
reject until the account is reactivated.  To reactivate it, please visit the
nearest office of State Bank in person and make a deposit or withdrawal.
If you cannot visit the bank in person, call the number below to have
the account reactivated.

A $5 per month dormant fee will be assessed at month end, which may be
refunded upon request when the account is re-activated.

Sincerely,

State Bank of Southern Utah
Account Services Department
(435)865-2340


    * Transactions that will continue to be processed include (1) interest
    payments to the account and (2) bank fees. These types of transactions,
    however, do not reactivate the account.



MEMBER FDIC

**EXHIBIT F – Benjamin Passey of Holland & Hart LLP - Email Threat to Hayden Bundy - Pg. 1**

 Gmail

---

**Improper Reliance on Ai Generated Case Law**

---

**Benjamin D. Passey** <BDPassey@hollandhart.com>                    Thu, Jul 10, 2025 at 2:13 PM
To: "habundy2004@gmail.com" <habundy2004@gmail.com>
Cc: Darren Reid <DGReid@hollandhart.com>

Mr. Bundy,

It has come to our attention that your recent court filings contain artificial intelligence generated "hallucinations," legal cases that sounds correct but either do not exist or do not at all stand for the proposition for which you reply upon them. Notwithstanding your pro se status, Utah courts look disfavorably on parties citing to and relying on fake legal cases. Recently, the Utah Court of Appeals addressed this very issue and issued monetary sanctions against the party who cited to Ai hallucinated cases. *See Garner v. Kadince, Inc.*, 2025 UT App 80, ¶ 12 ("This court takes the submission of fake precedent seriously and finds that sanctions are warranted.").

We strongly encourage you to withdraw your motion. Should you fail to timely withdraw your motion, we will have no choice but to inform the court of the hallucinated cases relied upon in your papers. As your funds have been restored and any future disruption of your funds can easily be avoided by changing the address associated with your account, we believe this request is eminently reasonable. Please let us know by 5:00 pm tomorrow if you intend to withdraw your motion.

Best,

Ben Passey