Mark C. Rose, #13855
Parkview Plaza I
2180 South 1300 East, Suite 400
Salt Lake City, Utah 84106
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: mrose@mbt-law.com
*Trustee of the Chapter 7 Bankruptcy*
*Estate of Ammon Edward Bundy*

## THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>AMMON EDWARD BUNDY,<br><br>Debtor. | Bankruptcy Case 24-23530<br>(Chapter 7)<br><br>Judge William T. Thurman |

### APPLICATION TO EMPLOY SUMMIT TAX SERVICE, LLC AS THE CHAPTER 7 TRUSTEE'S ACCOUNTANT

Pursuant to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of Practice, Mark C. Rose ("Trustee"), as trustee of the Chapter 7 bankruptcy estate of Ammon Edward Bundy ("Debtor") in bankruptcy case 24-23530, hereby applies to the Court for approval to employ Summit Tax Service, LLC ("Summit") as his accountant.

In support of this application, Trustee represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND RETENTION OF SUMMIT

4. On July 17, 2024 (the "Petition Date"), Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. On July 17, 2024, Trustee was appointed as the Chapter 7 trustee in this case.

6. In light of Trustee's sale of property in this case, Trustee has determined that it is necessary to employ an accountant to assist him with accounting and tax preparation in connection with his administration of Debtor's Chapter 7 bankruptcy estate.

7. After considering the matter, Trustee desires to employ Summit as his accountant.

8. Trustee has discussed with Summit its availability to be employed as Trustee's accountant in this case and to perform the services required in connection with this case.

9. For the foregoing and all other necessary and proper purposes, Trustee wishes to employ Summit in this case as his accountant.

## NEED FOR ACCOUNTING SERVICES

10. The nature and extent of the accounting services that Summit shall render to Trustee include, but are not limited to the following:

    a. Rendering accounting assistance in the preparation of any financial reports that may be required by the Court;

    b. Tax analysis and preparation of tax returns;

    c. Advising Trustee on any other financial matters that may arise in connection with Debtor's case.

11. Trustee is informed and believes that Summit has the appropriate accounting and financial skills and personnel needed to perform the services of providing the accounting and tax preparation services required by Trustee.

**BEST INTEREST OF CREDITORS**

12. Trustee has conducted a cost/benefit analysis based on the facts known to him at this time and has determined that given his duties under 11 U.S.C. § 704(a), as well as estimated fees and costs, employment of an accountant should provide a benefit to the estate and is, therefore, in the best interest of creditors.

13. Consistent with his duties, Trustee will endeavor to maximize the value of Debtor's bankruptcy estate as he seeks to recover property of Debtor's bankruptcy estate while at the same time managing costs so as to make a distribution to creditors in this case.

**SUMMIT IS DISINTERESTED AND HOLDS NO ADVERSE INTEREST**

14. Filed concurrent with this Application is the declaration of Erik Stevenson (the "Stevenson Declaration"), which details all presently known connections of Summit to this case.

15. To the best of Trustee's knowledge: (a) Summit does not have any conflicts of interest with Debtor, Debtor's creditors, or other parties-in-interest, their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth in the Declaration, and (b) Summit is a disinterested person as that term is used in 11 U.S.C. § 101(14). *See generally* Stevenson Declaration.

16. Therefore, Summit's retention by Trustee under 11 U.S.C. §§ 327 and 328(a) is proper and appropriate.

**COMPENSATION**

17.	Trustee desires to employ Summit with reasonable compensation to be based upon Summit's normal hourly rates in matters of this type, subject to all necessary approvals of the Court.

18.	Trustee understands that Summit will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rules and orders of this Court for all services performed and expenses incurred.

19.	Summit's customary hourly rates in matters of this type are subject to change annually in accordance with the firm's general billing procedures.

20.	The range of current hourly billing rates for professionals anticipated to perform the majority of services on behalf of Trustee is $250.00

21.	Summit maintains detailed records of any actual and necessary expenses for which it may seek reimbursement.

22.	The professionals rendering services will also keep detailed contemporaneous time records in connection with such services as required by the Bankruptcy Code.

23.	Time will be recorded in 1/10ths of an hour increments, and all professionals will be required to keep detailed time records in connection with services rendered herein.

24.	Summit has not received any retainer in this matter and has not entered into any agreement to share compensation as may be awarded to it for services rendered in this case except as permitted under 11 U.S.C. § 504(b).

## NOTICE

25. Notice of this application has been given to the Office of the United States Trustee for this region, and all parties who receive service upon electronic filing through the Court's CM/ECF's system.

## CONCLUSION

26. Trustee believes it is in his best interest and that of the bankruptcy estate that Summit be retained as his accountant.

27. Trustee is satisfied from the Stevenson Declaration that Summit does not represent any other entity having an adverse interest to Trustee, Debtor's bankruptcy estate, or unsecured creditors in this case and is otherwise disinterested.

**WHEREFORE**, based on the foregoing, Trustee respectfully requests that the Court enter an order authorizing the employment of Summit as his accountant.

DATED this 29th day of December 2025.

                                    /s/ Mark C. Rose
                                    Mark C. Rose
                                    *Trustee of the Chapter 7 Bankruptcy*
                                    *Estate of Ammon Edward Bundy*

**CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

      I certify that on December 29, 2025, I electronically filed the foregoing **APPLICATION TO EMPLOY SUMMIT AS THE CHAPTER 7 TRUSTEE'S ACCOUNTANT** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF 3sers and will be served through the CM/ECF system.

George B. Hofmann, ghofmann@ck.law, mparks@ck.law;enilson@ck.law
Mark C. Rose, Trustee, trustee@mbt-law.com, mrose@mbt-law.com
United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**All other parties entitled to CM-ECF notice in this case** and by first class mail, postage prepaid, to the following:

**Ammon Edward Bundy**
P.O. Box 1062
Cedar City, UT 84721

                                  /s/  Mark C. Rose