Jason R. Naess (ISB #8407)
Assistant United States Trustee, Region 18
Matthew J. Burne (USB #18605)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5734
Facsimile: (801) 524-5628
E-mail: Matthew.Burne@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee, Region 19

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>AMMON EDWARD BUNDY,<br><br>        Debtor. | Bankruptcy Case No. 24-23530<br><br>Chapter 7<br><br>Hon. William T. Thurman |

### OBJECTION TO FINAL APPLICATION OF MARK C. ROSE FOR ALLOWANCE OF COMPENSATION FOR SERVICES AS CHAPTER 7 TRUSTEE (Dkt. 508) AND TRUSTEES FINAL REPORT (DKT. 513) AND MEMORANDUM OF POINTS AND AUTHORITIES

The Acting United States Trustee ("UST"), through counsel, files this Objection to the Final Application of Mark C. Rose for Allowance of Compensation for Services as Chapter 7 Trustee. (Dkt. 508, "Fee Application")[1] and Trustees Final Report (Dkt. 513, "TFR"). This Objection is supported by the following Memorandum and Points of Authorities.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Fee Application.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF JURISDICTION AND FACTS

1.      The Court has jurisdiction of this matter under 28 U.S.C. §§ 151, 157(a) and (b)(1), and 1334(a) and (b).

2.      On July 17, 2024, Debtor, acting *pro se*, filed a voluntary chapter 7 petition in the above-captioned case.

3.      On July 17, 2024, Mark C. Rose (the "Trustee") was appointed as the chapter 7 trustee in the case and continues to serve in that capacity.

4.      On October 7, 2024, the Trustee filed an Application to Employ George Hofmann and the firm of Cohne Kinghorn ("Trustee's Counsel") as his counsel (Dkt. 139). The Trustee filed an amended application on October 9, 2024. (Dkt. 146). The Court approved the employment of Trustee's Counsel on October 21, 2024. (Dkt. 160).

5.      On October 28, 2025, the Trustee, through Trustee's Counsel, filed the Motion for Approval of Settlement Agreement Between the Trustee, St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd., Chris Roth, Natasha Erickson, M.D., Tracy Jungman, NP, and Kekoa Grove, Inc. (Dkt. 488, the "St. Luke's Settlement Motion").

6.      As part of the St. Luke's Settlement Motion, the Trustee sought approval of a settlement agreement (Dkt 488, Exhibit A, the "St. Luke's Agreement") which provided:

> The intent of the Parties through this Agreement is to allow the Trustee to expeditiously end the administration of this Estate, make a final distribution to creditors as may be approved by the Court, and to discharge the Trustee and close the Case, all immediately after approval of this Agreement. In this regard, the Trustee may request compensation as trustee in this case in excess of the normal

> commission schedule in Bankruptcy Code § 326 up to the amount of $25,000, and the Creditors agree not to object to such a request and to support it in the Court.

*See* St. Luke's Agreement at ¶ 5).

7. The UST is not a party to the St. Luke's Agreement or the St. Luke's Settlement Motion, and the UST did not otherwise waive any rights to object to the Trustee's request for compensation in this case.

8. On December 11, 2025, the Court granted the St. Luke's Settlement Motion and approved the St. Luke's Agreement. (Dkt. 499).

9. According to the Fee Application and TFR, the Trustee received approximately $20,000 under the St. Luke's Agreement and the Trustee's settlement with the Debtor. (Fee Application at ¶ 9).

10. According to the Fee Application and TFR, the Trustee received $120,000 from the Debtor under the Bundy Settlement. (*See* Fee Application at ¶ 9).

11. According to the Trustee, the only cash he will be distributing in this case is the $140,000 he received from the St. Luke's Settlement and the Bundy Settlement (collectively, the "Trustee Settlements"). (*See* Fee Application at ¶ 15).

12. On April 7, 2026, the Trustee filed the Fee Application seeking approval of compensation in the amount of $19,698.31 (the "Requested Compensation").

13. On May 19, 2026, the Trustee submitted a draft of the TFR to the UST for review before filing.

14. Thereafter, Counsel for the UST communicated to the Trustee potential issues with

3

the Fee Application in that it seeks approval of compensation $9,448.31 in excess of the statutory cap under § 326(a).

15.     The Trustee and the UST were unable to resolve the issues raised in this Objection and, on June 11, 2026, the Trustee, through counsel, filed a Notice of Hearing setting a hearing on the Fee Application for August 27, 2026, with an objection deadline of July 6, 2026.

16.     On June 23, 2026, in accordance with the UST procedures, the UST filed the TFR contemporaneously with this Objection.

## II. ARGUMENT

17.     The UST objects to the Fee Application and the TFR to the extent that the Trustee seeks approval of the Requested Compensation in excess of the statutory cap under § 326(a).

18.     The Trustee's assertions in the Fee Application and TFR indicate he will distribute $140,000 in cash to creditors. Based on this amount and the scale set forth in § 326(a), the Trustee is only entitled to receive $10,250 in compensation as follows:

| Disbursements | §326(a) Tier | § 326(a) % | Amount of Comp. |
|---|---|---|---|
| $140,000 | Under $5,000 | 25% | $1,250 |
| $135,000 | $5,000 - $50,000 | 10% | $4,500 |
| $90,000 | $50,000 - $1,000,000 | 5% | $4,500 |
| | | Total allowable under § 326(a) | $10,250 |

19.     However, the Trustee seeks award of compensation of $19,698.31, or $9,448.31 in excess of the statutory cap set by § 326(a)

4

20.     The Trustee asserts this is appropriate because (1) the St. Luke's creditors have consented and (2) § 326(a) allows for the Requested Compensation when the value of the Causes of Action and Settlement Assets (conveyed under the Trustee Settlements) and the actual funds to be distributed are included in the calculation. However, nothing in this case justifies a diversion from the plain language of § 326(a) or from the well settled decisional authorities thereunder.

21.     By its very title § 326 sets a "Limitation on compensation of trustee" and provides that:

> In a case under chapter 7 or 11, other than a case under subchapter V of chapter 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, **not to exceed** 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon **all moneys disbursed or turned over in the case by the trustee to parties in interest**, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (**emphasis added**).

22.     "When Congress has spoken as clearly as it has, it is inappropriate to go beyond the statute in order to achieve what is perceived as fairness." *In re Fischer*, 214 B.R. 467 (Bankr. D. Minn 1997). As universally recognized by Courts in this Circuit, the clear and plain language of § 326(a) sets a cap for chapter 7 trustee's compensation. *See In re Clemens,* 349 B.R. 725, 727 (Bankr. D. Utah 2006) ('Section 326 [ ] outline[s] a specific computation for determining the *maximum* amount for a chapter 7 or 11 trustee's fees", stating further, "a court's award of reasonable compensation under section 330 may not exceed this number (the 'statutory cap').") (citing *Connolly v. Harris Tr. Co. of Ca.(in Re Miniscribe Corp.)*, 309 F.3d 1234, 1241 (10th Cir.

2002); *See also In re Morreale,* 595 B.R. 409, 414-15 (10th Cir. BAP 2019) ("Section 326(a) caps the maximum compensation a Chapter 7 trustee can receive in a case by establishing a multi-tiered commission formula for calculating a Chapter 7 trustee's reasonable compensation."); *In re Reynolds*, No. 16-22038, 2018 Bankr. LEXIS 1406, at *24 and *36 (Bankr. D. Utah May 9, 2018) (recognizing that § 326(a) sets the maximum when calculating trustee's commission based on his TFR) (citing *In re Jiminez*, 2008 Bankr. LEXIS 1097, 2008 WL 954174, at *5 (Bankr. E.D. Cal. Apr. 7, 2008)); *In re Swenning*, No. 15-11408-R, 2017 Bankr. LEXIS 1037, at *8 (Bankr. N.D. Okla. Apr. 14, 2017) (". . . regardless of how many hours were spent or how beneficial the services were to the estate, [trustee's] compensation cannot exceed the Section 326 Cap.").

23.     The calculation under § 326(a) is focused on the moneys actually disbursed by the trustee. *In re Jackson*, No. 16-12666, 2019 Bankr. LEXIS 1464, at *15 (Bankr. D.N.M. May 10, 2019) ("A Chapter 7 trustee's commission is earned under 11 U.S.C. § 326(a) based solely on disbursements to parties in interest."); *In re Murphy*, 272 B.R. 483, 485 (Bankr. D. Colo. 2002) (denying what were deemed reasonable fees because the trustee never "disbursed" any funds prior to conversion of the case to Chapter 13.). But, even if it were determined that the language of the statute were ambiguous, the legislative history evidences Congress's intent to have § 326(a) be a cap on trustee fees and focused on actual money disbursed by the trustee as the basis of that calculation.[2]

---

[2]  § 326's Legislative history indicates the focus is actual funds, not constructive disbursements:
   It should be noted that the base on which the *maximum fee* is computed includes moneys turned over to secured creditors, . . .. It <u>does not</u> cover cases in which the trustee simply turns over the property to the secured creditor, nor where the trustee abandons the property and the secured creditor is permitted to foreclose.

24.     Assets, claims, or property "constructively disbursed" to parties or abandoned by a trustee as part of a settlement are not to be included in the § 326(a) calculation. *See In re New England Fish Co.*, 34 B.R. 899, 902 (Bankr. W.D. Wash. 1983) (concluding that that trustee's compensation "can only be based upon actual monies disbursed or turned over by the trustee to third parties" and noting that "Congress could readily have included properties turned over, assumed claims, and the value of compromised claims as well as monies as the basis on which commissions were to be computed. However, it did not do so."); *see also In re Hinkle,* 15 B.R. 572, 573 (Bankr. D. Kan. 1981) (rejecting constructive disbursement theory for calculation of § 326(a) compensation); *Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 118 (3d Cir. 1999) (rejecting constructive disbursement theory because it conflicts with a narrow interpretation of § 326(a) and a majority of courts also reject it).

25.     Furthermore, although the statute affords a court discretion in awarding fees up to the cap, the language of § 326(a) provides no discretion for a court to award a chapter 7 trustee fees in excess of the statutory cap. *See In re Murphy*, 272 B.R. 483, 485 (Bankr. D. Colo. 2002) ("Notwithstanding what might otherwise qualify as 'reasonable compensation' for a trustee under section 330(a), Chapter 7 trustee's fees are limited by the plain language of section 326(a) to a percentage of moneys Chapter 7 trustees disburse."). A court should not read into § 326(a) an exception to the statutory cap that is not there. *See* Eskridge and Frickley, *The Supreme Court 1993*

---

*In re New England Fish Co.*, 34 B.R. 899, 901 (Bankr. W.D. Wash. 1983) (quoting S. Rep. No. 95-989, 95th Cong., 2d Sess. 37-38 (1978); H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 327 (1977)).

7

*Term: Foreword: Law As Equilibrium*, 108 HARV. L. REV. 26, 105 (Noting the presumption against creating exemptions in a statute that has none) (citing *City of Chicago v. Environmental Defense Fund*, 114 S. Ct. 1588, 1593 (1994)); *see also United States v. Smith*, 499 U.S. 160, 167 (1991) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.").

26.     Furthermore, allowing a court to award amounts in excess of the cap in § 326(a) would render useless the language "not to exceed" in section §326(a). Such an interpretation is contrary to the maxims of statutory interpretation and has been generally rejected by courts. *See United States v. Days Inns of Am.*, 151 F.3d 822, 825 (8th Cir. 1998) ("Courts should interpret statutory language in a manner that gives effect to all terms so as to avoid rendering terms useless.") (citing *Moskal v. United States*, 498 U.S. 103, 109-110 (1990)); *Mineral Res. Techs., L.L.C. v. Grand River Dam Auth.*, 97 F. Supp. 2d 1266, 1268 (N.D. Okla. 1999) ("[The] Court will not assume that the legislature has done a vain or useless act; it must interpret legislation so as to give effect to every word and sentence, rather than rendering some provisions nugatory.").

27.     Here, the Trustee is requesting the Court to ignore the plain language of § 326 and award fees in excess of the statutory cap. The UST recognizes this was a complicated case and that the Requested Compensation may be reasonable given the effort put forth by the Trustee. But the reasons do not justify a diversion from the clear and plain language Congress used in setting a cap on trustee compensation, even with a creditor's consent. *See In re Swenning*, 2017 Bankr. LEXIS 1037, at *15 (Bankr. N.D. Okla. Apr. 14, 2017) (denying chapter 11 trustee compensation beyond

8

§ 326(a) cap and noting "the Court has independently reviewed stacks of cases, treatises, and articles in an attempt to find some legal authority to grant Trustee's supplemented request for compensation, but found nothing that warranted departing from the plain and unambiguous language of Section 326.").[3]

28.    There is simply no exception for this in the language of § 326(a), and the Court should not read such an exception into the Bankruptcy Code. Furthermore, the claims registry in this case shows there are more creditors than just the St. Luke's creditors with an interest in the estate. Those creditors, like the UST, are not parties to the St. Luke's Agreement and thus have not consented to the Trustee receiving compensation in excess of the § 326(a) cap.

29.    The Trustee's assertion that the assets and causes of action conveyed and abandoned under the Trustee Settlements should be used in the § 326(a) calculation is also misplaced. The use of the word "monies" in § 326(a) makes clear that the calculation of fees is to be based on the actual money disbursed by the Trustee, not other assets delivered by way of the Trustee Settlements. *See In re New England Fish Co.*, 34 B.R. 899, 902 (Bankr. W.D. Wash. 1983).

30.    Accordingly, the Fee Application should be denied to the extent it seeks Trustee compensation in excess of $10,250 based on the $140,000 to be disbursed by the Trustee.

---

[3] The UST also recognizes, as have many courts, that Chapter 7 trustees take on risks and many times are only compensated with the $120 portion of the case filing fee. *See In re Bird*, 577 B.R. 365, 387 (B.A.P. 10th Cir. 2017) ("Courts have often observed that being a Chapter 7 trustee is a "risky business," since in the absence of assets to liquidate and distribute, the $60 portion of the statutory filing fee set aside for the trustee may be the only remuneration available.") (citations omitted). But that risk does not justify diverting from the plain language of the Bankruptcy Code.

### III. CONCLUSION

WHEREFORE, the UST respectfully requests that the Court enter an order denying the

Fee Application to the extent it seeks an award of compensation above the statutory cap of $10,250.

Date:   June 23, 2026                     UNITED STATES TRUSTEE
                                         Gregory M. Garvin, Acting United States Trustee

                                         By: /s/ *Matthew J. Burne*
                                         Matthew J. Burne
                                         Attorney for the Acting United States Trustee

## CERTIFICATE OF SERVICE BY ELECTRONIC NOTICE (CM/ECF)

I hereby certify that, on June 23, 2026, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users.

- **Jennifer Aiko**    jmaiko@hollandhart.com
- **Matthew James Burne**    matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov ;Brittany.Dewitt@usdoj.gov
- **George B. Hofmann**    ghofmann@ck.law, mparks@ck.law;enilson@ck.law
- **David W. Newman tr**    david.w.newman@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov ;Brittany.Dewitt@usdoj.gov
- **Benjamin David Passey**    bdpassey@hollandhart.com, phowell@hollandhart.com
- **Darren G. Reid**    dgreid@hollandhart.com, cfries@hollandhart.com
- **Mark C. Rose tr**    trustee.mrose@rqn.com, UT32@ecfcbis.com
- **Erik F. Stidham**    efstidham@hollandhart.com, dljenkins@hollandhart.com;boiseintaketeam@hollandhart.com
- **Engels Tejeda**    ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **Jeffrey L. Trousdale**    jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

## CERTIFICATE OF SERVICE BY MAIL OR OTHER MEANS

I hereby certify that on June 23, 2026, I served the foregoing document by First-class U.S. mail, postage pre-paid, addressed to:

Ammon Edward Bundy
P.O. Box 1062
Cedar City, UT 84721

Ammon Edward Bundy
896 E. 400 S.
New Harmony, UT 84757

Lisa M. Bundy
P.O. Box 1062
Cedar City, UT 84720-1062

Date: June 23, 2026

*/s/ Brittany Dewitt*
Brittany Dewitt